# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

August 30, 2016

Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Batalla Vidal v. Baran,
No. 1:16-cv-04756 (NGG) (JO)

Dear Judge Garaufis:

We represent the plaintiff, Martín Jonathan Batalla Vidal, in the above-referenced matter, and write to request a pre-motion conference to seek permission to file a motion for summary judgment. Although this case was recently filed, the material facts are undisputed and discovery will not be necessary. Accordingly, a summary judgment motion at this juncture is appropriate.

In this case, Mr. Batalla Vidal seeks declaratory and injunctive relief that the February 2015 preliminary injunction entered in *Texas v. United States* does not apply to New York residents such as himself. He requests leave to move for summary judgment on his claim that the revocation of his three-year employment authorization by the Department of Homeland Security ("DHS") was not "in accordance with law" as required by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), because it was done pursuant to an unlawful injunction. Plaintiff also requests leave to move for summary judgment on his claim that the revocation violated the APA's requirement that agency action be done in "observance of procedure required by law," 5 U.S.C. § 706(2)(D), because it was effected without the showing of "good cause" required by regulation, 8 C.F.R. § 274a.14(b), and was not done pursuant to any other permissible reason for revocation as specified in 8 C.F.R. § 274a.14.

Mr. Batalla Vidal's three-year employment authorization was revoked by Defendants pursuant to an unlawfully broad injunction issued by the U.S. District Court for the Southern District of Texas. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Under the APA, "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be," *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." *Id.* § 706(2)(A). Once U.S. Citizenship and Immigration Services ("USCIS"), a unit of DHS, granted Mr. Batalla Vidal's three-year employment authorization, he had a legal right to have this employment authorization revoked only in accordance with the substantive and procedural requirements of 8 C.F.R. § 274.14(b). However, the sole reason given by USCIS for revoking Mr. Batalla Vidal's three-year term of employment authorization was a preliminary injunction entered in the *Texas v. United States* litigation. *See Texas v. United States*, 86 F. Supp. 3d 591 (S.D. Tex. 2015), *aff'd*, 809 F.3d 134 (5th Cir. 2015),

*aff'd by an equally divided court*, 136 S. Ct. 2271 (2016) (per curiam). This is an insufficient basis for revocation under the applicable regulation.

As a non-party to the *Texas* proceedings whose interests were not adequately represented there, Mr. Batalla Vidal is entitled to challenge USCIS's revocation pursuant to the injunction entered in that case, because that order adversely affected his legal right to the proper revocation of his employment authorization. *See Martin v. Wilks*, 490 U.S. 755, 762 (1989) (finding group of white firefighters not precluded from challenging consent decrees entered in employment discrimination proceedings where they were not parties). Courts within this district, as well as the Second Circuit, have repeatedly permitted non-parties to consent decrees and injunctions to challenge application of those court rulings based on the *Martin* principle. *See, e.g.*, *Briscoe v. City of New Haven*, 654 F.3d 200, 204-05 (2d Cir. 2011) (black firefighter not precluded from Title VII challenge to injunction in *Ricci v. DeStefano*, 557 U.S. 557 (2009), to which he was not a party); *In re Johns-Manville Corp.*, 600 F.3d 135 (2d Cir. 2010) (non-settling insurer not precluded from challenging bankruptcy court interpretation of orders from previous litigation, where it was not party); *cf. Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17 (S.D.N.Y. 2015) (party not bound by Florida state court order to which it was not party, allowing it to raise the same issues before S.D.N.Y.). Because Mr. Batalla Vidal was not a party to the *Texas* litigation and because that decision adversely affected Mr. Batalla Vidal's legal rights, *Martin* permits him to challenge USCIS's unlawful revocation of his three-year employment authorization pursuant to that injunction.

