

September 22, 2017

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Batalla Vidal et al. v. Duke et al.*, No. 16cv4756 (NGG) (JO)

Dear Judge Orenstein:

We represent the plaintiffs in the above-referenced matter. We write in response to the Court's Order dated September 15, 2017 (Doc. # 58), which directed the parties, after meeting and conferring, to set forth their respective positions on: (1) whether discovery should be stayed pending resolution of Defendants' anticipated motion to dismiss; and (2) the appropriate scheduling proposal if discovery is not stayed, including a schedule for resolution of specific discovery disputes the parties have identified as likely to arise.

The parties met telephonically on September 20 to confer on those issues. Counsel for the plaintiffs in *State of New York v. Trump*, No. 17cv5229, participated in that call as well. Unfortunately, the parties were unable to reach common ground. Therefore, Plaintiffs write to set out their position on how discovery should proceed in this matter.

Plaintiffs do not believe discovery should be stayed given the gravity of the claims Plaintiffs have raised and the urgency created by Defendants' schedule for termination of the Deferred Action for Childhood Arrivals ("DACA") program. A stay of discovery would leave insufficient time to conduct discovery, briefing, and argument on preliminary injunctive relief prior to Defendants' planned termination of DACA on March 5, 2018, thereby jeopardizing the livelihoods and well-being of hundreds of thousands of people.[1] Accordingly, Plaintiffs respectfully request that the Court adopt the discovery schedule set out at the end of this letter.

---

[1] During the meet-and-confer process, Plaintiffs in *State of New York* also agreed that discovery should not be stayed pending resolution of any motions to dismiss.

www.nilc.org

LOS ANGELES (Headquarters)
3435 Wilshire Blvd., Suite 1600
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

### I.     Discovery should not be stayed

This Court has "broad discretion to manage the manner in which discovery proceeds." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). Defendants' request to stay discovery pending resolution of a dispositive motion is governed by Rule 26(c). *See, e.g.*, *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). "[T]he mere filing of a dispositive motion—even one attacking the jurisdiction of the district court—does not warrant the issuance of a stay under Rule 26(c)." *United States v. Cty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); *Doe v. New York City Dep't of Educ.*, No. 16-CV-1684 (NGG), 2016 WL 7165953, at *2 (E.D.N.Y. Dec. 7, 2016) (same). As such, the mere fact that Defendants have filed (or will file) a motion to dismiss is insufficient to stay discovery. Instead, Defendants have the burden of demonstrating, given the circumstances of this particular case, good cause to stay discovery. *See* Fed. R. Civ. P. 26(c); *Hollins*, 469 F. Supp. 2d at 78. Courts consider a multitude of factors to determine whether a stay is warranted, including the risk of unfair prejudice to the party opposing the stay; whether defendant has made a "strong showing" that the plaintiffs' claims lack merit; and the burden of discovery. *Doe*, 2016 WL 7165953, at *2 (citation omitted); *see also Hollins*, 469 F. Supp. 2d at 78; *Nassau*, 188 F.R.D. at 188.

Consideration of these factors demonstrates that Defendants cannot show good cause to stay discovery. In fact, another court has already opened discovery in several lawsuits similarly challenging Defendants' termination of DACA, rejecting their arguments for a stay.[2]

First and foremost, Plaintiffs would be severely and unfairly prejudiced if discovery were stayed pending resolution of Defendants' forthcoming motion. Pursuant to the schedule requested by Defendants, their motion to dismiss will not be fully briefed until December 15, 2017. Even assuming the Court can resolve that motion expeditiously, that schedule would leave far too little time to conduct discovery prior to Defendants' planned termination of DACA on March 5, 2018 or Plaintiffs' motion for preliminary injunctive relief prior to that date. Indeed, even *absent* a stay of discovery, meeting that deadline will require an expedited schedule. Courts routinely deny stays of discovery on far weaker showings of unfair prejudice. *See, e.g.*, *Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) (denying motion to stay discovery where plaintiffs would suffer unfair prejudice from "hav[ing] to review twice as many of the same documents" and the fading of "witnesses' memories"); *Simple Comput. Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007) (denying motion to stay where prejudice to moving party was minimal and did not outweigh prejudice to opposing party); *Hollins*, 469 F. Supp. 2d at 78 (denying motion to stay discovery where plaintiffs would be prejudiced because certain out-of-state deponents were in town for a short time and it would be inconvenient to depose them later).

