UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTIN JONATHAN BATALLA VIDAL et al.,

                Plaintiffs,

    -against-

ELAINE C. DUKE, Acting Secretary, Department of
Homeland Security, et al.,

                Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK et al.,

                Plaintiffs,

    -against-

DONALD TRUMP, President of the United States, et al.,

                Defendants.
------------------------------------------------------------------X

**ORDER**

**16-CV-4756 (NGG) (JO)**

**ORDER**

**17-CV-5228 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

    On September 27, 2017, Magistrate Judge James Orenstein issued an order setting a schedule for discovery in above-captioned cases challenging the Department of Homeland Security's decision to terminate the Deferred Action for Childhood Arrivals ("DACA") program. (Sept. 27, 2017, Scheduling and Case Management Order (the "Order") (Batalla Vidal Dkt. 67).[1]) Defendants have moved to vacate Paragraph II(c) of the Order, which directs them to compile, by October 6, 2017, a privilege log identifying documents that they are not producing

---

[1] Except as otherwise specified, citations are to the docket in Batalla Vidal v. Duke, No. 16-CV-4756 (E.D.N.Y.).

and with respect to which they are asserting a claim of privilege.[2] (Order ¶ II(c); Defs. Mot. to Vacate the Order (the "Motion") (Dkt. 69).)

In addition to arguing that discovery is generally inappropriate in this case, Defendants also contend that Paragraph II(c) of the Order (1) raises "substantial separation-of-powers concerns" (Mot. at 2-3); (2) is vague and improperly requires Defendants to log and to claim privilege with respect to documents outside the administrative record (id. at 3-5); and (3) imposes a timeline for producing a privilege log that Defendants cannot possibly meet (id. at 5). Defendants also maintain that discovery is inappropriate because the decision to end the DACA program is not subject to judicial review. (Id. at 5-6.)

Because the Order is not dispositive, the court reviews whether it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "[A] magistrate judge's decision is contrary to law only where it runs counter to controlling authority." Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008).

Under the APA, judicial review of agency action is generally limited to the administrative record that the agency provides to the court. Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate

---

[2] The disputed paragraph of the Order reads in full as follows:

> The privilege log to be produced by October 6, 2017, shall include a description of every document considered within any component of the executive branch as part of the process of determining the policy and actions at issue in these actions that are not being produced and as to which the defendants would assert a claim of privilege, regardless of whether the defendants deem such that record to be part of the official administrative record. Failure to describe a pertinent document in the privilege log due on October 6, 2017, will waive any later assertion of privilege absent a showing of good cause. See Loc. Civ. R. 26.2, 26.3.

(Order ¶ II(c).)

the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Id. at 744. The agency's designation of the administrative record "is generally afforded a presumption of regularity." Comprehensive Cmty. Dev. Corp. v. Sebelius, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012) (quoting Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corps of Eng'rs, 722 F. Supp. 2d 535, 542 (D. Del. 2010)). The court may inquire beyond the administrative record, however, "when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice." Nat'l Audubon Soc. v. Hoffman, 132 F.3d 7, 14 (2d Cir. 1997) (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977)); see also Hill Dermaceuticals, Inc. v. Food & Drug Admin., 709 F.3d 44, 47 (D.C. Cir. 2013) (consultation of evidence outside the administrative record appropriate "to challenge gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review").

The court agrees that the October 6, 2017, deadline for producing a privilege log imposed by the Order should be modified. The Order currently requires Defendants to produce the administrative record and a privilege log on the same day. (Order ¶ I.) But without reviewing the administrative record, the court cannot assess whether that record is sufficient to permit review of Defendants' decision to rescind the DACA program, or whether Plaintiffs have shown that Defendants acted in bad faith in designating the record. See Nat. Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs., 631 F. Supp. 2d 23, 27 (D.D.C. 2009). Only once the court has reviewed the administrative record will it be able to assess whether

3

Defendants should be required to produce a privilege log, and what the scope of that log should be. Accordingly, the court MODIFIES the Order by extending Defendants' deadline to submit a privilege log by two weeks, to October 20, 2017.[3]

The court will address Defendants' remaining objections to Paragraph II(c) by separate order, which will follow before October 20, 2017. Defendants are invited to file a reply, not to exceed five pages, to Plaintiffs' oppositions no later than October 10, 2017. Defendants' arguments that courts cannot review the decision to end DACA are properly raised in Defendants' forthcoming dispositive motion and will be considered then.

SO ORDERED.

Dated: Brooklyn, New York
October 3, 2017

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] The Batalla Vidal Plaintiffs have expressly consented to a "brief extension" to the deadline for Defendants to provide a privilege log. (Batalla Vidal Pls. Resp. in Opp'n to Mot. (Dkt. 70) at 1, 3.) The court is mindful that Defendants would find the task of compiling a privilege log by October 6, 2017, to be difficult, if not outright "impossible." (Mot. at 5.) The court notes, however, that it appears that Defendants could have spared themselves some trouble by seeking to clarify the Order with Judge Orenstein and with Plaintiffs; while Defendants object to the purported scope of the materials required to be identified in the privilege log (id.), Plaintiffs in both actions have taken the position that the Order only requires the Defendants to identify documents considered by the Department of Justice and the Department of Homeland Security—not the entire Executive Branch—in deciding to rescind the DACA program. (New York v. Trump Pls. Resp. in Opp'n to Mot. (New York v. Trump Dkt. 49) at 7-8 & n.6; Batalla Vidal Pls. Resp. in Opp'n to Mot. at 2-3 & n.2.) The court also notes that this urgency is the result of Defendants' decision to terminate the DACA program on short notice, requiring this court to expedite consideration of these actions.

4