UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ELAINE C. DUKE, *et al.*, <br><br> *Defendants*. | No. 1:16-cv-04756 (NGG) (JO) |

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> *Defendants*. | No. 1:17-cv-05228 (NGG) (JO) |

**JOINT STATUS REPORT**

In accordance with the Court's September 27, 2017 Case Management and Scheduling Order, counsel for the parties, having conferred, hereby jointly notify the Court of the status of these matters:

**I.      Status of the Cases**

1. Plaintiffs and Defendants exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on October 4, 2017.

2. Defendants are scheduled to certify and serve the administrative record on all Plaintiffs on October 6, 2017.

3. In accordance with Judge Garaufis's October 3, 2017 Order modifying in part this Court's September 27 Order, the current deadline for Defendants' privilege log (if any) has been extended to October 20, 2017.

4. On September 28, 2017, the *Batalla Vidal* Plaintiffs identified two individuals for deposition, in an attempt to cooperatively identify a date for each deposition.

5. On September 29, 2017, the State Plaintiffs in *New York v. Trump* served a First Set of Interrogatories and Request for Documents, as well as a First Set of Requests for Admission.

6. On September 30, October 4, and October 5, 2017, Plaintiffs in *Batalla Vidal v. Trump* served Interrogatories, Requests for Production, and Requests for Admission.

7. Defendants intend to serve their Objections to the State Plaintiffs' discovery requests later this evening. Defendants also intend to serve objections and responses to all other pending discovery requests in a timely manner, consistent with the schedule ordered by the Court.

8. Over Defendants' objection, on October 5, 2017, the *Batalla Vidal* Plaintiffs noticed the deposition of Donald Neufeld, Associate Director, Service Center Operations, United States Citizenship and Immigration Services, for October 18, 2017. Defendants have confirmed that Mr. Neufeld is available on that date. The State Plaintiffs are discussing plans to attend and participate in the deposition with the *Batalla Vidal* Plaintiffs. Defendants maintain (and incorporate by reference) their objections to the appropriateness of any discovery in this case, generally, and to this deposition, specifically, including on the ground that Judge Garaufis has not yet determined whether the administrative "record is sufficient to permit review of Defendants' decision to rescind the DACA program." Doc. 72, Order, at 3.

9. Over Defendants' objection, on October 5, 2017, the *Batalla Vidal* Plaintiffs noticed the deposition of Gene Hamilton, Senior Counselor in the Office of the Secretary of the Department of Homeland Security, for October 20, 2017. Defendants have confirmed that Mr. Hamilton is available on that date. The State Plaintiffs are discussing plans to attend and participate in the deposition with the *Batalla Vidal* Plaintiffs. Defendants maintain (and incorporate by reference) their objections to the appropriateness of any discovery in this case, generally, and to this deposition, specifically, including on the grounds that the "apex doctrine" shields high-ranking government officials from the obligation to testify absent exceptional circumstances and that Judge Garaufis has not yet determined whether the administrative "record is sufficient to permit review of Defendants' decision to rescind the DACA program." Doc. 72, Order, at 3.

10. Counsel for Plaintiffs and Defendants will be present at the status conference scheduled for October 11, 2017. All other discovery matters are proceeding on the schedule set forth in this Court's September 27 Order.

## II.  **Pending Disputes**

Depositions

*Batalla Vidal* Plaintiffs seek the Court's assistance regarding the *Batalla Vidal* Plaintiffs' noticed depositions of Gene Hamilton, Senior Counselor in the Office of the Secretary of the Department of Homeland Security, and Donald Neufeld, Associate Director, Service Center Operations, United States Citizenship and Immigration Services. On October 4, 2017, Defendants notified the *Batalla Vidal* Plaintiffs of their proposal to postpone the depositions of Donald Neufeld and Gene Hamilton until October 25 and 27, respectively, pending the District Court's resolution of the outstanding objections Defendants raised in their motion to vacate

Judge Orenstein's scheduling order. ECF No. 67. The *Batalla Vidal* Plaintiffs informed Defendants on October 5, 2017, that they did not consent to Defendants' proposal.

The *Batalla Vidal* Plaintiffs' position is that the deposition of each of these individuals is appropriate because each individual has information that is relevant to the claims contained in Plaintiffs' Second Amended Complaint, including Plaintiffs' claims under the APA as well as the U.S. Constitution.

Defendants' position is that this discovery is not appropriate pending U.S. District Judge Garaufis's determination of Defendants' motion to vacate. ECF 69. Moreover, Defendants specifically object to the deposition of Mr. Hamilton, who is the Senior Counselor in the Office of the Secretary of the Department of Homeland Security and, as such, provides advice and counsel to the DHS Secretary and Deputy Secretary on national security matters.

The *Batalla Vidal* Plaintiffs object to Defendants raising the "apex doctrine" for the first time in the joint status report through lengthy edits received after 4:00 PM Eastern Time today. These legal arguments were not included in Defendants' initial draft received the night before. Defendants did not meet and confer with plaintiffs or give prior notice of their objections to Mr. Hamilton's deposition, other than their position that discovery was inappropriate at this juncture. *Batalla Vidal* Plaintiffs respectfully request an opportunity to submit a response to the defendants' new objections, which are presented below, no later than 2 pm Eastern Time on October 10, 2017, so that the Court can resolve these issues in the status conference the following day.

