

October 10, 2017

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Batalla Vidal et al. v. Duke et al.*, No. 16cv4756 (NGG) (JO)

Dear Judge Orenstein:

    We represent the Plaintiffs in the above-referenced matter.  This letter presents Plaintiffs' response to Defendants' objection to the deposition of Gene Hamilton, Counselor to Acting Secretary Duke.  *See* ECF No. 78.  Defendants do not deny that Mr. Hamilton has information relevant to this lawsuit or that he can be made available for a deposition.  Rather, Defendants object solely based on a mistaken and belated application of the "apex doctrine," which Defendants failed to raise prior to 4:00 p.m. Eastern Time on the date the October 6 Joint Status Report was due, despite having multiple opportunities to do so since they first received notice of Plaintiffs' deposition request on September 28, 2017.

    Plaintiffs ask this Court to reject Defendants' arguments that Mr. Hamilton should be protected by the "apex doctrine."  First, Mr. Hamilton is not the kind of government employee protected by the "apex doctrine."  Second, the purposes of the "apex doctrine" would not be served by preventing his deposition.  Third, any concerns about particular categories of information that should be privileged are better addressed on a question-by-question basis than by precluding his deposition wholesale.

    A "counselor" to a cabinet secretary is not a "high-level government official" entitled to protection under the apex doctrine.  "This designation has generally only been applied to government officials who are at the apex of their organization." *Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 250 (S.D.N.Y. 2015) (finding that the staff director of a Congressional subcommittee does not merit application of the apex doctrine).  The doctrine has been applied to staff only at the highest levels.  *See In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (applying the apex doctrine to the Vice President's chief of staff).  In contrast, Mr. Hamilton's role lies outside the formal Department of Homeland Security chain of command—he solely "provides advice and counsel" to a cabinet official, *see* ECF No. 78.  His position does not warrant application of the apex doctrine.  *See New York v. Oneida Indian*

*Nation of New York*, No. 95-cv-0554, 2001 WL 1708804 at *4 (N.D.N.Y. Nov. 9, 2001) (holding that an associate counsel and an advisor were not high-ranking officials meriting protection under the apex doctrine).

Indeed, Plaintiffs' decision to depose Mr. Hamilton furthers the goals of the apex doctrine. In designating Mr. Hamilton, Plaintiffs recognized the "greater duties and time constraints" of other DHS officials, and therefore identified a low-ranking official within Acting Secretary Duke's office who has knowledge of the materials and decisions underlying the DACA Termination. *Lederman v. N.Y.C. Dept. of Parks and Recreation*, 731 F.3d 199, 203 (2d. Cir. 2013) (internal quotation marks omitted). In fact, Defendants proffered a higher-ranking official, an Assistant Secretary, in their Rule 26(a) Initial Disclosures (attached as Ex. A). Defendants also acknowledged that Mr. Hamilton is available for deposition on the noticed date without raising apex doctrine objections, *see* Email from Brad Rosenberg to David Chen, Oct. 5, 2017 (attached as Ex. B).

Lastly, to the extent Defendants believe that portions of Mr. Hamilton's testimony would be privileged, such claims are best addressed on a question-by-question basis. Plaintiffs intend to seek testimony on non-privileged matters, and even where the deliberative process privilege attaches, the privilege can be overridden for "good cause." *See In re Franklin Nat. Bank Sec. Litig.*, 478 F. Supp. 577, 583 (E.D.N.Y. 1979) (identifying a six-factor test to determine whether good cause exists to override the deliberative process privilege). "It is self evident that the fact-intensive *Franklin* test cannot be applied in generalized form in the absence of specific facts to form the substance of the balancing test." *Federal Housing Finance Agency v. JPMorgan Chase & Co.*, 978 F. Supp. 2d 267, 279 (S.D.N.Y. 2013).

For the foregoing reasons, Plaintiffs ask this Court to reject Defendants' objection to the deposition of Mr. Hamilton. Plaintiffs also note the need for this deposition to occur without additional delay due to the expedited discovery schedule in place in this case to ensure an adequate record is developed in advance of the date presently set for the termination of the DACA program. Plaintiffs thus ask this Court to reject Defendants' objection as soon as possible.

