

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

October 10, 2017

**By ECF and Fax**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Batalla Vidal, et al., v. Baran, et al.*, 16-cv-4756 (NGG) (JO)
            *State of New York, et al., v. Donald Trump, et al.*, 17-cv-5228 (NGG) (JO)

Dear Judge Garaufis:

      Defendants respectfully submit this reply letter pursuant to the Court's October 3, 2017 Order, *Vidal* ECF No. 72, which granted in part Defendants' requested relief from Magistrate Judge Orenstein's September 27, 2017 case-management and scheduling order, *Vidal* ECF No. 67. Defendants appreciate this Court's prompt action in response to their previous letter, which relieved Defendants from the obligation—at least, until October 20, 2017—to produce a privilege log including

> a description of every document considered within any component of the executive branch as part of the process of determining the policy and actions at issue in these actions that are not being produced and as to which the defendants would assert a claim of privilege, regardless of whether the defendants deem such that record to be part of the official administrative record.

Sept. 27, 2017 Order ¶ II(c) ("the Privilege Log Order"). Defendants now respectfully request that they be permanently relieved of this obligation, which reaches far beyond the proper scope of judicial review of agency action and—notwithstanding Plaintiffs' various concessions and attempts to offer competing saving constructions—remains vague, overly broad, and unduly burdensome. In the alternative, the Privilege Log Order should be narrowed substantially, to apply only to records that were actually considered by the Acting Secretary of Homeland Security as part of her decision to rescind the DACA policy but were omitted from the administrative record because they are privileged.[1]

      Finally, Defendants continue to argue that no discovery in this litigation is necessary or appropriate. Discovery is especially inappropriate before resolution of Defendants' dispositive motions, which will be purely legal and fully dispositive of this case. At a minimum, no discovery—including depositions—is proper in the absence of a strong showing of bad faith or improper behavior, which Plaintiffs have not even attempted to make here.

---

[1] Defendants served and filed the administrative record on Friday, October 6. Notice of Filing of Administrative Record, *Vidal* ECF No. 77. A courtesy copy has been delivered to chambers.

**I.     The Privilege Log Order should be vacated in its entirety.**

Defendants appreciate this Court's October 3, 2017 Order extending the deadline from October 6 to October 20 for Defendants to produce the privilege log contemplated by the Privilege Log Order. But Defendants remain subject to the Privilege Log Order, and all of the same arguments advanced in Defendants' original objection letter of September 29, 2017, *Vidal* ECF No. 69, remain applicable, notwithstanding the two-week extension to file on October 20. The order still raises separation-of-powers concerns, as it applies, on its face, to "any component of the executive branch," including the White House. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004). It is still unreasonably vague, as it applies to any privileged documents that were "part of the process of determining the policy and actions at issue in these actions," a phrase that is difficult to decipher and that is massive in its potential scope. The Privilege Log Order would still be impossible to comply with, if taken literally, even with the two-week extension. And the Privilege Log Order is still founded—indeed, explicitly so—on the flawed premise that judicial review of agency action may extend beyond the administrative record even without any finding of bad faith. This Court's October 3, 2017 order explicitly rejects that premise. *See* Oct. 3, 2017 Order at 2-3.

Plaintiffs' concessions cannot relieve Defendants of this court-ordered obligation, which, in any event, was imposed upon Defendants without being requested by Plaintiffs at all. Defendants cannot ignore a court order on threat of sanctions and privilege waiver with nothing but assurances that their litigation adversaries believe a detailed order crafted by a federal judge does not mean what it says. That is especially true where, as here, Plaintiffs' saving constructions of the Privilege Log Order are implausible. For example, if, as both sets of Plaintiffs suggest, *see State of New York* Pls.' Oct. 3, 2017 Ltr., ECF No. 49, at 7 n.6; *Vidal* Pls.' Oct. 3, 2017 Ltr., ECF No. 70, at 2 n.2, the Magistrate Judge had intended that the Order apply only to the Department of Homeland Security ("DHS") and the Department of Justice ("DOJ"), the order would have said so. In fact, the Privilege Log Order applies explicitly to "any component of the executive branch," a definition that unquestionably reaches beyond DHS, and not just to DOJ (including its most senior leadership offices), but also to the White House and to every part of every agency of the Executive Branch. Although other portions of the Privilege Log Order are vague, that language is clear.[2]

