

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

October 18, 2017

**By ECF and Fax**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Batalla Vidal, et al., v. Baran, et al.*, 16-cv-4756 (NGG) (JO)
         *State of New York, et al., v. Donald Trump, et al.*, 17-cv-5228 (NGG) (JO)

Dear Judge Garaufis:

    Yesterday, the Court issued a Memorandum & Order ("Oct. 17 Order"), *Vidal* ECF No. 86, which granted in part, denied in part, and reserved a ruling in part on Defendants' September 29, 2017 letter motion ("Defs.' Mot."), *Vidal* ECF No. 69, seeking relief from Magistrate Judge Orenstein's September 27, 2017 case-management and scheduling order, *Vidal* ECF No. 67. The October 17th Order was the Court's second order in response to Defendants' September 29th letter motion. *See* Oct. 3, 2017 Memorandum & Order, *Vidal* ECF No. 72. That order reserved decision on Defendants' arguments that neither extra-record discovery nor an administrative-record privilege log should be required because the administrative record that Defendants produced is complete, but the order did not stay the discovery or the privilege log requirements that will be due before this Court rules on whether the administrative record is complete. In short, the order formally reserved decision on Defendants' arguments while failing to protect Defendants in the interim.

    Defendants thus respectfully request that the Court either stay all discovery and privilege log requirements until it rules on whether the administrative record is complete, or else make clear that it is rejecting Defendants' arguments. In the absence of the requested stay, Defendants have been authorized by the Solicitor General of the United States to file a petition for a writ of mandamus with the U.S. Court of Appeals for the Second Circuit, and Defendants intend to seek immediate relief from the Second Circuit after 2 p.m. on Thursday in furtherance of mandamus review. In the event that this Court rejects Defendants' requested stay, Defendants respectfully request, in accordance with Federal Rule of Appellate Procedure 8(a)(1), that this Court grant a stay of discovery and privilege-log requirements pending the filing and disposition of their mandamus petition in the Second Circuit or, if that request is denied, that this Court grant an administrative stay pending the Second Circuit's disposition of a stay motion to be presented to that Court under Rule 8(a)(2). Defendants are also filing today a motion seeking a stay pending mandamus review of an order issued in another DACA-rescission matter in the Northern District of California, in which the Solicitor General has also authorized the filing of a mandamus petition

concerning the proper scope of an administrative record and discovery and the consideration of privileged documents as part of judicial review of agency action.[1]

Defendants also respectfully notify the Court that full compliance with the Court's order to produce a broad privilege log along with the administrative record—even after the Court's narrowing of Magistrate Judge Orenstein's original order to that effect—remains impossible to comply with in the time allotted, and so Defendants respectfully request that that order be stayed for that reason as well.[2]

### I. Defendants Respectfully Request Relief From All Pending Discovery And Privilege-Log Obligations Raised In Defendants' September 29, 2017 Letter Motion.

In Defendants' September 29, 2017 letter motion, in addition to requesting vacatur of Paragraph II(c) of Magistrate Judge Orenstein's case-management order (which had required the production of a broad privilege log along with the administrative record), Defendants also made several more general arguments, requesting that any further discovery in this matter be stayed permanently, or at least until the Court had an opportunity to resolve the forthcoming dispositive motions. *See* Defs.' Mot. § II(d); Defs.' Reply Ltr. § III, *Vidal* ECF No. 80. But other than the decision to narrow Paragraph II(c) of Magistrate Judge Orenstein's case-management order, the Court's order of yesterday—in substance, even if not in form—will have the practical effect of denying Defendants the remainder of the relief requested in the September 29, 2017 letter motion.

The Court has explicitly denied a small portion of Defendants' requested relief from discovery. *See* Oct. 17 Order at 4 ("[T]he court finds no error in Magistrate Judge Orenstein's decision that discovery should proceed with respect to [certain of Plaintiffs'] claims."). As for (at least) the claims that Plaintiffs style as arising under the Administrative Procedure Act ("APA"), the Court formally reserved decision on the question of whether discovery should continue.

