UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ELAINE C. DUKE, *et al.*, <br><br> *Defendants*. | No. 1:16-cv-04756 (NGG) (JO) |
| STATE OF NEW YORK, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> *Defendants*. | No. 1:17-cv-05228 (NGG) (JO) |

**JOINT STATUS REPORT**

In accordance with the Court's September 27, 2017 Case Management and Scheduling Order, ECF No. 67, counsel for the parties, having conferred, hereby jointly notify the Court of the status of these matters:

**I.**      **Plaintiffs' Summary of the Status of the Cases**

     1.      On October 6, 2017, Defendants served objections to *New York v. Trump* Plaintiffs' First Set of Interrogatories and Document Requests, and First Set of Requests for Admissions.

2. On October 13, 2017 Plaintiffs filed a joint letter motion to compel completion of the administrative record. On October 16, Defendants filed a letter in opposition to the motion to complete the administrative record.

3. On October 13, the *Batalla Vidal* and *New York v. Trump* Plaintiffs joined plaintiffs in the *U.C. Regents v. DHS* case in the deposition of Ambassador James Nealon, Senior Official Performing the Duties of the Under Secretary, Office of Strategy, Policy, and Plans.

4. On October 13, Defendants sent a first set of documents produced in response to the *Batalla Vidal* Plaintiffs' First Set of Requests for Production from the Department of Homeland Security. Defendants provided no privilege log accompanying these documents.

5. On October 13, *New York v. Trump* Plaintiffs received an email with a cover letter attached from Defendants indicating that the Defendants' first document production was being produced on a disc and would be delivered via Federal Express. *New York v. Trump* Plaintiffs received the disc on October 16, 2017. Defendants provided no privilege log accompanying these documents.

6. On October 13, Defendants served responses to *New York v. Trump* Plaintiffs' First Set of Interrogatories and Document Requests, and First Set of Requests for Admissions.

7. On October 16, Defendants sent Plaintiffs Objections and Responses to the *Batalla Vidal* Plaintiffs' First Set of Interrogatories.

8. On October 16, Defendants sent Plaintiffs Objections and Responses to the *Batalla Vidal* Plaintiffs' First Set of Requests for Production of Documents from Defendant Sessions and Objections and Responses to the *Batalla Vidal* Plaintiffs' First Set of Requests for Production of Documents from Defendant Duke, without any accompanying document productions or privilege logs.

9. On October 17, Defendants sent Plaintiffs Objections and Responses to the *Batalla Vidal* Plaintiffs' Second Set of Requests for Production of Documents from Defendant Sessions and Objections and Responses to the *Batalla Vidal* Plaintiffs' Second Set of Requests for Production of Documents from Defendant Duke, without any accompanying document productions or privilege logs.

10. On October 17, Judge Alsup in *U.C. Regents v. DHS*, held defendants waived attorney-client privilege by adopting and incorporating Attorney General's legal opinion as basis for termination of DACA.

11. On October 17, the *Batalla Vidal* and *New York v. Trump* Plaintiffs joined plaintiffs in the *U.C. Regents v. DHS* case in the deposition of James McCament, Acting Director of U.S. Citizenship and Immigration Services.

12. Also on October 17, the parties had a brief conversation in an attempt to meet and confer with respect to ongoing discovery disputes and the present joint status report. At that time, Defendants stated that they planned to make a filing to seek relief from the Judge Garaufis's October 17, 2017 order, but they did not know what form that would relief would take.

13. On October 18, the *Batalla Vidal* Plaintiffs deposed Donald Neufeld, Associate Director, Service Center Operations, United States Citizenship and Immigration Services. The *Batalla Vidal* Plaintiffs also joined plaintiffs in the *U.C. Regents v. DHS* case in the deposition of Philip Miller, ICE Enforcement and Removal Operations Assistant Director of Field Operations. Plaintiff States joined and participated in those depositions.

14. On October 18 at 5:03 PM EST, Defendants sent an email informing Plaintiffs that Defendants were planning to file a letter with Judge Garaufis that evening to seek a stay of discovery, and asked Plaintiffs to advise as to their position by 6:00 PM EST. The *New York v.*

*Trump* Plaintiffs advised Defendants that they objected to a stay in discovery. The *Batalla Vidal* Plaintiffs also in formed Defendants that they objected to a stay in discovery, and that they did not consider the email, asking for a response within one hour, to be a meaningful meet and confer.

