# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

November 14, 2017

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Batalla Vidal et al. v. Baran et al.*,
No. 1:16-cv-04756 (NGG) (JO)

Dear Judge Garaufis:

Plaintiffs seek leave to amend, or in the alternative, to supplement, their Second Amended Complaint dated September 19, 2017. *See* Fed. R. Civ. P. 15. At the only deposition completed in this case, Defendants admitted that they have rejected or will reject approximately 4,000 Deferred Action for Childhood Arrival (DACA) renewal applications delivered by postal carriers to Defendants on or very shortly after October 5, 2017. *See also* Liz Robbins, *Post Office Fails to Deliver on Time, and DACA Applications Get Rejected*, N.Y. TIMES (Nov. 11, 2017) (noting deposition testimony) (copy attached as Exhibit A.). These rejected DACA renewal applications include more than a dozen members and clients of Plaintiff Make the Road New York (MRNY).

First, Plaintiffs seek leave to amend or supplement their procedural due process claim, which was pled in advance of the October 5, 2017 renewal deadline when Plaintiffs were unaware of how the Government would process renewal applications. Plaintiffs accordingly request that the Court schedule a pre-motion conference at its earliest convenience. *See* Judge Garaufis Indiv. Rule III(A)(2). On November 7, Plaintiffs wrote to government counsel to ask that Defendants accept and adjudicate thirteen renewal applications from MRNY members and clients which Defendants had rejected as untimely. Pls.' Nov. 7, 2017 Letter to Defs. (copy attached as Exhibit B, excluding appendix). Plaintiffs requested a response by November 13. On November 9, the Court dismissed Plaintiffs' procedural due process claim as previously pled. ECF No. 104. By email the evening of November 13, Defendants denied that any of the rejected applications were received on October 5, declined to provide relief at this time, and offered to confer further.

Second, Plaintiffs request that the Court set a briefing schedule for their motion for class certification, which was the subject of a prior pre-motion conference. *See* Minute Entry for Proceedings held Sept. 14, 2017 (granting "leave to move for class certification").

## I.   Plaintiffs Seek Leave to Amend or Supplement their Second Amended Complaint

Plaintiffs seek to amend the complaint to include facts and claims related to (a) Defendants' rejection of DACA renewal applications mailed before October 5, 2017 (including applications delivered on October 5 but rejected as untimely); and (b) Defendants' refusal to allow applicants to resubmit renewal applications that Defendants had rejected for minor clerical errors prior to October 5. Under Rule 15(a)(2), "in the absence of a showing by the nonmovant of prejudice or bad faith," *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010), courts should grant leave to amend "freely . . . when justice so requires," *Foman v. Davis*,

371 U.S. 178, 182 (1962). Non-movants may be prejudiced if the newly added claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (internal quotation omitted). Based on newly discovered evidence, Plaintiffs request leave to amend in good faith, and this request would neither unduly prejudice Defendants nor significantly delay the proceedings.

Defendants announced that DACA renewal applications would be processed if delivered to its "Lockbox" at a specified P.O. box or postal address and "accepted" by USCIS by October 5, 2017, without specifying at what time of day USCIS would stop *collecting* renewal applications from its Lockbox. *See* Mem. from Elaine C. Duke, Acting Sec'y of Homeland Sec., to James W. McCament, Acting Dir., U.S. Citizenship and Immigration Servs., *Memorandum on Rescission of Deferred Action For Childhood Arrivals (DACA)*, Sept. 5, 2017, ECF No. 77-1. The apparent result is that thousands of renewal applications delivered to the Lockbox by October 5 were not in fact *collected* by USCIS until the following day, and on that basis were deemed untimely and rejected. In other words, although postal carriers delivered renewal applications to the Lockbox *on* October 5, USCIS rejected these applications as untimely. Other persons mailed their renewal applications in a timely manner—some weeks in advance of the October 5 deadline—but their applications were nevertheless accepted by USCIS only after the deadline and therefore rejected. *See* Neufeld Dep., Oct. 18, 2017, 153:18–154:9 (stating that approximately 4,000 received late will be rejected) (excerpt attached as Exhibit C).

On November 7, Plaintiffs wrote to Defendants about thirteen MRNY members or clients, nine of whose renewal applications were delivered to the Lockbox on October 5 but rejected by USCIS as untimely. *See* Ex. B. Plaintiffs requested that Defendants reconsider their erroneous rejection of these applications and requested a response by November 13.

On the evening of November 13, Defendants denied that USCIS had "accepted" the applications by October 5, declined to adjudicate the thirteen applications, and offered to confer further. Due to the imminent harms that the identified individuals face—one of the individual's DACA status expires on November 24, and dispositive motions are due in this case by December 15—Plaintiffs seek leave promptly to amend their due process claim.

