

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

November 14, 2017

**By ECF and Fax**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Batalla Vidal, et al., v. Duke, et al.*, 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

      Defendants respectfully write to clarify the record regarding Plaintiffs' request for a pre-motion conference, made by letter earlier this morning. ECF No. 105.

      On November 7, 2017, Plaintiffs emailed a letter to Defendants regarding thirteen individual DACA renewal requests, and requested a response by close of business on November 13, 2017. Ex. 1, Nov. 7, 2017 Ltr. from A. Taylor to S. Pezzi. Undersigned counsel for Defendants acknowledged receipt and responded by email thirty minutes later. Counsel informed Plaintiffs that Defendants would provide a substantive response as soon as possible, and also sought clarification regarding some of the factual submissions that Plaintiffs had omitted from their letter. Ex. 2, Nov. 7, 2017 Email Chain. Counsel for Defendants immediately contacted the Department of Homeland Security (DHS) and United States Citizenship and Immigration Services (USCIS) to investigate the factual assertions made in Plaintiffs' November 7 letter.

      On the evening of Friday, November 10 (a federal holiday), Plaintiffs sent a separate email to undersigned counsel noting, for the first time, that they intended file a request for a pre-motion conference over the weekend, notwithstanding their prior suggestion that they did not intend to seek relief from the Court any earlier than close of business on Monday, November 13. Undersigned counsel responded by email on Saturday morning, and asked that Plaintiffs honor their original commitment to wait until close of business on Monday, November 13, to allow the meet-and-confer process to continue, and to allow DHS and USCIS sufficient time to retrieve the factual information necessary to respond to Plaintiffs' letter. Plaintiffs agreed to do so. Ex. 3, Nov. 10-11 Email Chain.

      At close of business on Monday, November 13, Defendants responded by letter to Plaintiffs' letter of November 7. Defendants' letter, which is attached to this filing as Exhibit 4, identified certain material factual inaccuracies in Plaintiffs' letter. As for the substance of Plaintiffs' request that USCIS reconsider the denials of these particular requests on timeliness grounds, however, the letter noted that additional time was needed for Defendants to provide a final response to Plaintiffs' request, and offered to discuss the matter further later this week, with the hope that the parties might be able to reach some common ground on at least some of the issues

Plaintiffs had raised. Defendants did not "decline[] to adjudicate the thirteen applications," ECF No. 104 at 2, and in fact explicitly noted that further conversations would be necessary and appropriate on that precise issue.

At 12:59 AM this morning, counsel for Plaintiffs emailed undersigned counsel raising, for the first time, a request for relief regarding an estimated 4,000 renewal requests, mentioning processing delays apparently caused by the U.S. Postal Service, and noting that Plaintiffs would be filing a request for a pre-motion conference on these issues. The email did not ask for Defendants' position on Plaintiffs' requested relief. Ex. 5, Nov. 13-14, 2017 Email Chain.

At 8:51 AM this morning, Plaintiffs filed their request for a pre-motion conference, which mischaracterized Defendants' response (including by inaccurately calling it an email), without actually attaching the letter. Plaintiffs' filing also raises a host of factual issues—both regarding individual (and sometimes unidentified) DACA requestors, and the overall renewal process—that have never been presented to or discussed with Defendants.

Counsel for Defendants continues to work expeditiously with DHS and USCIS to investigate the factual assertions Plaintiffs have made, including the new factual assertions made for the first time today. Defendants continue to believe that the meet-and-confer process should continue, as there is at least some chance that further discussion and negotiation between the parties might obviate the need for additional litigation, or at least narrow its scope.

Defendants also note that Plaintiffs have not yet responded to Defendants' request that they share with Defendants a draft of any proposed third amended complaint, and that without further information about the nature of any forthcoming amendment it is impossible for Defendants to take a position regarding whether amendment would be appropriate at this stage of the litigation. That is even more so where, as here, Plaintiffs have not yet responded to Defendants' motion-to-dismiss arguments under Rule 12(b)(6), some of which might very well be dispositive of any new (and as-yet undefined) claims in a third amended complaint. Accordingly, Defendants respectfully submit that the most efficient use of the parties' and the Court's time would be to allow the meet-and-confer process to continue, at least through the remainder of this week. If the parties are unable to reach an agreement that is satisfactory to Plaintiffs, they may seek relief at that time, including by attaching a proposed third amended complaint.

Although Defendants are aware that this Court's individual practices generally do not contemplate responses to a letter request for a pre-motion conference, Defendants are submitting this filing in order to ensure that the Court has an accurate and complete record in evaluating Plaintiffs' request. Defendants thank the Court for consideration of the issues raised in this letter.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*

CC:

All Counsel of Record (by ECF)