UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTIN JONATHAN BATALLA VIDAL et al.,

                Plaintiffs,

  -against-

ELAINE C. DUKE, Acting Secretary, Department of
Homeland Security, et al.,

                Defendants.
------------------------------------------------------------------X

**ORDER**

16-CV-4756 (NGG) (JO)

STATE OF NEW YORK et al.,

                Plaintiffs,

  -against-

DONALD TRUMP, President of the United States, et al.,

                Defendants.
------------------------------------------------------------------X

**ORDER**

17-CV-5228 (NGG) (JO)

NICHOLAS G. GARAUFIS, United States District Judge.

After the U.S. Court of Appeals for the Second Circuit stayed discovery and record supplementation before this court in the above-captioned cases and deferred ruling on Defendants' petition for a writ of mandamus (Oct. 24, 2017, USCA Order (Dkt. 99[1])), this court ordered the parties to submit supplemental briefing "explaining why the court lacks jurisdiction to consider the claims raised in [these cases] or why such claims are otherwise non-justiciable" (Oct. 24, 2017, Order Directing Suppl. Briefing.) Defendants thereafter submitted a motion to dismiss that not only addressed issues of jurisdiction and justiciability, but also contended that

---

[1] All citations refer to the docket in <u>Batalla Vidal v. Duke</u>, No. 16-CV-4756 (E.D.N.Y.).

the court should dismiss Plaintiffs' respective complaints for failure to state a claim upon which relief can be granted. (Mot. to Dismiss (Dkt. 95) at 19-21, 22-40.) On November 9, 2017, the court issued a memorandum and order that granted in part and denied in part Defendants' motion to dismiss these cases for lack of subject matter jurisdiction. (Nov. 9, 2017, Mem. & Order (Dkt. 104).) Defendants now request that the court amend its previously ordered briefing schedule to direct Plaintiffs to respond promptly to Defendants' arguments for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs. Oct. 30, 2017, Ltr. to Modify Briefing Schedule ("Defs. Ltr.") (Dkt. 100).)[2]

Defendants' application is premature. In their motion to dismiss, Defendants argue that the court should decide Plaintiffs' substantive Administrative Procedure Act claims using the administrative record Defendants have previously produced. (Mot. to Dismiss at 23-24, 28.) The parties are currently embroiled, however, in a dispute about whether that record is complete. On October 13, 2017, Plaintiffs in both actions jointly moved to compel Defendants to produce a complete administrative record, arguing that Defendants applied an erroneous legal standard in compiling the record and that the administrative record produced was deficient on its face. (Mot. to Compel (Dkt. 84).) Defendants promptly opposed the motion. (Opp'n to Mot. to Compel (Dkt. 85).) On October 19, 2017, Magistrate Judge James Orenstein concluded that the administrative record before the court was "manifestly incomplete" and issued an order granting Plaintiffs' motion to compel production of a complete administrative record. (Oct. 19, 2017, Order Regarding Motion to Compel (Dkt. 89) at 3 (citing Regents of the Univ. of Calif. v. U.S. Dep't of Homeland Sec., No. 3:17-CV-5211, at 5-8 (N.D. Cal. Oct. 17, 2017)).) Defendants did

---

[2] At one point, Defendants request that the court "set" a briefing schedule regarding their motion to dismiss for failure to state a claim. (Defs. Ltr. at 1.) The court has, however, already ordered a briefing schedule for Defendants' motion to dismiss. (See Sept. 26, 2017, Min. Entry.)

not appeal from that order to this court, instead seeking mandamus review by the Second Circuit. (Pet. for Mandamus, In re Elaine Duke, No. 17-3345 (2d Cir.) (Dkts. 1-3, 33).) Defendants' mandamus petition remains pending before the Second Circuit, and "discovery and record supplementation in the proceedings before" this court remain stayed. (Oct. 20, 2017, USCA Order (Dkt. 91); Oct. 24, 2017, USCA Order.) Until the Second Circuit resolves that petition, it would premature for this court to address Defendants' Rule 12(b)(6) arguments, some of which, as noted above, must be evaluated in light of an administrative record the scope of which is still contested.

Defendants' application to accelerate the briefing schedule is therefore DENIED without prejudice to refiling after the Second Circuit has resolved Defendants' petition for a writ of mandamus.

SO ORDERED.

Dated: Brooklyn, New York
November 17, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge