

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

December 12, 2017

**By ECF and Fax**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Third Am. Compl., ECF No. 113, *Batalla Vidal, et al., v. Nielsen, et al.*
            16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

      Defendants write regarding the *Batalla Vidal* Plaintiffs' Third Amended Complaint, ECF No. 113, which was filed yesterday afternoon. Defendants respectfully request that the deadline for Defendants to answer or otherwise respond to the Third Amended Complaint be extended from December 26, 2017[1] to January 10, 2018. In the alternative, Defendants ask that the Third Amended Complaint be dismissed, without prejudice to re-filing should the parties prove unable to achieve a negotiated resolution of Plaintiffs' new claims.

      Defendants first learned of Plaintiffs' intent to a file a Third Amended Complaint when it appeared on the docket yesterday afternoon. As discussed at the November 16, 2017 status conference, and as the allegations in the Third Amended Complaint itself make clear, the parties have been engaged in active, ongoing negotiations regarding the precise issues that form the basis of the new allegations in the Third Amended Complaint. *See, e.g.*, TAC ¶ 120 ("After MRNY sent a letter to Counsel for Defendants in this case, USCIS decided to reconsider Ms. Cooper's renewal application, and it was approved on November 30, 2017."); *id.* ¶ 122 ("Plaintiffs' counsel informed Counsel for Defendants of Mr. Gonzalez Alvarado's circumstances, but has yet to receive a response.").

      Notwithstanding the Court having granted leave to amend by January 5, 2018, Defendants were surprised by Plaintiffs' decision to file the Third Amended Complaint at this time and without any advance notice, given the Court's repeated directives at that status conference that the parties should attempt to resolve (or at least narrow) any remaining disputes regarding application of the October 5 deadline without the need for additional litigation:

> THE COURT: And so I think the best initial course is to follow what
> you said, Mr. Pezzi, to get together, try to work it through, and as to
> some of these individuals whose applications have been returned for

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendants' response would have been due on December 25, 2017, but because that is a federal holiday, the deadline is December 26, 2017.

> technical reasons, to see if it cannot be sort of worked through without litigation. That is really wonderful.
>
> But *if that fails*, then if the plaintiffs want to amend their complaint to raise the issue that has just been articulated, then they should then have the opportunity to do that. So we do not have to get into the amendment of the complaint today. I can give you a deadline for amending the complaint sometime in the beginning of January. You can amend it before that, *if you do not have success in working through these issues*, and that way, you have the opportunity to resolve these issues amicably through discussions. And *if you are not successful in doing that*, you can amend your complaint.
>
> *But I would prefer if you could work it out*. Just as I said at the first meeting on this case, it would have been much better to be able to work out the issues in these cases legislatively by the political branches, rather than having a lawsuit brought. But since we have not gotten there, this case—these cases are still before me.
>
> So that is how I would—let [m]e give you a date in January.

Nov. 16, 2017 Tr. at 11:12 to 12:11 (emphases added). The Court went on to state:

> Let's try to avoid more litigation, if we can. It seem[s] to [m]e, at least with regard to these individuals, who are applying for renewal, and who qualify for renewal under the changes that were announced by the Attorney General[] some time ago, that this is a good—this is a good start. So let's try to build on that.

*Id.* at 13:18-23.

      As the Court is already aware, the parties had already achieved some significant successes during the meet-and-confer process. On the evening before the most recent status conference, United States Citizenship and Immigration Services (USCIS) announced a new process by which it would reconsider certain DACA renewal requests that had been rejected for failure to meet the October 5, 2017 deadline. Notice of Filing, ECF No. 108. And as the Third Amended Complaint itself makes clear, additional successes have followed in recent days—for Plaintiffs' clients and for many others who are not before this Court. *See* TAC ¶ 120 ("After MRNY sent a letter to Counsel for Defendants in this case, USCIS decided to reconsider Ms. Cooper's renewal application, and it was approved on November 30, 2017."); *id.* ¶ 130 ("The Nov. 30 FAQs state that USCIS will directly contact individuals whose applications were received and erroneously rejected on October 5, and provides a 33-day period for resubmission once contacted by USCIS."); *id.* ¶ 131 ("On December 7, 2017, USCIS updated its FAQs to include information stating that individuals who were affected by mail delays will be contacted by USCIS by mid-December, and providing instructions on what to submit when they are invited to reapply.").

Nevertheless, Plaintiffs have now cut short that meet-and-confer process that had already paid substantial dividends—notwithstanding their failure to satisfy the conditional nature of the Court's proposal; that they should only amend their complaint "if you are not successful in doing that." Nov. 16, 2017 Tr. at 12:1-2.

Plaintiffs' haste to amend is all the more perplexing, given their repeated desire to delay further briefing on Defendants' original motion to dismiss. Having rebuffed Defendants' requests that motion-to-dismiss briefing be completed in November or December, Plaintiffs cannot now credibly insist that Defendants must respond to a new complaint on December 26—the day after the Christmas holiday, and during a week in which nearly all of the relevant Department of Homeland Security and Department of Justice personnel have pre-existing and conflicting travel plans, which were made with the Court's original schedule in mind. Even setting aside the possibility of negotiated resolution of Plaintiffs' claims, Defendants' proposed January 10 date is more consistent with the Court's original schedule, and more consistent with the Court's originally contemplated January 5 date for any amended complaint. And it still allows Plaintiffs to file any response before the Court's hearing date of January 18. It also allows for the possibility of intervening legislative activity that may substantially alter the landscape for Plaintiffs' claims, or even moot them entirely.

Finally, Defendants note that Plaintiffs' new allegations need not be addressed on an expedited basis, as none meaningfully improves Plaintiffs' ability to survive a motion to dismiss. For starters, new documents attached to Plaintiffs' Third Amended Complaint conclusively resolve Plaintiffs' information-sharing claims in the *government's* favor, confirming unequivocally that "[t]his information-sharing policy has not changed in any way since it was first announced, including as a result of the Sept. 5, 2017 memo starting a wind-down of the DACA policy." Ex. L to TAC. Plaintiffs' conclusory allegations to the contrary, *see* TAC ¶ 156, are not entitled to the presumption of truth in the face of documents attached to the complaint that confirm their falsity. Second, Plaintiffs' identification of certain individuals arguably affected by the October 5, 2017 renewal deadline does nothing to resolve other defects in Plaintiffs' due process notice claims (pointed out by the Court in its Nov. 9, 2017 Memorandum & Order, *see* ECF No. 104 at 37, n.14, n.15), and does nothing to respond to Defendants' argument that the Due Process Clause did not entitle *any* Plaintiff to any particular notice period before the discretionary decision was made to allow additional (and also wholly discretionary) DACA renewal requests during the wind-down period.[2]

For all these reasons, Defendants' respectfully request that the deadline to answer or otherwise respond to Plaintiffs' Third Amended Complaint be extended from December 26, 2017 to January 10, 2018. In the alternative, Defendants ask that the Third Amended Complaint be dismissed, without prejudice to refiling in January should further negotiations between the parties prove unsuccessful.

Counsel for Defendants contacted counsel for the *Batalla Vidal* Plaintiffs before filing, who reported that Plaintiffs do not consent to the requested relief. Defendants thank the Court for its consideration of this request.

---

[2] Of course, Defendants reserve their rights to raise these (and other) arguments, as to either jurisdiction or the merits, in a full motion to dismiss to be filed at a later date, if that proves to be necessary.

3

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*

CC: All Counsel of Record (by ECF)