

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

December 14, 2017

**By ECF and Fax**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Batalla Vidal, et al., v. Nielsen, et al.* 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

  Pursuant to Federal Rule of Civil Procedure 72(a) and the district court's inherent authority to manage its own docket, Defendants respectfully write to object and to seek relief from the December 13, 2017 and December 14, 2017 orders of the Honorable James Orenstein, United States Magistrate Judge. Those orders each denied Defendants' request for an extension of time to answer or otherwise respond to the *Batalla Vidal* Plaintiffs' Third Amended Complaint or, in the alternative, for the Third Amended Complaint's dismissal without prejudice. ECF Nos. 115, 117. As good cause for this request, Defendants advance substantially the same reasons set forth in Defendants' two previous letters to this Court, both of which Defendants incorporate by reference.[1]

  Respectfully, both of the Magistrate Judge's orders are apparently based on the erroneous premise that Defendants filing a motion to dismiss the *Batalla Vidal* Plaintiffs' Third Amended Complaint on January 10, 2018 rather than on December 26, 2017 will cause a significant delay in the resolution of the merits of this case, and even prevent it from being resolved by March 5, 2018. In fact, a modest extension of 10 business days need not delay the resolution of this case at all, and it certainly need not push a resolution beyond March 5, 2018. Even if it did cause some small delay—and Defendants submit that it need not cause any—that would be primarily attributable to Plaintiffs' decision to amend their complaint in the middle of motion-to-dismiss

---

  [1] Because this Court had handled all previous discussion and orders regarding the schedule for briefing on dispositive motions in this litigation, including other "request[s] for non-dispositive pre-trial scheduling relief," Dec. 14, 2017 Order, and because the Magistrate Judge was not present at the status conference at which the parties discussed the possibility of Plaintiffs' filing a Third Amended Complaint, both Defendants' original letter motion and Plaintiffs' response (ECF No. 116) were addressed to this Court rather than to the Magistrate Judge, as Defendants (and apparently Plaintiffs) assumed incorrectly that this Court would resolve the issue in the first instance. Defendants also addressed their first appeal letter to this Court, ECF No. 117, but apparently because that letter did not explicitly cite to Fed. R. Civ. P. 72(a), it was interpreted by the Magistrate Judge as a renewed motion for relief from the Magistrate Judge, which was then also denied in a slightly longer but substantively identical order.

briefing (and for the purpose of adjusting their factual allegations in support of claims that are ancillary to their primary challenge to the rescission of DACA or the March 5, 2018 date).

Nor is the fact that Plaintiffs have withheld consent to Defendants' modest and routine extension request a sound basis for denying it—at least where, as here, Plaintiffs have repeatedly (and successfully) opposed Defendants' attempts to complete motion-to-dismiss briefing on a faster schedule.[2]

Both orders also fail to meaningfully consider that the current deadline of December 26 falls one day after a national and religious holiday of significant importance to many members of the litigation team (both attorney and non-attorney staff) at both the Department of Justice and the Department of Homeland Security.  Nearly all of the relevant team members have pre-existing obligations on and around December 26 that were set with the Court's original schedule in mind. Defendants respectfully submit that those important family, religious, and personal obligations of the government attorney and non-attorney staff who are a part of this litigation team were insufficiently considered by the Magistrate Judge's orders.  Defendants do not dispute that many others may have significant direct or indirect interests in the outcome of this litigation, but none of those interests will be harmed in any way by the modest relief requested by Defendants.

Finally, the Magistrate Judge's orders ignore the fact that Plaintiffs' decision to amend their complaint nearly four weeks earlier than the deadline set by this Court, without notice to Defendants or to the Court, was in violation of the spirit of this Court's order granting leave to amend, and was in violation of the letter of this Court's instructions at the most recent status conference, as explained at length in Defendants' December 12 letter motion (and completely unrebutted in Plaintiffs' responsive letter).  They also ignore the fact that Defendants' proposed January 10, 2017 response date is earlier than Defendants would have responded to an amended complaint filed on or around January 5, 2018, which is the date that this Court originally contemplated for any amended complaint.

For all these reasons, and for the reasons set forth in Defendants' prior letters to this Court, Defendants respectfully object and appeal from the Magistrate Judge's orders, and request that the deadline to answer or otherwise respond to Plaintiffs' Third Amended Complaint be extended from December 26, 2017 to January 10, 2018 (or at a minimum to December 29, 2017, to which Plaintiffs have consented, *see* ECF No. 116).  In the alternative, Defendants ask that the Third Amended Complaint be dismissed, without prejudice to refiling in January should further negotiations between the parties prove unsuccessful.

Defendants thank the Court for its consideration of this request.

---

[2] As noted in the December 12 filings, undersigned counsel contacted counsel for Plaintiffs before filing, who reported that Plaintiffs did not consent to Defendants' request for an extension up to and including January 10, 2018.  Plaintiffs did later note in their response letter that they would consent to a three-day extension to December 29, 2017.  In rejecting all relief, the Magistrate Judge appears to have assigned no weight to Plaintiffs' partial consent.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*

CC:

All Counsel of Record (by ECF)