# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

December 15, 2017

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　　　　　　　　　　　　　　Re: <u>Batalla Vidal et al. v. Baran et al.</u>,
　　　　　　　　　　　　　　　　　　No. 1:16-cv-04756 (NGG) (JO)

Dear Judge Garaufis:

　　　　We write to oppose Defendants' objection to the December 13, 2017 and December 14, 2017 orders of Magistrate Judge Orenstein regarding their request for an extension of time to answer or otherwise respond to the Third Amended Complaint ("TAC").  ECF No. 118.  As more fully explained in our prior correspondence with the Court, Plaintiffs consented to an extension to December 29, 2017, but opposed the requested extension to January 10, 2018 in light of the Court's previously ordered briefing and argument schedule and the urgency created by Defendants' decision to abruptly end the DACA program.  ECF No. 116 (copy attached).  This remains Plaintiffs' position.  However, we write to address Defendants' unfounded accusations that Plaintiffs have violated the "spirit" and the "letter" of the Court's instructions by filing the TAC.  ECF No. 118.  In fact, Plaintiffs' filing of the TAC is entirely consistent with the direction this Court has provided.

　　　　Plaintiffs filed their TAC on December 11, 2017 only after repeated, unsuccessful attempts to obtain the government's commitment to resolve the cases of DACA recipients whose renewal applications Defendants wrongfully denied.  While Defendants have agreed to allow resubmission by individuals whose renewal applications either arrived after October 5 due to mail delays, or arrived on October 5 but were not picked up by USCIS until the following day, Plaintiffs have learned of numerous outstanding cases in which timely applications were denied on the basis of real or perceived clerical errors.  By letter dated December 4, Plaintiffs raised 12 such cases with Defendants, all of which involve individuals whose deferred action under DACA either already has expired or will do so imminently.  Defendants have failed to respond substantively to that letter.  Meanwhile, other cases continue to raise concerns about the adequacy of USCIS's procedures for ensuring that renewal applications denied because of mail delays are properly reconsidered.[1]

---

[1] For example, Osman Enriquez, a 27-year-old DACA recipient from Lancaster, Pennsylvania, mailed his renewal application on September 18, but it was denied for having arrived after the October 5 deadline. Pursuant to the government's stated policy, Mr. Enriquez was required to await an invitation from USCIS before he could resubmit.  *See* Guidance on Rejected DACA Requests, Frequently Asked Questions Qs 8-10, https://www.uscis.gov/daca2017/guidance-rejected-daca2017.  The government does not anticipate issuing such invitations until late December.  *Id.* Qs 9-10.  On December 11, while he was awaiting the invitation to reapply, Mr. Enriquez was detained by U.S. Immigration and Customs Enforcement, served with a Notice to Appear, and placed in removal proceedings.  Had his DACA been properly renewed, he would

P.O. BOX 209090, NEW HAVEN, CT 06520-9090 • TELEPHONE 203 432-4800 • FACSIMILE 203 432-1426
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CT 06511

Plaintiffs' filing of the TAC therefore was wholly consistent with the Court's instruction to first attempt to negotiate a resolution of outstanding disputes, and with the Court's grant of leave to amend in the event that such attempts are unsuccessful. *See* Nov. 16, 2017 Transcript at 12. Moreover, it is consistent with the Court's previously established schedule for adjudication of Defendants' motion to dismiss and Plaintiff's motion for class certification, both of which depend upon allegations in the operative pleadings.

Very truly yours,

/s/Muneer I. Ahmad
David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Victoria Roeck, Law Student Intern
Healy Ko, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq. (*pro hac vice*)
Marisol Orihuela, Esq. (*pro hac vice*)
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq. (DA 4885)
Scott Foletta, Esq. (SF 9452)
Alexia Schapira, Esq. (AS 8222)
Natalia Renta, Esq.†
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: (718) 418-7690

Jessica R. Hanson, Esq. (*pro hac vice*)
Mayra B. Joachin, Esq. (*pro hac vice*)
Karen C. Tumlin, Esq. (*pro hac vice*)
Trudy S. Rebert, Esq.†*
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd., #108-62
Los Angeles, CA 90070
Phone: (213) 639-3900

Justin B. Cox, Esq. (*pro hac vice*)
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq. (*pro hac vice*)
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW, Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Attorneys for Plaintiffs*

† Motion for *pro hac vice* forthcoming
*Admitted only in Louisiana, application pending in New York

Attachment:   Plaintiffs' Response to Motion for Extension of Time to File Answer re Amended Complaint, ECF No. 116.

cc:   Counsel for Defendants (*via ECF*)

---

not now be facing deportation. *See* Dara Lind, *Exclusive: the Postal Service kept him from renewing his DACA. Now he's in immigration detention,* Dec. 13, 2017, https://www.vox.com/2017/12/13/16772630/daca-expire-ice-arrest-deport.

2