UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTIN JONATHAN BATALLA VIDAL et al.,

                            Plaintiffs,

             -against-

KIRSTJEN M. NIELSEN, Secretary, Department of
Homeland Security, et al.,

                            Defendants.
------------------------------------------------------------------X

**ORDER**

**16-CV-4756 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court is Defendants' motion to modify or set aside orders of Magistrate Judge James Orenstein denying Defendants' application to extend their time to answer or move to dismiss Plaintiff's Third Amended Complaint (the "TAC"). (See Defs. Dec. 12, 2017, Appl. for Extension of Time ("Defs. Dec. 12 Appl.") (Dkt. 115); Magistrate Judge Dec. 13, 2017, Order; Defs. Dec. 14, 2017, Renewed Appl. for Extension of Time ("Defs. Dec. 14 Appl.") (Dkt. 117); Magistrate Judge Dec. 14, 2017, Order; Defs. Dec. 14, 2017, Appeal ("Defs. Appeal") (Dkt. 118).) For the reasons that follow, Defendants' motion is DENIED.

      The court assumes familiarity with the history of this case but provides limited background to explain why Defendants' extension request necessitates a written order. On December 11, 2017, Plaintiffs filed their TAC. (See TAC (Dkt. 113).) Although the TAC is largely identical to Plaintiffs' Second Amended Complaint (see Pls. Dec. 12, 2017, Ltr. (Dkt. 116) at 1), it asserts a new claim under the Due Process Clause of the Fifth Amendment based on Defendants' alleged rejections of Deferred Action for Childhood Arrivals ("DACA") renewal requests that (1) arrived late in the afternoon or evening of October 5, 2017, at post-office boxes that U.S. Customs and Immigration Services had designated to receive such requests; (2) arrived

1

after October 5, 2017; or (3) contained "real or perceived clerical errors." (TAC ¶¶ 199-205.) Under the Federal Rules of Civil Procedure, Defendants have 14 days from the service of the amended pleading to respond. See Fed. R. Civ. P. 15(a)(3). Because, thus calculated, Defendants' response is due by no later than December 25, 2017—a federal holiday—their response is currently due on December 26, 2017.

Defendants sought to delay this deadline by more than two weeks, to January 10, 2018, citing as good cause "the possibility of negotiated resolution of Plaintiffs' claims" through the meet-and-confer process and that "nearly all of the relevant Department of Homeland Security and Department of Justice personnel have pre-existing and conflicting travel plans" following the federal holiday. (Defs. Dec. 12 Appl. at 3.) Plaintiffs consented to a three-day extension, to December 29, 2017, but opposed the longer extension sought by Defendants. (Pls. Dec. 12, 2017, Ltr. (Dkt. 116).) In light of that opposition and "the extremely short amount of time available to resolve the case on the merits," Judge Orenstein denied Defendants' application. (Dec. 13, 2017, Order.) Defendants renewed their application (Defs. Dec. 14 Appl.), which Judge Orenstein again denied (Magistrate Judge Dec. 14, 2017, Order). Defendants appealed. (Defs. Appeal.)

Because Judge Orenstein's orders address nondispositive pretrial matters, the court reviews whether they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). "Under [this] standard, a magistrate judge's findings 'should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"

2

Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quoting Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)).

Because the court is not "left with the definite and firm conviction that a mistake has been committed," id., it affirms Judge Orenstein's order. The decision to rescind the DACA program directly or indirectly implicates the interests of millions of individuals. It is incumbent upon the court to resolve Plaintiffs' challenges to that decision expeditiously. In light of the urgency of this case, Judge Orenstein's conclusion that Defendants' counsels' holiday plan were not "good cause" justifying an extension (Dec. 14, 2017, Order) was not clearly erroneous. See Fed. R. Civ. P. 6(b)(1). Moreover, it is not clear why Defendants require nearly a month to prepare their motion to dismiss, given that the TAC largely tracks Plaintiffs' previously operative pleading and that Defendants have already moved to dismiss all but one of Plaintiffs' claims. (See Mot. to Dismiss (Dkt. 95).) The court is confident that the current schedule provides Defendants with more than enough time to brief its argument as to why Plaintiffs' revised procedural due process claim should be dismissed.

Defendants offer several reasons why Judge Orenstein's orders are clearly erroneous, none of which are persuasive. First, Defendants contend that Judge Orenstein "fail[ed] to meaningfully consider that the current deadline . . . falls one day after a national and religious holiday of significant importance." (Defs. Appeal at 2.) Not so: Judge Orenstein clearly considered the significance of the holiday and its temporal proximity to the deadline, but simply found that Defendants' counsels' travel and vacation commitments did not warrant delaying adjudication of this case. (Magistrate Judge Dec. 14, 2017 Order.) Second, Defendants assert that their requested extension to January 10, 2018, "need not delay the resolution of this case at all." (Defs. Dec. 14 Appl. at 1.) That assertion, however, is implausible: Because Plaintiffs'

3

opposition is currently due by January 13, 2018, Defendants' requested extension would require either that the court extend the previously ordered briefing schedule (see Sept. 26, 2017, Min. Entry) or that Plaintiffs strain to prepare their opposition to Defendants' anticipated motion to dismiss within just three days.

In the alternative, Defendants request that the court dismiss the TAC "without prejudice to refiling in January should further negotiations between the parties prove unsuccessful." (Defs. Appeal at 2.) The court sees no reason why it should dismiss the TAC at this point, absent proof that Plaintiffs' claims have been rendered moot by Defendants' concessions or by legislative action. (Cf. Defs. Dec. 12 Appl. at 2-3 (describing "some significant successes during the meet-and-confer process and arguing that Defendants' proposed deadline would "allow[] for the possibility of intervening legislative activity that may substantially alter the landscape for Plaintiffs' claims, or even moot them entirely").)

The court takes no pleasure in the prospect of disrupting Defendants' counsels' holiday or vacation plans. Indeed, Defendants are welcome to file their response earlier than December 26, 2017, if they are able to do so, or to seek adjournment of the deadline to a date closer to December 26, 2017. In light of the heightened importance of this case and the need for its prompt resolution, the court cannot say that Judge Orenstein clearly erred by refusing to grant Defendants' requested extension. The court therefore denies Defendants' appeal.

SO ORDERED.

Dated: Brooklyn, New York
December 15, 2017

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge