

SCHOOL OF
L A W

December 20, 2017

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Batalla Vidal, et al. v. Nielsen, et al.*, No. 1:16-cv-04756-NGG-JO

     Consent Motion for Leave to File Brief of Individual Historians and the Fred T.
     Korematsu Center for Law and Equality as *Amici Curiae* (Corrected)

Dear Judge Garaufis:

  The Ronald A. Peterson Law Clinic at Seattle University of Law serves as counsel to Individual Historians and proposed *amici curiae* Individual Historians and the Fred T. Korematsu Center for Law and Equality ("Korematsu Center"). I respectfully submit this letter to seek this Court's leave to file an *amicus* brief in support of Plaintiffs' motion for preliminary injunction in the above-captioned case.[1]  Proposed *amici* have conferred with the plaintiffs and with the Department of Justice, which represents the defendants in this case. All of the parties consent to the motion for leave to file an *amicus* brief.

  Individual *amici* are academics trained in the field of history who study, teach, and write about United States history. *Amici* are keenly aware of the role that discrimination on the basis of race, ethnicity, and nationality has played in this nation's history. *Amici* have a special interest in ensuring that the Court has the benefit of their expertise when it draws its conclusions with regard to the role that animus may have played in the decision to rescind the Deferred Action for Childhood Arrivals (DACA) program.

  The Fred T. Korematsu Center for Law and Equality ("Korematsu Center") is a non-profit organization based at the Seattle University School of Law.[2] The Korematsu Center works to advance justice through research, advocacy, and education. Inspired by the legacy of Fred Korematsu, who defied military orders during World War II that ultimately led to the unlawful incarceration of 110,000 Japanese Americans, the Korematsu Center works to advance social justice for all. The Korematsu Center has a special interest in addressing government action targeted at classes of persons based on race, nationality, or religion.

---

[1] Proposed *amici* respectfully submit this letter motion under Section II.A. of Your Honor's Individual Rules, which requires communications with chambers to be by letter, and because Section III.A, Civil Motions, does not address the instant motion. In the alternative, proposed *amici* request a pre-motion conference to authorize leave to file such a brief, pursuant to Rule III.A of Your Honor's Individual Rules.

[2] The Korematsu Center does not, in this brief or otherwise, represent the official views of Seattle University.

**FRED T. KOREMATSU CENTER FOR LAW & EQUALITY**

**Robert S. Chang, Executive Director**

901 12th Avenue,  P.O. Box 222000  Seattle, WA 98122-1090  www.seattleu.edu  Tel.: (206) 398-4025  Fax: (206) 398-4162

The purpose of proposed *amici*'s brief is to assist the court in analyzing Plaintiffs' motion for preliminary injunction, in which they argue that the proffered reasons for the termination of DACA were pretextual and therefore impermissible under the Administrative Procedures Act. Dkt. 123-1 at 26-28. *Amici* offer support for the assertions that DACA's termination was instead motivated by racial animus toward Latinos, Dkt. 113 at 21-23, as *amici* propose to do in the parallel case of *New York, et al. v. Trump, et al.*, No. 1:17-cv-05228–NGG-JO. *Amici* historians and the Korematsu Center will demonstrate that racial animus can be discerned by a code word analysis, and that such an analysis is a widely accepted methodology in the field of history. Further, *amici* will present a survey of federal circuit courts demonstrating that code word analysis has been adopted into legal frameworks as providing important direct and circumstantial evidence supporting a showing of animus or discriminatory intent. Due to the special interest that the proposed *amici* have in addressing government action toward persons based on race and/or nationality, the proposed *amici* offer an important perspective on the merits of Plaintiffs' claims under the Administrative Procedures Act.

"District courts have broad discretion in deciding whether to accept amicus briefs." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An amicus brief should normally be allowed when…the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 20117) (citation omitted).

For the foregoing reasons, prospective *amici* respectfully request permission to file an *amicus* brief on or before December 22, 2017, or in the alternative, a pre-motion conference concerning leave to file the brief.

Respectfully submitted,

s/ *Robert S. Chang*

Robert S. Chang (admitted *pro hac vice*)
Ronald A. Peterson Law Clinic
1215 East Columbia St.
Seattle, WA  98122
Telephone: (206) 398-4025
Facsimile: (206) 398-4036
changro@seattleu.edu

*Attorney for Proposed Amici Curiae*

CC: All Counsel of Record (VIA ECF)