# Holland & Knight

31 West 52nd Street  |  New York, NY 10019  |  T 212.513.3200  |  F 212.385.9010
Holland & Knight LLP  |  www.hklaw.com

December 20, 2017

**VIA ECF AND FACSIMILE (718) 613-2546**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Batalla Vidal et al. v. Nielsen et al.*, No. 16-cv-4756 (NGG) (JO)
      *State of New York et al. v. Trump et al.*,  No. 17-cv-5228 (NGG) (JO)

Dear Judge Garaufis:

We, Holland & Knight LLP, represent the Government of the United Mexican States ("Mexico") in connection with the above-referenced cases. Specifically, and the reason for this letter motion to Your Honor today, we respectfully request permission to file an *amicus* brief on behalf of Mexico in support of the Plaintiffs' respective motions for preliminary injunctions in the above-referenced cases (the "Motion"). In the alternative, pursuant to Rule 3(A) of Your Honor's Individual Rules, we respectfully request a pre-motion conference with the Court to discuss leave to file such a brief. To this end, and for the Court's reference and convenience, all parties to the above-referenced cases have been contacted and have consented to the filing of the *amicus* brief. If the Motion is granted, and as this is a time-sensitive matter, the *amicus* brief will be filed no later than the Court-imposed deadline of this Friday, December 22, 2017.

By way of background, both of the above-referenced cases involve challenges to the rescission of the Deferred Action for Childhood Arrivals ("DACA") memorandum. Mexico has by far the largest share of DACA recipients of any other country, with nearly 79 percent of all DACA recipients being Mexican nationals. Specifically, of the 798,980 individuals who have had initial DACA applications approved, 627,666 were Mexican nationals.[1] As a sovereign and independent State, Mexico has a legitimate interest in promoting the well-being of its nationals who are residing in the United States. *See Hines v. Davidowitz*, 312 U.S. 52, 64 (1941) (holding that "[o]ne of the most important and delicate of all international relationships, recognized immemorially as a responsibility of government, has to do with the protection of the just rights of a country's own nationals when those nationals are in another country."). In addition, named Plaintiffs Martín Jonathan Batalla Vidal, Antonio Alarcon, Carlos Vargas, and Mariano Mondragon are Mexican nationals. *See* ECF Dkt. # 113 at ¶¶ 4, 13, 25 and 33.

Given the strong history of cooperation between the United States and Mexico on the issues of immigration, drug trafficking, human trafficking, and organized crime,[2] each nation is strongly

---

[1] *See* USCIS, *Data Set: Form I-821D Deferred Action for Childhood Arrivals,* (Dec. 7, 2017) *available at https://www.uscis.gov/sites/default/files/USCIS/Resources/Reports%20and%20Studies/Immigration%20Forms%20Dat a/All%20Form%20Types/DACA/daca_performancedata_fy2017_qtr4.pdf*

[2] Clare Ribando Seelke and Kristin Finklea, Cong. Research Serv., *U.S.-Mexican Security Cooperation: The Mérida Initiative and Beyond*, (2017) *available at https://fas.org/sgp/crs/row/R41349.pdf*

Hon. Nicholas G. Garaufis, U.S.D.J.
December 20, 2017
Page 2 of 2

engaged in, and has a legitimate concern, regarding the policies of the other in connection with immigration enforcement.  In addition, the United States Supreme Court has allowed Mexico to file amicus briefs in prior cases where immigration law issues have been implicated.  *See e.g. Brief of United Mexican States as Amicus Curiae, Hernandez v. Mesa,* 137 S. Ct. 2003 (2017)*; Brief of United Mexican States as Amicus Curiae, Arizona v. United States,* 567 U.S. 387 (2012).

The proposed *amicus* brief would speak to the irreparable harm that Plaintiffs (many of whom are Mexican nationals) would suffer if preliminary injunctive relief is not granted, as well as explaining why the public interest factors favor the granting of a preliminary injunction.  With respect to these cases, in particular, the *amicus* brief will discuss how Congress has already expressed an intent to allow Mexican nationals to study and work in the United States without limitation and will also address how foreign relations between the United States and Mexico would be adversely affected if injunctive relief is not granted. It is well-established within the Second Circuit that the "District courts have broad discretion in deciding whether to accept amicus briefs." *In re HSBC Bank, USA, NA., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 395, 311 (W.D.N.Y. 2007) (citation omitted).

For the foregoing reasons, we respectfully request the Court grant the Motion and allow permission to file the above-detailed *amicus* brief. In the alternative, we request a pre-motion conference with the Court to address leave to file such a brief. Should the Court feel that a pre-motion conference call is necessary, I am available at the Court's convenience. In the event that I cannot be reached, please contact my colleague, Leon Fresco, whose *pro hac vice* application is forthcoming. Mr. Fresco's e-mail is leon.fresco@hklaw.com and his phone number is (202) 469-5129.

We thank you Your Honor for the Court's time and courtesies on this matter.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
        Howard Sokol
        Leon Fresco (*pro hac vice* forthcoming)

        *Counsel for Amicus Curiae*
*Government of the United Mexican States*

cc: All Counsel of Record (VIA ECF)