# MAYER•BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

**Andrew J. Pincus**
Direct Tel +1 202 263 3220
Direct Fax +1 202 263 5220
apincus@mayerbrown.com

December 20, 2017

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Consent Motion for Leave to File *Amicus* Brief on
      Behalf 114 Companies in Support of Plaintiffs

   *State of New York, et al. v. Donald Trump, et al.*,
      No. 17-CV-5228 (NGG) (JO); and
   *Batalla Vidal, et al. v. Duke, et al.*,
      No. 16-CV-4756 (NGG) (JO)

Dear Judge Garaufis:

   I respectfully submit this letter to seek this Court's leave to file an *amicus* brief on behalf of 114 U.S.-based companies from every sector that collectively contribute trillions of dollars in annual revenue to the American economy.  Proposed *amici*—a list of which appears in Appendix A—have conferred with the plaintiffs in both of the above-referenced cases as well as the Department of Justice, all of whom consent to their motion for leave to file an *amicus* brief.

   "District courts have broad discretion in deciding whether to accept *amicus* briefs." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted); *accord Automobile Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011); *Concerned Area Residents for Environ. v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993).  In particular, *amicus* briefs "should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court" or when the case involves "matters of public interest." *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (internal quotation marks omitted).

   These cases involve "matters of public interest," in which proposed *amici* have significant interest and on which they can provide a unique perspective.

   Plaintiffs challenge the government's rescission of the Deferred Action for Childhood Arrivals (DACA) program, which deferred deportation of Dreamers—immigrants who arrived in the U.S. when they were children—and authorized them to apply for work authorization.  That rescission, if permitted to take effect, will inflict significant harm on American companies such as proposed *amici*:  It will disrupt their operations, many of which rely on Dreamers as

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America,
Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

The Honorable Nicholas G. Garaufis
December 20, 2017
Page 2

employees; it will hurt their ability to attract diverse and talented employees, customers, and investment from around the world to boost innovation and growth; it will eliminate customers for and users of their products and services; and it will depress the national economy, as the U.S. loses Dreamers' considerable tax payments, spending, and investments.

Proposed *amici*'s brief would describe these harms to their business operations and the U.S. economy and explain how the cause of these harms—DACA's rescission—is contrary to law. It would provide this Court with the unique perspective of companies representing a large cross-section of the U.S. business community to assist the Court in evaluating the issues in these cases, which are of utmost public importance, in a way that is consistent with the law and that serves the best interests of the business community and the U.S. economy. *See Newark Branch, N.A.A.C.P. v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).

For the foregoing reasons, proposed *amici* request that the Court grant them leave to file an *amicus* brief in support of Plaintiffs in the above-referenced cases on or before December 22, 2017.

                                                        Respectfully Submitted,

                                                        */s/ Andrew J. Pincus*

                                                        Andrew J. Pincus (*pro hac* forthcoming)
                                                        MAYER BROWN LLP
                                                        1999 K Street NW
                                                        Washington, DC 20006
                                                        (202) 263-3000
                                                        apincus@mayerbrown.com

                                                        *Counsel for* Proposed Amici Curiae

cc:      All Counsel of Record (via ECF)

# APPENDIX A

## LIST OF PROPOSED *AMICI CURIAE*

1. 6Sense Insights, Inc.
2. A Medium Corporation
3. Adobe Systems Incorporated
4. AdRoll, Inc.
5. Affirm, Inc.
6. Airbnb, Inc.
7. Alation, Inc.
8. Ampush LLC
9. Andela, Inc.
10. Appboy, Inc.
11. AppNexus Inc.
12. Asana, Inc.
13. Atlassian Corp. Plc
14. Azavea Inc.
15. Ben & Jerry's Homemade, Inc.
16. Bigtooth Ventures
17. Box, Inc.
18. Brightcove Inc.
19. BSA | The Software Alliance
20. CareZone Inc.
21. CartoDB Inc.

22. Casper Sleep Inc.

23. Castlight Health, Inc.

24. Cavium, Inc.

25. Chegg, Inc.

26. Chobani, LLC

27. Civis Analytics, Inc.

28. Citrix Systems, Inc.

29. ClassPass Inc.

30. Cloudera, Inc.

31. Cloudflare Inc.

32. Codecademy

33. Color Genomics, Inc.

34. The Copia Institute

35. Credit Karma, Inc.

36. DocuSign, Inc.

37. DoorDash, Inc.

38. Dropbox, Inc.

39. eBay Inc.

40. Edmodo, Inc.

41. Electronic Arts Inc.

42. EquityZen Inc.

43. Facebook, Inc.

44. General Assembly Space, Inc.

45. Glassdoor, Inc.

46. Google Inc.

47. Gusto

48. Greenhouse Software, Inc.

49. Hewlett Packard Enterprise

50. Homer Logistics, Inc.

51. IBM Corporation

52. IDEO LP

53. Imgur Inc.

54. Indiegogo, Inc.

55. Kargo

56. Knotel

57. Lam Research Corporation

58. Levi Strauss & Co.

59. Linden Research, Inc.

60. LinkedIn Corporation

61. Lithium Technologies, LLC

62. Lyft, Inc.

63. Lytro, Inc.

64. Mapbox

65. Marin Software Incorporated

66. Medidata Solutions, Inc.

67. Microsoft Corporation

68. Molecule Software, Inc.

69. MongoDB, Inc.

70. Motivate International Inc.

71. Mozilla

72. NETGEAR, Inc.

73. NewsCred, Inc.

74. NIO U.S.

75. Oath Inc.

76. Patreon, Inc.

77. PayPal Holdings, Inc.

78. Pinterest, Inc.

79. Pixability, Inc.

80. Postmates Inc.

81. Quantcast Corp.

82. RealNetworks, Inc.

83. Reddit, Inc.

84. Redfin Corporation

85. salesforce.com inc.

86. Scopely, Inc.

87. Shutterstock, Inc.

88. Singularity University

89. Sizmek, Inc.

90. SpaceX

91. Spokeo, Inc.
92. Spotify USA Inc.
93. Square, Inc.
94. Squarespace, Inc.
95. Strava, Inc.
96. SurveyMonkey Inc.
97. Tesla, Inc.
98. The Software and Information Industry Association
99. Thumbtack
100. TripAdvisor, Inc.
101. Tumblr, Inc.
102. Turo Inc.
103. Twilio Inc.
104. Twitter Inc.
105. Uber Technologies, Inc.
106. Udacity Inc.
107. Upwork Inc.
108. Verizon Communications Inc.
109. Via
110. Warby Parker
111. Work & Co.
112. Workday, Inc.
113. Yelp Inc.

114.    Zendesk, Inc.