# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, ANTONIO ALARCON, ELIANA FERNANDEZ, CARLOS VARGAS, MARIANO MONDRAGON, and MAKE THE ROAD NEW YORK, on behalf of themselves and all other similarly situated individuals,<br><br>    *Plaintiffs*,<br><br>    *v.*<br><br>KIRSTJEN M. NIELSEN, Secretary of the Department of Homeland Security, JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, and DONALD J. TRUMP, President of the United States,<br><br>    *Defendants.* | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION AND A STAY**<br><br>Case No. 1:16-cv-04756 (NGG) (JO)<br><br>Dated: January 3, 2018 |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

RELEVANT PROCEDURAL HISTORY ........................................................................... 2

ARGUMENT ....................................................................................................................... 5

    I.    CERTIFICATION WILL NOT MATERIALLY ADVANCE THE LITIGATION ....... 6

    II.    DEFENDANTS HAVE NOT IDENTIFIED SUBSTANTIAL GROUNDS FOR DISAGREEMENT ................................................................................................. 7

    III.    DEFENDANTS' REQUESTS FOR A FURTHER STAY OF DISCOVERY AND OF RECORD COMPLETION ARE UNWARRANTED ................................................. 9

CONCLUSION .................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*AMTEC Int'l of N.Y. Corp. v. Beverage Alliance LLC*,
   No. 10-CV-1147 NGG, 2011 WL 4597480 (E.D.N.Y. Sept. 30, 2011) ................................... 5

*Bates v. Jones*,
   904 F. Supp. 1080 (N.D. Cal. 1995) ..................................................................................... 7

*Bilello v. JPMorgan Chase Ret. Plan*,
   603 F. Supp. 2d 590 (S.D.N.Y. 2009) ................................................................................... 9

*Botezatu v. I.N.S.*,
   195 F.3d 311 (7th Cir. 1999) ................................................................................................ 8

*E.E.O.C. v. Maggies Paratransit Corp.*,
   351 F. Supp. 2d 51 (E.D.N.Y. 2005) ............................................................................. 5, 6, 8

*Firestone Tire & Rubber Co. v. Risjord*,
   449 U.S. 368 (1981) ......................................................................................................... 5, 6

*Harriscom Svenska AB v. Harris Corp.*,
   947 F.2d 627 (2d Cir. 1991) ................................................................................................. 6

*Hicks v. City of N.Y.*,
   268 F. Supp. 2d 238 (E.D.N.Y. 2003) ................................................................................ 10

*In re Facebook, Inc.*,
   986 F. Supp. 2d 428 (S.D.N.Y. 2013) ................................................................................... 9

*In re Flor*,
   79 F.3d 281 (2d Cir. 1996) ............................................................................................... 5, 7

*In re Lloyd's Am. Trust Fund Litig.*,
   No. 96 Civ. 1262(RWS), 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) ................................. 6

*In re United States*,
   138 S. Ct. 371 (2017) ........................................................................................................... 3

*In re United States*,
   __ S. Ct. __, 2017 WL 6505860 (Dec. 20, 2017) ................................................................. 3

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
   676 F.3d 83 (2d Cir. 2012) ................................................................................................. 10

*Marriott v. Cty. of Montgomery*,
    426 F. Supp. 2d 1 (N.D.N.Y. 2006) ............................................................................................ 7

*Max Daetwyler Corp. v. Meyer*,
    575 F. Supp. 280 (E.D. Pa. 1983) ................................................................................................ 7

*Mejia v. Time Warner Cable Inc.*,
    Nos. 15-CV-6445 (JPO), 15-CV-6518 (JPO),
    2017 WL 5513638 (S.D.N.Y. Nov. 17, 2017) ........................................................................... 10

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
    71 F. Supp. 2d 139 (E.D.N.Y. 1999) ........................................................................................... 5

*Republic of Colombia v. Diageo N. Am. Inc.*,
    619 F. Supp. 2d 7 (E.D.N.Y. 2007) ..................................................................................... *passim*

*Ryan, Beck & Co., LLC v. Fakih*,
    275 F. Supp. 2d 393 (E.D.N.Y. 2003) ......................................................................................... 5

*S.E.C. v. Syndicated Food Servs. Int'l, Inc.*,
    No. 04-CV-1303 NGG, 2010 WL 5173267 (E.D.N.Y. Dec. 14, 2010) ...................................... 8

