

January 12, 2018

VIA ECF
Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Batalla Vidal, et al., v. Nielsen, et al.*, No. 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

    Plaintiffs write in response to the Court's January 11, 2018 order, directing the parties to submit letters addressing whether to adjourn the January 18, 2018 argument in light of Defendants' forthcoming petition for an interlocutory appeal of this Court's November 9, 2017 Memorandum and Order under 28 U.S.C. § 1292(b). As the Plaintiffs were preparing to file this letter, the Court issued an order rescheduling the January 18 argument to January 30, 2018. Plaintiffs do not seek reconsideration of the Court's order rescheduling the argument to January 30. Plaintiffs file this letter nonetheless out of an abundance of caution and, for the reasons below, would oppose any further delay.

    **1.** This Court's certification of appealability does not justify delaying argument or consideration of the pending motions. Even the Supreme Court, in suggesting it may be appropriate to certify the government's justiciability arguments for interlocutory appeal in the parallel California cases, was explicit that its order "does *not* suggest . . . that the District Court's rulings on the Government's motion to dismiss and respondents' motion for preliminary injunction should be delayed." *In re United States*, 138 S. Ct. 443, 445 (2017) (emphasis added). Section 1292(b) itself provides that an application thereunder "shall not stay proceedings in the district court" absent a court order, for which Defendants have not moved, and which Plaintiffs would oppose given the irreparable harms Plaintiffs and putative class members are presently suffering due to the Defendants' challenged termination of DACA.

    **2.** Plaintiffs and putative class members continue to suffer irreparable harms necessitating preliminary relief, notwithstanding the recent decision of the Northern District of California, which held that the plaintiffs in the California cases are likely to succeed on their claim that the DACA Termination is arbitrary and capricious, and partially enjoined it on that basis. *See Regents of Univ. of Cal. v. DHS*, __ F. Supp. 2d ___, 2018 WL 339144, at *26, *29 (N.D. Cal. Jan. 9, 2018). The scope of that injunction, while nationwide, leaves unprotected thousands of individuals whom

www.nilc.org

LOS ANGELES (Headquarters)
3450 Wilshire Blvd. Box #108 – 62
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

Plaintiffs here seek to protect, including clients and members of MRNY and members of the putative class. *Compare id.* at *27-28 (granting relief only for those who had DACA as of September 5, 2017) *with* TAC ¶¶ 52-53 (describing DACA-eligible members and clients of MRNY who did not have DACA as of September 5, 2017, and who wish to apply); TAC ¶¶ 144-51 (same regarding putative class members); *and* TAC ¶¶ 160-171 (seeking relief for, and proposing class definition to include, those who are or will become eligible for DACA, including MRNY youth members who had not aged-in as of September 5, 2017). Additionally, Defendants have already stated that they will appeal the Northern District of California preliminary injunction ruling. As a result, even those individuals who should currently be protected by the preliminary injunction from the California litigation remain at risk of having the carpet pulled out from under them once more.

**3.** Defendants have yet to pursue an interlocutory appeal despite this Court's admoninition to proceed expeditiously, if at all. The Second Circuit must affirmatively grant Defendants' leave to file their interlocutory appeal of this Court's November 9 Memorandum and Opinion. *See* Fed. R. App. Proc. 5(a); *see generally* Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3929 (3d ed.). But Defendants have yet to request leave, nor confirmed that they will actually pursue an interlocutory appeal.

Moreover, as a practical matter, even assuming that the Second Circuit grants Defendants' forthcoming petition for leave to appeal under § 1292, that appeal is exceedingly unlikely to obviate the need for this Court's resolution of the pending motions. Even if the Second Circuit reversed on the one jurisdictional argument that this Court found debatable—that the decision to terminate DACA was "committed to agency discretion" within the meaning of 5 U.S.C. § 701(a)(2)—it would not affect Plaintiffs' notice and comment claim,[1] on which they have moved for a preliminary injunction, nor their constitutional claims, which Defendants have moved to dismiss.[2] Accordingly, while the potential interlocutory appeal may justify reaching the merits of Plaintiffs' notice and comment claim in addition to their arbitrary and capricious claim, it is not reason to delay argument or ruling on the pending motions altogether.[3]

**4.** Finally, although Plaintiffs would, of course, welcome a legislative solution that moots their claims, ongoing legislative negotiations cited by Defendants are too speculative to warrant postponing either argument or resolution of their pending motions, particularly when delay serves to increase the number of Plaintiffs and putative class members who have lost or will soon lose DACA's critical protections. If anything, the current negotiations around a legislative solution— which involve the Trump Administration and its allies using the individual Plaintiffs and the members of the putative class as a bargaining chip to advance the President's explicitly anti-

---

[1] *See* Nov. 9 Mem. & Order, ECF No. 104 at 21-22; *Lincoln v. Vigil*, 508 U.S. 182, 195-98 (1993).

[2] As the Court has noted, Defendants' other jurisdictional argument, based on 8 U.S.C. § 1252(g), conflicts with both the statutory text and controlling Supreme Court precedent. *See* Mem. & Order, ECF 233 at 3 n.2.

[3] *Cf. Regents of Univ. of Cal.*, 2018 WL 339144, at *23-26, 29 (ruling only on the plaintiffs' arbitrary and capricious claims and not reaching their notice and comment claims).

immigrant and discriminatory agenda[4]—underscore the merits and urgency of Plaintiffs' claims.

Respectfully submitted,

/s/ Justin B. Cox

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Victoria Roeck, Law Student Intern
Healy Ko, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq. (MA 9360)
Marisol Orihuela, Esq. †
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq. (DA 4885)
Scott Foletta, Esq. (SF 9452)
Alexia Schapira, Esq. (AS 8222)
Natalia Renta, Esq. *
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: (718) 418-7690

Jessica R. Hanson, Esq. †
Mayra B. Joachin, Esq. †
Trudy S. Rebert, Esq.*+
Karen C. Tumlin, Esq. †
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd., #108-62
Los Angeles, CA 90070
Phone: (213) 639-3900

Justin B. Cox, Esq.†
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq.†
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW, Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Attorneys for Plaintiffs*

† Appearing *pro hac vice*
* *Pro hac vice* motion forthcoming
+Admitted only in Louisiana, application pending in New York

---

[4] *See, e.g.*, Josh Dawsey, *Trump Derides Protections for Immigrants from 'Shithole' Countries*, Wash. Post, Jan. 11, 2018, *available at* http://wapo.st/2ASypXP; Nicole Rodriguez, *Trump Is Using DACA Recipients as Bargaining Chips for Border Wall Funds*, Newsweek, Jan. 4, 2018, *available at* http://bit.ly/2Dqgafs. Earlier today, in fact, President Trump issued three tweets collectively stating as follows:

> The so-called bipartisan DACA deal presented yesterday to myself and a group of Republican Senators and Congressmen was a big step backwards. Wall was not properly funded, Chain & Lottery were made worse and USA would be forced to take large numbers of people from high crime..... ....countries which are doing badly. I want a merit based system of immigration and people who will help take our country to the next level. I want safety and security for our people. I want to stop the massive inflow of drugs. I want to fund our military, not do a Dem defund.... ....Because of the Democrats not being interested in life and safety, DACA has now taken a big step backwards. The Dems will threaten "shutdown," but what they are really doing is shutting down our military, at a time we need it most. Get smart, MAKE AMERICA GREAT AGAIN!

3