

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

February 2, 2018

**By ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:   *Batalla Vidal, et al., v. Nielsen, et al.*, 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

     Defendants write in response to the Court's request, at the January 30, 2018 motions hearing in this matter, that Defendants file with the Court the current policy regarding the sharing of information provided by DACA requestors to United States Citizenship and Immigration Services (USCIS).

     Attached as Exhibit 1 to this letter is a true and correct copy of a webpage operated by USCIS, which provides guidance to the public about submitting DACA requests pursuant to the terms of the preliminary injunction recently entered by the United States District Court for the Northern District of California (Alsup, J.).[1]

     That USCIS webpage, in turn, includes a link to the most current version of the instructions for submission of a DACA request, pursuant to USCIS Form I-821D, *Consideration of Deferred Action for Childhood Arrivals*. Those instructions were updated most recently on January 9, 2017, and have not changed since that date, including as a result of the Department of Homeland Security's September 5, 2017 memorandum beginning an orderly wind down of the DACA policy. A true and correct copy of those instructions is attached to this letter as Exhibit 2.[2]

     The Form I-821D instructions include the following statement, on Page 13, about USCIS's policy regarding the sharing of information provided to USCIS in connection with a DACA request:

          Information provided in this request is protected from disclosure to
          ICE and U.S. Customs and Border Protection (CBP) for the purpose
          of immigration enforcement proceedings unless the requestor meets

---

[1] That webpage, *Deferred Action for Childhood Arrivals: Response to January 2018 Preliminary Injunction*, is also available at the following link: https://www.uscis.gov/humanitarian/deferred-action-childhood-arrivals-response-january-2018-preliminary-injunction

[2] The Form I-821D instructions are also available at the following link: https://www.uscis.gov/system/files_force/files/form/i-821dinstr.pdf?download=1

the criteria for the issuance of a Notice To Appear or a referral to ICE under the criteria set forth in USCIS' Notice to Appear guidance (www.uscis.gov/NTA). The information may be shared with national security and law enforcement agencies, including ICE and CBP, for purposes other than removal, including for assistance in the consideration of deferred action for childhood arrivals request itself, to identify or prevent fraudulent claims, for national security purposes, or for the investigation or prosecution of a criminal offense. **The above information sharing clause covers family members and guardians, in addition to the requestor.**

This policy, which may be modified, superseded, or rescinded at any time without notice, is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

This same language has also appeared in prior versions of the Form I-821D instructions.

As confirmed by a recent statement on the USCIS website, which is attached to this letter as Exhibit 3, and is also attached to the *Batalla Vidal* Plaintiffs' Third Amended Complaint, "[t]his information-sharing policy has not changed in any way since it was first announced, including as a result of the Sept. 5, 2017 memo starting a wind-down of the DACA policy." Exs. L, M to *Batalla Vidal* Third Amended Complaint, ECF No 113-1.[3]

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RICHARD P. DONOGHUE
United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

---

[3] That USCIS statement is also available at the following link: https://www.uscis.gov/daca2017/guidance-rejected-daca2017

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
KATE BAILEY
RACHAEL L. WESTMORELAND
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*

CC:

All Counsel of Record (by ECF)

# EXHIBIT 1

to Defendants' Feb. 2, 2018 Letter

Case 1:16-cv-04756-NGG-VMS    Document 251    Filed 02/02/18    Page 5 of 25 PageID #: 4109



**U.S. Citizenship and Immigration Services**

# Deferred Action for Childhood Arrivals: Response to January 2018 Preliminary Injunction

Versión en español

**Jan. 13, 2018, Update:** Due to a federal court order, USCIS has resumed accepting requests to renew a grant of deferred action under DACA. Until further notice, and unless otherwise provided in this guidance, the DACA policy will be operated on the terms in place before it was rescinded on Sept. 5, 2017.

Individuals who were previously granted deferred action under DACA may request renewal by filing Form I-821D (PDF), Form I-765 (PDF), and Form I-765 Worksheet (PDF), with the appropriate fee or approved fee exemption request, at the USCIS designated filing location, and in accordance with the instructions to the Form I-821D (PDF) and Form I-765 (PDF). USCIS is not accepting requests from individuals who have never before been granted deferred action under DACA. USCIS will not accept or approve advance parole requests from DACA recipients.

If you previously received DACA and your DACA expired on or after Sept. 5, 2016, you may still file your DACA request as a renewal request. Please list the date your prior DACA ended in the appropriate box on Part 1 of the Form I-821D.

If you previously received DACA and your DACA expired before Sept. 5, 2016, or your DACA was previously terminated at any time, you cannot request DACA as a renewal (because renewal requests typically must be submitted within one year of the expiration date of your last period of deferred action approved under DACA), but may nonetheless file a new initial DACA request in accordance with the Form I-821D and Form I-765 instructions. To assist USCIS with reviewing your DACA request for acceptance, if you are filing a new initial DACA request because your DACA expired before Sept. 5, 2016, or because it was terminated at any time, please list the date your prior DACA expired or was terminated on Part 1 of the Form I-821D, if available.

Deferred action is a discretionary determination to defer a removal action of an individual as an act of prosecutorial discretion. Further, deferred action under DACA does not confer legal status upon an individual and may be terminated at any time, with or without a Notice of Intent to Terminate, at DHS's discretion. DACA requests will be adjudicated under the guidelines set forth in the June 15, 2012 DACA memo (PDF).

Additional information will be forthcoming.

Last Reviewed/Updated: 01/13/2018

# EXHIBIT 2

to Defendants' Feb. 2, 2018 Letter



# Instructions for Consideration of Deferred Action for Childhood Arrivals

### Department of Homeland Security
U.S. Citizenship and Immigration Services

USCIS
**Form I-821D**
OMB No. 1615-0124
Expires 01/31/2019

---

## What is the Purpose of this Form?

An individual may file Form I-821D, Consideration of Deferred Action for Childhood Arrivals, to request that U.S. Citizenship and Immigration Services (USCIS) exercise prosecutorial discretion in his or her favor under the Deferred Action for Childhood Arrivals (DACA) process, including consideration for Renewal of deferred action. USCIS considers deferring action (including Renewal of deferred action) on a case-by-case basis, based on the guidelines in the **What is a Childhood Arrival for Purposes of This Form** section of these instructions. Deferred action is a discretionary determination to defer removal of an individual as an act of prosecutorial discretion. Individuals who receive deferred action will not be placed into removal proceedings or removed from the United States for a specified period of time, unless the Department of Homeland Security (DHS) chooses to terminate the deferral. See the Secretary of Homeland Security's memorandum issued on June 15, 2012 (Secretary's memorandum), upon which the DACA process is based, at **www.uscis.gov/childhoodarrivals**.

