

February 3, 2018

VIA ECF
The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Batalla Vidal, et al. v. Nielsen, et al.*, No. 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis,

  Plaintiffs write in response to Defendants' letter dated February 2, 2018, submitted to support their claim that the information sharing policy regarding the sharing of information provided by DACA requestors to the United States Citizenship and Immigration Services ("USCIS") has not changed. Oral Ar. Tr. 56:5-57:22, Jan. 30, 2018. Defendants' submission presents a misleading picture of the state of Defendants' statements and actions regarding the use of information provided through DACA applications for routine immigration enforcement.

  To apply for deferred action through DACA, applicants provided a wealth of personal identifying information about themselves and third parties, including family members. Third Amended Complaint, ("TAC"), ECF 113, ¶¶ 77-80. Applicants for deferred action were repeatedly assured by the agency and top agency officials that such information would be protected from disclosure to U.S. Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") for the purpose of immigration enforcement proceedings against them or their families, except in very limited situations. *See* TAC ¶ 80; TAC, Ex. D, Ltr. from Jeh Johnson, Sec'y of Homeland Sec. to Judy Chu, U.S. House of Representatives (Dec. 30, 2016) ("[T]hese representations made by the U.S. government, upon which DACA applicants most assuredly relied, must continue to be honored.").

  Since the termination of DACA, Defendants' official guidance and their actions evince a change in the information sharing policy. The Frequently Asked Questions ("FAQs") released with the Duke Memo, at minimum, sent conflicting messages about the treatment of personal information submitted in DACA applications. *Compare* TAC, Ex. C (information "is protected from disclosure" and the "information sharing policy covers family members and guardians, in addition to the requestor.") *with* Preliminary Injunction Motion ("PI Mot."), Ex. W ("Generally, information provided in DACA requests will not be proactively provided," and no mention of family members); *see also* ECF 199, Amicus Br. of LatinoJustice PRLDEF, et al., 2-5. Defendants have not provided a reasonable explanation for these alterations. At the same time, Defendants urged DACA recipients to use their remaining period of deferred action and work authorization

www.nilc.org

LOS ANGELES (Headquarters)
3450 Wilshire Blvd. Box #108 – 62
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

"to prepare for and arrange their departure from the United States." PI Mot., Ex. QQQ. Recent arrests of individuals with deferred action through DACA or eligible for renewal, including for traffic violations, raise additional doubt that Defendants' information sharing policy remains the same.[1] Given these alterations, Defendants' failure to adequately explain them, and Defendants' practices, the Court should not accept Defendants' self-serving statements that there has been "no change" at face value, particularly on a motion to dismiss and without the benefit of discovery.

Respectfully submitted,

/s/ Trudy S. Rebert

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Victoria Roeck, Law Student Intern
Healy Ko, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq. (MA 9360)
Marisol Orihuela, Esq. †
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq. (DA 4885)
Scott Foletta, Esq. (SF 9452)
Alexia Schapira, Esq. (AS 8222)
Natalia Renta, Esq.*
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: (718) 418-7690

† Appearing *pro hac vice*
* Motion for *pro hac vice* forthcoming

Jessica R. Hanson, Esq. †
Mayra B. Joachin, Esq. †
Karen C. Tumlin, Esq. †
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd., #108-62
Los Angeles, CA 90070
Phone: (213) 639-3900

Justin B. Cox, Esq. †
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Trudy S. Rebert, Esq. †
NATIONAL IMMIGRATION LAW CENTER
PO Box 721361
Jackson Heights, NY 11372
Phone: (646) 951-8793

Joshua A. Rosenthal, Esq. †
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW, Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Attorneys for Plaintiffs*

---

[1] *See* Robert McCoppin and Brian L. Cox, "ICE detains man at traffic court after DACA status expires, then frees him after outcry," *Chicago Tribune*, Feb. 2, 2018, http://www.chicagotribune.com/suburbs/skokie/news/ct-met-dreamer-daca-skokie-courthouse-arrest-20180131-story.html (deferred action lapsed due to mistakes on his renewal application); Elise Foley, "Trump Administration Detaining DACA Recipient With Disability," *HuffPost*, Nov. 16, 2017, https://www.huffingtonpost.com/entry/daca-trump-felipe-abonza-lopez_us_5a09e268e4b0b17ffcdf4e9e (deferred action revoked without notice the day he was arrested by CBP); Daniel Ramirez Medina, "I'm a 'dreamer,' but immigration agents detained me anyway," *Washington Post*, Mar. 13, 2017, https://www.washingtonpost.com/posteverything/wp/2017/03/13/im-a-dreamer-immigration-agents-detained-me-anyway/?utm_term=.ac97081e0db7 (deferred action recipient and father arrested by ICE).