# The Jerome N. Frank Legal Services Organization
YALE LAW SCHOOL

April 26, 2018

VIA ECF

Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:  *Batalla Vidal, et al., v. Nielsen, et al.*,
              No. 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

  We write to respectfully request that the Court lift its January 8, 2018 stay of Defendants' obligation to complete the administrative record. Although that stay was issued pending a decision by the Second Circuit on Defendants' interlocutory appeal of this Court's November 9, 2017 ruling on justiciability and jurisdiction ("§ 1292(b) petition"), it is no longer justified in light of two developments. First, Defendants incorporated all of the arguments made in their § 1292(b) petition into their appeal challenging this Court's preliminary injunction, without withdrawing the § 1292(b) petition. The result has been to effectively moot that petition. Second, in its February 13, 2018 decision granting preliminary injunctive relief, this Court concluded Plaintiffs are likely to succeed on the merits of their arbitrary and capricious claim under the Administrative Procedure Act ("APA"). The stay now precludes this Court from proceeding to a final ruling and affording Plaintiffs the lasting relief the Court's ruling suggests they likely will obtain. Plaintiff States consent to this request and Defendants oppose.

  In light of these intervening events, a protracted stay pending resolution of the preliminary injunction appeal—as opposed to Defendants' first § 1292(b) petition, as this Court's January 8 order originally contemplated—is unwarranted. Accordingly, Plaintiffs respectfully request that the stay on record completion requirements be lifted. In order to avoid potential emergency-motions practice by Defendants before the Second Circuit, Plaintiffs propose that, if the Court grants this request, it provides a seven-day delay between the order and when the stay is actually lifted. Plaintiffs do not seek a lifting of the stay of discovery at this time.

  **I.**  **This Court's January 8, 2018 Stay on Discovery and Record Completion, and Subsequent Developments in the Case.**

  On January 8, 2018, this Court certified for interlocutory review its November 9, 2017 decision concerning justiciability and jurisdiction, ECF No. 104,[1] and issued a stay "pending the Second Circuit's decision on Defendants' anticipated interlocutory appeal." ECF No. 233. At

---

[1] Citations directly to the ECF number refer to the district court case.

1

that time, there was reason to believe that Defendants would promptly file, and the Second Circuit would expeditiously decide, a petition for interlocutory appeal.

Eight days later, on January 16, 2018, Defendants filed their first petition for interlocutory appeal, which addressed only the issues of justiciability and jurisdiction that this Court decided on November 9. Pet. to Appeal, *Nielsen v. Batalla Vidal (Batalla Vidal II)*, No. 18-122 (2d. Cir. Jan. 16, 2018), ECF No. 1. Plaintiffs then argued to the Second Circuit that it should hold the petition in abeyance pending this Court's adjudication of Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss, which were already before the Court, Opp. to Pet., *Batalla Vidal II*, ECF No. 13, a position with which Defendants unexpectedly agreed, Pet. Reply, *Batalla Vidal II*, ECF No. 28. On January 31, 2018, the Second Circuit so ordered. Order, *Batalla Vidal II*, ECF No. 45 (holding Defendants' petition in abeyance "pending the district court's adjudication of the parties' pending motions."). The Second Circuit's order stated that once the motions had been decided, "the Clerk of Court is directed to place the motions for leave to appeal the district court's orders on the calendar for the next available panel." *Id.*

On February 13, 2018, this Court issued a preliminary injunction finding that Plaintiffs had a substantial likelihood of success on the merits of their claim that the DACA Termination was arbitrary and capricious in violation of the APA. ECF No. 255. Defendants appealed that order. *Vidal v. Nielsen (Batalla Vidal III)*, No. 18-485 (2d. Cir. 2018). In that appeal, Defendants have incorporated all of the justiciability and jurisdiction arguments presented in their § 1292(b) petition, but did not withdraw that petition. *Compare* Defs.' Br. at 15-32, *Batalla Vidal III*, ECF No. 119, *with* Pet. at 14-19, *Batalla Vidal II*, ECF No. 1. On March 29, 2018, this Court issued an order granting in part and denying in part Defendants' motion to dismiss. ECF No. 260. Plaintiffs have informed the Second Circuit that this Court has adjudicated the motion for preliminary injunction, *Batalla Vidal II*, ECF No. 47 (Feb. 14, 2018), and the motion to dismiss, *Batalla Vidal II*, ECF No. 51 (Apr. 10, 2018), which Defendants have responded to by asking the Second Circuit to hold their § 1292(b) petition even further in abeyance until the district court has ruled on Defendants' most recent motion for certification. *Batalla Vidal II*, ECF No. 53 (Apr. 10, 2018). The effect of holding Defendants' § 1292(b) petition in abeyance has been to stay discovery and record completion requirements.

