

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

May 3, 2018

**By ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Batalla Vidal, et al., v. Nielsen, et al.*, 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

Defendants write in opposition to the *Batalla Vidal* Plaintiffs' letter motion of April 26, 2018 ("Ltr."), ECF No. 268, seeking partial relief from an order entered by this Court on January 8, 2018 staying "[d]iscovery and record supplementation in these cases . . . pending the Second Circuit's decision on Defendants' anticipated interlocutory appeal," Jan. 8, 2018 Order, ECF No. 233, at 10—a request that the *State of New York* Plaintiffs apparently "consent to," but do not join, Ltr. at 1. Specifically, the *Batalla Vidal* Plaintiffs request "that the Court lift its January 8, 2018 stay of Defendants' obligation to complete the administrative record." Ltr. at 1. There is no basis for this Court to reconsider its prior decision—and certainly not *now*, given that the parties have completed briefing at the Second Circuit on the jurisdictional questions certified by this Court for interlocutory appeal and are waiting for oral argument tentatively scheduled for the week of June 25, 2018. The Court's decision to enter a stay of any further discovery and record supplementation pending appeal was a sound exercise of judicial discretion, and was consistent with direction from the Second Circuit and the Supreme Court. Accordingly, Defendants respectfully request that the Court deny the *Batalla Vidal* Plaintiffs' April 26, 2018 letter motion.

**I.   It is irrelevant that the parties briefed justiciability issues in the preliminary-injunction appeal.**

The *Batalla Vidal* Plaintiffs' primary argument is that, because the parties included briefing on Defendants' justiciability arguments in the appeal of this Court's preliminary injunction order—rather than confining those arguments to Defendants' original Section 1292(b) appeal—this Court's stay of any record-supplementation obligations should be lifted. But it should come as no surprise that the parties briefed jurisdiction: subject-matter jurisdiction is a prerequisite to the entry of a preliminary injunction, so the Second Circuit cannot review the preliminary-injunction order without analyzing jurisdiction. *See Munaf v. Geren*, 553 U.S. 674, 691 (2008) ("Review of a preliminary injunction 'is not confined to the act of granting the injunctio[n], but extends as well to determining whether there is any insuperable objection, in point of jurisdiction or merits, to the maintenance of [the] bill, and, if so, to directing a final decree dismissing it.'" (quoting *City and Cty. of Denver v. N.Y. Trust Co.*, 229 U.S. 123, 136 (1913))); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

The *Batalla Vidal* Plaintiffs fail to explain *why* the Court should now change its mind about its stay order as a result of the pending appellate proceedings. Whether Defendants' justiciability arguments are briefed in one appeal at the Second Circuit, two appeals, or which one of two appeals, makes no difference to any factor relevant to the continued propriety of the stay order. The purpose of this Court's order was to avoid needless inefficiencies, and to conserve the resources of the parties and the Court during appellate review of this Court's rulings, which might have the effect of entirely mooting (or at least narrowing) the record-related disputes that have required significant attention in these cases. That purpose is still being served today, as both the justiciability issues and the merits issues relevant to this Court's entry of a preliminary injunction are now fully briefed before the Second Circuit, with oral argument having been proposed by the Court of Appeals for the week of June 25, 2018.[1] Depending on the outcome of those appeals, any remaining disputes regarding the scope of the record could be mooted entirely, or in substantial part, as early as this summer. Therefore, the stay entered by this Court in January was—and remains—an appropriate exercise of discretion.

**II.     The entry of a preliminary injunction does not justify partially lifting the stay.**

**a.** The *Batalla Vidal* Plaintiffs also suggest that the stay should be partially lifted because this Court has now entered a preliminary injunction requiring Defendants (with certain exceptions) to maintain the DACA policy in the form that it existed before September 5, 2017. *See* Ltr. at 3. But, if anything, the entry of a nationwide preliminary injunction cuts *in favor of* continuing the stay of record supplementation and discovery. Before entry of a preliminary injunction, this Court—and the parties—recognized the time-sensitive nature of this litigation, with an approaching March 5, 2018 deadline for the rolling two-year wind-down process called for by the Department of Homeland Security's September 5, 2017 rescission memo. The parties were engaged in discovery, and litigation over the scope of the record, at an extraordinarily fast pace. But now that the wind-down of DACA as originally planned by DHS has been enjoined, the extreme time pressures present in the case have lessened substantially.[2] Accordingly, the entry of a preliminary injunction in Plaintiffs' favor, if anything, further supports maintaining the status quo, and leaving the stay in place through the duration of the appeals.

