**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, *et al.*, <br><br> Defendants. | No. 16-cv-4756 (NGG) (JO) |

## ANSWER TO THIRD AMENDED COMPLAINT

Kirstjen M. Nielsen (in her official capacity as the Secretary of Homeland Security), Jefferson B. Sessions III (in his official capacity as Attorney General of the United States), and Donald J. Trump (in his official capacity as the President of the United States) ("Defendants"), respectfully answer the allegations in Plaintiffs' Third Amended Complaint as follows:

## INTRODUCTION

The unnumbered introductory paragraphs contain Plaintiffs' characterization of the Third Amended Complaint, argument, and conclusions of law, rather than allegations of fact, and thus no response is required. To the extent a response is deemed required, denied.

## JURISDICTION AND VENUE

1. This paragraph contains Plaintiffs' legal conclusions regarding subject-matter jurisdiction, to which no response is required.

2. This paragraph contains Plaintiffs' legal conclusions regarding venue, to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge

or information sufficient to form a belief about the truth of the factual allegations contained in this paragraph.

**PARTIES**

3.      As to the first sentence of this paragraph, admitted that Plaintiff Martín Jonathan Batalla Vidal ("Mr. Batalla Vidal") was a recipient of DACA as of December 11, 2017. Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the second sentence of this paragraph.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

7.      Denied that DACA was created in November 2012.  Admitted that in November 2014, Mr. Batalla Vidal submitted a DACA request, but Defendants deny (here and throughout the Third Amended Complaint wherever this allegation is repeated) that individuals "apply" for DACA; Form I-821D is a "request" for consideration of DACA.  Admitted that on February 17, 2015, the Department of Homeland Security (DHS) granted Mr. Batalla Vidal's DACA request. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

9.      Admitted that DHS approved a DACA renewal request submitted by Mr. Batalla Vidal on February 16, 2017.  Admitted that as of December 11, 2017, Mr. Batalla Vidal's DACA was slated to expire on February 15, 2019.  Admitted that as of December 11, 2017, Mr. Batalla Vidal was unable to request renewal of his DACA, as a result of DHS's September 5, 2017 memorandum beginning a wind-down of the DACA policy.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.  Defendants also object to every characterization of DACA as a "program" throughout the Third Amended Complaint; DACA is a "policy," not a "program."

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

12.     As to the first sentence of this paragraph, admitted that Plaintiff Antonio Alarcon ("Mr. Alarcon") was a recipient of DACA as of December 11, 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the second sentence of this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

14.     Admitted that DHS approved a DACA request from Mr. Alarcon on March 26, 2013.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

17.     Admitted that DHS approved DACA renewal requests submitted by Mr. Alarcon on March 6, 2015, and January 26, 2017.  Admitted that as of December 11, 2017, Mr. Alarcon's DACA was slated to expire on January 25, 2019.  Admitted that as of December 11, 2017, Mr. Alarcon was unable to request renewal of his DACA, as a result of DHS's September 5, 2017 memorandum beginning a wind-down of the DACA policy.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

18.     As to the first sentence of this paragraph, admitted that Plaintiff Eliana Fernandez ("Ms. Fernandez") was a recipient of DACA as of December 11, 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the second sentence of this paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

20.     Admitted that DHS first approved a DACA request submitted by Ms. Fernandez on December 11, 2012.  Admitted that DHS approved a DACA renewal request submitted by Ms. Fernandez on November 4, 2016.  Admitted that as of December 11, 2017, Ms. Fernandez's DACA was slated to expire on November 20, 2018.  Admitted that as of December 11, 2017, Ms. Fernandez was unable to request renewal of her DACA, as a result of DHS's September 5, 2017 memorandum beginning a wind-down of the DACA policy.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

24.     As to the first sentence of this paragraph, admitted that Plaintiff Carlos Vargas ("Mr. Vargas") was a recipient of DACA as of December 11, 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the second sentence of this paragraph.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

28.     Admitted that Mr. Vargas requested DACA in August of 2012.  Admitted that DHS approved Mr. Vargas's DACA request on December 13, 2012.  Admitted that DHS approved Mr. Vargas's DACA renewal requests on November 14, 2014 and September 14, 2016.  Admitted that as of December 11, 2017, Mr. Vargas's DACA was slated to expire on September 13, 2018.  Admitted that as of December 11, 2017, Mr. Vargas was unable to request renewal of his DACA, as a result of DHS's September 5, 2017 memorandum beginning a wind-down of the DACA policy.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

