# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

July 21, 2020

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Batalla Vidal, et al., v. Wolf, et al.,*
No. 1:16-cv-04756 (NGG) (JO)

Dear Judge Garaufis:

We represent Plaintiffs Martín Jonathan Batalla Vidal, Antonio Alarcon, Eliana Fernandez, Carlos Vargas, Mariano Mondragon, Carolina Fung Feng, and Make the Road New York in the above-referenced matter and write to request a status conference at the Court's earliest convenience. In light of the Second Circuit's forthcoming issuance of its mandate in this case and Defendants' apparent failure to fully reinstate the Deferred Action for Childhood Arrivals (DACA) program as it existed prior to its unlawful rescission, a status conference is appropriate to determine the next steps in this litigation.

On June 18, 2020, the Supreme Court rendered its decision in this and related cases that challenged the Department of Homeland Security's September 5, 2017 rescission of DACA, ordering the vacatur of that agency action. *Department of Homeland Security v. Regents of the University of California*, 591 U.S. ___ (June 18, 2020). Once the mandate issues in this case, *see* Fed. R. App. P. 41(b), the 2012 memo establishing DACA will become operative again in this Circuit and Defendants have an unambiguous obligation to accept and process first-time applications for DACA and applications for advanced parole, in addition to their ongoing duty to process requests for renewal. In fact, Defendants have been obligated to reinstate the DACA program since June 30, 2020, the date on which the U.S. Court of Appeals for the Fourth Circuit issued its mandate in *Casa de Maryland v. Department of Homeland Security*.[1] The federal government has no valid reason to further delay the full reinstatement of DACA.

Despite this clear obligation, Defendants have refused to reinstate the program, based on information available to Plaintiffs. The U.S. Citizenship and Immigration Services (USCIS) website continues to state that "USCIS is not accepting requests from individuals who have never before been granted deferred action under DACA." *I-821D, Consideration of Deferred Action for Childhood Arrivals*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://www.uscis.gov/i-821d (last visited Jul. 21, 2020). Defendants have not yet provided any other update to Plaintiffs or to

---

[1] In *Casa de Maryland*, the Fourth Circuit previously ordered the vacatur of DHS's September 5, 2017 rescission. *Casa de Maryland v. DHS*, 924 F.3d 684 (4th Cir. 2019). The government sought certiorari before the Supreme Court, and at the government's request, the Fourth Circuit stayed the issuance of its mandate pending resolution of the certiorari petition. The Supreme Court denied certiorari on June 29, 2020. *DHS v. Casa de Maryland*, 2020 WL 3492650 (U.S. Jun. 29, 2020), and on June 30th, the Fourth Circuit subsequently issued its mandate, rendering vacatur final. Mandate, *Casa de Maryland*, 18-1521, ECF No. 68 (4th Cir. June 30, 2020). The district court reiterated this obligation on July 17th, when it explicitly ordered the government to reinstate the program as it existed prior to the September 5, 2017 rescission. *Casa de Maryland v. DHS,* 8:17-cv-02942-PWG, ECF No. 97 (D. Md. Jul. 17, 2020).

the public, besides a perfunctory July 10th response to a Congressional inquiry stating that USCIS "will work with DHS on next steps." *See* Exhibit 1 (attached).[2] Moreover, Plaintiffs' counsel is aware of numerous individuals in multiple states—including New York, California, Texas, Florida, Georgia, Illinois, Arizona, and Maryland—who recently have filed initial applications for DACA and have not received notices of receipt. Based on information available to Plaintiffs, Defendants have refused to process any of these applications.

Defendants' failure to reinstate the program and to publish accurate guidance on their website has created significant confusion for DACA-eligible individuals and legal service providers such as Make the Road New York. Over 300,000 individuals are entitled to have new DACA applications adjudicated by USCIS under the Supreme Court's decision. Nicole Prchal Svajlenka et al., *The Trump Administration Must Immediately Resume Processing New DACA Applications*, CENTER FOR AMERICAN PROGRESS (Jul. 13, 2020), https://ampr.gs/32euYw7. Defendants' conduct is deterring many new applicants from applying for DACA and impeding Make the Road New York in its mission to advise their clients and members.[3]

Plaintiffs are concerned that Defendants are ignoring the Supreme Court's unambiguous decision and their legal obligations flowing from the Second Circuit's forthcoming mandate and the Fourth Circuit's previous mandate. Plaintiffs respectfully request that the Court hold a status conference at its earliest convenience to discuss how this case should proceed and that this Court retain jurisdiction to ensure that appropriate relief is granted.

Respectfully submitted,

/s/ Muneer I. Ahmad

| | |
|---|---|
| Armando Ghinaglia, Law Student Intern* | Trudy S. Rebert, Esq. (TR 6959) |
| Ramis Wadood, Law Student Intern* | NATIONAL IMMIGRATION LAW CENTER |
| Muneer I. Ahmad, Esq. (MA9360) | P.O. Box 721361 |
| Marisol Orihuela, Esq. (*pro hac vice*) | Jackson Heights, NY 11372 |
| Michael J. Wishnie, Esq. (MW 1952) | (646) 867-8793 |
| JEROME N. FRANK LEGAL SERVICES ORG. | |
| muneer.ahmad@yale.edu | Araceli Martínez-Olguín, Esq. (AM 2927) |
| P.O. Box 209090 | Mayra B. Joachin, Esq. (*pro hac vice*) |

---

[2] Defendants have also made public statements questioning the legitimacy of the Supreme Court's opinion, which raise questions as to whether they intend to comply. *See* Press Release, U.S. Citizenship and Immigration Services, USCIS Statement on Supreme Court's DACA Decision (June 19, 2020), https://www.uscis.gov/news/news-releases/uscis-statement-supreme-courts-daca-decision ("[The Supreme Court's] opinion has no basis in law and merely delays the President's lawful ability to end the illegal [DACA] amnesty program."). Furthermore, in response to the United States District Court for the District of Maryland issuing an order that reiterated the Fourth Circuit's mandate vacating DHS's rescission memo, a USCIS spokesperson merely stated that they were reviewing the court's 4-page order despite the passage of 29 days since Supreme Court had issued its opinion requiring the remand of the rescission memo to the agency. *See* Camilo Montoya-Galvez, *Judge orders Trump administration to fully reinstate DACA program and allow new applications*, CBS NEWS (July 17, 2020), https://www.cbsnews.com/news/judge-orders-trump-administration-to-fully-reinstate-daca-program-for-dreamers/.

[3] In recent days, President Trump has created additional confusion by commenting that he will be signing a "big executive order" and stating "I'm going to make DACA a part of it." Franco Ordonez, *Trump Says Upcoming Immigration Measure Will Include DACA*, NPR, https://www.npr.org/2020/07/10/889950540/trump-says-upcoming-immigration-measure-will-include-daca (Jul. 10, 2020).

| | |
|---|---|
| New Haven, CT 06520<br>(203) 432-4800 | NATIONAL IMMIGRATION LAW CENTER<br>3450 Wilshire Blvd. #108-62<br>Los Angeles, CA 90010<br>(213) 639-3900 |
| Karen C. Tumlin, Esq. (*pro hac vice*) †<br>Cooperating Attorney<br>JEROME N. FRANK LEGAL SERVICES ORG.<br>New Haven, CT 06520<br>(323) 316-0944 | Paige Austin, Esq. (PA9075)<br>MAKE THE ROAD NEW YORK<br>301 Grove Street<br>Brooklyn, NY 11237<br>(718) 418-7690<br><br>*Attorneys for Plaintiffs* |

\* Motion for law student appearance forthcoming
† Notice of appearance forthcoming