# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

August 6, 2020

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
Room 1426S
225 Cadman Plaza East
Brooklyn, New York 11201

                Re: *Batalla Vidal, et al., v. Wolf, et al.,*
                No. 1:16-cv-04756 (NGG) (JO)

Dear Judge Garaufis:

      We write on behalf of Plaintiffs in the above-referenced matter to supplement our July 21, 2020 letter in advance of the status conference scheduled for August 13, 2020. ECF No. 295. On July 28, 2020, Defendant Chad Wolf issued a memorandum ("Wolf Memorandum") that drastically alters the Deferred Action for Childhood Arrivals (DACA) program, with immediate and retroactive effect. ECF 297.1. Defendant Wolf seeks to dismantle the DACA program without complying with basic principles of administrative and constitutional law. In light of this development, Plaintiffs request to use the August 13 status conference as a pre-motion conference to discuss the future course of this litigation, including Plaintiffs' intention to seek leave to amend or supplement their complaint to challenge the legality of the Wolf Memorandum.[1] *See* Fed. R. Civ. P. 15(a)(2), 15(d), 23.

      The Supreme Court's decision in *Department of Homeland Security v. Regents of the University of California*, 591 U.S. ___, 140 S. Ct. 1891 (2020) ("*Regents*"), and parallel litigation in the Fourth Circuit, *CASA de Maryland v. DHS*,[2] unambiguously vacated the Duke Memorandum,[3] thereby restoring the DACA program as it existed prior to September 5, 2017. Nevertheless, DHS refused to process new applications or advance parole applications even after those decisions came down.[4] The Wolf Memorandum attempts to retroactively ratify that unlawful agency action. First,

---

[1] On July 29, 2020, the Second Circuit issued its mandate and remanded the case to this Court for further proceedings consistent with the Supreme Court's opinion in *Regents*. ECF No. 299.

[2] On June 30, 2020, the Fourth Circuit issued its mandate in that litigation. Mandate, *CASA de Maryland v. DHS*, 18-1521, ECF No. 68 (4th Cir. June 30, 2020). That mandate effected the vacatur of the September 5, 2017 Duke Memorandum. Pursuant to that mandate, the District Court ordered the Government to reinstate the DACA program as it existed prior to the rescission. Order, *CASA de Maryland v. DHS*, 8:17-cv-02942-PWG, ECF No. 97 (D. Md. Jul. 17, 2020).

[3] Mem. from Elaine C. Duke, Acting Sec'y of Homeland Sec., *Rescission of the June 15, 2012 Memorandum Entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children,"* Sept 5, 2017, *available at* https://www.dhs.gov/news/2017/09/05/memorandum-rescission-daca (rescinding the 2012 memo establishing DACA and ordering a "wind-down" of the program).

[4] During a July 24 status conference in *CASA de Maryland*, the Government represented that, instead of accepting first-time applications for DACA, it had instituted a policy of holding new applications "in[] a bucket" as the Government determined the future of DACA. Transcript of Virtual Status Conference Proceedings at *18, *CASA de Maryland v. DHS*, 8:17-cv-02942-PWG (D. Md. Jul. 24, 2020) (copy attached as Exhibit 1). In addition, the Government acknowledged that it had denied some number of advance parole applications. *Id.* at *21.

it provides that the agency will reject all new initial applications for DACA, including *prima facie*-eligible applications received after *Regents* and *CASA de Maryland* went into effect and prior to the issuance of the Wolf Memorandum. Second, it cuts the DACA renewal period from two years to one, including for those renewal applications that were pending prior to issuance of the memorandum. Third, the Wolf Memorandum severely limits the availability of advance parole for DACA recipients. By retroactively invalidating all initial and most advance parole applications, and by materially altering the terms of renewals, the Wolf Memorandum effectively treats the *Regents* and Fourth Circuit rulings as if they were a dead letter, even before the memorandum was issued.

