August 19, 2020

The Honorable Nicholas G. Garaufis
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    Plaintiffs' joint proposed briefing schedule and schedule for production of the administrative record in *State of New York, et al. v. Trump, et al.*, No. 17-CV-5228 (NGG) (JO), and *Batalla Vidal, et al. v. Wolf, et al.*, No. 16-CV-4756 (NGG) (JO).

Dear Judge Garaufis,

      Plaintiffs in *State of New York v. Trump*, No. 17-CV-5228 (the State Plaintiffs), and *Batalla Vidal v. Wolf*, No. 16-CV-4756 (the *Batalla Vidal* Plaintiffs) submit the following proposed briefing schedule and schedule for the production of the administrative record in these actions. The parties have conferred and, while they reached agreement on some deadlines, did not reach complete agreement with Defendants regarding the appropriate schedule for further proceedings.[1] This letter presents the position of the Plaintiffs in both actions.

      On August 13, 2020, the Court granted leave for Plaintiffs to file amended complaints to challenge the July 28, 2020 Memorandum issued by Chad Wolf who is designated as the Acting Secretary of Homeland Security. The *Batalla Vidal* Plaintiffs anticipate pleading claims for relief under (1) the Federal Vacancies Reform Act (FVRA) and the Homeland Security Act of 2016; (2) the Administrative Procedure Act; (3) the Appointments Clause; and (4) the Due Process Clause of the Fifth Amendment. The State Plaintiffs anticipate pleading claims for relief under (1) the FVRA and the Homeland Security Act of 2016; and (2) the Administrative Procedure Act.

      Plaintiffs believe the following schedule would most efficiently resolve their claims:

**August 28, 2020:**    Plaintiffs shall file their amended complaints. (The parties agreed on this deadline.)

                            Plaintiffs shall file motions for partial summary judgment addressing their claims under the FVRA and the Homeland Security Act of 2016.

                            The *Batalla Vidal* Plaintiffs shall file their motion for class certification.

**September 4, 2020:**    Defendants shall produce the Administrative Record (AR). (The parties agreed on this deadline.)

                              Defendants shall produce a privilege log identifying any materials withheld from the AR on a claim of privilege.

---

[1] Deadlines upon which the parties have agreed are noted in parentheses.

**September 11, 2020:** Defendants shall file their opposition to partial summary judgment and their cross-motion for partial summary judgment.

Defendants shall file their opposition to the *Batalla Vidal* Plaintiffs' motion for class certification.

**September 18, 2020:** The parties shall meet and confer regarding the completeness of the AR, and shall file a joint letter advising the Court whether motions practice to complete the AR will be necessary (and if so, on what timeline). (The parties agreed on this deadline.)

**September 25, 2020:** Plaintiffs shall file their opposition and reply on partial summary judgment.

The *Batalla Vidal* Plaintiffs shall file their reply supporting their motion for class certification.

**October 2, 2020:** Defendants shall file their reply regarding their motion for partial summary judgment.

As to areas where the parties disagree, Plaintiffs' explanation of the bases for their proposal follows.

*First*, Plaintiffs propose to file motions for partial summary judgment on August 28 addressing their claims under the FVRA, the Homeland Security Act of 2016, and the Appointments Clause that the July 28 Memorandum is void *ab initio* because Defendant Wolf's appointment to that position was invalid. This claim presents a discrete legal issue that can be briefed and addressed by the Court expeditiously; does not require discovery or production of the AR; and (if Plaintiffs are successful) would resolve the validity of the July 28 Memorandum without the need to address the APA or the Due Process claims.

Defendants propose instead that Plaintiffs be required to move for summary judgment on all of their claims immediately after amending their complaints. Defendants' proposal allows for only one week after production of the AR for Plaintiffs to brief their APA claims, which is both insufficient time to review the record on which Plaintiffs' arbitrary-and-capricious challenge will be assessed, and would deprive Plaintiffs and the Court of any meaningful opportunity to determine that the record is complete or to address any deficiencies if it is not.[2] The APA

---

[2] Plaintiffs do not presume that the AR Defendants will produce will be incomplete, but believe it is prudent for the Court's scheduling order to allow for the possibility of motions practice, if necessary, to complete the record. In at least five recent lawsuits challenging federal agency action (including this one) just within the Second Circuit, the agency has produced a deficient record that required court-ordered completion. *See In re Nielsen*, No. 17-3345, slip op. at 2-3 (2d Cir. Dec. 27, 2017) (order denying mandamus petition); *New York v. Wolf*, No. 20-cv-1127 (JMF), 2020 WL 3073294 (S.D.N.Y. June 10, 2020); Order, *New York v. U.S. Dep't of Health & Human Servs.*, No. 19-cv-4676, Dkt. No. 158 (S.D.N.Y. Aug. 16, 2019); *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 529 (S.D.N.Y. 2019); Minute Order, *Saget v. Trump*, No. 18-

requires this Court to conduct "plenary review of the Secretary's decision, . . . to be based on the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *see also* 5 U.S.C. § 706 (in evaluating agency action, "the court shall review the whole record"). Defendants' proposed schedule allows no opportunity for the Court to assure itself that it is in fact reviewing the "whole record" as required by the APA. 5 U.S.C. § 706.

Defendants' proposal would also require the *Batalla Vidal* Plaintiffs to brief their Fifth Amendment claims on an unrealistically truncated schedule, and without the benefit of any discovery that may be warranted. Where resolution of the FVRA claims alone could dispose of these actions, there is no need to prejudice the *Batalla Vidal* Plaintiffs' ability to present their Fifth Amendment claims.

