

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

August 19, 2020

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Batalla Vidal, et al. v. Wolf, et al.*, No. 16-cv-4756 (NGG) (JO)
           *State of New York, et al. v. Trump, et al.*, No. 17-cv-5228 (NGG) (JO)

Dear Judge Garaufis:

    Pursuant to the Court's Minute Orders of August 13, 2020 and August 17, 2020, Defendants respectfully submit this letter regarding Defendants' proposed schedule for the expedited and efficient resolution of the above-captioned matters. Defendants' proposal—for expedited briefing on cross-motions for summary-judgment that would allow the Court to resolve the entire litigation now—will provide for a final resolution of these matters on a highly expedited timeline that is significantly *faster* than the schedule originally proposed by Plaintiffs. *See* Ex. 1 (Plaintiffs' Aug. 13, 2020 Proposed Schedule). Plaintiffs' latest proposal, by contrast, is needlessly complex, and *delays indefinitely* any briefing on all but one of Plaintiffs' claims—including on the Administrative Procedure Act claims that have always been at the heart of this litigation. Accordingly, for the reasons set forth below, the Court should adopt Defendants' proposed schedule.

## Defendants' Proposed Schedule

Defendants propose the following schedule for the Court's endorsement:

| Date | Filing | Page Limit |
|---|---|---|
| August 28 | Plaintiffs file their amended complaints. | n/a |
| September 4 | Defendants file and serve the administrative record. | n/a |
| September 11 | Plaintiffs' Combined Motion for Summary Judgment | 35 pages |
| September 11 | *Batalla Vidal* Motion for Class-Certification | 25 pages |
| September 18 | Parties file status report(s) regarding the administrative record. | n/a |
| October 7 | Defs.' Opp'n & Cross-Motion for Summary Judgment | 50 pages |
| October 7 | Def.' Opp'n to *Batalla Vidal* Motion for Class-Certification | 25 pages |
| October 20 | Pls.' Combined Opp'n & Reply in Support of Summary Judgment | 35 pages |
| October 20 | *Batalla Vidal* Plaintiffs' Reply on Class-Certification | 10 pages |
| November 2 | Defendants' Reply in Support of Summary Judgment | 20 pages |

    As set forth in this proposed schedule, each side will receive a total of 70 pages for their summary-judgment briefs. Defendants also propose that, to further expedite resolution of these matters, oral argument be waived (subject to the Court's preference). Defendants further propose

that their obligation to file answers in response to Plaintiffs' forthcoming amended complaints be stayed pending further order of the Court (or at least pending resolution of summary-judgment briefing) in order to allow Defendants to focus their efforts on briefing summary judgment in the expedited manner set forth above.

### Agreements with Plaintiffs

The parties conferred via email on August 16, 17, and 18. Although some significant disagreements remain, *see infra*, Defendants' understanding is that the parties have reached agreements on the following three items, all of which are already reflected in the schedule proposed above: (1) Plaintiffs' deadlines to file amended complaints should be set for August 28, 2020; (2) Defendants' deadline to file and serve the administrative record should be set for September 4, 2020; and (3) after Defendants file and serve the administrative record, the parties will meet and confer, and file a joint status report (or separate status reports, if they cannot reach agreement) no later than September 18, 2020, addressing the scope of the record, and any disagreements between the parties on that issue. *See* Ex. 2 (Meet-and-Confer Email Chain).

### Disagreements with Plaintiffs

Despite the parties' efforts to reach agreement, some significant disputes remain. Defendants respectfully submit that, for the reasons that follow, the Court should adopt Defendants' proposed schedule because it would prime these cases for a more efficient resolution—in their entirety—by November 2, 2020. Given the significance and complexity of the legal issues at stake, it is difficult to believe that the parties could adequately brief and the Court could adequately consider these matters on a faster schedule. And Plaintiffs' proposal—to delay indefinitely all briefing, except for briefing on Plaintiffs' invalid-appointment claim—would be inefficient, and would needlessly delay and complicate these proceedings with piecemeal litigation.

**1. Scope of Summary-Judgment Briefing.** Plaintiffs apparently intend to move for summary judgment *only in part*, and only on *one* of their claims: that the Wolf Memorandum is invalid because Acting Secretary of Homeland Security Chad F. Wolf was allegedly appointed unlawfully. *See* Ex. 2 (Plaintiffs proposing a schedule for "partial summary judgment on their [Federal Vacancies Reform Act] claims"); Pls.' Aug. 19, 2020 Letter, *State of New York* ECF No. 267. Plaintiffs apparently *do not* intend to move for summary judgment on their Administrative Procedure Act (APA) claims (or on any other claims) any time soon—and, contrary to the Court's apparent expectations from last week's status conference, have not even proposed a schedule for the briefing and resolution of the balance of their claims.