The *Texas* court's nationwide injunction was not in accordance with law because it far exceeded the court's jurisdiction to grant relief as established by the injury demonstrated to that court, under principles articulated in *Lewis v. Casey*, 518 U.S. 343 (1996). Under *Lewis*, the *Texas* plaintiffs lacked standing to seek redress for injuries, if any, against any entity or any population other than the State of Texas caused by anyone other than those seeking Texas driver's licenses. This is because the only evidence the district court in *Texas* relied on to find injury sufficient for standing was the harm alleged by the State of Texas caused by the increased cost of issuing driver's licenses to a pool of individuals made newly eligible by the November 20, 2014 executive actions. A nationwide injunction goes far beyond the jurisdiction established by the actual injury, and is therefore unlawful. In addition, the principles of *Lewis* also show the *Texas* injunction exceeded the district court's remedial authority because it was vastly overbroad. In *Lewis*, the Supreme Court further held that, even with respect to systemic inadequacies shown to have caused actual injury in the district court, "two instances [of actual injury] were a patently inadequate basis for a conclusion of systemwide violation and imposition of systemwide relief." *Lewis*, 518 U.S. at 359; *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."); *Disability Advocates, Inc. v. Paterson*, 598 F. Supp. 2d 289, 311 (E.D.N.Y. 2009) (noting that a court's power to grant system-wide relief is limited by the evidence of harm presented).

Defendants' revocation of Mr. Batalla Vidal's three-year employment authorization also cannot be "for good cause" as required by regulation, 8 C.F.R. §

274.14(b), because an unlawful injunction entered by a court lacking nationwide jurisdiction cannot legally constitute "good cause." It is a commonsense principle that an illegal basis cannot provide "good cause" for legal action. For instance, in employment discrimination law, unlawful discrimination cannot provide "good cause" for an adverse employment action against an employee. *See, e.g.*, *Lauture v. Int'l Business Machines Corp.*, 216 F.3d 258 (2d Cir. 2000) (noting that racial discrimination is an "impermissible purpose . . . in the making, performance, modification, and termination of contracts," regardless of whether an employee can be fired "at will" or "for good cause"). Because an unlawful injunction issued in the *Texas* litigation cannot provide "good cause"—i.e., a legally sufficient reason—for Defendants' revocation of Mr. Batalla Vidal's employment authorization, this revocation was inconsistent with binding agency regulations, 8 C.F.R. § 274a.14, and violated the APA, 5 U.S.C. § 706(2)(D).

Given the undisputed material facts, Mr. Batalla Vidal is entitled to summary judgment on his claim that DHS's revocation of his three-year employment authorization violated the APA, and he is entitled to a declaratory judgment providing that the February 2015 preliminary injunction entered in *Texas v. United States* does not apply to New York residents such as himself. As such, this Court should issue all declaratory and injunctive relief requested by Mr. Batalla Vidal in his prayer for relief. *See* Complaint, ECF No. 1, Prayer for Relief (a)-(g).

Very Truly Yours,

/s/ Michael J. Wishnie

Willem Bloom, Law Student Intern
Jordan Laris Cohen, Law Student Intern
Amit Jain, Law Student Intern
Aaron Korthuis, Law Student Intern
Zachary Manfredi, Law Student Intern
Muneer I. Ahmad, Esq.
Ruben Loyo, Esq.
Marisol Orihuela, Esq.
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
michael.wishnie@yale.edu
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq.
Clement Lee, Esq.
MAKE THE ROAD NEW YORK

Justin Cox, Esq.
Melissa Keaney, Esq.
Karen Tumlin, Esq.
NATIONAL IMMIGRATION LAW CENTER

*Attorneys for Plaintiff*

cc:   United States Attorney's Office
      Eastern District of New York
      271 Cadman Plaza East
      Brooklyn, NY 11201
      (718) 254-7000

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2016, a true and correct copy of the foregoing letter was served by first-class mail, postage prepaid, to:

1. Attorney General Loretta Lynch
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

2. U.S. Attorney's Office for the Eastern District of New York
   Attn: Civil Process Clerk
   271 Cadman Plaza East
   Brooklyn NY 11201

3. Office of the General Counsel
   US Department of Homeland Security
   Washington, D.C. 20528

/s/ Michael Wishnie
Michael Wishnie, Supervising Attorney (MW 1952)
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520