---

[2] On September 21, 2017, District Judge William Alsup of the U.S. District Court for the Northern District of California held a status conference in four cases challenging the termination of DACA: *Univ. of California v. U.S. Dep't of Homeland Sec.*, No. 3:17-cv-5211; *California v. U.S. Dep't of Homeland Sec.*, No. 3:17-cv-5235; *City of San Jose v. Trump*, No. 3:17-cv-5329; and *Garcia v. Trump*, No. 17-cv-5380. At the status conference, the court opened discovery and set an accelerated discovery and briefing schedule, with trial set for February 5 if needed.

Second, discovery in this case should not be especially burdensome, particularly relative to "the importance of the issues at stake in the action" and Defendants' far superior "access to relevant information," Fed. R. Civ. P. 26(b)(1). At stake in this case is the ability of nearly 800,000 young people to continue living in the only country that they call home amidst the communities they support and depend upon, free of arbitrary and unconstitutional governmental action that would take that from them. The compressed schedule on which these issues must be adjudicated, at least preliminarily, gives Plaintiffs significant incentive to target and limit discovery to the greatest extent possible. To that end, Plaintiffs seek to narrow the disputed issues of material fact through early written discovery and a deposition of an official at USCIS, such that Plaintiffs can focus their limited time taking further discovery on those matters of fact that Defendants choose to contest. As noted above, Defendants are already subject to discovery on these matters, further mitigating the search and production burdens that discovery will entail. Regardless, any burden that discovery might impose on Defendants is far outweighed by the unfair prejudice that delaying discovery would cause Plaintiffs.

Finally, although Defendants have yet to file their motion (and declined during the meet-and-confer to articulate any ground on which they will be moving), they cannot make a strong showing that Plaintiffs' claims ought to be dismissed. Plaintiffs—DACA recipients and Make the Road New York, a membership organization with DACA-recipient members, clients, and employees—will plainly be injured by Defendants' termination of DACA, and those injuries would be redressed by the relief requested. Plaintiffs' detailed factual allegations are more than sufficient to support their legal claims. A stay is unwarranted here, where Defendants have the "heavy burden" of rebutting the "strong presumption favoring judicial review of administrative action." *Salazar v. King*, 822 F.3d 61, 75 (2d Cir. 2016) (citation and quotation marks omitted).

Because Defendants cannot provide good cause for staying discovery, Plaintiffs request that the Court allow discovery to proceed forthwith.

## II.    Considerations relevant to the discovery schedule

Plaintiffs' proposed discovery schedule is set out below. In selecting the components and dates therein, Plaintiffs considered various competing factors, including two that require some discussion: (1) the nature of Plaintiffs' claims and the factual matters relevant thereto; and (2) Defendants' apparent intent to object to all discovery.

<u>Plaintiffs' claims and factual matters relevant thereto</u>

Discovery on Plaintiffs' statutory claims under the Administrative Procedure Act ("APA") and the Regulatory Flexibility Act ("RFA"), on the one hand, and on their constitutional claims for violations of equal protection and procedural due process, on the other, are treated differently.

On the statutory claims, judicial review "is to be based on the full administrative record" that was before the relevant decision makers at the time they made their decision. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *overruled on other grounds by*

3

*Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see also Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997). That record must include all materials "directly or indirectly considered" by the decisionmakers. *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012); *see also* Joan Goldfrank, *Guidance to Client Agencies on Compiling the Admin. Record*, 48 U.S. Atty. Bull. 1, 8 (Feb. 2000).[3] Additionally, upon a "strong showing . . . of bad faith or improper behavior on the part of agency decisionmakers, or where the absence of formal administrative findings makes such investigation necessary," Plaintiffs are entitled to supplement the administrative record and seek corresponding discovery. *Hoffman*, 132 F.3d at 14; *see also Volpe*, 401 U.S. at 420; *Tummino v. Von Eschenbach*, 427 F. Supp. 2d 212, 231-34 (E.D.N.Y. 2006).