Defendants' Objections to Mr. Hamilton's Deposition

A well-established principle demonstrates that high-level government officials, such as Mr. Hamilton, should not ordinarily be required to testify concerning their official actions. *See*

*United States v. Morgan*, 313 U.S. 409, 422 (1941); *Lederman v. New York City Dep't of Parks and Rec.*, 731 F.3d 199, 203 (2d Cir. 2013) ("[T]o depose a high-ranking government official, a party must demonstrate exceptional circumstances … for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means.").

Two rationales underlie this principle, also known as the "apex doctrine." First, as the Supreme Court recognized in *Morgan*, parties litigating against federal agencies are precluded from examining the processes by which high-ranking agency officials exercise discretion and make decisions. 313 U.S. at 422. Insulating the deliberative process of high-level public officials from judicial scrutiny helps preserve constitutional separation of powers. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977) (noting that "judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government"). As the Court of Appeals for the Eleventh Circuit has recognized, compelling the testimony of high-ranking agency officials "would have serious repercussions for the relationship between two coequal branches of government." *In re United States (Jackson)*, 624 F.3d 1368, 1373-74 (11th Cir. 2010) (observing that "compelling the [Food and Drug Administration] Commissioner's testimony by telephone for 30 minutes disrespected the separation of powers"). And as Senior Counselor most, if not all, of the information Plaintiffs seek would likely be covered by the deliberative-process and other privileges.

Second, as a practical matter, if high-level government officials could be subject to deposition in every civil action involving their agency, the officials would be impeded from exercising their duties. *See In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (noting that "[h]igh

ranking government officials have greater duties and time constraints than other witnesses"). In *Community Federal Savings & Loan v. Federal Home Loan Bank Board*, 96 F.R.D. 619, 621 (D.D.C. 1983), the court explained this well-recognized basis for protecting high-ranking government officials from depositions:

> [P]ublic policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases. Considering the volume of litigation to which the government is a party, a failure to place reasonable limits upon private litigants' access to responsible governmental officials as sources of routine pre-trial discovery would result in a severe disruption of the government's primary function.

Absent such limits, there is "a tremendous potential for abuse or harassment." *K.C.R. v. County of Los Angeles*, No. CV 13-3806 PSG (SSx), 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (quotation omitted). For these reasons, mandamus is often granted to protect senior officials from the burden of providing testimony. *See, e.g.*, *In re United States*, 624 F.3d 1368, 1373 (11th Cir. 2010) (issuing a writ of mandamus to preclude the deposition of the EPA Administrator); *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) ("The duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere.") (issuing writ of mandamus to preclude deposition of the Vice President's chief of staff); *In re United States*, 197 F.3d 310, 314 (8th Cir. 1999) (issuing writ of mandamus to preclude testimony of Attorney General and Deputy Attorney General); *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (issuing writ of mandamus to preclude testimony of three members of the Board of the FDIC); *United States Board of Parole* v. *Merhige*, 487 F.2d 25, 29 (4th Cir. 1973) (issuing writ of mandamus to preclude deposition of members of the Board of Parole); *see also In re Northern Marianas Islands*, 694 F.3d 1051, 1059-1061 (9th Cir. 2012); *In re SEC ex*

*rel Glotzer*, 374 F.3d 184, 187-192 (2d Cir. 2004) (issuing writ of mandamus to preclude deposition of SEC attorneys).

Here, Plaintiffs have not yet attempted either to obtain the information they seek through less intrusive means or to justify that exceptional circumstances warrant the deposition of a high-ranking DHS official. Although Defendants have held Mr. Hamilton's schedule for October 20 open as a courtesy, their position is that the burden on his time and official duties does not justify the deposition.[1]

Other Discovery

As Defendants are scheduled to produce the Administrative Record today, it is possible that a dispute with respect to the record's sufficiency will arise before the October 11, 2017, conference as well.

In addition, Plaintiffs anticipate that Defendants will object to at least one of the written discovery requests by the *Batalla Vidal* and/or State Plaintiffs, and such objection(s) may be appropriate for the Court to address at the conference.

Dated: October 6, 2017                    Respectfully submitted,

                                                      CHAD A. READLER
                                                      Acting Assistant Attorney General

                                                      BRIDGET M. ROHDE
                                                      Acting United States Attorney

                                                      BRETT A. SHUMATE
                                                      Deputy Assistant Attorney General

                                                      JENNIFER D. RICKETTS
                                                      Director

---

[1] Defendants will be prepared to address this issue more fully at the status conference and, if requested, can formally move for a protective order.

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

STEPHEN M. PEZZI
Trial Attorney

*/s/ Kate Bailey*
KATE BAILEY (MD Bar #1601270001)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel.: (202) 514-9239
Fax: (202) 616-8470
Email: kate.bailey@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY 11201
Tel: (718) 254-6288
Fax: (718) 254-7489
Email: joseph.marutollo@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Joint Status Report with the Clerk of the Court through the ECF system on October 6, 2017, which system provided a copy of the notice to all parties.

                                        /s/ *Kate Bailey*
                                        KATE BAILEY
                                        Trial Attorney
                                        Federal Programs Branch
                                        U.S. Department of Justice, Civil Division