Respectfully submitted, Dated: October 10, 2017

/s/ Joshua A. Rosenthal

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Victoria Roeck, Law Student Intern
Healy Ko, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq.[†]

Jessica R. Hanson, Esq.[†]
Mayra B. Joachin, Esq.[†]
Karen Tumlin, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd, #108-62
Los Angeles, CA 90010
Phone: (213) 639-3900

Marisol Orihuela, Esq.†
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
michael.wishnie@yale.edu
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq. (DA 4885)
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: (718) 418-7690

Justin Cox, Esq.†
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq.†
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW
Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Attorneys for Plaintiffs*

† *Appearing* pro hac vice

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
                                       )
MARTÍN JONATHAN BATALLA VIDAL,         )
*et al.*,                              )
                                       )
      *Plaintiffs*,                    )
                                       )
      v.                               )   No. 1:16-cv-04756 (NGG) (JO)
                                       )
ELAINE C. DUKE, *et al.*,              )
                                       )
      *Defendants*.                    )
_____)


_____
                                       )
STATE OF NEW YORK, *et al.*,           )
                                       )
      *Plaintiffs*,                    )
                                       )
      v.                               )   No. 1:17-cv-05228 (NGG) (JO)
                                       )
DONALD TRUMP, *et al.*,                )
                                       )
      *Defendants*.                    )
_____)

## DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

      Defendants in the above-captioned actions ("Defendants") hereby provide the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendants provide these disclosures subject to their general objection to any discovery taking place in this litigation. These disclosures are based on information reasonably available to Defendants at the current time. Defendants reserve their rights to supplement these disclosures pursuant to Federal Rule of Civil Procedure 26(e).

1. **Rule 26(a)(1)(A)(i):**

   The following individuals are likely to have discoverable information that Defendants may use to support their defenses, unless solely for impeachment. Unless otherwise noted, these individuals are employees of the Department of Homeland Security and may be reached through undersigned counsel.

   a. Michael Dougherty: Mr. Dougherty is the Assistant Secretary of Border, Immigration and Trade in the Office of Policy. He testified before Congress regarding DACA on October 3, 2017, and likely has discoverable information about certain aspects of the rescission.

   b. Philip T. Miller is the Deputy Executive Associate Director, Office of Enforcement and Removal Operations, Immigration and Customs Enforcement ("ICE"). He likely has discoverable information about the claims that pertain to ICE.

   Defendants also identify any individuals who will be deposed in these cases, as well as all individuals identified in Plaintiffs' initial disclosures.

   Defendants will supplement these disclosures as appropriate.

2. **Rule 26(a)(1)(A)(ii):**

   The following documents, electronically stored information, and tangible things in Defendants' possession, custody, or control may be used to support their defenses, unless solely for impeachment.

   a. Documents that are included in the administrative record regarding the DHS Acting Secretary's decision to rescind DACA

   b. Documents that are publicly available on DHS, USCIS, ICE and/or CBP websites, including, but not limited to:

      - Documents regarding the DACA policy
      - Documents regarding the initial and renewal request process for DACA for the period from June 15, 2012 until September 5, 2017
      - Documents regarding the rescission of DACA

- o Documents regarding the renewal request process, and the October 5, 2017 deadline for properly filing renewal requests that must be accepted by October 5, 2017, for DACA that expires between September 5, 2017 and March 5, 2018

- o Form I-821D, Consideration of Deferred Action for Childhood Arrivals, Form I-821D Instructions

- o Form I-765, Application for Employment Authorization, and Form I-765 Instructions

- o Form I-131, Application for Travel Document

- o Applications Request Forms and instructions related to DACA policy

  c. Correspondence with, testimony before, and responses to any questions for the record from Congress regarding the rescission of DACA

  d. Documents identified or produced by Plaintiffs

Defendants will supplement these disclosures as appropriate.

3. **Rule 26(a)(1)(A)(iii):**

   Defendants have no claimed damages.

4. **Rule 26(a)(1)(A)(iv):**

   Not applicable.