For all the reasons stated above and in Defendants' previous filings, there is no legal basis to require the production of *any* privilege log with an administrative record—let alone a privilege log that far exceeds the bounds of any concept of a traditional administrative record. *See, e.g.*, *Great Am. Ins. Co. v. United States*, 2013 WL 4506929, at *8 (N.D. Ill. Aug. 23, 2013) ("The law is clear: [since] predecisional and deliberative documents are not part of the administrative record to begin with, . . . they do not need to be logged as withheld from the administrative record."); *see also See San Luis Obispo Mothers for Peace v. NRC*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (en banc) (refusing to supplement the administrative record with privileged documents); *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312-13 (S.D.N.Y. 2012)

---

[2] Defendants also note that the Magistrate Judge's case-management and scheduling order suggests that even complete agreement between the parties—even on routine matters like extensions of internal discovery response deadlines—requires court approval to be effective. *See* Sept. 27, 2017 Order ¶ V(b) ("While the parties are encouraged to cooperate with each other in conducting discovery, they must not agree among themselves to any extensions or suspensions of discovery that will render them unable to meet any deadline set forth above; any such agreement requires court approval.").

2

("[C]ourts have consistently recognized that, for the purpose of judicial review of agency action, deliberative materials antecedent to the agency's decision fall outside the administrative record."). And tasking Defendants with such a novel burden is even less appropriate where, as here, the Magistrate Judge has already ordered the parties (over Defendants' continued objection) to begin discovery, which is ongoing. Assuming discovery continues, Defendants will produce privilege logs, at the appropriate time, as is necessary to justify any claims of privilege that Defendants actually assert in response to Plaintiffs' document requests.

In sum, Defendants remain subject to an order that is legally improper on its face. And whatever its legal merit, the Privilege Log Order remains impossible to comply with, and its new deadline approaches quickly. Defendants respectfully request that this Court relieve Defendants of this unjust, unnecessary, and prejudicial burden.

## II. In the alternative, the Privilege Log Order should be narrowed substantially.

To the extent this Court requires the production of a privilege log in connection with the administrative record—notwithstanding the lack of any legal basis for doing so (*see, e.g.*, *Great Am. Ins. Co.*, 2013 WL 4506929, at *8), and the lack of any actual *need* to do so (given that Plaintiffs can still serve discovery requests, to which Defendants may respond by claiming privilege, on a log, as appropriate), the Privilege Log Order should be narrowed substantially. Specifically, such an order should apply only to records that were actually considered by the Acting Secretary of Homeland Security as part of her decision to rescind the DACA policy but were omitted from the administrative record because they are privileged.

As an initial matter, Plaintiffs apparently now agree with Defendants that burdening the White House with this sort of obligation is presumptively inappropriate, and so they now, appropriately, disclaim any interest in any privilege log produced by the White House in connection with the administrative record. *See State of New York* Pls.' Oct. 3, 2017 Ltr. at 7 n.6; *Vidal* Pls.' Oct. 3, 2017 Ltr. at 2 n.2. For that reason, the Court should, at an absolute minimum, modify the Privilege Log Order to exclude the White House from its reach.[3]

Plaintiffs do, however, seek to broaden the scope of the administrative record (and any associated privilege log) to include DOJ. That is inappropriate for several reasons. For starters, the request is procedurally improper. If Plaintiffs are dissatisfied with the scope of the administrative record, the proper remedy is (1) to meet and confer regarding the specific documents (or specific categories of documents) they believe were omitted improperly, and (2) if the parties cannot reach a resolution of the issue, Plaintiffs may file a motion to supplement the administrative record, to which Defendants can respond. But before any of that has happened, this Court should assume that the administrative record is complete and properly compiled—indeed, as this Court explicitly noted in its most recent order, a well-settled legal presumption requires the Court to do so. *See* Oct. 3, 2017 Order at 3 ("The agency's designation of the administrative record 'is generally afforded a presumption of regularity.'") (quoting *Comprehensive Cmty. Dev. Corp*, 890 F. Supp. 2d at 309).