Unfortunately, however, by reserving decision on the bulk of Defendants' argument, the Court has effectively (if not formally) denied the relief requested by Defendants. As Magistrate Judge Orenstein made clear at a status conference last week, discovery will proceed in this matter unless and until this Court issues an order to the contrary. *See* Oct. 11, 2017 Tr. at 30:8-21 ("THE COURT: You understand that discovery is proceeding now and will continue to proceed unless otherwise ordered by Judge Garaufis on claims other than just the APA claims; you understand that, correct? MR. PEZZI: Understood, your Honor."). And, in fact, over Defendants' continued objection, discovery has been proceeding apace: Defendants have already served hundreds of pages of written discovery objections and responses, have begun rolling production of extra-record

---

[1] A district court in the Northern District of California recently granted a stay of the compilation of the administrative record pending mandamus review under similar circumstances. In that case the district court held that deliberative materials should be included in the administrative record and should be recorded in a privilege log. *See* Order Granting Motion to Compel Completion of the Administrative Record, *Institute for Fisheries Resources v. Burwell*, No. 16-cv-1574 (N.D. Cal., January 10, 2017). The district court recognized, however, that a stay was appropriate pending review of the government's mandamus petition. *See* Order Granting Motion To Stay, *Institute for Fisheries Resources v. Price*, No. 16-cv-1574 (N.D. Cal., May 3, 2017).

[2] Before filing this letter motion, undersigned counsel for Defendants contacted counsel for Plaintiffs, who reported that Plaintiffs do not consent to the relief requested by Defendants.

2

documents in response to broad requests for production, and have responded to dozens of interrogatories and requests for admission. Defendants have already offered their witnesses for hours of deposition testimony, including depositions today, and other depositions currently scheduled to proceed this week and next. These obligations will only multiply in the coming days and weeks. And that is all separate and apart from the obligation, discussed in more detail *infra*, Section II, to produce a DOJ-specific privilege log along with the administrative record, *see* Oct. 17 Order at 9-10, notwithstanding the fact that the Court's order appears to reserve decision on the question of whether DOJ is obligated to produce any separate administrative record at all, *see id.* at 10 n.7.

Respectfully, the Court's ruling has placed Defendants in an untenable position—it forecloses any realistic chance of success on these arguments in district court, but without the certainty of a final order to that effect. Defendants, of course, would still welcome a ruling that permanently or temporarily stayed any further discovery or obligation to produce an administrative-record privilege log (by DHS or DOJ) in this matter. Short of that, however, if this Court is inclined to disagree with Defendants' broader arguments on the proper scope of judicial review and the propriety of any discovery in this matter (let alone discovery before resolution of the parties' dispositive motions), or any privilege log to go along with the administrative record, Defendants respectfully request that the Court promptly enter an order to that effect.

## II. Full Compliance With The Court's October 17 Order Remains Impossible.

Separate and apart from Defendants' request for a stay of Defendants' general objections to discovery and the privilege-log requirement, the Court's October 17th Order imposes an impossible burden on Defendants with respect to the privilege-log requirement even as narrowed. Although Defendants appreciate this Court's decision to narrow the Magistrate Judge's original order requiring the creation of an Executive-Branch-wide privilege log, this Court's order now requires, by Friday, the production of a privilege log identifying all "relevant documents considered within DHS or DOJ as part of the process of determining the policy and actions at issue in these cases." Oct. 17 Order at 9. Defendants submit that full compliance with the text of the Court's October 17 order remains impossible, and therefore respectfully submit that as an additional reason for that order to be stayed—not for Defendants to continue working toward completion of an effectively impossible task—but to allow a meaningful opportunity for Defendants to pursue mandamus relief on an expedited basis, as part of the same petition discussed above with respect to the need for discovery generally and the proper scope of judicial review.

As Defendants have explained in their prior filings to this Court, it would be impossible to comply with the Court's order to produce a privilege log of the sort contemplated by the Court by this Friday, October 20. Although the Court specifically acknowledged this argument, Oct. 17 Order at 7, it did not directly address the issue, instead narrowing the Magistrate Judge's order only to the extent necessary to avoid constitutional concerns and consistent with Plaintiffs' concessions, *id.* at 8. But that narrowing (to exclude the White House, and to explicitly apply the privilege-log requirement only to DHS and DOJ) did not sufficiently reduce the burden on Defendants, and full compliance within the time allotted remains impossible.