15. In accordance with Judge Garaufis's October 17, 2017 Order, Ruling on Sept. 27 Order, ECF No. 86[1], the current deadline for Defendants to produce a privilege log for the administrative record is October 20, 2017.

16. On October 20, the *Batalla Vidal* Plaintiffs are scheduled to depose Gene Hamilton, Senior Counselor in the Office of the Secretary of the Department of Homeland Security. Plaintiff States intend to attend and participate in that deposition.

17. On October 20, the *Batalla Vidal* Plaintiffs and Defendants are scheduled to further meet and confer with respect to Defendants' objections to the *Batalla Vidal* Plaintiffs' First Set of Interrogatories.

18. On October 24, the *Batalla Vidal* and *New York v. Trump* Plaintiffs will join plaintiffs in the *U.C. Regents v. DHS* case in the deposition of Michael Doughtery, Assistant Secretary, Border, Immigration, and Trade Policy. Plaintiff States intend to attend and participate in that deposition.

19. Counsel for Plaintiffs and Defendants will be present at the status conference scheduled for October 25, 2017.

**II.     Plaintiffs' Summary of Pending Disputes**

1. Defendants' Time for Production of Documents

The *Batalla Vidal* and *New York v. Trump* Plaintiffs' seek the Court's assistance regarding Defendants' failure to respond timely to Plaintiffs' Requests for Production of Documents.

---

[1] Except as otherwise noted, all docket citations refer to the docket in Batalla Vidal v. Duke. No. 16-CV-4756 (E.D.N.Y.)

4

Defendants have provided responses and produced a sparse first set of documents, amounting to only fifty-six pages of largely duplicate emails. However, Defendants "object[] to the production of documents within 14 days of the service of the discovery requests," as required by the Court's Case Management and Scheduling Order, ECF No. 67, at 3. Defs.' Resps. to Pls.' First Set of Reqs. For Producs. 2-3, Oct. 16, 2017 ("Defs.' Resps. RFPs"). Instead, Defendants have stated they intend to "make rolling productions of responsive, non-privileged documents in PDF form as organized in the ordinary course of business." Defs.' Resps. RFPs 8. For authority, Defendants cite the 2015 Advisory Committee Note to Fed. R. of Civ. P. 34(b)(2)(B), and state:

> [A] party need not complete the production of documents within that 30 day response period so long as the party specifically identified the timing of production in the response, including the beginning and *end date* of the production. 2015 Advisory Committee Note to Fed. R. Civ. P. 34. Defendant has so designated the production timeline in the section, 'Estimated Production Timeline' below.

Defs.' Resps. RFPs 3 (emphasis added). Yet, in the paragraph entitled "Estimated Production Timeline," Defendants never provide an end date of the production, stating only that Defendants will make "rolling productions[.]" *Id.* at 8. When asked during the October 17, 2017 meet and confer to identify the end date of document productions, Defendants asserted that December 15, 2017—the cut-off date for all discovery—is the applicable date. Given the impending March 5 DACA Termination deadline, and the fact that Plaintiffs' Motion for Summary Judgment and/or Preliminary Injunction is due that same day, December 15 is not a "reasonable time," as required by Federal Rule of Civil Procedure 34(b)(2)(B), as an end date for Defendants' productions, let alone within the timeframe ordered by the Court. *See* ECF No. 67 at 2.

The *Batalla Vidal* and *New York v. Trump* Plaintiffs request that the Court reaffirm that its prior Order requires responses within fourteen days of the service of written discovery requests, which encompasses the time to respond with productions of documents. *Id*. During the meet and

5

confer on October 17, 2017, Defendants took the position that the Court's Case Management and Scheduling Order, demanding responses no later than fourteen days after the service of written discovery requests, ECF No. 67 at 2, did not apply to the *production* of documents. However, this position contradicts Defendants' own interpretation of the order in their response to the *Batalla Vidal* Plaintiffs' requests for production, in which they state, "Defendant objects to the production of documents within 14 days of the service of the discovery requests." Defs.' Resps. RFPs 8. The Order permits Defendants to affirmatively seek relief from the Court if they establish and prove legitimate reasons for being unable to meet the Court's deadlines. ECF No. 67 at 4. Under no circumstances, however, may Defendants unilaterally claim extensions, without seeking permission from the court, as they have done here.