The situation of Ms. Varlene Cooper, a 31-year-old mother of two U.S.-citizen children and client of MRNY, exemplifies the Defendants' misconduct. Defendants rejected Ms. Cooper's DACA renewal application as untimely even though it was delivered to the Chicago Lockbox P.O. Box on October 5, 2017 at 6:01 PM. Ex. A. Ms. Cooper works two jobs and is the only economic support for her children and her mother. Her DACA status expires on November 24, 2017. Because USCIS's Lockbox arbitrarily failed to accept all applications received by October 5, 2017, in less than two weeks, Ms. Cooper will lose the ability to provide for her family. MRNY mailed the renewal applications of two other clients or members on September 14, 2017, but these applications were not delivered until October 6, 2017. *See* Ex. B; *see also* Ex. A (U.S. Postal Service admitted fault in delivery delays); Ex. C (Defendant admission that approximately 4,000 DACA renewal applications received on or shortly after October 5 would be rejected). Finally, USCIS rejected other renewal applications delivered before October 5 based on actual or perceived minor clerical errors, without allowing the applicant to re-file on time. For example, a Lockbox employee rejected a MRNY client's renewal application because USCIS misread the date on the

2

applicant's check as "2012" instead of "2017." MRNY received the rejected application after October 5. USCIS rejected their client's attempt to re-file as untimely.[1]

Defendants' rejection of these DACA renewal applications as untimely despite being timely mailed and received on or shortly after October 5, 2017, or based on an alleged clerical error before October 5 without allowing time for resubmission, together with Defendants' failure to inform DACA recipients that not all applications received by October 5, 2017 would be accepted, violate the notice requirement guaranteed by the Due Process Clause of the Fifth Amendment. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Plaintiffs seek to amend their complaint to include such a claim.

In the alternative, Plaintiffs seek leave to supplement their Second Amended Complaint to detail actions taken by Defendants "that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996) ("If a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to file a supplemental pleading to assert a claim based on the subsequent conduct.").

Plaintiffs request that the Court schedule a pre-motion conference at its earliest convenience regarding their request to amend or supplement their procedural due process cause of action to address these claims.

## II. Plaintiffs Request a Schedule for Briefing their Motion for Class Certification.

The Court held a pre-motion conference on September 14, 2017, granted leave to move for class certification, and set a schedule for the class certification and other motions. Minute Entry for Proceedings held September 14, 2017. Subsequently, at the September 26, 2017 status conference, the Court revised the schedule on dispositive motions but specifically reserved setting a schedule for Plaintiffs' proposed motion for class certification. *See* Sept. 26, 2017 Status Conf. Tr. 38:16–18.

In their recent motion to dismiss, Defendants argue that nationwide injunctive relief would be impermissible in this case. Defs.' Mot. to Dismiss, ECF No. 95-1 at 40. Defendants rely on authority that they characterize as "narrowing [an] injunction in part because the plaintiffs 'do not represent a class, so they could not seek to enjoin such an order on the ground that it might cause harm to other parties.'" *Id*. (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 163 (2010)). Defendants are incorrect. To avoid litigation regarding the scope of the Court's remedial powers, however, including on appeal, and to ensure that any relief ordered applies to others similarly situated, Plaintiffs request that this Court set a briefing schedule for the class certification motion. Plaintiffs propose that their motion be due December 15, 2017, with Defendants' opposition by January 13, 2018. These are the same dates set by the Court for Plaintiffs' motion for a preliminary injunction and Defendants' response, respectively.

---

[1] For other applications for immigration benefits, USCIS regulations adopt the familiar "mailbox rule" and allow for refiling, to avoid the absurd results experienced by MRNY's clients, members, and thousands of other renewal applicants. *See, e.g.*, 8 C.F.R. § 1208.4(a)(2)(ii) (asylum applications); (a)(5)(v) (same); U.S. Citizenship & Immigration Servs., *Lockbox Intake Processing Tip Sheet* (July 9, 2015), https://www.uscis.gov/about-us/directorates-and-program-offices/lockbox-intake/lockbox-intake-processing-tip-sheet ("The 90-day period for adjudicating your Form I-765 is based on when your form is *received* at the Lockbox facility") (emphasis added).

3

Very truly yours,

/s/ Michael J. Wishnie

| | |
|---|---|
| David Chen, Law Student Intern | Jessica R. Hanson, Esq.[†] |
| Susanna D. Evarts, Law Student Intern | Mayra B. Joachin, Esq.[†] |
| Healy Ko, Law Student Intern | Karen C. Tumlin, Esq.[†] |
| Victoria Roeck, Law Student Intern | NATIONAL IMMIGRATION LAW CENTER |
| Hannah Schoen, Law Student Intern | 3450 Wilshire Blvd. #108-62 |
| Emily Villano, Law Student Intern | Los Angeles, CA 90010 |
| Muneer I. Ahmad, Esq.[†] | Phone: (213) 639-3900 |
| Marisol Orihuela, Esq.[†] | |
| Michael J. Wishnie, Esq. (MW 1952) | Justin Cox, Esq.[†] |
| JEROME N. FRANK LEGAL SVCS. ORG. | NATIONAL IMMIGRATION LAW CENTER |
| michael.wishnie@yale.edu | PO Box 170208 |
| Phone: (203) 432-4800 | Atlanta, GA 30317 |
| | Phone: (678) 279-5441 |
| Amy S. Taylor, Esq. (AT 2056) | |
| Deborah Axt, Esq. (DA 4885) | Joshua A. Rosenthal, Esq.[†] |
| Scott Foletta, Esq.[*] | NATIONAL IMMIGRATION LAW CENTER |
| Alexia Schapira, Esq.[*] | 1121 14th Street NW, Suite 200 |
| MAKE THE ROAD NEW YORK | Washington, DC 20005 |
| 301 Grove Street | Phone: (202) 216-0261 |
| Brooklyn, NY 11237 | |
| Phone: (718) 418-7690 | *Attorneys for Batalla Vidal et al. Plaintiffs* |

[†] Appearing *pro hac vice*
[*] *Pro hac vice* motion forthcoming

cc:   Counsel for Defendants (*via ECF*)
    Counsel for State Plaintiffs in No. 1:17-cv-05228-NGG-JO (*via email*)

4