*Tesco Corp. v. Weatherford Int'l, Inc.*,
    722 F. Supp. 2d 755 (S.D. Tex. 2010) ......................................................................................... 7

*Texas v. United States*,
    86 F. Supp. 3d 591 (S.D. Tex. 2015) ........................................................................................... 9

*United States v. Town of Oyster Bay*,
    66 F. Supp. 3d 285 (E.D.N.Y. 2014) ......................................................................................... 10

*Wausau Bus. Ins. Co. v. Turner Constr. Co.*,
    151 F. Supp. 2d 488 (S.D.N.Y. 2001) ......................................................................................... 7

**Statutes**

5 U.S.C. § 701(a)(2) ........................................................................................................................ 8, 9

8 U.S.C. § 1252(g) .......................................................................................................................... 8, 9

28 U.S.C. § 1292(b) ................................................................................................................. *passim*

## INTRODUCTION

On December 28, 2017, Defendants moved pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal of this Court's November 9, 2017 order denying their motion to dismiss on jurisdictional grounds. *See* Order of Garaufis, J. (Nov. 9, 2017), ECF No. 104 (hereinafter, "November 9 Order"); Defs.' Mot. for Certification, ECF No. 219. Certification of the order—sought nearly two months after its issuance—is inappropriate and should be denied. Moreover, and regardless of whether this Court grants certification, no further stay of discovery or record completion is warranted.

Certification for interlocutory appeal is rare and done only in extraordinary circumstances, which are not present here. Defendants rest much of their motion on the faulty premise that the Supreme Court and the Second Circuit encouraged certification, and otherwise merely advance the same arguments that this Court already rejected in denying the motion to dismiss. Critically, nothing will be materially gained by certifying this Court's November 9 Order, because in two weeks, this Court will hear argument on a set of motions, including Plaintiffs' motion for a preliminary injunction (and a similar motion in the companion case, *New York v. Trump*, No. 17 CV 5228), that will result in an immediately appealable order. Whether they are appellants or appellees, Defendants can (and surely will) raise the same justiciability issues they seek to certify. Indeed, Defendants never explain why it makes sense to certify *now*, with an appealable order on the horizon, except to erroneously suggest that should the Court enter a preliminary injunction, Defendants will be excused from their obligation to complete the administrative record and respond to discovery requests. *See* Mem. in Supp. of Defs.' Mot., ECF 219-1, at 1–2, 14–15 (hereinafter, "Defs.' Mem."). Defendants' continued desire to shirk their record-completion and discovery duties does not warrant deviating from the normal appellate process, particularly here, where that process is both near and adequate.

1

## RELEVANT PROCEDURAL HISTORY

As this Court is aware, Defendants' motion to certify is the latest in a long series of attempts to avoid their discovery and administrative record obligations.

Defendants first sought a stay of all discovery pending resolution of their yet-to-be filed motion to dismiss on September 22, 2017, *see* Defs.' Letter Mot. to Orenstein, M.J., ECF No. 65, which was denied following briefing. Magistrate Judge Orenstein issued an expedited discovery schedule and ordered the production of the administrative record and privilege log by October 6, 2017. Order of Orenstein, M.J. (Sept. 27, 2017), ECF No. 67. Upon Defendants' motion, this Court granted a two-week extension for production of a privilege log. Order of Garaufis, J. (Oct. 3, 2017), ECF No. 72. To date, Defendants have yet to produce any privilege log to Plaintiffs.

On October 6, 2017, Defendants produced a glaringly deficient administrative record. Plaintiffs alerted the Court to these deficiencies and moved Magistrate Judge Orenstein to order Defendants to complete the record. Magistrate Judge Orenstein subsequently ordered Defendants to complete the "manifestly incomplete" administrative record, Order of Orenstein, M.J. (Oct. 19, 2017), ECF No. 89 at 3, which, per order of this Court, should encompass documents and a privilege log with respect to the Department of Homeland Security and Department of Justice. *See* Order of Garaufis, J. (Oct. 17, 2017), ECF No. 86.

On October 18, 2017, Defendants again moved for a stay of discovery, their burden to produce an administrative record, and the production of any privilege log, while also threatening to petition for a writ of mandamus on the same issues. Defs.' Letter Mot. to Garaufis, J., ECF No. 87. That request was denied by both Magistrate Judge Orenstein and this Court, although this Court further narrowed the privilege log requirement to only materials considered by Attorney General Sessions, then-Acting Secretary Duke, and their first-tier subordinates. *See* Order of

Orenstein, M.J. (Oct. 19, 2017), ECF No. 89; Order of Garaufis, J. (Oct. 19, 2017), ECF No. 90.