## When Should I Use Form I-821D?

Use this form to request consideration of Initial DACA or Renewal of DACA. Deferred action is a discretionary determination to defer removal action of an individual as an act of prosecutorial discretion. All individuals filing Form I-821D, whether for an Initial or a Renewal of deferred action, must also file Form I-765, Application for Employment Authorization, and Form I-765 Worksheet, Form I-765WS. See the **Evidence for Initial Requests Only** and **Evidence for Renewal Requests Only** sections of these instructions for more information.

**CAUTION:** If you file this request more than 150 days prior to the expiration of your current period of deferred action, USCIS may reject your submission and return it to you with instructions to resubmit your request closer to the expiration date. **USCIS encourages renewal requestors to file as early in the 150-day period as possible - ideally, at least 120 days prior to the DACA expiration date.**

**NOTE:** If you have received DACA and you are filing within one year after your last period of deferred action expired, please follow the instructions provided below for renewal requestors.

**NOTE:** If U.S. Immigration and Customs Enforcement (ICE) initially deferred action in your case and you are seeking a Renewal, you must file Form I-821D and select and complete **Item Number 2.** in **Part 1.** of Form I-821D. You must also respond to ALL subsequent questions on the form. You must also submit documentation to establish how you satisfy the guidelines as if you were filing an Initial request for consideration of deferred action.

If you are currently in immigration detention, you may not request consideration of DACA or Renewal of DACA from USCIS. If you think you meet the guidelines of this process, you should identify yourself to your deportation officer.

## What is a Childhood Arrival for Purposes of This Form?

An individual may be considered for Initial DACA if he or she:

1. Was under 31 years of age as of June 15, 2012;

2. Came to the United States before reaching his or her 16th birthday;

3. Has continuously resided in the United States since June 15, 2007, up to the present time;

---

4.  Was present in the United States on June 15, 2012 and at the time of making his or her request for consideration of deferred action with USCIS;

5.  Had no lawful status on June 15, 2012;

    **NOTE:** No lawful status on June 15, 2012 means that:

    **A.**  You never had a lawful immigration status on or before June 15, 2012; or

    **B.**  Any lawful immigration status or parole that you obtained prior to June 15, 2012 had expired as of June 15, 2012.

6.  Is currently in school, has graduated or obtained a certificate of completion from high school, has obtained a general educational development (GED) certificate, or is an honorably discharged veteran of the U.S. Armed Forces or U.S. Coast Guard; and

7.  Has not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, and does not otherwise pose a threat to national security or public safety.

An individual may be considered for **Renewal** of DACA if he or she met the guidelines for consideration of Initial DACA (see above) AND he or she:

1.  Did not depart the United States on or after August 15, 2012 without advance parole;

2.  Has continuously resided in the United States since he or she submitted his or her most recent request for DACA that was approved up to the present time; and

3.  Has not been convicted of a felony, a significant misdemeanor, or three or more misdemeanors, and does not otherwise pose a threat to national security or public safety.

## Who May File Form I-821D?

1.  **Childhood Arrivals Who Have Never Been in Removal Proceedings.**  If you have never been in removal proceedings, submit this form to request that USCIS consider deferring action in your case.  You must be 15 years of age or older at the time of filing and meet the guidelines described in the Secretary's memorandum to be considered for deferred action.

2.  **Childhood Arrivals Whose Removal Proceedings Were Terminated.**  If you were in removal proceedings which have been terminated by the immigration judge prior to this request, you may use this form to request that USCIS consider deferring action in your case.  You must be 15 years of age or older at the time of filing and meet the guidelines described in the Secretary's memorandum to be considered for deferred action.

3.  **Childhood Arrivals In Removal Proceedings, With a Final Removal Order, or With Voluntary Departure.**  If you are in removal proceedings, have a final order of removal, exclusion, or deportation issued in any other context, have a voluntary departure order, or if your proceedings have been administratively closed, you may use this form to request that USCIS consider deferring action in your case, even if you are under 15 years of age at the time of filing.  For the purpose of this form, "removal proceedings" includes exclusion or deportation proceedings initiated before April 1, 1997, an Immigration and Nationality Act (INA) section 240 removal proceeding, expedited removal, reinstatement of a final order of exclusion, deportation, or removal, an INA section 217 removal after admission under the Visa Waiver Program, removal as a criminal alien under INA section 238, or any other kind of removal proceeding under U.S. immigration law in any other context (e.g., at the border or within the United States by an immigration agent).

4.  **Childhood Arrivals Whose Case Was Deferred and Who Are Seeking Renewal of DACA.**  If USCIS or ICE deferred action in your case under DACA, you may use this form to request consideration of Renewal of DACA from USCIS.

## General Instructions

USCIS provides forms free of charge through the USCIS website.  In order to view, print, or fill out our forms, you should use the latest version of Adobe Reader, which can be downloaded for free at **http://get.adobe.com/reader/**.

Each request must be properly signed and accompanied by Form I-765 with fees and Form I-765WS.  If you are under 14 years of age, your parent or legal guardian may sign the request on your behalf.  A designated representative may sign if the requestor is unable to sign due to a physical or developmental disability or mental impairment.  A photocopy of a signed request or typewritten name in place of a signature is not acceptable.  This request is not considered properly filed until accepted by USCIS.

**Evidence.**  You must submit all required evidence and supporting documentation with your request at the time of filing.  See the **Evidence for Initial Requests Only** and **Evidence for Renewal Requests Only** sections of these instructions for more details.

You should keep all documents that support how you meet the DACA guidelines so you can provide them if they are requested by USCIS.

**NOTE:**  If you are submitting a **Renewal Request** for consideration of DACA to USCIS, you do not need to re-submit documents you already submitted with your previous DACA requests.

**Biometric Services Appointment.**  Individuals requesting DACA must provide fingerprints, photographs, and signatures (biometrics).  You may receive a notice scheduling you to appear at an Application Support Center (ASC) for biometrics collection.  Failure to comply with the notice may result in the denial of your deferred action request.  USCIS may, in its discretion, waive the collection of certain biometrics.

**Copies.**  You may submit a legible photocopy of any document, unless you are specifically required to file an original document with this request.  Original documents submitted when not required may remain a part of the record, and USCIS will not automatically return them to you.

**Translations.**  Any document you submit to USCIS that contains a foreign language must have a full English translation.  The translator must certify that the English translation is complete and accurate, and that he or she is competent to translate from the foreign language into English.