The Second Circuit has yet to place Defendants' § 1292(b) petition on its argument calendar. Meanwhile, the Second Circuit has given notice of oral argument in the preliminary injunction appeal for the week of June 25, 2018. As a result, the stay issued by this Court on January 8, solely in contemplation of adjudication of the § 1292(b) petition, has been converted into a protracted stay pending adjudication of the preliminary injunction appeal.

## II. The Court's January 8, 2018 Stay is No Longer Warranted in Light of Intervening Events.

### A. *Defendants' Petition for Interlocutory Appeal Has Been Effectively Mooted.*

The Court's January 8 stay order was intended to last only "pending the Second Circuit's decision on Defendants' anticipated interlocutory appeal." ECF No. 233. However, that appeal

2

has now effectively been mooted, as Defendants have fully incorporated the justiciability and jurisdiction arguments of their § 1292(b) petition into their preliminary injunction appeal, without having withdrawn the § 1292(b) petition. To the extent that this Court was operating under the assumption that the Second Circuit would expeditiously decide a petition for interlocutory appeal, that assumption no longer holds.

Indeed, record completion has now been stayed for close to four months, and it appears that, without the Court's intervention, the stay will remain in place for at least three more months. Since the preliminary injunction appeal will be resolved, at the earliest, in July, this Court will have given Defendants a six-month stay of their record-completion obligations.

### B. The Court's Preliminary Injunction Order Justifies Lifting the Stay on Defendants' Obligation to Complete the Record.

The circumstances justifying the stay have also changed due to this Court's preliminary injunction order. In its February 13 order, the Court found Plaintiffs had a substantial likelihood of success on the merits of their claim that the DACA Termination was arbitrary and capricious in violation of the APA. ECF No. 255. APA review must be "based on the full administrative record that was before the Secretary at the time [s]he made [her] decision." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). However, as this Court and the Second Circuit have concluded, there is a "strong suggestion" that the administrative record Defendants provided is not complete. *See* ECF No. 89; *In re Nielsen (Batalla Vidal I)*, 17-3345, ECF No. 171 (2d. Cir. 2017); *see also* ECF No. 90. Despite these decisions, Defendants have resisted providing anything close to a "plausible" administrative record. ECF No. 255 at 50.[2] These actions have frustrated this Court's ability to proceed to a final ruling on the merits in a timely fashion. Requiring production of the administrative record now is especially appropriate given that the Court likely will need time to review Defendants' anticipated claims of privilege with regard to the administrative record. Moreover, a timely final ruling on the matter is necessary to protect Plaintiffs' interests in the event that the Second Circuit vacates this Court's preliminary injunction.

As this Court's decision on Defendants' second motion to dismiss illuminates, without a full record, this Court can neither "render a merits decision," ECF No. 255 at 50, nor "dismiss Plaintiffs' substantive APA claims," ECF No. 260 at 5, leaving this case in limbo. This Court should lift the stay in order to require Defendants to meet their basic obligations to provide the full administrative record for APA review. *Overton Park*, 401 U.S. at 420; *Comprehensive Cmty. Development Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012).

### III.    Conclusion

---

[2] This Court first ordered production of the administrative record on September 27, 2017, ECF No. 67. Since then, Defendants have pursued "various dilatory tactics" designed to prevent judicial review, ECF No. 255 at 50, including seeking the extraordinary remedy of a writ of mandamus from the Second Circuit, which was denied in a per curiam opinion, *Batalla Vidal I*, ECF No. 171.

For all these reasons, Plaintiffs respectfully submit that the circumstances underlying this Court's January 8, 2018 stay are no longer present, such that the stay should be lifted seven days from this Court's issuance of an order on the matter.

Respectfully submitted,

/s/ Muneer I. Ahmad

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Laura Kokotailo, Law Student Intern[*]
Victoria Roeck, Law Student Intern
Hannah Schoen, Law Student Intern
Muneer I. Ahmad, Esq. (MA 9360)
Marisol Orihuela, Esq.[†]
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SVCS. ORG.
Muneer.ahmad@ylsclinics.org
Phone: (203) 432-4800

Amy S. Taylor, Esq. (AT 2056)
Deborah Axt, Esq. (DA 4885)
Scott Foletta, Esq. (SF 9452)
Alexia Schapira, Esq. (AS 8222)
Natalia Renta, Esq.[‡]
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
Phone: (718) 418-7690

Jessica R. Hanson, Esq.[†]
Mayra B. Joachin, Esq.[†]
Karen Tumlin, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Phone: (213) 639-3900

Justin Cox, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq.[†]
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 34573
Washington, DC 20043
Phone: (202) 216-0261

Trudy S. Rebert, Esq. (TR 6959)
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 721361
Jackson Heights, NY 11372
Phone: (646) 867-8793

*Attorneys for Plaintiffs*

CC: All Counsel (via ECF)

[*] Motion for law student appearance forthcoming
[†] Appearing *pro hac vice*
[‡] Motion for *pro hac vice* forthcoming

4