---

[1] If the Second Circuit grants Defendants' petition for permission to appeal (filed earlier today) arising from this Court's April 30, 2018 order granting Section 1292(b) certification, ECF No. 269, Defendants still expect that a single Second Circuit argument may be held during the week of June 25, 2018, after submission of supplemental briefing from the parties regarding the recently certified order. Indeed, Defendants have already proposed this approach to the Second Circuit. *See Batalla Vidal v. Nielsen*, Defs.' Pet. for Permission to Appeal, No. 18-1313, Dkt. No. 1 (2d. Cir. May 3, 2018), at 2, 17-18.

[2] Although this Court has now dismissed all of Plaintiffs' claims regarding DACA's information-sharing policy, another district court recently ordered relief on similar claims, in an injunctive order that applies nationwide, including to Plaintiffs in these matters. *See* March 29, 2018 Memorandum & Order, *Batalla Vidal* ECF No. 260, at 24 (citing *CASA de Maryland v. DHS*, No. 17-cv-2942 (RWT), Am. Order, ECF No. 49 (D. Md. Mar. 15, 2018)). Another district court recently entered an order vacating the September 5, 2017 rescission memorandum in its entirety (although it also stayed that order for 90 days). *See NAACP v. Trump*, No. 17-cv-1907 (JDB), 2018 WL 1920079 (D.D.C. Apr. 24, 2018).

**b.** The *Batalla Vidal* Plaintiffs argue that lifting the stay now "is especially appropriate given that the Court likely will need time to review Defendants' anticipated claims of privilege with regard to the administrative record." Ltr. at 3. Setting aside that this argument would have been equally applicable in January when the Court entered a stay over Plaintiffs' objections, this particular request is also in strong tension with orders issued by the Second Circuit and the Supreme Court. When faced with similar record-related disputes in the *Regents* litigation—including over contested claims of privilege—a unanimous Supreme Court reversed the Ninth Circuit's refusal to grant mandamus relief, stating that the government had raised "serious arguments" that the district court's orders were "overly broad," *in re United States*, 138 S. Ct. 443, 445 (2017), and suggesting in particular that the district court's summary treatment of the government's privilege assertions was inappropriate, *see id.* And the Second Circuit, with respect to the justiciability arguments in this case, noted that "the Government has the right to ask the District Court to certify its ruling for interlocutory appeal" *and* that "it may be prudent for the District Court to stay discovery pending the resolution of such proceedings." *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345, Order at 4 (2d Cir. Dec. 27, 2017), ECF No. 172. This Court was appropriately "mindful" of the Supreme Court's and the Second Circuit's "suggest[ions]" in its original order. Jan. 8, 2017 Memorandum & Order at 9, ECF No. 233 (quoting *in re United States*, No. 17-801, 2017 WL 6505860, at *2 (U.S. Dec. 20, 2017) (per curiam); *in re Nielsen*, No. 17-3345, Order at 4).

**c.** Having eventually conceded in January—after months of heavily disputed motions practice—that their "motion for a preliminary injunction [did] not turn on the contents of the administrative record," *Batalla Vidal* Pls.' Opp'n to Certification (Jan. 3, 2018), ECF No. 226 at 11 n.5, Plaintiffs now argue that this case is "in limbo" because they believe the administrative record to be incomplete. But it is difficult to see how any additional documents could be necessary for Plaintiffs to prevail on their substantive Administrative Procedure Act (APA) claims. This Court has already ruled that Plaintiffs are likely to succeed on the current record, and none of the arguments offered by Plaintiffs and relied upon by this Court in entering a preliminary injunction bear any connection to specific documentary evidence (or the lack thereof), or require any further factual development. Accordingly, if the Second Circuit (and, if necessary, the Supreme Court) agrees with this Court that the reasons offered and the record produced by the agency is insufficient to support the challenged agency action, then no further litigation will be necessary on Plaintiffs' substantive APA claims. *See, e.g.*, *Camp v. Pitts*, 411 U.S. 138, 143 (1973). Instead, final judgment should then be entered for Plaintiffs, and the decision should be remanded to the agency for further proceedings. *See* Mem. in Support of Defs.' Oct. 27, 2017 Mot. to Dismiss, ECF No. 95-1, at 3; *see also NAACP*, 2018 WL 1920079, at *24.