33.     As to the first sentence of this paragraph, admitted that Plaintiff Mariano Mondragon ("Mr. Mondragon") was a recipient of DACA as of December 11, 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the second sentence of this paragraph.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

38.     Admitted that DHS approved a DACA request from Mr. Mondragon on April 14, 2014.  Admitted that DHS approved a DACA renewal request from Mr. Mondragon on February 25, 2016.  Admitted that as of December 11, 2017, Mr. Mondragon's DACA was slated to expire

on February 24, 2018.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

40.     Admitted that Mr. Mondragon submitted a DACA renewal request in September of 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

41.     As to the first sentence of this paragraph, admitted that Plaintiff Carolina Fung Feng ("Ms. Fung Feng") was a recipient of DACA as of December 11, 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the second sentence of this paragraph.

42.     Admitted that Ms. Fung Feng first requested DACA around September 2012.  Admitted that DHS approved a DACA request from Ms. Fung Feng around December 2012.  Admitted that DHS approved a DACA renewal requests from Ms. Fung Feng in July of 2014 and June of 2016.  Admitted that as of December 11, 2017, Ms. Fung Feng's DACA was slated to expire in August of 2018.  Admitted that as of December 11, 2017, Ms. Fung Feng was unable to request renewal of her DACA, as a result of DHS's September 5, 2017 memorandum beginning a wind-down of the DACA policy.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

45.     The first sentence of this paragraph contains legal conclusions to which no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

56.     The first sentence of this paragraph is denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations contained in the second sentence of this paragraph, except that Defendants admit that they sent a rejection notice to Ms. Rivas on October 4, 2017.  Defendants admit the factual allegations contained in the third sentence of this paragraph, except to deny Plaintiffs' characterization of DHS's actions as a "mistake."

57.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

58.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

59.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

60.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

68.     This paragraph contains legal conclusions to which no response is required.

69.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

70.     As to the first sentence in this paragraph, admitted that Kirstjen M. Nielsen is the Secretary of Homeland Security.  As to the second sentence in this paragraph, admitted.

71.     Admitted.

72.     Admitted.

### STATEMENT OF FACTS

73.     The first sentence of this paragraph contains Plaintiffs' characterization of a June 15, 2012 memorandum from then-Secretary of Homeland Security Janet Napolitano, *Exercising Prosecutorial Discretion With Respect to Individuals Who Came to the United States as Children* ("DACA Memorandum") (attached to the Third Amended Complaint as Exhibit A), which speaks for itself.  The second sentence of this paragraph contains a legal conclusion to which no response

is required.  To the extent a response is deemed required, the second sentence of this paragraph is Plaintiffs' characterization of 8 C.F.R. § 274a.12(c)(14), which speaks for itself.

74.     This paragraph contains Plaintiffs' characterization of the DACA Memorandum, which speaks for itself.

75.     This paragraph contains Plaintiffs' characterization of the DACA Memorandum, which speaks for itself.

76.     This paragraph contains Plaintiffs' characterization of the DACA Memorandum, which speaks for itself.

77.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.  To the extent a response is deemed required, this paragraph contains Plaintiffs' characterization of the DACA Memorandum, as well as Plaintiffs' characterization of the instructions associated with USCIS Form I-821D (attached to the Third Amended Complaint as Exhibit B), both of which speak for themselves.

78.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

79.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

80.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

81.     The first sentence of this paragraph is admitted.  The second sentence of this paragraph is denied.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph.  As to the second sentence of this paragraph, admitted that New York DACA recipients have submitted more than 53,000 renewal requests since DACA began, admitted that the number of DACA renewal requests submitted by New York DACA recipients exceeds the number of initial requests by more than 10,000, and admitted that some New York DACA recipients have renewed their DACA more than once.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

84.     Admitted that the DACA policy remained in effect from January 20, 2017 to September 5, 2017, during which time DHS continued to accept both initial DACA requests and DACA renewal requests.  Defendants deny the remaining factual allegations in this paragraph.