Although characterized as "interim action," the memorandum has an immediate and severe impact on hundreds of thousands of individuals who were eligible to apply for DACA after *Regents* and *CASA de Maryland* were decided. These include approximately 300,000 individuals who are currently eligible for DACA but have been unlawfully denied the opportunity to apply. Many of these individuals could have applied for DACA over the last three years but for the Government's illegal rescission of the program in 2017. Nicole Prchal Svajlenka et al., *The Trump Administration Must Immediately Resume Processing New DACA Applications*, CENTER FOR AMERICAN PROGRESS (Jul. 13, 2020), https://ampr.gs/32euYw7. In addition, approximately 33,000 people have pending applications for renewal and will have their period of DACA authorization abruptly and retroactively cut from two years to one, thereby creating deep uncertainty about their ability to continue in school or employment or to support their family members for more than a 12-month period. Quarterly Summary Report, *Regents of the University of California, et al. v. U.S. Department of Homeland Security, et al.*, 3:17-cv-05211-WHA, ECF No. 299 (N.D. Cal. Jul. 1, 2020).

The Wolf Memorandum guts the DACA program without engaging in reasoned decision-making as required by *Regents* and the Administrative Procedure Act (APA). In the memorandum, Defendant Wolf states that "[i]n accordance with the Supreme Court decision" he is "determined to give careful consideration to whether the DACA program should be maintained, rescinded, or modified," but nonetheless makes immediate and drastic changes to the program without the benefit of that careful consideration. Like the Duke Memorandum, which unlawfully rescinded DACA, the Wolf Memorandum impermissibly revokes key features of the DACA program without providing a reasonable explanation for the agency's decision or properly considering the reliance interests of DACA recipients and their communities, as the Supreme Court held was required by the APA.[5] *Regents*, 140 S. Ct. at 1916 (holding that an agency must "provide[] a reasoned explanation for its action"). The vague promise of "full consideration" at some future date does not insulate this action from judicial review. *See U.S. Army Corps of Engineers v. Hawkes Co.*, 136 S. Ct. 1807, 1814 (2016) (explaining that the possibility that the agency may revise a decision "is a common characteristic of agency action, and does not make an otherwise definitive decision nonfinal"); *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 375-76 (S.D.N.Y. 2019) (holding new policy was final where it was the result of internal agency process and where agency had paused adjudication of pending cases while awaiting guidance).

Finally, the Wolf Memorandum is void *ab initio* because Defendant Wolf is serving unlawfully as Acting Secretary of DHS. Defendant Wolf was not validly appointed under either the

---

[5] This failure to comply with the requirements of *Regents* also raises the question of whether the Wolf Memorandum violates the Supreme Court's judgment.

2

Federal Vacancies Reform Act or the Homeland Security Act of 2016. Because he was not duly appointed, the Wolf Memorandum and its evisceration of DACA must be set aside.

In sum, Plaintiffs believe the Wolf Memorandum suffers from several statutory and constitutional defects and seek to amend or supplement Plaintiffs' complaint with new claims, including potential claims under the Administrative Procedure Act, 5 U.S.C. § 706; the Fifth Amendment's due process guarantee, U.S. CONST. amend. V; the Appointments Clause of the U.S. Constitution, U.S. CONST., art. II, § 2, cl. 2; the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq*.; and the Homeland Security Act of 2016, 6 U.S.C. §§ 112-113.

Respectfully submitted,

/s/ Muneer I. Ahmad
Armando Ghinaglia, Law Student Intern*
Ramis Wadood, Law Student Intern*
Muneer I. Ahmad, Esq. (MA 9360)
Marisol Orihuela, Esq. (*pro hac vice*)
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SERVICES ORG.
muneer.ahmad@yale.edu
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800

Karen C. Tumlin, Esq. (*pro hac vice*)
Cooperating Attorney
JEROME N. FRANK LEGAL SERVICES ORG.
P.O. Box 209090
New Haven, CT 06520
(323) 316-0944

Trudy S. Rebert, Esq. (TR 6959)
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 721361
Jackson Heights, NY 11372
(646) 867-8793

Araceli Martínez-Olguín, Esq. (AM 2927)
Mayra B. Joachin, Esq. (*pro hac vice*)
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
(213) 639-3900

Paige Austin, Esq. (PA9075)
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
(718) 418-7690

*Attorneys for Plaintiffs*

* Motion for law student appearance forthcoming