*Second*, Defendants oppose production of a privilege log identifying materials withheld from the AR on a claim of privilege. The Court should order Defendants to produce a privilege log.

This Court previously ordered the production of a privilege log to identify materials withheld from the AR in this very litigation, and the Second Circuit denied Defendants' mandamus petition challenging that order. *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017) (order denying mandamus petition) (Ex. 1). The Second Circuit reasoned that withheld materials may have been improperly excluded and that "without a privilege log, the District Court would be unable to evaluate the Government's assertion of privilege." *Id.* Other courts in this Circuit have reached the same conclusion. *See, e.g.*, *New York v. Wolf*, No. 20-cv-1127 (JMF), 2020 WL 2049187 (S.D.N.Y. Apr. 29, 2020); *New York v. U.S. Immigration & Customs Enf't*, No. 19-cv-8876 (JSR), 2020 WL 604492, at *1–4 (Feb. 9, 2020); *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF), Order at 1 (S.D.N.Y. July 5, 2018) (memorializing order from the bench directing defendants to produce a privilege log of materials withheld from the administrative record).

To permit Defendants to forego presentation of a privilege log identifying materials withheld from the AR would be to allow DHS to designate a record for this Court's review that is *not* the "whole record" that was before agency decisionmakers at the time of decision. The APA prohibits Defendants from so impeding the Court's review: "Even the possibility that there is here one administrative record for the public and [the] court and another for the [agency] and those 'in the know' is intolerable." *Home Box Office, Inc. v. F.C.C.*, 567 F.2d 9, 54 (D.C. Cir. 1977); *see also Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision.").

In the parties' discussions, Defendants contended that material considered by agency decisionmakers is not part of the AR at all if that material is arguably protected by a claim of

---

cv-1599, Dkt. No. 42 (E.D.N.Y. Aug. 27, 2018). That is so even though "an agency's designation of the administrative record is generally afforded a presumption of regularity," and that "[s]upplementation of the record as designated by the agency is, thus, the exception, not the rule." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012).

3

privilege, citing *Oceana, Inc. v Ross*, 920 F.3d 855 (D.C. Cir. 2019). But Second Circuit law—from this very case—is clear that in an APA challenge, "the possibility that some documents not included in the record may be deliberative does not necessarily mean that they were properly excluded." *In re Nielsen*, No. 17-3345, slip op. at 3. As other courts have recognized, "[i]f a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege." *Inst. for Fisheries Res. v. Burwell*, 16-cv-01574, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017), *mandamus denied sub nom. In re Thomas E. Price*, No. 17-71121 (9th Cir. Jan. 18, 2018).

*Third*, Defendants have proposed that Plaintiffs in both actions file combined legal papers. Although Plaintiffs will make every effort to minimize duplication, this requirement would unduly burden Plaintiffs (especially on a truncated schedule) by increasing exponentially the amount of review and coordination required before they may file. The State Plaintiffs already coordinate their positions among the sixteen sovereign co-plaintiffs in 17-cv-5228, and the *Batalla Vidal* Plaintiffs similarly must coordinate their legal filings among multiple co-counsel. Additionally, combined briefing is inappropriate because the harms and interests being advanced by the State Plaintiffs and the *Batalla Vidal* Plaintiffs differ.

In addition, rather than set expanded page limits now, Plaintiffs propose that the parties use the standard page limits for their motions unless extra pages are sought (in which case, Plaintiffs would consent to commensurate page extensions for Defendants' opposition papers).

*Fourth*, Defendants have asked Plaintiffs to agree to an indefinite stay of Defendants' answers to their forthcoming complaints. Plaintiffs believe that, to the extent this litigation proceeds past their motions for partial summary judgment, Defendants' answers to the complaints will provide important evidence of Defendants' admissions to or denials of the factual allegations in those complaints. Fed. R. Civ. P. 8(b)(1)(B), 8(b)(2); *see Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation"). Plaintiffs therefore disagree with Defendants' proposal that their obligation to answer the complaints be indefinitely stayed.

*Fifth*, Defendants have also asked Plaintiffs to forego oral argument on their motions. Plaintiffs believe that the Court would benefit from oral argument given the important and complex issues raised by this case, and will respectfully request oral argument, pursuant to this Court's individual civil motions rules and practices surrounding the current pandemic.

Plaintiffs will be prepared to discuss these matters with the Court at the status conference scheduled for August 20, 2020, at 2:00 p.m.

    Respectfully submitted,

    LETITIA JAMES
    *Attorney General of the State of New York*

    By: */s/ Matthew Colangelo*
    Matthew Colangelo

Sania W. Khan
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

*Attorneys for the State Plaintiffs*

- and -

Armando Ghinaglia, Law Student Intern
Ramis Wadood, Law Student Intern
Muneer I. Ahmad, Esq. (MA 9360)
Marisol Orihuela, Esq. (*pro hac vice*)
Michael J. Wishnie, Esq. (MW 1952)
JEROME N. FRANK LEGAL SERVICES ORG.
muneer.ahmad@yale.edu
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800


Karen C. Tumlin, Esq. (*pro hac vice*)
Cooperating Attorney
JEROME N. FRANK LEGAL SERVICES ORG.
P.O. Box 209090
New Haven, CT 06520
(323) 316-0944

*/s/ Mayra B. Joachin*
Mayra B. Joachin, Esq. (*pro hac vice*)
Araceli Martínez-Olguín, Esq. (AM 2927)
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
(213) 639-3900

Trudy S. Rebert, Esq. (TR 6959)
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 721361
Jackson Heights, NY 11372
(646) 867-8793

Paige Austin, Esq. (PA9075)
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, NY 11237
(718) 418-7690


*Attorneys for Batalla Vidal Plaintiffs*