Plaintiffs' proposal would require atypical and inefficient piecemeal briefing, and would greatly expand the burden on the parties and the Court. There is simply no need for Plaintiffs' unusually complicated briefing structure—the legality of the Wolf Memorandum "present[s] only a question of law" to be reviewed upon an administrative record. *Sikh Cultural Soc'y, Inc. v. USCIS*, No. 15-CV-5158 (RRM), 2017 WL 1232476, at *9 (E.D.N.Y. Mar. 30, 2017) (in APA cases, "the district court conducts what is essentially an appellate review of the challenged administrative action," so "these cases are frequently disposed of on cross-motions for summary judgment") (citing *Gosnell v. FDIC*, 938 F.2d 372, 375 (2d Cir. 1991)). Just as this Court (and the Supreme Court) reached a decision regarding the legality of the Duke Memorandum on the basis of the administrative record produced by the

Government, this Court can likewise resolve the legality of the Wolf Memorandum through that same analytical framework.

Accordingly, Defendants propose that all parties move for summary judgment on all of their claims at once, pursuant to the schedule for cross-motions for summary judgment set forth above. Defendants' proposal would thus result in these cases being primed for the issuance of final judgments—which would resolve both of these cases in their entirety, in either direction—on an expedited basis.

In defense of their proposal to delay briefing on all but one of their claims, during the meet-and-confer process, the *Batalla Vidal* Plaintiffs pointed out that "they *may* allege a 5th Amendment claim, which is not feasible to brief on the schedule [Defendants] proposed." Ex. 2 at 5 (Aug. 17, 2020, 12:14 PM email from M. Colangelo) (emphasis added). Even setting aside the apparent uncertainty regarding the scope of their claims, it is *Plaintiffs* who are insisting on extraordinary expedition in virtually every other aspect of this schedule, so Plaintiffs should not be heard to resist briefing all of their claims at once, in one unified and efficient summary-judgment schedule.

**2. Duplicative Briefs.** According to their own pre-motion letters, Plaintiffs are going to be bringing very similar—in fact, mostly identical—claims challenging the Wolf Memorandum. *See State of New York* Pls.' Aug. 12, 2020 Letter, *State of New York* ECF No. 266 ("[T]he plaintiffs in both actions have advised this Court within the past week of their intent to seek leave to amend or supplement their complaints to challenge the same agency decision . . . . [T]he plaintiffs in both actions intend to challenge the July 28, 2020 Memorandum on the same statutory grounds."); *compare Batalla Vidal* ECF No. 302, *with State of New York* ECF Nos. 264, 266. As the *State of New York* Plaintiffs explained correctly in their August 12 letter—which requested that the Court hold one *combined* pre-motion conference just last week—the purpose of coordinating these two related cases before the same district judge has been to "minimize duplication and burden on the Court and the parties." *State of New York* ECF No. 266. Plaintiffs repeatedly filing duplicative briefs, making the same legal arguments, on the same day, every few weeks, does not serve that purpose, and creates needless inefficiencies for the parties and the Court.[1] Accordingly, Defendants propose that all plaintiffs in these related cases file one set of combined summary-judgment briefs, on the schedule (and with the expanded page limits) set forth above.[2]

To the extent Plaintiffs claim—largely without explanation, and contrary to Defendants' understanding—that their interests may somehow diverge on some of their claims, *see* Pls.' August 19, 2020 Letter at 4, *State of New York* ECF No. 267, that would surely not be the case for Plaintiffs' proposed partial motions for summary judgment under the Federal Vacancies Reform Act and the Homeland Security Act of 2016. Thus, at an absolute minimum, judicial economy would be served

---

[1] Presumably for similar reasons, Plaintiffs filed a *combined* letter, just this morning, addressing a proposed schedule for the resolution of *both* cases. *See* Pls.' August 19, 2020 Letter, *State of New York* ECF No. 267, *Batalla Vidal* ECF No. 305.

[2] In the *Regents* litigation in the Northern District of California, in which five separate DACA-rescission cases have similarly been related before one district judge, all five groups of plaintiffs have always filed one set of combined briefs, as directed by Judge Alsup. *See Regents* ECF No. 49, No. 3:17-cv-05211-WHA (N.D. Cal., Sept. 22, 2017) (generally requiring combined briefs, with limited exceptions that have never been invoked).

3

by requiring both sets of Plaintiffs to consolidate their briefing on that issue, if the Court adopts Plaintiffs' proposed schedule for partial summary-judgment briefing.

**3. Privilege Log.** Consistent with the longstanding litigating position of the Department of Justice, the Government should not be required to prepare a privilege log to accompany the production of the administrative record. As recent appellate authority holds, deliberative and otherwise-privileged materials are not part of a properly constituted administrative record. *See, e.g.*, *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("The District Court correctly observed that 'predecisional and deliberative documents 'are not part of the administrative record to begin with,' so they 'do not need to be logged as withheld from the administrative record.'"); *but cf. In re Nielsen*, No. 17-3345, Order at 3 (2d Cir. Dec. 27, 2017) (unpublished order denying petition for a writ of mandamus). Nor should every agency faced with litigation be required to compile and log all of the deliberative and otherwise-privileged material that is not considered part of the record to begin with. In any event, while Defendants have agreed with Plaintiffs to produce the administrative record on a highly expedited basis by September 4, it is neither feasible, nor necessary to this litigation for Defendants to also collect and review all deliberative and other privileged material by that date in order to produce a simultaneous privilege log on the timeline demanded by Plaintiffs.