Defendants have made clear, both before this Court and elsewhere, that Attorney General Jeff Sessions and Acting Secretary of Homeland Security Elaine Duke jointly decided to terminate DACA.[4] Accordingly, Defendants must produce certified administrative records of the materials considered by the Department of Justice and Department of Homeland Security, respectively, when each made the decision in question. *See, e.g.*, *Ark Initiative v. Tidwell*, 64 F. Supp. 3d 81, 87 n.1 (D.D.C. 2014), aff'd, 816 F.3d 119 (D.C. Cir. 2016); *Pub. Emps. for Envtl. Responsibility v. Beaudreau*, 25 F. Supp. 3d 67 (D.D.C. 2014); *U.S. Gypsum Co. v. Muszynski*, 209 F. Supp. 2d 308 (S.D.N.Y. 2002). If the administrative record includes materials that Defendants believe are privileged, they must produce a log describing the withheld materials and the asserted privilege. Goldfrank, *supra*, at 9; *see, e.g.*, *New York v. Salazar*, No. 6:08-CV-644 LEK/DEP, 2011 WL 1938232, at *2 (N.D.N.Y. Mar. 8, 2011). Following production of the certified administrative record and privilege log, Plaintiffs are entitled to challenge Defendants' claims of privilege, *see, e.g.*, *Salazar*, 2011 WL 1938232, at *2-7; and to conduct discovery on the completeness of the administrative record, *see Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982). Moreover, Plaintiffs anticipate expanding the scope of review on their APA claim, and thereby the scope of discovery, in light of the apparent pretextual reasons Defendants gave for their termination of DACA and the animus those reasons appear designed to mask. *See, e.g.*, *Tummino*, 427 F. Supp. 2d at 231-34 (expanding the scope of APA review and discovery thereon because of evidence that the Food and Drug Administration's decisions regarding over-the-counter access to an emergency contraceptive drug were based on "improper concerns about the morality of adolescent sexual activity").

Accordingly, the amount and nature of the discovery Plaintiffs seek on their administrative claims will largely depend on the content of the administrative record that Defendants produce. Notwithstanding their statement during the September 14, 2017 pre-motion conference that Plaintiffs' APA claims are to be based on the administrative record, Tr. of Sept. 14, 2017 Pre-Motion Conf. at 31:6-8, Defendants have declined to disclose to Plaintiffs when they would

---

[3] *Available at* http://www.justice.gov/usao/eousa/foia_reading_room/usab4801.pdf.

[4] *See, e.g.*, Tr. of Sept. 14, 2017 Pre-Motion Conf. at 13:17-20. 24:21-24, 26:2-3; Memorandum from Elaine C. Duke, Acting Sec'y of Homeland Sec., to James W. McCament, Acting Dir., U.S. Citizenship and Immigration Servs., *Memorandum on Rescission of Deferred Action For Childhood Arrivals (DACA)*, Sept. 5, 2017 (Ex. A to Sept. 5, 2017 Letter, ECF No. 46-1).

produce the administrative record or what it would contain. Defendants further demurred as to which agencies would be producing the administrative record, whether they would withhold any materials based on privilege and whether, if so, they would provide privilege logs.

Plaintiffs are entitled to, and the Court has discretion to allow, broader discovery on Plaintiffs' constitutional claims. Plaintiffs' procedural due process claim, for example, will turn on whether Defendants provided constitutionally appropriate notice to Plaintiffs and putative class members of the September 5, 2017 deadline for initial applications, of the October 5, 2017 renewal deadline, and of the March 5, 2018 termination of the program.

Plaintiffs' equal protection claim will turn on whether discriminatory intent was "a 'substantial' or 'motivating' factor behind" the termination of DACA. *Hunter v. Underwood*, 471 U.S. 222, 228 (1985); *see also Raza v. City of New York*, 998 F. Supp. 2d 70, 79-80 (E.D.N.Y. 2013). "Because discriminatory intent is rarely susceptible to direct proof, a district court facing a question of discriminatory intent must make 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.'" *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 606 (2d Cir. 2016) (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)). Discovery is appropriate on the variety of factors courts have identified as relevant to the discriminatory intent analysis, including the administrative history, "especially where there are contemporary statements by" the decisionmakers; the historical background of the decision; any procedural or substantive departures; and the disparate impact of the decision. *Id.* (citation omitted); *see also Hunter*, 471 U.S. at 227; *Arlington Heights*, 429 U.S. at 266-68.