Dated: October 4, 2017                Respectfully submitted,

                                      CHAD A. READLER
                                      Acting Assistant Attorney General

                                      BRIDGET M. ROHDE
                                      Acting United States Attorney

                                      BRETT M. SHUMATE
                                      Deputy Assistant Attorney General

                                      JENNIFER D. RICKETTS
                                      Director

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

STEPHEN M. PEZZI
Trial Attorney

*/s/ Kate Bailey*
KATE BAILEY (MD Bar #1601270001)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-9239
Fax:  (202) 616-8470
Email:  kate.bailey@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2017, I served the foregoing DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES via e-mail upon:

Lourdes Rosado
Diane Lucas
Abigail Taylor
Genevieve Nadeau
Colleen Melody
Marsha Chien
Jerome Frank Legal Servs. Org.
Batalla
Amy Taylor
Scott Foletta
Alexa Schapira
Justin Cox



/s/ Kate Bailey
KATE BAILEY

# EXHIBIT B

| | |
|---|---|
| **From:** | Rosenberg, Brad (CIV) |
| **To:** | David Chen |
| **Cc:** | |
| **Subject:** | RE: Batalla Vidal v. Baran, 1:16-cv-04756-NGG-JO |
| **Date:** | Thursday, October 5, 2017 9:44:27 AM |

Dear David:

While defendants reserve their rights to object to the depositions and discovery generally, including to raise these issues with the court as set forth in the email exchange below, Mr. Hamilton is available on October 20; his availability is otherwise very limited. As for Mr. Neufeld, we believe that he is available on October 18, but are awaiting final confirmation. Please let me know if these dates work from your perspective.

Thanks,
-Brad

**From:** David Chen
**Sent:** Thursday, October 05, 2017 8:57 AM
**To:** Rosenberg, Brad (CIV) <BRosenbe@civ.usdoj.gov>

**Subject:** Re: Batalla Vidal v. Baran, 1:16-cv-04756-NGG-JO

Dear Brad,
Plaintiffs have already consented to postponing the depositions of Mr. Neufeld and Mr. Hamilton by one week and do not consent to your request to postpone them for an additional two weeks. Additional postponement of discovery puts the parties at risk of not being able to complete discovery within the timeline necessary to resolve this case before Defendants terminate DACA. As you know, the parties are subject to an expedited discovery schedule because your clients refused to extend their own arbitrary deadlines. ECF No. 72, at 4 n.3

("this urgency is the result of Defendants' decision to terminate the DACA program on short notice, requiring this court to expedite consideration of these actions"). So that the parties can address these concerns with the Magistrate Judge, Plaintiffs will notice these two depositions for the week of October 16, 2017, and Defendants can seek relief from the Magistrate Judge at our October 11 conference. Case Management and Scheduling Order, ECF No. 67, at II(d)((i). We also disagree with you that the depositions of Mr. Neufeld and Mr. Hamilton are issues raised by your motion to vacate filed with the district court. Judge Garaufis's order modifying Magistrate Judge Orenstein's discovery order was limited only to section II(c), which concerns production of a privilege log. Nowhere does Judge Garaufis's order modify other parts of the discovery schedule.

Furthermore, Magistrate Judge Orenstein's discovery order was not limited to Plaintiff's APA claims. Since Plaintiffs have also alleged constitutional violations, which do not rest primarily on the administrative record, these depositions must proceed regardless the court's disposition of the government's arguments regarding the administrative record and related privilege log.

Thank you,
David Chen
Law Student Intern
Jerome N. Frank Legal Services Organization

PRIVILEGED AND CONFIDENTIAL
This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify me immediately by return e-mail (including the original message in your reply) and by telephone and then delete and discard all copies of the e-mail.

> On Oct 4, 2017, at 5:33 PM, Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov> wrote:
>
> Dear David:
>
> I am writing to follow-up on the email exchange below. As you are aware, yesterday Judge Garaufis issued an order that granted, in part, the government's motion regarding Magistrate Judge Orenstein's discovery order. Judge Garaufis indicated that he would resolve the remaining, outstanding issues raised by the government in its motion by October 20. One of those issues concerns whether there should be any discovery in this APA case. In that regard, Judge Garaufis specifically noted that the court cannot assess whether the administrative record is sufficient to review the government's decision to rescind DACA until the government supplies the record.