---

[3] Plaintiffs have since served discovery that implicates some of these very same issues, so the Court should keep this concession in mind to the extent that Plaintiffs eventually insist on discovery of information or documents from the White House. But in light of the concessions made here, and the possibility that the parties will be able to resolve any discovery disagreements through the meet-and-confer process, the Court need not weigh in on that issue further at this time.

On the merits, the suggestion that DOJ produce a separate administrative record (with or without a privilege log) is nonsensical as a matter of law. There is no administrative record—and could be no administrative record—for DOJ in this case, because DOJ did not make the relevant administrative decision that Plaintiffs are challenging, nor did it have the authority to do so. Plaintiffs' APA challenge, as it must, specifies an alleged "final agency action," *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (quoting 5 U.S.C. § 704), which they believe to be unlawful and to be causing them harm: the September 5, 2017 DHS memorandum, signed by Acting Secretary of Homeland Security Elaine C. Duke, rescinding the DACA policy. That APA challenge—to a DHS memorandum, rescinding a DHS policy, which had been created by a previous DHS memorandum, and which was operated by DHS over the past five years—is necessarily a challenge to allegedly unlawful agency action *by DHS*. *See* 5 U.S.C. § 702 (creating a cause of action for "[a] person suffering legal wrong because of agency action").

To be sure, as is common, other components of the Executive Branch, including, in this instance, the Department of Justice, participated in deliberations regarding the rescission of DACA (most, but not all of which remain privileged). That should come as no surprise, and Defendants do not dispute it as a factual matter. In fact, that is why Defendants included some DOJ documents in the administrative record: because (1) they were non-privileged and (2) they were actually considered by the Acting Secretary in making her decision. *See* Administrative Record, AR 4-36 (Office of Legal Counsel Memorandum), AR 238-40 (letter to the Attorney General), AR 251 (letter from the Attorney General). But, as a legal matter, the Acting Secretary of Homeland Security made this decision, and only she *could have* made this decision. That is why no other agency owes any separate administrative record—let alone a privilege log to be produced alongside an administrative record.

### III. This Court should stay discovery.

The Privilege Log Order is merely one particularly problematic symptom of the Magistrate Judge's broader decision to reject Defendants' arguments as to why discovery is inappropriate and, to the extent there should be any discovery in this litigation at all, it should at least await resolution of Defendants' forthcoming dispositive motions—motions that will raise arguments that are strong, purely legal, and completely dispositive of Plaintiffs' claims. *See, e.g.*, *Richards v. N. Shore Long Island Jewish Health Sys.*, 2011 WL 4407518, at *1 (E.D.N.Y. Sept. 21, 2011); *see also* Defs.' Sept. 29, 2017 Ltr. § II(d), *Vidal* ECF No. 69 (*citing Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489-90 (1999); *United States v. Armstrong*, 517 U.S. 456, 463-65 (1996); 8 U.S.C. § 1252(g)).