The scope of the privilege log contemplated by this Court's order—covering all "relevant documents considered within DHS or DOJ as part of the process of determining the policy and

3

actions at issue in these cases," Oct. 17 Order at 9, without requiring any nexus to the Acting Secretary of Homeland Security or other senior officials at DHS or DOJ—overlaps substantially with the discovery sought by Plaintiffs, which Defendants have made extraordinary efforts to respond to on an expedited basis. As explained in the attached declarations, the searches at DHS alone—including of U.S. Customs and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP")—have collected more than 1.2 million documents from more than 100 different custodians. *See* Palmer Decl. (DHS) ¶ 5; McCament Decl. (USCIS) ¶ 5; Milani Decl. (ICE) ¶ 5; Chellappa Decl. (CBP) ¶ 3-4. That collection effort alone has taken hundreds of man-hours. *See* Palmer Decl. (DHS) ¶ 6; McCament Decl. (USCIS) ¶ 5; Milani Decl. (ICE) ¶ 6; Chellappa Decl. (CBP) ¶ 5. Review for responsiveness and privilege is underway, but will require hundreds of hours more to complete. DHS and its components have diverted significant resources from other mission priorities to attempt to meet these demands in good faith. As just one example, ICE has devoted "1 out of every 14 attorneys in [its] legal offices across the country" to handle discovery obligations in lawsuits challenging DACA's rescission, pulling them from immigration court appearances and other duties. Milani Decl. (ICE) ¶ 7; *see also* Palmer Decl. (DHS) ¶ 6; McCament Decl. (USCIS) ¶ 6; Chellappa Decl. (CBP) ¶ 5.

The Court's decision to require a privilege log that also includes DOJ documents will necessarily compound these burdens. The searches conducted within DOJ have collected more than 90,000 documents from approximately 70 custodians. Stanton Decl. ¶ 3. These efforts, to date, have already required more than 500 hours of attorney and non-attorney time, and DOJ has been forced to reassign both attorney and non-attorney staff from other matters to assist with the discovery burdens imposed in this and the related DACA-rescission matters. *Id.* ¶ 4. And these burdens on DOJ are particularly disproportionate, given the likelihood that the overwhelming majority of these documents will be fully privileged. Such a requirement is also particularly inappropriate where, as here, the Court has not yet decided whether a separate administrative record from DOJ is necessary at all.

In addition, the October 17th Order also remains overbroad, and lacks sufficient clarity. The phrase "as part of the process of determining the policy and actions at issue in these cases" remains potentially massive in its reach, and is challenging to limit with any clarity. Precise numbers are impossible to estimate at this point, but Defendants' expectation is that the universe of documents that are at least potentially "relevant" to those "polic[ies]" and "actions"—and thus will require careful review for both responsiveness and privilege—numbers at least in the hundreds of thousands. And that is all setting aside the tedious and labor-intensive process of compiling an accurate privilege log that complies with this Court's local rules.

Defendants and their counsel have been working around the clock, in good faith, to overcome these massive burdens to the best of their ability, and will continue in those efforts until (and beyond) Friday. Absent the full stay of the privilege-log requirement requested in Part I above, Defendants intend to produce on Friday, at a minimum, a privilege log identifying all privileged documents that were actually considered by the Acting Secretary of Homeland Security as part of her decision to rescind the DACA policy (a document Defendants have already created and produced, over Defendants' objection, for the Northern District of California DACA-rescission matters). In addition, Defendants are working diligently to prepare a similar privilege log identifying privileged documents that were actually considered by the Attorney General of the

4

United States as part of his decision to send a September 4, 2017 letter to the Acting Secretary regarding DACA.  *See* Administrative Record at AR 251, *Vidal* ECF No. 77-1.  If it can be completed in time, Defendants intend to produce that Attorney-General-specific privilege log on Friday.  Beyond that, Defendants and their counsel will continue working diligently, in good faith, to meet this deadline to the best of their ability.

\*     \*     \*

Defendants thank the Court for the prompt attention it has already shown in addressing Defendants' prior filings in these matters, and for its consideration of the issues raised in this letter.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email:  stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York

5

        271-A Cadman Plaza East, 7th Floor
        Brooklyn, NY 11201
        Tel: (718) 254-6288
        Fax: (718) 254-7489
        Email: joseph.marutollo@usdoj.gov

        *Counsel for Defendants*

CC:

The Honorable James Orenstein (by ECF)
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

All Counsel of Record (by ECF)