2. Form of Discovery

As of October 18, 2017, Defendants have produced a total of fifty-six pages of emails in response to the *Batalla Vidal* and *New York v. Trump* Plaintiffs' Requests for Production from the Department of Homeland Security.[2] The eighty-four emails, which were provided to the *Batalla Vidal* Plaintiffs as scanned print-outs of email conversations, contained at least forty-one duplicate emails and consist of a total of five email threads. Of the forty-three, non-duplicative emails, at least six emails referenced attachments or documents in the emails or documents excluded with the discovery production. Defendants have not asserted privilege as to any of the attached documents explicitly referenced in the emails. Moreover, due to the format of the documents produced, unless an email specifically mentioned an attached document, the *Batalla Vidal* Plaintiffs would be unable to determine whether Defendants failed to produce any attached documents. The *Batalla Vidal* Plaintiffs have requested that Defendants produce all emails and

---

[2] No documents have been produced in response to Plaintiffs First Request for Production from the Department of Justice.

6

other documents in response to requests for production in the native file format, and Defendants intend to provide a definitive response to the *Batalla Vidal* Plaintiffs' request on October 20, 2017. In the event that the issue is not resolved by that time, the *Batalla Vidal* Plaintiffs may request that the Court order Defendants to produce all emails and other documents in response to requests for production in the native file format. *New York v. Trump* Plaintiffs also request the Court to order the Defendant to clarify to which interrogatories Defendants' document production is responsive. *New York v. Trump* Plaintiffs' First Set of Interrogatories and First Request for Documents request that Defendant Department of Homeland Security ("DHS") produce all documents referenced or relied on in answering the interrogatories. The *New York v. Trump* Plaintiffs request that Defendants specify to which interrogatories the documents produced are responsive.

3. Privilege Logs

The *Batalla Vidal* and *New York v. Trump* Plaintiffs also request assistance with ensuring that Defendants produce privilege logs accompanying any objections and responses to their document requests. Local Rule 26.2(b) mandates that a privilege log with the information outlined in Rule 26.2(a) be "furnished in writing at the time of the response to such discovery." However, no privilege logs have accompanied either Defendants' first set of document productions or any of its objections and response. During the October 17, 2017, meet and confer between Plaintiffs and Defendants, Defendants represented that privilege logs, along with productions of documents, would arrive on a rolling basis and refused to specify dates for their production. Because Defendants have taken the position that the end date of their productions is December 15, 2017, the *Batalla Vidal* and *New York v. Trump* Plaintiffs are concerned Defendants will not produce any privilege logs in time for the Plaintiffs to meaningfully object to improperly withheld documents. Defendants' failure to conform to the fourteen-day time to respond outlined in the

Court's Scheduling Order, ECF No. 67, at 3, interferes with the Plaintiffs' ability to proceed with discovery and file merits motions in time for the Court to consider claims and grant relief before the March 5 DACA termination deadline.

4. <u>Defendants' Improper Invocation of Attorney-Client and Deliberative Process Privilege During Depositions</u>

The *Batalla Vidal* Plaintiffs are concerned that Defendants are and will continue improperly invoking the attorney-client and deliberative process privilege during depositions. During the Nealon, McCament, and Neufeld depositions, Defendants repeatedly instructed the deponents not to answer questions on the basis of attorney-client or deliberative process privilege. Many instructions regarding attorney-client privilege were improper, for reasons set forth in the decision dated October 17, 2017 by Judge Alsup in the California cases. *See* Scheduling Order, ECF No. 79 at 9-10 (holding defendants waived attorney-client privilege by adopting and incorporating Attorney General's legal opinion as basis for termination of DACA).

Other instructions regarding the deliberate process privilege were also improper, because that privilege does not apply in a case where a substantial challenge to agency decision-making is at issue, *see Children First Found., Inc. v. Martinez*, 2007 WL 4344915, at *7 (N.D.N.Y. Dec. 10, 2007), and where defendants bear the burden but have failed to establish the elements of this privilege in any event. *See also In re Delphi Corp.*, 276 F.R.D. 81, 86 (S.D.N.Y. 2011) ("Where the process itself is challenged, the plaintiff's need for the documents reflecting that process, under a balancing test, will often outweigh the government's interest in candid discussions."); *New York v. Salazar*, 701 F. Supp. 2d 224, 237 (N.D.N.Y. 2010) (distinguishing for the purposes of privilege between ordinary cases arising under the Administrative Procedure Act and those in which the "decision making process is itself the subject of the litigation"). By Monday, October 23, the *Batalla Vidal* Plaintiffs intend to file a letter brief requesting that these depositions be reopened

8

and deponents be compelled to respond to questions regarding which counsel for defendants improperly invoked privileges, and appropriate follow-up questions therefrom.