On the same day, but before this Court could rule, Defendants filed an "emergency" petition for stay of record completion and all discovery pending their petition for writ of mandamus at the Second Circuit. The following day, October 20, the Second Circuit granted an administrative, one-judge stay. Defendants filed their petition for writ of mandamus on October 23. In October and November, the parties (in this case and in the parallel *New York* case) briefed the mandamus petition at the Second Circuit and, at its direction, briefed Defendants' motion to dismiss on justiciability and jurisdiction grounds before this Court. On November 9, this Court issued a 48-page decision that granted in part and denied in part Defendants' motion. Following issuance of that decision, the parties completed briefing on Defendants' mandamus petition at the Second Circuit.

Meanwhile, on December 1, 2017, Defendants petitioned the Supreme Court for a stay and writ of mandamus in a set of cases challenging the termination of DACA in the Northern District of California. Pet. for Writ of Mandamus, *In re United States*, No. 17-801, *available at* 2017 WL 6018231. On December 8, 2017, the Supreme Court granted Defendants' request to stay "discovery and addition to the administrative record" in that set of cases, *In re United States*, 138 S. Ct. 371, 371; and, after expedited briefing, issued a per curiam decision on December 20, *In re United States*, __ S. Ct. __, 2017 WL 6505860. Therein, the Supreme Court directed the district court in those cases to consider first the threshold justiciability issues, and noted that the district court "may consider certifying [its] ruling for interlocutory appeal under 28 U.S.C. § 1292(b) if appropriate."[1] *Id.* at *2.

---

[1] The Northern District of California has yet to address Defendants' justiciability arguments, but today indicated that it expects to rule on the motions pending in that set of cases—which include a motion to dismiss from Defendants and motions for preliminary injunctive relief from Plaintiffs—"sooner than February 8, 2017." Req. for Gov't to Respond to Mot. to Supplement, *Regents of the Univ. of Cal. v. D.H.S.*, No. 3:17cv5211 (N.D. Cal. Jan. 3, 2018), ECF No. 228.

3

On December 27, 2017, the Second Circuit issued a per curiam decision denying Defendants' petition for a writ of mandamus, endorsing this Court's approach to Defendants' failure to produce the entire administrative record and lifting the previously-issued stay. Order, *In re Nielsen*, No. 17-3345 (2d Cir. Dec. 27, 2017) (hereinafter, "Order Denying Writ"). The Second Circuit was "unpersuaded by the Government's argument that compliance with the [discovery and administrative record] orders would be unduly burdensome," particularly given the limited scope of materials outlined in this Court's orders; the "protracted" amount of time Defendants had already had to compile these records; and the reality that "[a]dministrative records, particularly those involving an agency action as significant as the repeal of DACA, are often quite voluminous." *Id.* at 3. The Second Circuit also noted that, at oral argument, the government conceded that its burden with regard to the administrative record was actually "far smaller . . . than the Government's papers"—which misleadingly combined its obligations in this case with Defendants' significantly more expansive obligations in the California cases—"led this Court to believe." *Id.* at 4. The Second Circuit noted that Defendants have the statutory right to ask for interlocutory appeal certification, and that it "may be prudent" for this Court to stay discovery while that request is pending. *Id.*

On December 28, 2017, Defendants filed a request to certify this Court's November 9 Order for interlocutory appeal, and also requested a stay of discovery and a stay of their obligation to complete the administrative record lasting at least "until ruling on Defendants' Motions to Dismiss or Plaintiffs' motions for injunctive relief." Defs.' Mem. at 1. Plaintiffs consented to a stay of both discovery and completion of the administrative record while the Court considers the certification request. Pls.' Letter to Garaufis, J. (Dec. 30, 2017), ECF No. 221. Nonetheless, on Saturday, December 30, before this Court ruled on their motion, Defendants filed an "emergency"

4

motion in the Second Circuit seeking the same stay of discovery and its obligation to complete the administrative record. That same day, this Court granted Defendants' motion, and Defendants subsequently withdrew their motion before the Second Circuit.