An example of a certification would read, "I [typed name], certify that I am fluent (conversant) in the English and [insert other language] languages, and that the above/attached document is an accurate translation of the document attached entitled [name of document]."  The certification should also include the date, the translator's signature and typed name, and the translator's address.

**Advance Parole.**  If you wish to file a request for Advance Parole, please follow the instructions for filing Form I-131, Application for Travel Document.  You can get the most current information on how to apply for advance parole by visiting the USCIS website at **www.uscis.gov/i-131** or calling the National Customer Service Line at **1-800-375-5283** or **1-800-767-1833** (TTY for the hearing impaired).  Customer service officers are available Monday - Friday from 8 a.m. - 6 p.m. in each U.S. time zone.

**Travel Warning.**  On or after August 15, 2012, if you travel outside of the United States before USCIS has determined whether to defer action in your case, you will not be considered for deferred action.  Even after USCIS has deferred action in your case under DACA, you should not travel outside the United States unless you have been issued an Advance Parole Document by USCIS.  Deferred action will terminate automatically if you travel outside the United States without obtaining an Advance Parole Document from USCIS.  In addition, leaving the United States, even with an Advance Parole Document, may impact your ability to return to the United States.

**How To Fill Out Form I-821D**

1. This form consists of eight parts. Requestors for Initial DACA and those requestors seeking Renewal of DACA should fill out most parts. However, only requestors for Initial DACA should complete **Part 3.** See below for greater detail.

   **Part 1. Information About You.**  All requestors must complete this part.

   **Part 2. Residence and Travel Information.**  All requestors must complete this part. Please be aware that Initial requestors must provide more extensive information than Renewal requestors.

   **Part 3. For Initial Requests Only.**  Renewal requestors should skip this part.

   **Part 4. Criminal, National Security, and Public Safety Information.**  All requestors must complete this part.

   **Part 5. Statement, Certification, Signature, and Contact Information of the Requestor.**  All requestors must complete this part.

   **Part 6. Contact Information, Certification, and Signature of the Interpreter.**  Any requestor using an interpreter must complete this part.

   **Part 7. Contact Information, Declaration, and Signature of the Person Preparing this Request, If Other than the Requestor.**  If you had someone else prepare your request, he or she must complete this part.

   **Part 8. Additional Information.**  Any requestor may complete this part if additional space is needed.

2. Further Information on filling out Form I-821D:

   **A.** Type or print legibly in black ink.

   **B.** If you need extra space to complete any item within this request, use **Part 8. Additional Information** and make additional copies of this sheet as needed.  Type or print your name and Alien Registration Number (A-Number) (if any) at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

   **C.** Answer all questions fully and accurately.  If an item is not applicable or the answer is "none," type or print "N/ A," unless otherwise directed.

   **D.** All dates must be entered as mm/dd/yyyy.  You may provide approximate dates if you do not know the exact date. Do not leave a date response blank.

   **E.** **Processing Information.**  You must provide the biometrics information requested in **Part 1.**, **Item Numbers 15. - 20.**  Providing this information as part of your request may reduce the time you spend at your USCIS ASC appointment.

   **F.** **Part 5. Statement, Certification, Signature, and Contact Information of the Requestor.**  Select the box that indicates whether someone interpreted this form for you.  If applicable, the attorney, accredited representative, or other individual who helped prepare this form for you must complete **Part 7.** and sign and date the form.  Every request must contain the requestor's original signature.  A photocopy of a signed request or a typewritten name in place of a signature is **not** acceptable.  Sign and date the form and provide your daytime telephone number, mobile telephone number, and email address.  If you are under 14 years of age, your parent or legal guardian may sign the request on your behalf.  A designated representative may sign if the requestor is unable to sign due to a physical or developmental disability or mental impairment.

   **G.** **Part 6. Contact Information, Certification, and Signature of the Interpreter.**  If you used an interpreter to read the instructions and complete the questions on this form, the interpreter must fill out **Part 6.**  The interpreter must provide his or her full name, the name of his or her business or organization, an address, a daytime telephone number, and an email address.  He or she must also sign and date the form.

**H. Part 7. Contact Information, Declaration, and Signature of the Person Preparing this Request, If Other Than the Requestor.** If the person who completed this request, is someone other than the person named in **Part 1.**, he or she must complete this section of the request, provide his or her name, the address of his or her business or organization (if any), and his or her contact information. If the person completing this request is an attorney or accredited representative, he or she must submit a completed Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, along with this request. Further, the attorney or accredited representative, and anyone who assisted in preparing your request, must sign and date the request. This section of the request **MUST** contain the original signature of the attorney or accredited representative, and anyone who assisted in preparing your request. A typewritten name in place of a signature is not acceptable.

## Evidence for Initial Requests Only

**NOTE:** If you are submitting an **Initial Request** for consideration of DACA to USCIS, you will need to submit documents showing how you believe you have satisfied each DACA guideline.

1. What documents should you submit with your Form I-821D?

   **A.** You do not need to submit original documents unless USCIS requests them.

   **B.** Evidence and supporting documents that you file with your Form I-821D should show that you are at least 15 years of age at the time of filing, if required (see the **Who May File Form I-821D** section of these instructions for more information), and that you meet all of the following:

   **(1)** Were born after June 15, 1981 (i.e., You were not age 31 or older on June 15, 2012);

   **(2)** Arrived in the United States before 16 years of age;

   **(3)** Have continuously resided in the United States since June 15, 2007, up to the present time;

   **(4)** Were present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;

   **(5)** Had no lawful status on June 15, 2012; and

   **(6)** Are currently in school, graduated or received a certificate of completion from high school, obtained a GED certificate or other equivalent state-authorized exam in the United States, or that you are an honorably discharged veteran of the U.S. Armed Forces or U.S. Coast Guard.