### III.    The *Batalla Vidal* Plaintiffs' remaining arguments are meritless.

**a.** Despite the *Batalla Vidal* Plaintiffs having made the original abeyance request in the Second Circuit in Defendants' original Section 1292(b) appeal—which, after agreement from Defendants and the Second Circuit, ultimately had the practical effect of the parties presenting briefing of all relevant issues in the preliminary-injunction appeal—they now raise concerns with the pace of proceedings on appeal. *See* Ltr. at 3 ("To the extent that this Court was operating under the assumption that the Second Circuit would expeditiously decide a petition for interlocutory appeal, that assumption no longer holds."). Although the precise timing of the Second Circuit's forthcoming decision is largely beyond the parties' control, Defendants assume that the Second

Circuit "will proceed expeditiously to decide this case," given the Supreme Court's order to that effect in the parallel litigation in California, *DHS v. Regents of the Univ. of Calif.*, No. 17-1003 (U.S. Feb. 26, 2018). In any event, the Court's stay order was not premised on precise predictions about how long the appellate process would take, but on the sensible notion that this litigation may be drastically altered by the outcome of those appeals.

**b.** Finally, Defendants are obligated to respond to the *Batalla Vidal* Plaintiffs' repeated accusations that Defendants have intentionally taken "dilatory" actions that were "designed to prevent judicial review." Ltr. at 3 n.2; *see also, e.g.*, *Batalla Vidal* Pls.' Opp'n to Mot. to Stay Answer Deadline (Apr. 11, 2018), ECF No. 263 at 1 ("Plaintiffs . . . oppose delay for the sake thereof, which is what Defendants have requested."); *Batalla Vidal* Pls.' Opp'n to Certification at 11 ("Defendants have delayed long enough."). The repeated insinuation that Defendants have intentionally sought to frustrate judicial review in these actions is a serious and entirely unsupported charge. Pursuing appellate relief, in good faith, from orders that Defendants reasonably believed to be legally erroneous—consistent with longstanding legal positions taken by the Department of Justice about the proper scope of the record in APA litigation—is as much the right of the United States as any litigant in federal court. That is so whether or not Defendants prevailed in the past, or will ultimately prevail in the future, as to some or all of those arguments. Indeed, in certifying its orders for interlocutory review, the Court has repeatedly found that there is a substantial ground for difference of opinion on many of the issues presented in these cases, even after ruling against the government.

The *Batalla Vidal* Plaintiffs' accusations are also belied by the fact that nine justices of the Supreme Court agreed that Defendants' record-related arguments were "serious"; five justices of the Supreme Court voted to enter a stay of all record supplementation and discovery pending consideration of the government's mandamus petition in related litigation; four judges on the Second Circuit, in two separate orders in these cases, did the same; and ultimately this Court agreed with the government that a stay of its record-related obligations was appropriate under the unique circumstances presented here. The actions of the Department of Justice, the Department of Homeland Security, and its counsel representing the United States of America were not "designed to prevent judicial review," Ltr. at 3 n.2, and the *Batalla Vidal* Plaintiffs' repeated accusations to the contrary are unfounded.

\*   \*   \*

For these reasons, the Court's January 8, 2018 stay order was—and remains—a sound exercise of judicial discretion, and the *Batalla Vidal* Plaintiffs' letter motion to partially lift that stay should be denied. Defendants thank the Court for its consideration of this matter.

                                      Respectfully submitted,

                                      CHAD A. READLER
                                      Acting Assistant Attorney General

                                      RICHARD P. DONOGHUE
                                      United States Attorney

        BRETT A. SHUMATE
        Deputy Assistant Attorney General

        JENNIFER D. RICKETTS
        Director, Federal Programs Branch

        JOHN R. TYLER
        Assistant Branch Director

        BRAD P. ROSENBERG
        Senior Trial Counsel

        */s/ Stephen M. Pezzi*
        STEPHEN M. PEZZI (D.C. Bar #995500)
        KATE BAILEY
        RACHAEL L. WESTMORELAND
        Trial Attorneys
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave., N.W.
        Washington, DC  20530
        Tel.:  (202) 305-8576
        Fax:  (202) 616-8470
        Email: stephen.pezzi@usdoj.gov

        JOSEPH A. MARUTOLLO
        Assistant U.S. Attorney
        United States Attorney's Office
        Eastern District of New York
        271-A Cadman Plaza East, 7th Floor
        Brooklyn, NY  11201
        Tel:  (718) 254-6288
        Fax:  (718) 254-7489
        Email:  joseph.marutollo@usdoj.gov

        *Counsel for Defendants*

CC:

All Counsel of Record (by ECF)
Counsel of Record in *State of New York et al. v. Trump et al.*, No. 17-cv-5228 (by email)