85.     The allegations in the first and third sentences of this paragraph are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the second sentence of this paragraph.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

89.     Denied.

90.     Denied.

91.     This paragraph contains a quotation attributed to then-candidate Donald J. Trump. The quotation speaks for itself.

92.     This paragraph contains a quotation attributed to then-candidate Donald J. Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.

93.     This paragraph contains a quotation attributed to then-candidate Donald J. Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.

94.     This paragraph contains a quotation attributed to then-candidate Donald J. Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.

95.     This paragraph contains Plaintiffs' characterization of remarks attributed to then-candidate Donald J. Trump.  The referenced remarks speak for themselves.

96.     Admitted that, on information and belief, the Honorable Gonzalo Paul Curiel is a United States District Judge of the United States District Court for the Southern District of California.  Admitted that, on information and belief, Judge Curiel was born in Indiana, as a citizen of the United States.  The remaining allegations in this paragraph contain a quotation attributed to then-candidate Donald J. Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.

97.     This paragraph contains a quotation attributed to President Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

98.     The first sentence of this paragraph is admitted.  The second sentence of this paragraph contains Plaintiffs' characterization of an order issued by the United States District Court for the District of Arizona, *United States v. Arpaio*, 2017 WL 3268180 (D. Ariz. July 31, 2017), which speaks for itself.  The first clause of the third sentence of this paragraph is denied. The second clause of the third sentence of this paragraph contains a quotation attributed to President Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.

99.     Denied.

100.    This paragraph contains a quotation attributed to Attorney General Sessions, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.

101.    This paragraph contains Plaintiffs' characterization of a June 29, 2017 letter from the Attorney General of Texas to the Attorney General of the United States, which may be found at pages 238-40 of the administrative record, *Batalla Vidal* ECF No. 77.  That letter speaks for itself.

102.    This paragraph contains Plaintiffs' characterization of a September 5, 2017 memorandum issued by then-Acting Secretary of Homeland Security Elaine C. Duke, *Memorandum on Rescission of Deferred Action for Childhood Arrivals (DACA)* ("Duke Memorandum") (attached to the Third Amended Complaint as Exhibit E).  That memorandum speaks for itself.

103.    Denied.

104.    The first two sentences of this paragraph contain Plaintiffs' characterization of the Duke Memorandum, which speaks for itself.  As for the first half of the third sentence of this paragraph, admitted that as of December 11, 2017, as directed by the Duke Memorandum, USCIS was rejecting all DACA renewal requests from DACA recipients whose DACA was slated to expire after March 5, 2018.  As for the second half of the third sentence of this paragraph, denied.

105.    This paragraph contains Plaintiffs' characterization of the Duke Memorandum, which speaks for itself.

106.    Denied.

14

107.     This paragraph contains Plaintiffs' characterization of an order issued by the United States District Court for the Southern District of Texas, *Texas v. United States*, 86 F. Supp. 3d 591 (S.D. Tex. 2015), which speaks for itself.

108.     This paragraph contains a quotation attributed to the Attorney General, and Plaintiffs' characterization of that quotation (attached to the Third Amended Complaint as Exhibit F).  The quotation speaks for itself.

109.     This paragraph contains legal conclusions to which no response is required.  This paragraph also contains a quotation attributed to President Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

110.     This paragraph contains legal conclusions to which no response is required.  This paragraph also contains a quotation attributed to President Trump, and Plaintiffs' characterization of that quotation.  The quotation speaks for itself.

111.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

112.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

113.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

114.     The first sentence of this paragraph contains Plaintiffs' characterization of the Duke Memorandum, which speaks for itself.  The second sentence of this paragraph is denied.

115.     Admitted.

116.     Admitted.

117.    The first sentence of this paragraph is admitted.  As for the second sentence of this paragraph, admitted that in at least some cases, Lockbox staff stopped retrieving DACA renewal requests from the designated Post Office box locations at some point in the afternoon or evening of October 5, 2017.  As for the third sentence of this paragraph, admitted that in at least some cases, USCIS did not collect DACA renewal requests that arrived at the Post Office boxes after that point until October 6, 2017, and USCIS subsequently rejected them as untimely.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first and second sentences of this paragraph, except to admit that Ms. Cooper is a DACA recipient.  Defendants admit the remaining factual allegations in this paragraph.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

120.    Admitted that USCIS approved a new DACA request from Ms. Cooper on November 30, 2017, which she had submitted on November 24, 2017.  The remaining factual allegations in this paragraph are denied.