But the Court need not resolve this privilege-log issue now, solely on the basis of competing scheduling letters. Pursuant to the parties' agreement, the schedule proposed above already allows for a brief meet-and-confer period after Defendants file and serve the administrative record. To the extent it proves to be necessary, the parties can and should brief this issue (on an expedited basis, if necessary) after exhausting that meet-and-confer process, in briefing that can account for (among other things) the intervening appellate authority cited above. And if, at that time, there are any other record-related disputes between the parties, they can all be addressed in one set of briefs, at the same time (and on an expedited basis, if necessary).

Defendants' proposal to defer this privilege-log dispute to another day is consistent with their desire to resolve these matters efficiently and expeditiously. This new round of litigation should be decided on the basis of the sufficiency of the reasoning set forth in the Wolf Memorandum. Given the extensive airing that these issues have already received in litigation, it is implausible that Plaintiffs or the Court need a detailed accounting of the agency's deliberative and pre-decisional communications in order to rule on the parties' cross-motions for summary judgment. And, as the Court is aware, previous rounds of this litigation were bogged down in a series of ancillary disputes over the scope of the record, none of which ultimately had any significance to the Court's preliminary-injunction opinion, the merits of which were affirmed in substantial part by the Supreme Court. It is Defendants' sincere hope that any such disputes can be minimized or avoided entirely during this round of litigation. Postponing resolution of this privilege-log question until the parties have had a full opportunity to confer and negotiate, in good faith, on *all* record-related issues, on the timeline that the parties have already otherwise agreed to, would serve that goal.

**4. Answers.** Pursuant to Rule IV.A.3 of Your Honor's Individual Practice Rules, Defendants respectfully request a stay of their obligation to file answers, which would otherwise be due on September 11, 2020, in light of the dispositive motion schedule proposed above. In the alternative, and in a request that Plaintiffs appear not to oppose, Defendants respectfully request that their answer deadlines be extended through a period 14 days after the Court's resolution of the parties' summary-judgment motions.

As a preliminary matter, in cases like these, in which the parties are proceeding immediately to summary-judgment briefing, a defendant's answer serves little purpose. The summary-judgment process serves to efficiently identify any material disputes of fact, along with any relevant defenses. *See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1277, at 475 (2d ed. 1990) ("[A]s a matter of judicial administration it is a waste of time and effort to require defendant to prepare an answer if the case can be disposed of without further delay or to renew his motion in the form of a request for summary judgment" (footnote omitted)). That is even more true in APA record-review litigation. Accordingly, Defendants propose staying that obligation pending further order of the Court, or at least until resolution of summary-judgment briefing (whether under Defendants' proposed schedule or Plaintiffs'). Plaintiffs appear not to oppose that alternative request for relief. *See* Pls.' August 19, 2020 Letter, *State of New York* ECF No. 267 (opposing an "indefinite" stay of the answer deadline, but arguing only that Defendants' answers might be relevant "to the extent this litigation proceeds past their motions for partial summary judgment").

Moreover, given the Court's and the Plaintiffs' interest in rapid disposition of the amended complaints, it would not serve those goals for Defendants to divert additional resources to prepare and file two lengthy and complicated answers,[3] instead of applying those resources to the substantial and highly expedited briefing that is already to take place in these cases—not to mention the many similar cases pending around the country, all of which require extensive review and coordination within the Government. Here, Plaintiffs merely suggest that Defendants' answers to their amended complaints may be relevant *after* the Court rules on their proposed partial motions for summary judgment, sometime after October 2, 2020. Accordingly, Plaintiffs would suffer no prejudice if the short deadline under Federal Rule of Civil Procedure 15(a)(3) were extended, at a minimum, through a period 14 days after the Court's resolution of the parties' summary-judgment motions, which is consistent with Plaintiffs' apparent non-opposition to this alternative request.

\*   \*   \*

Defendants thank the Court for its consideration of these matters.

---

[3] Although Plaintiffs have not yet filed their latest amended complaints, the *Batalla Vidal* Plaintiffs' Third Amended Complaint contained 212 numbered paragraphs (ignoring subparts). *Batalla Vidal* ECF No. 113. And the *State of New York* Plaintiffs' First Amended Complaint contained 281 numbered paragraphs (again ignoring subparts). *State of New York* ECF No. 54.

Respectfully submitted,

DAVID M. MORRELL
Deputy Assistant Attorney General

SETH D. DuCHARME
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

/s/   *Stephen M. Pezzi*
GALEN N. THORP
  Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Phone:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Attorneys for Defendants*

6