<u>The need for prompt resolution of discovery disputes</u>

Both during the September 14 pre-motion conference with the Court[5] and in the meet-and-confer process, Defendants stated their position that Plaintiffs are not entitled to *any* discovery in this case. Defendants are particularly opposed to the prospect of producing email communications from within the agencies; to any depositions of cabinet-level officials; and to any discovery requests—written or otherwise—that would extend to anyone who works at the White House.

Plaintiffs hope that Defendants will be sufficiently forthcoming in their responses to written discovery and with the administrative record such that discovery disputes will be limited. However, Plaintiffs are concerned that Defendants' opposition to *all* discovery, as well as their categorical opposition to, for example, producing email communications from the agencies or documents reflecting the White House's participation in the termination of DACA—regardless of the relevance and probative value of that evidence—forebodes an unreasonable resistance on the part of Defendants to Plaintiffs' right to take discovery on their claims.

Given the distance separating the parties on this fundamental issue—and given the accelerated schedule on which this case must proceed—Plaintiffs are concerned that, without prompt resolution of any discovery disputes, they will have too little time to present their claims

---

[5] Tr. of Sept. 14, 2017 Pre-Motion Conf. at 31:3-15.

adequately prior to Defendants' planned March 5 DACA termination. Accordingly, and as reflected in the proposed schedule below, Plaintiffs respectfully request regularly-scheduled, bi-weekly status conferences at which the Court can decide discovery disputes amenable to such resolution and can set an expedited schedule for the parties to brief any issues that require fuller treatment.

### III. Plaintiffs' proposed discovery schedule

In light of the foregoing considerations, the scope of discovery as defined by Rule 26(b)(1),[6] and Plaintiffs' intent to have a motion for preliminary injunctive relief fully briefed, argued, and any evidentiary hearing thereon completed prior to March 5, 2018, Plaintiffs respectfully request that the following schedule governing discovery be entered by order of the Court.[7] All references to "days" denote calendar days, unless the deadline would fall on a Saturday, Sunday, or federal holiday, in which case the deadline would be the next business day.

| Action | Deadline |
|---|---|
| Discovery period begins | September 27, 2017 |
| Parties produce initial disclosures | October 4, 2017 |
| Defendants produce certified administrative records (from DHS and DOJ) and privilege logs | October 6, 2017 |
| Status conference (telephonic or in-person) with the court to address discovery disputes | Every other week beginning week of October 13, 2017 |
| Objections to discovery due | 1 week from email service of requests |
| Discovery responses due (subject to any unresolved objections), including any privilege log | 2 weeks from email service of requests[8] |

---

[6] Fed. R. Civ. P. 26(c) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."); *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

[7] Plaintiffs laid out this proposed schedule to Defendants during the meet-and-confer process and solicited Defendants' views and/or counter-proposal. Defendants stated that Plaintiffs' proposed schedule was "not outrageous," but declined to discuss dates and/or propose an alternative schedule.

[8] This schedule likewise aligns with the oral order in the Northern District of California cases, in which Defendants will have 15 days to respond to discovery requests.

| Parties designate experts, with reports | November 15, 2017 |
| Discovery period ends | December 15, 2017 |
| Deposition errata due | One week from completion of deposition |

Respectfully submitted,

/s/ Justin B. Cox

David Chen, Law Student Intern[†]
Susanna D. Evarts, Law Student Intern[†]
Victoria Roeck, Law Student Intern[*]
Healy Ko, Law Student Intern[*]
Hannah Schoen, Law Student Intern[†]
Emily Villano, Law Student Intern[†]
Muneer I. Ahmad, Esq.[†]
Marisol Orihuela, Esq.[†]
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
michael.wishnie@yale.edu
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq. (DA 4885)
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: (718) 418-7690

Jessica R. Hanson, Esq.[†]
Mayra B. Joachin, Esq.[†]
Melissa Keaney, Esq.[†]
Karen Tumlin, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 70067
Los Angeles, CA 90070
Phone: (213) 639-3900

Justin Cox, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW
Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Attorneys for Plaintiffs*

† *Appearing* pro hac vice
* Motion for law-student appearance forthcoming