In light of this outstanding issue, including the additional guidance that will be provided by the district court, we think it makes sense to postpone these depositions until after Judge Garaufis issues a final decision on the government's appeal of the magistrate judge's discovery order.  If the court does not provide further relief, the government would be prepared to schedule Messrs. Neufeld and Hamilton for depositions on October 25 and 27, respectively, but does not waive its objections to discovery taking place.  Should these depositions take place, the government reserves its rights to assert any appropriate objections during the depositions themselves, including by instructing witnesses not to answer to the extent a question calls for privileged information.

Please let us know if you agree with this proposal, which we think provides an efficient and expeditious path forward while allowing the district court the opportunity to resolve the government's outstanding objections.

Thanks,
-Brad


**From:** David Chen
**Sent:** Monday, October 02, 2017 10:17 PM
**To:** Rosenberg, Brad (CIV) <BRosenbe@civ.usdoj.gov>



**Subject:** Re: Batalla Vidal v. Baran, 1:16-cv-04756-NGG-JO

Dear Brad,

We will consent to a one week extension of the deposition schedule for Mr. Neufeld and Mr. Hamilton, but request that you let us know when they will be available next week by this Wednesday, October 4.

Will you also please confirm that the government agrees to make Mr. Neufeld and Mr. Hamilton available for deposition? If the government has any objections to either or both of their depositions, please notify us by this Wednesday, October 4, so we can try to address any objections or timely raise any issues before Magistrate Judge Orenstein.

Regarding the location for deposition, we intend to notice the depositions to be held at our offices in Washington, D.C.

Finally, we are not in coordination with plaintiffs in California, but we do not object to counsel from those cases attending the deposition.

Thank you,

David Chen
Law Student Intern
Jerome N. Frank Legal Services Organization

PRIVILEGED AND CONFIDENTIAL
This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure.   If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise.  Instead, please notify me immediately by return e-mail (including the original message in your reply) and by telephone and then delete and discard all copies of the e-mail.

> On Oct 2, 2017, at 4:00 PM, Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov> wrote:
>
> Hi David:
>
> I am writing to follow-up on your email below.  We are still checking on dates on our end, but at this point we wanted to inquire about pushing the depositions back at least until next week.  Among other things, Mr. Neufeld is out of the country for most of this week.  We are still in the process of checking on Mr. Hamilton's schedule.
>
> We also wanted to inquire about whether you are coordinating with the California plaintiffs regarding these depositions.  To the extent we make witnesses

available for depositions, we would like to do so as efficiently as possible, avoiding multiple depositions of the same individual.

We can offer our offices at DOJ for the depositions, if that works for you and your colleagues.

Thanks,
-Brad

---

**From:** Rosenberg, Brad (CIV)
**Sent:** Thursday, September 28, 2017 5:17 PM
**To:** 'David Chen' [redacted]; Pezzi, Stephen (CIV) <spezzi@CIV.USDOJ.GOV>; Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>; Beckenhauer, Eric (CIV) <EBeckenh@civ.usdoj.gov> [redacted]
**Subject:** RE: Batalla Vidal v. Baran, 1:16-cv-04756-NGG-JO

Thanks, David.  We'll get back to you shortly about this.

-Brad

---

**From:** David Chen [redacted]
**Sent:** Thursday, September 28, 2017 3:11 PM
**To:** Pezzi, Stephen (CIV) <spezzi@CIV.USDOJ.GOV>; Rosenberg, Brad (CIV) <BRosenbe@civ.usdoj.gov>; Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>



**Subject:** Batalla Vidal v. Baran, 1:16-cv-04756-NGG-JO

Counsel,

As stated at our status conference on September 26, Plaintiffs intend to issue notices of depositions to persons with knowledge of the matters in the case. Initially, we intend to issue notices to the following individuals pursuant to Fed. R. Civ. P. 30:

- Donald Neufeld, Associate Director, Service Center Operations, United States Citizenship and Immigration Services
- Gene Hamilton, Deputy Chief of Staff for Policy, Department of Homeland Security

We are writing to request dates next week (Oct 2 - 6) that the above deponents will be available for an in-person deposition. We would also like to confirm that the deponents reside in the Washington D.C. area such that we can take their depositions there.

Thank you,

David Chen
Law Student Intern
Jerome N. Frank Legal Services Organization

PRIVILEGED AND CONFIDENTIAL
This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure.  If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise.  Instead, please notify me immediately by return e-mail (including the original message in your reply) and by telephone and then delete and discard all copies of the e-mail.