In any case, it is difficult to understand what purpose *any* discovery would serve in this case. It is a well-settled principle of administrative law that where, as here, there is a "contemporaneous explanation" for an agency's decision, its validity "must . . . stand or fall on the propriety of that finding." *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam). "The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (citations omitted). "If that finding is not sustainable on the administrative record made, then the . . . decision must be vacated and the matter remanded to [the agency] for further consideration." *Camp*, 411 U.S. at 143 (citation omitted). Here, Defendants have produced a 256-page administrative record that includes all of the non-privileged documents that were actually considered by the agency decision maker. If Plaintiffs believe that that record

4

is insufficient to support the agency's decision, then the next step is not discovery—it is for Plaintiffs to file a merits brief asking that the decision be set aside. *See id.*

Although this Court has not yet weighed in on the broader question of the appropriateness of discovery, the only relevant order issued by this Court is entirely consistent with Defendants' view of how this case should proceed. This Court's order correctly noted: (1) "[u]nder the APA, judicial review of agency action is generally limited to the administrative record that the agency provides to the court," Oct. 3, 2017 Order at 2 (citing *Fla. Power & Light*, 470 U.S. at 743-44); (2) "[t]he agency's designation of the administrative record 'is generally afforded a presumption of regularity,'" *id.* at 3 (quoting *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309); and (3) any inquiry "beyond the administrative record" in a case like this one (with a formal decision memo from the agency) requires "'a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers,'" *id.* (quoting *Nat'l Audobon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997)). Neither this Court nor the Magistrate Judge have made any finding of bad faith that would upset the presumptions limiting review to the administrative record, or of regularity in its composition. Plaintiffs have not even attempted to make such a showing.

Moreover, Defendants have already produced a comprehensive administrative record, which includes all non-privileged documents actually considered by the Acting Secretary of Homeland Security in making her decision to rescind the DACA policy. It includes DHS documents, DOJ documents, and even congressional correspondence with the White House; it includes formal memoranda and informal letter correspondence; it includes published legal analysis of the DACA and DAPA policies; and it includes some documents suggesting that DACA be rescinded, and other documents suggesting that the policy should continue. Defendants are confident that this record will ultimately be sufficient to support the Acting Secretary's decision as a matter of law, but for current purposes, it provides more than enough for Plaintiffs to understand the bases for the decision and advance arguments challenging it. Discovery is therefore unnecessary, in addition to being inappropriate and unwarranted as a legal matter. Accordingly, any discovery (including depositions, written discovery, and document discovery) should be stayed pending further order of this Court.

\* \* \*

For these reasons, Defendants respectfully request (1) that the Privilege Log Order be vacated in its entirety; (2) in the alternative, that the Privilege Log Order be narrowed to apply only to documents that were actually considered by the Acting Secretary but were omitted from the administrative record because they are privileged; and (3) that any discovery be stayed pending further order of this Court.[4]

---

[4] The Court's October 3 Order suggests that "Defendants could have spared themselves some trouble by seeking to clarify the [Privilege Log] Order with Judge Orenstein and with Plaintiffs," Oct. 3, 2017 Order at 4 n.3, and Plaintiffs make similar suggestions in their recent letters. Defendants respectfully note that they did meet-and-confer with Plaintiffs, by phone and by email, but Plaintiffs refused to consent to the relief sought, and made no suggestion that they would have been willing to consent to a motion to narrow the Order in the ways they later suggested in their letters. Nor do Plaintiffs have the authority to clarify a court order imposed on Defendants—especially one they did not ask for. Finally, courts in this district have held that it is not only permissible, but actually required, that relief from a non-dispositive order of a Magistrate Judge be sought directly from the district court—not the Magistrate Judge—in the first instance. *See, e.g.*, *McNamee v. Clemens*, 2014 WL 1338720, at \*2 n.4 (E.D.N.Y. Apr. 2, 2014) ("[O]bjections to a magistrate judge's nondispositive order [must] be timely made to the district judge assigned to the case."); *accord Mestecky v. N.Y.C. Dep't of Educ.*, 2016 WL 7217637, at \*2 (E.D.N.Y. Dec. 12, 2016); *NG v. HSBC Mortg. Corp.*, 262 F.R.D. 135, 136 (E.D.N.Y. 2009).

5

Dated: October 10, 2017          Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Telephone:  (202) 305-8576
Fax:  (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*

CC:

The Honorable James Orenstein (by ECF)
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

All counsel of record (by ECF)