5. Interrogatories

In addition, the *Batalla Vidal* Plaintiffs anticipate the need for the Court's assistance regarding the Defendants' Objections to the *Batalla Vidal* Plaintiffs' First Set of Interrogatories. The *Batalla Vidal* Plaintiffs and Defendants have agreed to meet and confer regarding these objections on October 20, 2017, and intend to narrow any disputes at that time. In the event issues cannot be resolved, the objections may be appropriate for the Court to address at the conference.

*New York v. Trump* Plaintiffs seek the Court's assistance regarding the Defendants' responses to the *New York v. Trump* First Set of Interrogatories as follows: [3]

A. Defendants' Response to Plaintiff States' Interrogatory No. 2

The Plaintiff States seek clarity as to whether the CIS and ELIS databases are the only databases that contain data fields for DACA applicants' family member or guardian's information. See Pl. States' Interrog. No. 2. Defendants state that data fields related to DACA applicants' family member's or guardian's information are "generally only populated on an ad hoc basis for DACA requestors, if at all." Defs.' Resps. Pl. States' Interrogs. at 10. Yet, the Defendants do not specify what determines whether this information is maintained in the applicable databases and whether there any guidelines for what fields are regularly maintained with DACA family member's or guardian's information.

---

[3] *New York v. Trump* Plaintiffs seek the Court's assistance regarding the Defendants' responses to the *New York v. Trump* First Set of Interrogatories. During the October 17 meet and confer, *New York v. Trump* Plaintiffs were prepared to discuss these issues with the purpose of narrowing any disputes prior to this status report. However, the Defendants only had 30 minutes to speak, and the *New York v. Trump* Plaintiffs were unable to communicate these issues to the Defendants. *New York v. Trump* Plaintiffs asked the Defendants for an additional meet and confer to be held on the morning of October 18, 2017. The Defendants said they were unable to due to scheduling conflicts, and asked us to note our objections in the status report.

9

B. <u>Defendants' Response to Plaintiff States' Interrogatory No. 3</u>

*New York v. Trump* Plaintiffs also requested Defendants to describe with particularity all steps taken to maintain the confidentiality of DACA Applicants, Grantees, and their family members' or guardians' information submitted to Defendants. Defendants stated that the Privacy Impact Assessments and System of Record Notices (SORNS) are methods used to maintain confidentiality of all materials submitted to Defendants. *New York v. Trump* Plaintiffs request that the Defendants confirm that these are the only steps taken to maintain the confidentiality of information submitted in DACA applications. See Pl. States' Interrog. No. 3. DHS also references training materials in response to a number of interrogatories. See Pl. States' Interrog. No. 3. Plaintiff States seek assurance that the Defendants will produce these materials.

C. <u>Defendants' Response to Plaintiff States' Interrogatory No. 4</u>

In addition, *New York v. Trump* Plaintiffs requested Defendants to describe with particularity all steps taken to ensure that the information provided by DACA Applicants and Grantees is not used for immigration enforcement purposes. Pl. States' Interrog. No. 4. Defendants stated that they do not take steps to ensure that this information is not used for immigration enforcement purposes. However, Defendants responded that, USCIS permits only individuals with a "'need to know' to have access to its systems that contain a DACA requestor's information." Defs.' Resps. Pl. States' Interrogs. at at p. 18. (internal citations omitted.) Defendants also state that users "must have appropriate permissions and training to access and use the systems." *New York v. Trump* Plaintiffs requested that Defendants describe the "need to know" standard with particularity and explain how Defendants determine which users have access to the systems and how exactly they limit access to the system.

D. <u>Defendants' General Response to Plaintiff States' First Set Interrogatories</u>

10

In Defendants' response to the *New York v. Trump* Plaintiffs' First Set of Interrogatories, which seek information relating to Defendants' maintenance of information regarding DACA Applicants and Grantees, Defendants limits their responses to USCIS Electronic Immigration System (ELIS), and Computer Linked Application Information Management System (CLAIMS 3) as the "most <u>relevant</u> systems that maintain DACA requestor information." Defs.' Resps. Pl. States' Interrogs. at 8, 10, 22, 26, and 28. The Plaintiff States request confirmation that these are the only databases that include DACA applicant information. Plaintiff States further request that Defendants confirm what data element fields on these systems are actually maintained with DACA applicant information.