## ARGUMENT

Certification for interlocutory review is highly disfavored, rare, and committed to the discretion of the district court. Even when the party seeking interlocutory appeal satisfies the three statutory criteria, certification is not required. *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003); *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007) (Garaufis, J.). A "district court may certify a question for interlocutory appeal where (1) the court's decision 'involves a controlling question of law,' (2) 'as to which there is a substantial ground for difference of opinion,' and (3) 'an immediate appeal may materially advance the ultimate determination of the litigation.'" *AMTEC Int'l of N.Y. Corp. v. Beverage Alliance LLC*, No. 10-CV-1147 NGG, 2011 WL 4597480, at *2 (E.D.N.Y. Sept. 30, 2011) (quoting 28 U.S.C. § 1292(b)). District courts "exercise great care" in determining whether to certify under § 1292(b). *E.E.O.C. v. Maggies Paratransit Corp.*, 351 F. Supp. 2d 51, 52 (E.D.N.Y. 2005) (Garaufis, J.). Certification should be made in "strictly limited" circumstances, as "'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *AMTEC*, 2011 WL 4597480, at *2 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Congress intentionally sought to avoid piecemeal appellate review to ensure that district court judges have the ability to guide and manage cases as they deem fit. *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 164 (E.D.N.Y. 1999) ("Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system.") (quoting *Firestone*

*Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

## I. CERTIFICATION WILL NOT MATERIALLY ADVANCE THE LITIGATION

Certifying this Court's November 9 Order would not materially advance this litigation, and for that reason, Defendants fail to meet a crucial requirement of § 1292(b). *See generally Maggies*, 351 F. Supp. 2d at 54–55. Instead, certification would consume judicial and party resources—impeding briefing and consideration of pending motions that, in contrast, *will* materially advance the litigation—when the ultimate termination of DACA is but two months away, and this Court's issuance of an appealable order is fast approaching.

In determining whether certification will materially advance the litigation, courts consider whether the benefit to the district court outweighs the inefficiency resulting to the appellate court from multiple appeals. *See Republic of Colombia*, 619 F. Supp. 2d at 9 (weighing "'the efficiency of both the district court and the appellate court'") (quoting *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262(RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997)); *see also Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) (appeals under § 1292(b) are inefficient because "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case").

Here, certification would impose costs and delays on this Court, the Court of Appeals, and Plaintiffs. Defendants waited nearly two months after this Court issued its November 9 Order to seek certification. If certification were granted, the Second Circuit would have to utilize its resources deciding whether to review two appeals in the same litigation weeks apart (three, if one considers their mandamus petition, through which Defendants also sought to inject their justiciability arguments). Meanwhile, there would be no benefit to this Court nor an advancement of this litigation, as there is insufficient time to obtain the Second Circuit's views on justiciability

before this Court will be called upon to decide Plaintiffs' motion for preliminary injunctive relief.

Courts routinely reject certification requests when they are on the precipice of issuing other appealable orders. *See, e.g.*, *Marriott v. Cty. of Montgomery*, 426 F. Supp. 2d 1, 13–14 (N.D.N.Y. 2006) (denying certification of an order that denied partial summary judgment to defendants, while also granting preliminary injunctive relief to a plaintiff class); *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 767–68 (S.D. Tex. 2010) (declining to certify certain interim orders when a trial was scheduled in three months); *Bates v. Jones*, 904 F. Supp. 1080, 1097 (N.D. Cal. 1995) (declining certification of order denying a motion to dismiss where the Court was also considering preliminary injunctive relief and the case "required development of as full an evidentiary record as possible"). Given the procedural posture of this case, certification is simply not an efficient means to advance this litigation at this time.[2]

## II. DEFENDANTS HAVE NOT IDENTIFIED SUBSTANTIAL GROUNDS FOR DISAGREEMENT

Defendants' disagreement with this Court's November 9 Order does not mean that there is substantial ground for difference of opinion in the applicable standards governing the issues at hand. *See Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) ("A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for a difference of opinion."). This standard is met only after the district court analyzes "the strength of the arguments in opposition to the challenged ruling" and determines for itself that the issue "is truly one on which there is a *substantial* ground for dispute." *In re Flor*, 79 F.3d at 284 (emphasis in original) (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D.

---

[2] Defendants' fact-bound argument that this Court has "miscomprehend[ed] the nature of the DACA Rescission and the availability of deferred action generally," Defs.' Mem. at 7, points to yet another reason why certification would not advance this litigation—by their own account, Defendants' justiciability arguments do not present pure questions of law. *See Republic of Colombia*, 619 F. Supp. 2d. at 10–11.