2. What documents do you need to provide to prove identity?

   Submit copies of any of the following:

   **A.** Passport;

   **B.** Birth certificate accompanied by photo identification;

   **C.** Any national identity document from your country of origin bearing your photo and/or fingerprint;

   **D.** Any U.S. government immigration or other document bearing your name and photograph (e.g., EADs, visas, driver's licenses, non-driver cards);

   **E.** Any school-issued form of identification with photo;

   **F.** Military identification document with photo;

   **G.** State-issued photo ID showing date of birth; or

   **H.** Any other document with photo that you believe is relevant.

   **NOTE:** Expired documents are acceptable.

3.  **What documents may show that you came to the United States before your 16th birthday?**

Submit copies of any of the following documents:

**A.**  Passport with an admission stamp indicating when you entered the United States;

**B.**  Form I-94, I-94W, or I-95 Arrival-Departure Record;

**C.**  Any Immigration and Naturalization Service (INS) or DHS document stating your date of entry (e.g., Form I-862, Notice to Appear);

**D.**  Travel records, such as transportation tickets showing your dates of travel to the United States;

**E.**  School records (e.g., transcripts, report cards) from the schools that you have attended in the United States, showing the names of the schools and periods of school attendance;

**F.**  Hospital or medical records concerning treatment or hospitalization, showing the names of the medical facilities or physicians and the dates of the treatment or hospitalization;

**G.**  Official records from a religious entity in the United States confirming your participation in a religious ceremony, rite, or passage (e.g., baptism, first communion, wedding); or

**H.**  Any other document that you believe is relevant.

4.  **If you left the United States for some period of time before your 16th birthday and returned on or after your 16th birthday to begin your current period of continuous residence, what documents may show that you established residence before your 16th birthday?**

Submit copies of any of the following documents:

**A.**  School records (e.g., transcripts, report cards) from the schools that you have attended in the United States, showing the names of the schools and periods of school attendance;

**B.**  Employment records (e.g., pay stubs, W-2 Forms, certification of the filing of Federal income tax returns, state verification of the filing of state income tax returns, letters from employers, or, if you are self employed, letters from banks and other firms with whom you have done business);

**C.**  Documents evidencing that you were physically present in the United States for multiple years prior to your 16th birthday; or

**D.**  Any other relevant document.

5.  **What documents may show that you continuously resided in the United States since June 15, 2007, up to the present date?**

Submit copies of any relevant documents such as:

**A.**  Rent receipts, utility bills (e.g., gas, electric, phone), or receipts or letters from companies showing the dates during which you received service.  You may submit this documentation even if it only has the name of your parents or legal guardians, as long as you also submit other evidence (e.g., third party documentation) that connects you to your residence at that address;

**B.**  Employment records (e.g., pay stubs, W-2 Forms, certification of the filing of Federal income tax returns, state verification of the filing of state income tax returns, letters from employers, or, if you are self employed, letters from banks and other firms with whom you have done business);

**NOTE:**  In all of these documents, your name and the name of the employer or other interested organization must appear on the form or letter, as well as relevant dates.  Letters must include: your address at the time of employment, exact periods of employment, periods of layoff, and duties with the employer.  Letters must also be signed by the employer and include the employer's contact information.

**C.**  School records (e.g., transcripts, report cards) from the schools that you have attended in the United States, showing the names of the schools and periods of school attendance;

**D.** Military records (e.g., Form DD-214, Certificate of Release or Discharge from Active Duty; NGB Form 22, National Guard Report of Separation and Record of Service; military personnel records; or military health records);

**E.** Hospital or medical records concerning treatment or hospitalization, showing the names of the medical facilities or physicians and the dates of the treatment or hospitalization;

**F.** Official records from a religious entity in the United States confirming your participation in a religious ceremony, rite, or passage (e.g., baptism, first communion, wedding);

**G.** Money order receipts for money sent in or out of the country; passport entries; birth certificates of children born in the United States; dated records of bank transactions; correspondence between you and another person or organization; automobile license receipts, title, vehicle registration, etc.; deeds, mortgages, rental agreements, contracts to which you have been a party; tax receipts; insurance policies; receipts; postmarked letters; or

**H.** Any other relevant document.

**6. Do brief departures interrupt continuous residence?**

A brief, casual, and innocent absence from the United States will not interrupt your continuous residence. If you were absent from the United States for any period of time, your absence will be considered brief, casual, and innocent, if it was on or after June 15, 2007, and before August 15, 2012, and:

**A.** The absence was short and reasonably calculated to accomplish the purpose for the absence;

**B.** The absence was not because of an order of exclusion, deportation, or removal;

**C.** The absence was not because of an order of voluntary departure or an administrative grant of voluntary departure before you were placed in exclusion, deportation, or removal proceedings; and

**D.** The purpose of the absence and/or your actions while outside of the United States were not contrary to law.

**In Part 3. Arrival/Residence Information,** list all your absences from the United States since June 15, 2007. Include information about all your departure and return dates, and the reason for your departures. Documents you can submit that may show your absence was brief, casual, and innocent include, but are not limited to:

**A.** Plane or other transportation tickets or itinerary showing the travel dates;

**B.** Passport entries;

**C.** Hotel receipts showing the dates you were abroad;

**D.** Evidence of the purpose of the travel (e.g., you attended a wedding or funeral);

**E.** Copy of Advance Parole Document issued by USCIS; and

**F.** Any other evidence that could support a brief, casual, and innocent absence.

**7. What documents may demonstrate that you were present in the United States on June 15, 2012?**

Submit copies of any relevant documents such as:

**A.** Rent receipts, utility bills (e.g., gas, electric, phone), or receipts or letters from companies showing the dates during which you received service You may submit this documentation even if it only has the name of your parents or legal guardians, as long as you also submit other evidence (e.g., third party documentation) that connects you to your residence at that address;

**B.** Employment records (e.g., pay stubs, W-2 Forms, certification of the filing of Federal income tax returns, state verification of the filing of state income tax returns, letters from employers, or, if you are self employed, letters from banks and other firms with whom you have done business);

**NOTE:** In all of these documents, your name and the name of the employer or other interested organization must appear on the form or letter, as well as relevant dates. Letters must include: your address at the time of employment, exact periods of employment, periods of layoff, and duties with the employer. Letters must also be signed by the employer and include the employer's contact information.

**C.** School records (e.g., transcripts, report cards) from the schools that you have attended in the United States, showing the names of the schools and periods of school attendance;

**D.** Military records (e.g., Form DD-214, Certificate of Release or Discharge from Active Duty; NGB Form 22, National Guard Report of Separation and Record of Service; military personnel records; or military health records);

**E.** Hospital or medical records concerning treatment or hospitalization, showing the names of the medical facilities or physicians and the dates of the treatment or hospitalization;

**F.** Official records from a religious entity in the United States confirming your participation in a religious ceremony, rite, or passage (e.g., baptism, first communion, wedding);

**G.** Money order receipts for money sent in or out of the country; passport entries; birth certificates of children born in the United States; dated records of bank transactions; correspondence between you and another person or organization; automobile license receipts, title, vehicle registration, etc.; deeds, mortgages, rental agreements, contracts to which you have been a party; tax receipts; insurance policies; receipts; postmarked letters; or

**H.** Any other relevant document.

**8. What documents may show you had no lawful status on June 15, 2012?** (Submit documents if you were admitted or paroled, or otherwise obtained a lawful immigration status, on or before June 15, 2012, or you were or are in removal proceedings.)