121.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

122.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

123.    The allegations in the first sentence of this paragraph are admitted.  The second and third sentences of this paragraph contain Plaintiffs' characterization of rejection notices and the sample invitation to reapply attached as Exhibit I to the Third Amended Complaint, which speak for themselves.  As for the fourth sentence of this paragraph, Defendants admit that prior to the

rescission of DACA, DACA requestors could correct and resubmit a request that had been rejected, and that Defendants would send a Request for Evidence for some filing deficiencies.  The remaining factual allegations in the fourth sentence of this paragraph are denied.  As for the fifth sentence of this paragraph, admitted that pursuant to the Duke Memorandum, DACA renewal requests were to be denied if they were not received in a timely manner before October 5, 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in the fifth sentence of this paragraph.  The sixth sentence of this paragraph is admitted, except to the extent that Plaintiffs appear to characterize all "errors" that resulted in rejection of a DACA renewal request as "minor."

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph.  Defendants admit the first part of the second sentence of this paragraph, but deny the second part of the second sentence of this paragraph.  As for the third sentence of this paragraph, Defendants deny that a USCIS employee "misread" Ms. Rivas's check, but admit the remaining factual allegations in this sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first part of the fourth sentence of this paragraph.  Defendants admit the second part of the fourth sentence of this paragraph.  Defendants admit the fifth sentence of this paragraph.  Defendants deny the sixth sentence of this paragraph.  Defendants admit the seventh and eighth sentences of this paragraph.  Defendants deny that Plaintiffs' counsel "have yet to receive" any "response" from Defendants, but admit the remaining factual allegations in the ninth sentence of this paragraph.

125.    Denied.

126.    Denied.

127.   Admitted.

128.   This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

129.   The first sentence of this paragraph contains Plaintiffs' characterization of a letter filed with the Court, *Batalla Vidal* ECF No. 108 (attached as Exhibit K to the Third Amended Complaint), which speaks for itself.  The second sentence of this paragraph is denied.

130.   This paragraph contains Plaintiffs' characterization of information posted on the USCIS website on November 30, 2017 (attached as Exhibit L to the Third Amended Complaint), which speaks for itself.

131.   This paragraph contains Plaintiffs' characterization of information posted on the USCIS website on December 7, 2017 (attached as Exhibit M to the Third Amended Complaint), which speaks for itself.

132.   The first sentence of this paragraph is denied.  The second sentence of this paragraph contains a quotation from information posted on the USCIS website on November 30, 2017 and December 7, 2017, which speaks for itself.  The third sentence of this paragraph is denied.

133.   Admitted that counsel for Plaintiffs sent counsel for Defendants a letter on December 4, 2017, which speaks for itself.  The remaining allegations in this paragraph are denied.

134.   Denied.

135.   Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

136.   Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

137.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

138.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

139.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

140.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

141.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.  To the extent a response is deemed required, the allegations in this paragraph are denied.

142.    The first sentence of this paragraph is denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

143.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

144.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

145.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

146.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

147.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

148.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

149.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

150.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

151.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

152.    Denied.

153.    Denied.

154.    The first sentence of this paragraph appears to contain Plaintiffs' quotation from and characterization of a "talking points" document that speaks for itself.  The second sentence of this paragraph appears to contain Plaintiffs' quotation from and characterization of "Q14" of a "Frequently Asked Questions" document released by DHS on September 5, 2017 (now archived at  https://www.dhs.gov/news/2017/09/05/frequently-asked-questions-rescission-deferred-action-childhood-arrivals-daca), which also speaks for itself.

155.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

156.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

157.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

158.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

159.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

160.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

161.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

162.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

163.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

164.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

165.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

166.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

167.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

168.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

169.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

170.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

171.    This paragraph relates only to a request for class certification that has been denied by the Court.  Therefore, no response is required.

172.    Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs as if fully set forth herein.

173.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

174.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

175.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

176.    This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

177.    Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs as if fully set forth herein.