Lastly, Defendants also objected to instructions in Plaintiff States First Set of Interrogatories And Request for Documents related to requests for oral communication. Defs.' Resps. Pl. States' Interrogs. at ¶ 20. Defendants stated that "verbal communications are outside of the scope of the definition of document as defined by Fed. R. Civ. P. 34(a)(1)(A) and will not be produced unless they are otherwise memorialized in writing in the ordinary course of business." Id. *New York v. Trump* Plaintiffs note that the Federal Rules of Civil Procedure 34(a)(1)(A) specifies "sound recordings" as documents within the scope of the rule.[4] Accordingly, Defendants should produce oral communications that are responsive to the request for documents in line with FRCP 34(a)(1)(A).

### III. Defendants' Response to Plaintiffs' Summaries

Defendants respectfully submit that the above summaries offered by Plaintiffs are incomplete and misleading in several respects, and many of the assertions contained therein are

---

[4] FRCP 34(a)(1)(A). "Any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

factually or legally unwarranted. Defendants first received Plaintiffs' draft of this status report, due today, at 7:20 PM Eastern Time. Defendants also note that the parties are planning on conducting a further meet-and-confer, this Friday, at which Defendants assumed many of these issues would be discussed. Defendants remain hopeful that at least some of the issues above may be resolved (or at least narrowed), and, in any event, Defendants certainly intend to attempt, in good faith, to achieve such resolution or narrowing. Nevertheless, Defendants reserve their right to submit a supplemental response to the issues raised above by Plaintiffs, to the extent the parties are unable to resolve them by Friday. Defendants note that Plaintiffs recently requested (and received) from this Court a similar opportunity to file a supplemental response, in an instance in which Plaintiffs were dissatisfied with the timing of receipt of a draft joint status report from Defendants, at approximately 4 PM on the due date. Any such supplemental response, if it proves to be necessary, can likely be relatively brief, and would be submitted on or before Monday, October 23, two days before the parties' next scheduled status conference.

Dated: October 18, 2017

Respectfully submitted,

/s/ Muneer I. Ahmad[†]

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Healy Ko, Law Student Intern
Victoria Roeck, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq.[†]
Marisol Orihuela, Esq.[†]
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
michael.wishnie@yale.edu
Phone: (203) 432-4800

Jessica R. Hanson, Esq.[†]
Mayra B. Joachin, Esq.[†]
Karen Tumlin, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 70067
Los Angeles, CA 90070
Phone: (213) 639-3900

Justin Cox, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317

Amy S. Taylor, Esq. (AT 2056)  
Deborah Axt, Esq. (DA 4885)  
Scott Foletta, Esq.[*]  
Alexia Schapira, Esq.[*]  
MAKE THE ROAD NEW YORK  
301 Grove Street  
Brooklyn, NY 11237  
Phone: (718) 418-7690  

/s/ Lourdes M. Rosado

Lourdes M. Rosado  
Sania Khan  
Diane Lucas  
Ajay Saini  
Civil Rights Bureau  
Office of the New York Attorney General  
120 Broadway, 23rd Floor  
New York, NY 10271  
Phone: (212) 416-6348  

Colleen M. Melody[†]  
Marsha Chien[†]  
Office of the Attorney General  
800 Fifth Avenue, Suite 2000  
Seattle, WA 98104  
Phone: (206) 464-7744  

Phone: (678) 279-5441  

Joshua A. Rosenthal, Esq.[†]  
NATIONAL IMMIGRATION LAW CENTER  
1121 14th Street NW, Suite 200  
Washington, DC 20005  
Phone: (202) 216-0261  

*Attorneys for Batalla Vidal et al. Plaintiffs*

Jonathan B. Miller  
Genevieve C. Nadeau[†]  
Abigail B. Taylor[†]  
Assistant Attorneys General  
Office of the Attorney General  
One Ashburton Place  
Boston, MA 02108  
Phone: (617) 727-2200  

*Attorneys for New York et al. plaintiffs*

CC: All Counsel (via ECF)

[†] Appearing *pro hac vice*  
[*] Application for admission to E.D.N.Y. forthcoming

/s/ *Stephen M. Pezzi*  
STEPHEN M. PEZZI (D.C. Bar #995500)  
KATE BAILEY  
Trial Attorneys  
United States Department of Justice  
Civil Division, Federal Programs Branch  
20 Massachusetts Ave., N.W.  
Washington, DC  20530  
Tel.:  (202) 305-8576  
Fax:  (202) 616-8470  
Email: stephen.pezzi@usdoj.gov  
*Attorneys for Defendants*

13