7

Pa. 1983)); *see also S.E.C. v. Syndicated Food Servs. Int'l, Inc.*, No. 04-CV-1303 NGG, 2010 WL 5173267, at *1 (E.D.N.Y. Dec. 14, 2010).

Defendants raise two specific issues, both of which amount to the contention that their decision to terminate DACA because of the alleged "litigation risk" it presented is itself not subject to judicial review at all, either because it is committed to agency discretion by law and thus unreviewable under the APA, 5 U.S.C. § 701(a)(2), or because of the jurisdiction-stripping provision in 8 U.S.C. § 1252(g). These arguments are ones that this Court already considered and rejected in its November 9 Order. *See* November 9 Order at 19–26, 28–31 (concluding that the decision to end DACA is not the type of agency decision that is "committed to agency discretion by law" nor does § 701(a)(2) preclude judicial review, and § 1252(g) "has no bearing on these cases, which do not arise from one of the three specifically enumerated actions . . . that trigger . . . the statute"). This Court's ruling regarding these issues does not conflict with Supreme Court, Second Circuit, or Eastern District of New York precedent; rather, Defendants continue to misconstrue the relevant authority to manufacture a conflict and re-litigate what this Court has already decided.

Beyond rehashing their prior briefing, Defendants introduce *Botezatu v. I.N.S.*, 195 F.3d 311 (7th Cir. 1999), in which the Seventh Circuit held that an agency's decision to deny humanitarian parole or deferred action to *an individual* was unreviewable under 8 U.S.C. § 1252(g). *Id.* at 314. As Plaintiffs have repeatedly stated, they are not challenging Defendants' decision to terminate or deny deferred action with respect to any particular individual; this Court's ruling is therefore consistent even with the Seventh Circuit case law Defendants cite, which, in any event, would not necessarily demonstrate substantial grounds for disagreement. *See Maggies*, 351 F. Supp. 2d at 54 (this Court is "under no obligation to adhere to a differing view by a court

of coordinate jurisdiction"); *Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 594–95 (S.D.N.Y. 2009) (denying certification even where one other judicial opinion presented a difference of opinion). The reality is that Defendants have not cited a single case arising in remotely comparable circumstances to support their contention that this Court lacks authority to review their programmatic decision to terminate DACA.[3]

The circumstances in this case are also materially different from those in *Republic of Colombia*, where this Court certified a 145-page order it had issued for interlocutory appeal. 619 F. Supp. 2d. at 11. *Republic of Colombia* involved (*inter alia*) "close and difficult questions" of first impression about the Racketeer Influenced and Corrupt Organizations Act and the doctrine of *forum non conveniens* "about which courts could disagree." *Id.* at 10–11. Defendants can point to nothing comparable here. *Cf. In re Facebook, Inc.*, 986 F. Supp. 2d 428, 484 (S.D.N.Y. 2013) ("That an application of legal principles is a matter of first impression to a unique set of facts, or that Defendants may differ in their view of the correct application of such legal principles, does not create a 'substantial difference of opinion.'") (citation omitted).

In sum, and even apart from Defendants' failure to explain how certification would advance this litigation, they additionally fail to demonstrate that there are substantial grounds for disagreement regarding the issues on which they seek certification.

### III. DEFENDANTS' REQUESTS FOR A FURTHER STAY OF DISCOVERY AND OF RECORD COMPLETION ARE UNWARRANTED

Plaintiffs have consented to and the Court has ordered a stay of discovery pending resolution of Defendants' certification motion. No further stay of discovery or record completion is appropriate. Defendants have had nearly three months to work on completing the administrative

---

[3] The case that considered these arguments in the most comparable circumstances is *Texas v. United States*, which held that neither 8 U.S.C. § 1252(g) nor 5 U.S.C. § 701(a)(2) barred judicial review of the creation of the DAPA program. 86 F. Supp. 3d 591, 652–63 (S.D. Tex. 2015), *aff'd,* 809 F. 3d 134, 164–69 (5th Cir. 2015).

record and compiling a privilege log, and this Court has instructed Defendants to work on completing the log pending the outcomes of the mandamus petitions. *See, e.g.*, Order of Garaufis, J. (Oct. 19, 2017), ECF No. 90; Order of Orenstein, M.J. (Dec. 28, 2017), ECF No. 217. There is no justification for Defendants' further attempts at delay.