Submit copies of any of the following documents:

**A.** Form I-94, I-94W, or I-95 Arrival/Departure Record showing the date your authorized stay expired;

**B.** If you have a final order of exclusion, deportation, or removal issued as of June 15, 2012, submit a copy of that order and related charging documents, if available;

**C.** An INS or DHS charging document placing you into removal proceedings, if available; or

**D.** Any other document that you believe is relevant to show that on June 15, 2012, you had no lawful status.

**9. What documents may demonstrate that you: a) are currently in school in the United States at the time of filing; b) have graduated or received a certificate of completion or a certificate of attendance from a U.S. high school, a U.S. public or private college or university, including community college; or c) have obtained a GED certificate or other equivalent state-authorized exam in the United States?** (If applicable)

USCIS recognizes that schools, educational programs, school districts, and state education agencies around the country issue educational records in a variety of formats.  USCIS does not require educational records to be presented in any particular format.

**A.** To be considered "currently in school," you are to demonstrate that you are currently enrolled in one of the following:

    **(1)** A U.S. public, private, or charter elementary school, junior high or middle school, high school, secondary school, alternative program, or home school program meeting state requirements;

    **(2)** An education, literacy, or career training program (including vocational training) that has a purpose of improving literacy, mathematics, or English or is designed to lead to placement in post-secondary education, job training, or employment, and where you are working toward such placement, and that the program:

        **(a)** Is administered by a non-profit entity; or

        **(b)** Is funded in whole or in part by Federal, state, local, or municipal funds; or

        **(c)** Is of demonstrated effectiveness;

**(3)** An education program in the U.S. assisting students in obtaining a regular high school diploma or its recognized equivalent under state law (including a certificate of completion, certificate of attendance, or alternate award), or in passing a GED exam or other equivalent state-authorized exam, and that the program:

    **(a)** Is administered by a non-profit entity; or

    **(b)** Is funded in whole or in part by Federal, state, local, or municipal funds; or

    **(c)** Is of demonstrated effectiveness;

**(4)** A U.S. public or private college or university including community college.

Evidence of enrollment may include, but is not limited to: school registration cards, acceptance or other letters demonstrating enrollment or attendance, current transcripts, report cards, progress reports, or other documents issued by a school district, state education agency, school, or program.  These documents should show your name; the name of the school district, or state educational agency, school, or program issuing the record; the dates or time periods of enrollment you are seeking to establish; and your current educational or grade level.

If you have been accepted for enrollment and your classes have not yet begun, you may submit an acceptance letter with evidence that you have registered for classes or any other relevant evidence showing you have committed to starting classes on a certain date, including, for example, a copy of your tuition bill, your class schedule, or your Individualized Educational Program.

If you are enrolled in an educational, literacy, or career training program (including vocational training or an ESL course), evidence that the program is funded in whole or in part by Federal, state, local, or municipal funds includes a letter or other documentation from an authorized representative of the program that includes information such as: your name and date of enrollment, the duration of the program and expected completion date, the program's source of public funding, and the program's authorized representative's contact information.

If you are enrolled in an education, literacy, or career training program that is not publicly funded, evidence that the program is of demonstrated effectiveness may include information from an authorized school representative relating to: the duration of the program's existence; the program's track record in placing students in employment, job training, or post-secondary education; receipt of awards or special achievement or recognition that indicate the program's overall quality; and/or any other information indicating the program's overall quality.

**B.** Evidence to show that you meet the educational guideline because you have "graduated from school" or "obtained a GED certificate" or other equivalent state-authorized exam in the United States includes, but is not limited to:

**(1)** A high school diploma from a U.S. public or private high school or secondary school;

**(2)** A recognized equivalent of a U.S. high school diploma under state law, including a GED certificate or other equivalent state-authorized exam, a certificate of completion, or a certificate of attendance;

**(3)** A transcript that identifies the date of graduation or program completion;

**(4)** An enrollment history that shows the date of graduation or program completion;

**(5)** A degree from a public or private college or university or a community college; or

**(6)** An alternate award from a U.S. public or private high school or secondary school.

These documents should show your name; the name of the U.S. school district, educational agency, school, or program issuing the record; the dates or time periods of enrollment you are seeking to establish; and your date of graduation or completion.

**10. What documents may demonstrate that you are an honorably discharged veteran of the U.S. Armed Forces or U.S. Coast Guard?** (If applicable)

Submit copies of the following documents:

**A.** Form DD-214, Certificate of Release or Discharge from Active Duty;

**B.** NGB Form 22, National Guard Report of Separation and Record of Service;

**C.**  Military personnel records;

**D.**  Military health records; or

**E.**  Any other relevant document.

**11.  What additional documents should you submit if you are currently or have been in removal proceedings?**

Submit a copy of the removal order, any document issued by the immigration judge, or the final decision of the Board of Immigration Appeals (BIA), if available.  If you have not been in removal proceedings, this question does not apply to you.

**12.  What evidence should I submit to demonstrate my criminal history?**

If you have been arrested for or charged with any felony (i.e., a Federal, state, or local criminal offense punishable by imprisonment for a term exceeding one year) or misdemeanor (i.e., a Federal, state, or local criminal offense for which the maximum term of imprisonment authorized is one year or less but greater than five days) in the United States, or a crime in any country other than the United States, you must submit evidence demonstrating the results of the arrest or charges brought against you.  If the charges against you were handled in juvenile court, and the records are from a state with laws prohibiting their disclosure, this evidence is not required.

**A.**  If you have ever been arrested for any felony or misdemeanor in the United States, or a crime in any country other than the United States, and no charges were filed, submit an original official statement by the arresting agency or applicable court order confirming that no charges were filed for each arrest.  If you are unable to provide such documentation or if it is not available, you must provide an explanation, including a description of your efforts to obtain such evidence, in **Part 8. Additional Information.**

**B.**  If you have ever been charged with or convicted of a felony or misdemeanor in the United States, or a crime in any country other than the United States, submit an original or court-certified copy of the complete arrest record and disposition for each incident (e.g., dismissal order, conviction and sentencing record, acquittal order).  If you are unable to provide such documentation or if it is not available, you must provide an explanation, including a description of your efforts to obtain such evidence, in **Part 8. Additional Information.**

**C.**  If you have ever had any arrest or conviction vacated, set aside, sealed, expunged, or otherwise removed from your record, submit:

**(1)**  An original or court-certified copy of the court order vacating, setting aside, sealing, expunging, or otherwise removing the arrest or conviction; or

**(2)**  An original statement from the court that no record exists of your arrest or conviction.

If you are unable to provide such documentation or if it is not available, you must provide an explanation, including a description of your efforts to obtain such evidence, in **Part 8. Additional Information.**

**NOTE:  You do not need to submit documentation concerning minor traffic violations such as driving without a license unless they were alcohol - or drug-related.**

## Evidence for Renewal Requests Only

**NOTE:**  If you are submitting a **Renewal Request** for consideration of DACA to USCIS, you do not need to re-submit documents you already submitted with your previous DACA requests.