178.    This allegation contains legal conclusions to which no response is required.

179.    This allegation contains legal conclusions to which no response is required.

180.     The first sentence of this paragraph contains Plaintiffs' characterization of the Duke Memorandum, which speaks for itself.   The second sentence of this paragraph contains legal conclusions to which no response is required.   The third sentence of this paragraph is denied.

181.     Denied.

182.     This allegation contains legal conclusions to which no response is required.

183.     Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs as if fully set forth herein.

184.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

185.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

186.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

187.     This paragraph relates only to a claim that has been dismissed by the Court. Therefore, no response is required.

188.     Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs as if fully set forth herein.

189.     This allegation contains legal conclusions to which no response is required.

190.     This allegation contains legal conclusions to which no response is required.

191.     This allegation contains legal conclusions to which no response is required.

192.     Admitted.

193.     Admitted that Defendants did not send individualized notices to DACA recipients "advising them that they needed to apply to renew DACA by October 5, 2017 or be forever

ineligible to renew their status."  To the extent there are any remaining factual allegations in this paragraph, they are denied.

194.    This allegation contains legal conclusions to which no response is required.

195.    Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs as if fully set forth herein.

196.    This allegation contains legal conclusions to which no response is required.

197.    This allegation contains legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

198.    This allegation contains legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

199.    Defendants repeat and incorporate by reference each and every answer contained in the preceding paragraphs as if fully set forth herein.

200.    This allegation contains legal conclusions to which no response is required.

201.    This allegation contains legal conclusions to which no response is required.

202.    This allegation contains legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

203.    Denied.

204.    Defendants admit that, pursuant to the Duke Memorandum, the relevant date for processing renewal requests in advance of the original October 5, 2017 deadline was the receipt date, rather than the postmark date; Defendants deny that they "ignored" postmark dates.  The remaining factual allegations in this paragraph are admitted.

205.    This allegation contains legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

**PRAYER FOR RELIEF**

206.    This paragraph contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

207.    This paragraph contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

208.    This paragraph contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

209.    This paragraph contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

210.    This paragraph contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

211.    This paragraph contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

212.    This paragraph contains a prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

*        *        *

Defendants deny any and all allegations not expressly admitted herein to which a response is deemed required.  Defendants deny any and all allegations characterizing or quoting documents or remarks to the extent the characterization or quotation is inconsistent with the referenced documents or remarks, to the extent any such responses are deemed required.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction over this action.

### SECOND DEFENSE

The Third Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs lack standing to assert some or all of the claims in the Third Amended Complaint.

### FOURTH DEFENSE

The challenged actions of Defendants are committed to agency discretion by law.

### FIFTH DEFENSE

Some or all of Plaintiffs' claims are moot.

\*          \*          \*

Having fully answered the Third Amended Complaint, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated: May 29, 2018                    Respectfully submitted,

                                       CHAD A. READLER
                                       Acting Assistant Attorney General

                                       RICHARD P. DONOGHUE
                                       United States Attorney

                                       BRETT A. SHUMATE
                                       Deputy Assistant Attorney General

                                       JENNIFER D. RICKETTS
                                       Director, Federal Programs Branch

                                       JOHN R. TYLER
                                       Assistant Branch Director

                                       BRAD P. ROSENBERG
                                       Senior Trial Counsel

                                       */s/ Stephen M. Pezzi*
                                       STEPHEN M. PEZZI (D.C. Bar #995500)
                                       RACHAEL L. WESTMORELAND
                                       KATE BAILEY
                                       Trial Attorneys
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       20 Massachusetts Ave., N.W.
                                       Washington, DC  20530
                                       Tel.:  (202) 305-8576
                                       Fax:  (202) 616-8470
                                       Email:  stephen.pezzi@usdoj.gov

                                       JOSEPH A. MARUTOLLO
                                       Assistant U.S. Attorney
                                       United States Attorney's Office
                                       Eastern District of New York
                                       271-A Cadman Plaza East, 7th Floor
                                       Brooklyn, NY  11201
                                       Tel:  (718) 254-6288
                                       Fax:  (718) 254-7489
                                       Email:  joseph.marutollo@usdoj.gov

                                       *Counsel for Defendants*