If the Court denies Defendants' request for certification, then their stay requests can be denied as moot. *See Mejia v. Time Warner Cable Inc.*, Nos. 15-CV-6445 (JPO), 15-CV-6518 (JPO), 2017 WL 5513638, at *4 (S.D.N.Y. Nov. 17, 2017). Even if the Court were to grant Defendants' certification request, however, neither a stay of discovery nor a stay of the obligation to produce the administrative record is warranted because the balance of equities tips unequivocally in Plaintiffs' favor. *See generally United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 292–93 (E.D.N.Y. 2014).

This is the fifth time in less than four months that Defendants have requested a stay of this nature, and there are no new circumstances that make this fifth request any different from the prior four. On the contrary, a stay would unduly prejudice Plaintiffs' ability to pursue their claims to final judgment. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (the party requesting a stay must show undue prejudice or interference with their constitutional rights if the case were to go forward; otherwise, there is "'no reason why plaintiff[s] should be delayed in [their] efforts to diligently proceed to sustain [their] claim[s]'") (quoting *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003)). In addition, and yet again, Defendants' parade of horribles regarding discovery is speculative and exaggerated.[4] Any objections Defendants have to particular discovery requests can be addressed on a request-by-request basis, as evidenced by this Court adjusting Defendants' discovery obligations on multiple occasions, and as emphasized

---

[4] For example, Plaintiffs have not noticed the deposition of any "high-level government officials," Defs.' Mem. at 15.

10

by the Second Circuit.  Order Denying Writ at 2 n.1, 4.

Staying Defendants' obligation to produce the balance of the administrative record is even less justified.  The ultimate resolution of at least some of Plaintiffs' claims will require production of the entire administrative record.[5]  In its December 27 ruling, the Second Circuit said only that Defendants had "the right to ask" this Court to certify an interlocutory appeal and to stay *discovery* during that request; the Second Circuit said nothing about staying production of the administrative record.  Order Denying Writ at 4.  Finally, Defendants' claims about the alleged burdens of producing the balance of the administrative record are unsubstantiated, exaggerated, and conflicting.  *Compare* Defs.' Mem. at 15 (describing production of the rest of administrative record as requiring "the potential review of approximately 1 million collected documents") *with* Defs.' Mot. to Stay (Dec. 29, 2017), ECF No. 220, at 1 (describing production of the administrative record as requiring Defendants "to compile and review thousands of additional documents"); *see also* Order Denying Writ at 4 (noting Defendants' misleading presentation of the alleged burdens associated with completing the administrative record).  Defendants have delayed long enough.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' request for certification of an interlocutory appeal and their request for stays of discovery and of completion of the administrative record beyond the adjudication of the instant motion.

//

---

[5] Plaintiffs' motion for a preliminary injunction does not turn on the contents of the administrative record.  The administrative record, however, will be relevant to ultimate resolution of Plaintiffs' APA claims.  The DACA termination would be arbitrary and capricious, for example, if not based on substantial evidence, or if the decisionmaker(s) failed to account for data contrary to the decision taken.  The documents in the administrative record will also be relevant to Plaintiffs' constitutional claims, and are responsive to Rule 34 document requests that Plaintiffs served on Defendants on September 30 and October 3, 2017.

Dated: January 3, 2018

Respectfully submitted,

/s/ Mayra B. Joachin
Mayra B. Joachin

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Victoria Roeck, Law Student Intern
Healy Ko, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq. (MA 9360)
Marisol Orihuela, Esq. †
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq. (DA 4885)
Scott Foletta, Esq. (SF 9452)
Alexia Schapira, Esq. (AS 8222)
Natalia Renta, Esq. *
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: (718) 418-7690

Jessica R. Hanson, Esq. †
Mayra B. Joachin, Esq. †
Trudy S. Rebert, Esq.*+
Karen C. Tumlin, Esq. †
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd., #108-62
Los Angeles, CA 90070
Phone: (213) 639-3900

Justin B. Cox, Esq.†
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq.†
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW, Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Attorneys for Plaintiffs*

† Appearing *pro hac vice*
* *Pro hac vice* motion forthcoming
+Admitted only in Louisiana, application pending in New York

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2018, a true and correct copy of PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION AND A STAY was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                                     /s/ Mayra B. Joachin
                                                     Mayra B. Joachin