If you are seeking a **Renewal** of DACA, respond to all questions, except where the section or question indicates "For Initial Requests Only."

If you are currently in exclusion, deportation, or removal proceedings, see **Item Number 11.** (above) for additional guidance.

If you have any criminal history, see **Item Number 12.** (above) for additional guidance.

With your Renewal request, you only need to submit any new documents pertaining to removal proceedings or criminal history that you have not already submitted to USCIS. If USCIS needs more documentation from you, USCIS will send a Request for Evidence to you explaining the needed information. However, you should submit new documents if any of the following situations apply to you:

1.  You are currently in exclusion, deportation, or removal proceedings (please note, you do not need to submit these documents if your case was administratively closed); or

2.  You have been charged with, or convicted of, a felony or misdemeanor (please note, you do not need to submit these documents if you already submitted them with a previous DACA request).

**NOTE:** You should keep all documents that support how you meet the DACA guidelines so you can provide them if they are requested by USCIS.

If ICE initially deferred action in your case and you are seeking a Renewal, you must select and complete **Item Number 2.** in **Part 1.** of Form I-821D. You must also respond to **ALL** subsequent questions on the form. You must also submit documentation to establish how you satisfy the guidelines as if you were filing an Initial request for consideration of deferred action.

**NOTE:** You do not need to submit documentation concerning minor traffic violations such as driving without a license unless they were alcohol-or drug- related.

---

## Additional Information Relevant to ALL Requests for DACA

1.  **What other factors will USCIS consider when making a determination on deferred action?**

    USCIS will also conduct a background check. USCIS may consider deferring action in your case even if you have been arrested or detained by any law enforcement officer and charges were filed, or if charges were filed against you without an arrest. USCIS will evaluate the totality of the circumstances in reaching a decision on deferred action.

    In accordance with the Secretary's memorandum, if USCIS determines that you have been convicted of a felony, a significant misdemeanor, or three or more misdemeanors not occurring on the same date and not arising out of the same act, omission, or scheme of misconduct, or that you otherwise pose a threat to national security or public safety, USCIS is unlikely to defer action in your case. See the Frequently Asked Questions at **www.uscis.gov/childhoodarrivals**.

    Even if you satisfy the threshold criteria for consideration of DACA, USCIS may deny your request if it determines, in its unreviewable discretion, that an exercise of prosecutorial discretion is not warranted in your case.

2.  **What else should you submit with Form I-821D?**

    USCIS will not consider deferring action in your case unless your Form I-821D is accompanied by Form I-765, with fees, and Form I-765WS. If you do not include Form I-765 with all applicable fees with your Form I-821D, your entire submission will be rejected.

    **Optional E-Notification of Request Acceptance.** You may submit Form G-1145, Notification of Application/Petition Acceptance, an optional form, which will notify you electronically when USCIS accepts your request for DACA.

---

## What is the Filing Fee?

There is no filing fee for Form I-821D. However, you must submit both filing and biometric services fees with Form I-765. Read Form I-765 filing instructions for complete information at **www.uscis.gov/I-765**.

---

## Where to File?

Please see our USCIS website at **www.uscis.gov/I-821D** or call the USCIS National Customer Service Center at **1-800-375-5283** for the most current information about where to file this form.  For TTY (deaf or hard of hearing) call: **1-800-767-1833**.

## Address Changes

You must inform USCIS if you change your address.  For information on filing a change of address, go to the USCIS website at **www.uscis.gov/addresschange** or contact the USCIS National Customer Service Center at **1-800-375-5283**.  For TTY (deaf or hard of hearing) call:  **1-800-767-1833**.

**NOTE:**  Do not submit a change of address request to USCIS Lockbox facilities because these facilities do not process change of address requests.

## Processing Information

**Initial Processing.**  Once your request has been received by USCIS, USCIS will check the request for completeness.  If you do not completely fill out the form, USCIS may deny or reject your request.

**Requests for More Information, Including Biometrics or Interview.**  We may request more information or evidence,or we may request that you appear at a USCIS office for an interview.  We may also request that you provide the originals of any copies you submit.  We will return these originals when they are no longer needed.

If the same documents are required for both Form I-821D and Form I-765 that are filed together, the documents only have to be submitted once.

At the time of any interview or other appearance at a USCIS office, USCIS may require that you provide biometric information (e.g., photograph, fingerprints, signature) to verify your identity and update your background information.

**Decision.**  USCIS will review your request to determine whether the exercise of prosecutorial discretion is appropriate in your case.  Each case will be considered on an individual, case-by-case basis.  Even if you satisfy the threshold criteria for consideration of DACA, USCIS may determine, in its unreviewable discretion, that deferred action is not warranted in your case.  You will be notified of the decision in writing.  There is no motion to reopen/reconsider the decision and there is no right to appeal.

## USCIS Forms and Information

To ensure you are using the latest version of this form, visit the USCIS website at **www.uscis.gov** where you can obtain the latest USCIS forms and immigration-related information.  If you do not have Internet access, you may order USCIS forms by calling our toll-free number at **1-800-870-3676**.  You may also obtain forms and information by calling the USCIS National Customer Service Center at **1-800-375-5283**.  For TTY (deaf or hard of hearing) call:  **1-800-767-1833**.

As an alternative to waiting in line for assistance at your local USCIS office, you can now schedule an appointment through our Internet-based system, **InfoPass**.  To access the system, visit our website at **infopass.uscis.gov**.  Use the **InfoPass** appointment scheduler and follow the screen prompts to set up your appointment.  **InfoPass** generates an electronic appointment notice that appears on the screen.

## Penalties

If you knowingly and willfully provide materially false information on Form I-821D, you will be committing a Federal felony punishable by a fine, or imprisonment up to five years, or both, under 18 U.S.C. Section 1001. In addition, individuals may be placed into removal proceedings, face severe penalties provided by law, and be subject to criminal prosecution.

## USCIS Privacy Act Statement

**AUTHORITIES:** The information requested on this form, and the associated evidence, is collected under the Immigration and Nationality Act, section 101, et seq.

**PURPOSE:** The primary purpose for providing the requested information on this form is to determine if you should be considered for deferred action as a childhood arrival. The information you provide will be used in making a decision whether to defer removal action in your case as an exercise of prosecutorial discretion.

**DISCLOSURE:** The information you provide is voluntary. However, failure to provide the requested information, and any requested evidence, may delay a final decision in your case or result in denial of your request.

**ROUTINE USES:** The information you provide on this form may be shared with other Federal, state, local, and foreign government agencies and authorized organizations following approved routine uses described in the associated published system of records notices [DHS/USCIS-007 - Benefits Information System and DHS/USCIS-001 - Alien File, Index, and National File Tracking System of Records which can be found at **www.dhs.gov/privacy**].

## Other Disclosure Information

Information provided in this request is protected from disclosure to ICE and U.S. Customs and Border Protection (CBP) for the purpose of immigration enforcement proceedings unless the requestor meets the criteria for the issuance of a Notice To Appear or a referral to ICE under the criteria set forth in USCIS' Notice to Appear guidance (**www.uscis.gov/NTA**). The information may be shared with national security and law enforcement agencies, including ICE and CBP, for purposes other than removal, including for assistance in the consideration of deferred action for childhood arrivals request itself, to identify or prevent fraudulent claims, for national security purposes, or for the investigation or prosecution of a criminal offense. **The above information sharing clause covers family members and guardians, in addition to the requestor.**

This policy, which may be modified, superseded, or rescinded at any time without notice, is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

## Paperwork Reduction Act

An agency may not conduct or sponsor an information collection, and a person is not required to respond to a collection of information, unless it displays a currently valid OMB control number. The public reporting burden for this collection of information is estimated at 3 hours per response, including the time for reviewing instructions and completing and submitting the form. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to: U.S. Citizenship and Immigration Services, Regulatory Coordination Division, Office of Policy and Strategy, 20 Massachusetts Ave NW, Washington, DC 20529-2140; OMB No. 1615-0124. **Do not mail your completed Form I-821D to this address.**

**Reminder**

*For Initial and Renewal Request*

☐ Did you submit Form I-765 along with the filing and biometric services fees ($495) required for the application or employment authorization, and did you also submit a completed Form I-765WS?

☐ Did you answer every relevant **Item Number**?

☐ Did you provide an original, handwritten signature and date your request?

☐ Did you submit the necessary documents? For Initial requests, did you submit documents to meet each guideline? For Renewal requests, see the section titled Evidence for Renewal Requests Only.

☐ If you were issued a final order of exclusion, deportation, or removal, did you include a copy of that final order (if available and if you had not already submitted it to USCIS)?

☐ If your exclusion, deportation, or removal proceedings were terminated by an immigration judge, did you include a copy of the immigration judge's termination order (if available and if you had not already submitted it to USCIS)?

☐ If you have ever been arrested for, charged with, or convicted of any felony or misdemeanor in the United States or any crime in any country other than the United States, did you submit an original, official, or court-certified document that shows your complete arrest record and final disposition for each incident (if available and if you had not already submitted it to USCIS)?

*For Initial Requests Only*

☐ Did you submit evidence to show that you came to the United States while under 16 years of age?

☐ Did you submit evidence to prove your identity, date of initial entry, and continuous residence from June 15, 2007 (or earlier) up to the present time?

☐ Did you submit evidence that you are currently in school, have a GED certificate, have graduated or received a certificate of completion from high school, or are an honorably discharged veteran of the U.S. Armed Forces or U.S. Coast Guard?

☐ Did you provide evidence showing that you had no lawful status as of June 15, 2012?

# EXHIBIT 3

to Defendants' Feb. 2, 2018 Letter

Case 1:16-cv-04756-NGG-VMS   Document 251   Filed 02/02/18   Page 22 of 25 PageID #: 4116



**U.S. Citizenship and
Immigration Services**

## Guidance on Rejected DACA Requests

Versión en español

**Important information about DACA requests:** Unrelated to the guidance below, USCIS has resumed accepting requests to renew a grant of deferred action under DACA due to a federal court order. USCIS is not accepting requests from individuals who have never before been granted deferred action under DACA. Until further notice, and unless otherwise provided in this guidance, the DACA policy will be operated on the terms in place before it was rescinded on Sept. 5, 2017. For more information, visit Deferred Action for Childhood Arrivals: Response to January 2018 Preliminary Injunction.

**Update Dec. 27, 2017: Based on information provided by USPS regarding the mailing of DACA requests, USCIS is sending letters to affected DACA requestors inviting them to resubmit their DACA request within 33 calendar days. For any such affected DACA requestor who proactively resubmitted his/her DACA request before receiving a letter from USCIS inviting him/her to resubmit, USCIS alternatively will accept those resubmitted DACA requests and will send a receipt notice.**

U.S. Citizenship and Immigration Services (USCIS) has received reports that the U.S. Postal Service (USPS) has identified USPS mail service delays that affected a number of DACA renewal requests. Because the DACA policy had been rescinded and individuals could no longer request deferred action under DACA, and in light of the mail service delays identified by USPS, on Nov. 15, 2017, then-Acting Secretary of Homeland Security Elaine Duke directed USCIS to accept DACA renewal requests from individuals who resubmit their DACA renewal request with individualized proof that the request was originally mailed in a timely manner and that the cause for receipt after the Oct. 5, 2017, deadline was the result of USPS mail service error.

In addition, USCIS had discovered certain cases in which the DACA requests were received at the designated filing location (*e.g.*, at the applicable P.O. Box) by the filing deadline, but were rejected. USCIS will proactively reach out to those DACA requestors to inform them that they may resubmit their DACA request. If a DACA requestor does not receive such a notification and believes that his or her DACA request was received at the designated filing location by the filing deadline, he or she may resubmit his or her DACA request with proof that the request was previously received at the designated filing location on or before the filing deadline.

Case 1:16-cv-04756-NGG-VMS   Document 251   Filed 02/02/18   Page 23 of 25 PageID #: 4127

# Frequently Asked Questions

**Q1: Are any new DACA requests being accepted?**
A1: No. The DACA policy for accepting new, initial DACA requests ended on Sept. 5, 2017.

**Q2: Can I still submit a DACA renewal request?**
A2: No. The due date for DACA renewal requests was Sept. 5, 2017 for recipients whose DACA expired before Sept. 5, 2017, and Oct. 5, 2017 for recipients whose DACA expired between Sept. 5, 2017 and March 5, 2018.

**Q3: I believe that my DACA request was delivered by the deadline, but since it wasn't officially "received" by USCIS until the following day, my request was rejected and returned to me. What do I need to do to have my DACA request reconsidered?**
A3: USCIS will identify you and will send you a letter inviting you to resubmit your DACA request. You will have 33 days from the date of the letter to resubmit your request. You may wish to keep a copy of all materials included in your resubmission.  USCIS expects to be able to identify and send letters to all persons in this situation.

**Q4: I believe that my DACA request was delivered by the deadline, but since it wasn't officially "received" by USCIS until the following day, my request was rejected and returned to me.  However, I haven't been contacted by USCIS to resubmit my DACA request.  What should I do?**
A4: If you believe your DACA request was delivered by the filing deadline but have not been contacted by USCIS to resubmit your request, you may contact Lockbox Support and explain your situation prior to resubmitting your package for reconsideration. To contact Lockbox Support please email lockboxsupport@uscis.dhs.gov.  Provide any information you feel is relevant to your belief that your DACA request was received by USCIS in a timely manner.

**Q5: What will happen if my current DACA expires before my renewal is processed?  Will I be at risk of removal while this issue is being resolved?**
A5: Consistent with longstanding USCIS policy, you will not have deferred action if there is a gap of time between the end of your current DACA and the agency's adjudication of your renewal request. Therefore it is very important for you to resubmit your renewal request as soon as possible.

Information provided to USCIS for the DACA process will not make you an immigration priority for that reason alone. That information will only be proactively provided to ICE or CBP if the requestor meets the criteria for the issuance of a Notice To Appear or a referral to ICE under the criteria set forth in USCIS' Notice to Appear guidance (www.uscis.gov/NTA). This information-sharing policy has not changed in any way since it was first announced, including as a result of the Sept. 5, 2017 memo starting a wind-down of the DACA policy.  This policy, which may be modified, superseded, or rescinded at any time with or without notice (as has always been the case, and is noted in the archived USCIS DACA FAQs), is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable by law by any party in any administrative, civil, or criminal matter.

**Q6: If my DACA renewal request is approved after expiration of my current DACA, will the renewed deferred action apply retroactively?**
A6: No. In accordance with longstanding policy, an approved DACA request will not apply

Case 1:16-cv-04756-NGG-VMS   Document 251   Filed 02/02/18   Page 24 of 25 PageID #: 4128

retroactively. An individual's deferred action under the DACA policy begins the day USCIS approves the renewal request and is generally valid for two years from the date of issuance.

**Q7: I submitted my renewal request on time, but it was rejected by USCIS for other reasons. Can I resubmit it again?**
A7: If USCIS rejected your timely filed renewal request because it was not properly filed, that is a valid reason for rejection and it will not be reconsidered. However, if you believe your request was improperly rejected, *i.e.*, it did include all required documents and information, and was properly signed and accompanied by the required fee or approved fee exemption, you may contact Lockbox Support for more information. The email address for Lockbox Support is lockboxsupport@uscis.dhs.gov. Please be prepared to identify and provide a detailed description of the error you believe was made. If you identify a clear error by USCIS in the processing of your renewal request, USCIS may exercise its discretion to review your request again.

**Q8: I believe that my DACA request was delivered to the USCIS designated filing location after the deadline because of U.S. Postal Service (USPS) mail-service delays. What do I need to do to have my DACA request reconsidered?**
A8: The USPS is working with USCIS to identify DACA requests that were received after the deadline due to USPS mail-service delays. As soon as USPS completes its assessment, identifies such requests, and provides this information to USCIS, USCIS will send affected DACA requestors a letter inviting them to resubmit their DACA request. If you receive such a letter, you will have 33 calendar days from the date of the letter to resubmit your request. You may wish to keep a copy of all materials included in your resubmission.

**Q9: When will USPS complete its assessment?**
A9: USPS anticipates that it will be able to identify DACA requests that were received after the deadline due to USPS mail-service delays and provide this information to USCIS by mid-December 2017.

**Q10: When will USCIS send letters informing DACA requestors that they were affected by USPS mail-service delays?**
A10: USCIS anticipates that it will be able to send letters to affected individuals approximately one week after USPS provides information to USCIS identifying the impacted requests.

**Q11: Will individuals who resubmit their DACA request need to resubmit the required fee?**
A11: Yes, unless they previously submitted evidence that USCIS had approved their request for a fee exemption, DACA requestors will need to resubmit the required fee. USCIS did not accept or process the fees for individuals whose DACA requests were rejected. When the agency rejected DACA requests, USCIS returned the entire package, including the fee if one was submitted.

**Q12: What should I include in my resubmission package?**
A12: Your resubmission package should include:

- Your original DACA request, including your completed and properly signed Form I-821D, Form I-765, Form I-765 Worksheet, if your originally submitted forms are still available to you, or you may submit newly completed forms; the correct filing fee or approved fee exemption request; and any required supporting evidence as described in the Instructions to the forms; and,

- The letter from USCIS inviting you to resubmit your DACA request.

Case 1:16-cv-04756-NGG-VMS   Document 251   Filed 02/02/18   Page 25 of 25 PageID #: 4129

**Q13: What is the deadline for resubmitting DACA requests?**
A13: Affected individuals will receive a letter from USCIS, and the resubmitted request must be properly filed and received by USCIS at the designated filing location within 33 calendar days of the date of USCIS' letter in order to be considered.  You may wish to send your request with tracking information and/or take other steps to ensure your request is received by USCIS within the required timeframe.

**Q14: I believe that my DACA request was delivered after the deadline due to USPS mail processing issues.  However, I haven't been contacted by USCIS to resubmit my DACA request.  What should I do?**
A14: If you believe a USPS mail processing issue contributed to your DACA request being received by USCIS after the filing deadline but have not been contacted by USCIS to resubmit your request, you may contact Lockbox Support and explain your situation. To contact Lockbox Support please email lockboxsupport@uscis.dhs.gov.  Provide any information you feel is relevant to your belief that your DACA request was properly filed and received by USCIS after the filing deadline due to USPS mail processing issues.

**Q15:  I received a letter from USCIS inviting me to resubmit my DACA request within 33 calendar days.  What does resubmit within 33 calendar days mean exactly?**
A:  It means that USCIS must receive your properly filed DACA request at the USCIS-designated filing location no later than 33 calendar days after the date on the USCIS letter to you.

**Q16:  How can I find the appropriate designated filing location for my DACA request that I want to resubmit?**
A:  The designated filing locations for DACA requests are available here:
 https://www.uscis.gov/i-821d-addresses.


******

The above FAQs, which may be modified, superseded, or rescinded at any time with or without notice, are not intended to, do not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable by law by any party in any administrative, civil, or criminal matter.


Last Reviewed/Updated: 01/26/2018