# EXHIBIT 2

| | |
|---|---|
| From: | Colangelo, Matthew |
| To: | Pezzi, Stephen (CIV); "Muneer Ahmad"; Rosenberg, Brad (CIV); Westmoreland, Rachael (CIV); Thorp, Galen (CIV); Marutollo, Joseph (USANYE); "Trudy Rebert"; "Mayra Joachin"; "Araceli Martínez-Olguín"; "Paige Austin"; "Karen Tumlin"; Dasgupta, Anisha; "batallavidal_lso@mailman.yale.edu"; Finkelstein, Alex; "Chien, Marsha (ATG)"; "Taylor, Abigail (AGO)"; Nogueira, Daniela; Khan, Sania |
| Subject: | RE: Proposed schedule -- Batalla Vidal v. Wolf (16-cv-4756) and State of New York v. Trump (17-cv-5228) |
| Date: | Tuesday, August 18, 2020 9:27:30 PM |

Thank you, Stephen.  We will propose a 9/4 deadline to prepare a privilege log, as indicated in our earlier correspondence.

Thanks,

Matthew

---

**From:** Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>
**Sent:** Tuesday, August 18, 2020 4:45 PM
**To:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; 'Muneer Ahmad' <muneer.ahmad@ylsclinics.org>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>; Thorp, Galen (CIV) <Galen.Thorp@usdoj.gov>; Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>; 'Trudy Rebert' <rebert@nilc.org>; 'Mayra Joachin' <Joachin@nilc.org>; 'Araceli Martínez-Olguín' <martinez-olguin@nilc.org>; 'Paige Austin' <paige.austin@maketheroadny.org>; 'Karen Tumlin' <karen.tumlin@justiceactioncenter.org>; Dasgupta, Anisha <Anisha.Dasgupta@ag.ny.gov>; 'batallavidal_lso@mailman.yale.edu' <batallavidal_lso@mailman.yale.edu>; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; 'Chien, Marsha (ATG)' <marsha.chien@atg.wa.gov>; 'Taylor, Abigail (AGO)' <abigail.taylor@state.ma.us>; Nogueira, Daniela <Daniela.Nogueira@ag.ny.gov>; Khan, Sania <Sania.Khan@ag.ny.gov>
**Subject:** RE: Proposed schedule -- Batalla Vidal v. Wolf (16-cv-4756) and State of New York v. Trump (17-cv-5228)

Matthew,

Thanks for your patience.  Consistent with the longstanding litigating position of the Department of Justice, the Government does not intend to prepare a privilege log to accompany our production of the administrative record.  As recent appellate authority holds, deliberative and otherwise-privileged materials are not part of a properly constituted administrative record.  *See, e.g.*, *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("The District Court correctly observed that 'predecisional and deliberative documents 'are not part of the administrative record to begin with,' so they 'do not need to be logged as withheld from the administrative record.'").  Accordingly, Defendants' agreement to produce the administrative record on September 4 does not include an agreement to collect and review deliberative and other privileged material in order to produce a privilege log.  Moreover, to the extent that Plaintiffs disagree what that position and seek to propose a deadline for production of a privilege log, it is unlikely that the Government would be in a position to produce a privilege log as early as September 4.

As always, I am available to discuss further at your convenience.

Best regards,

**Stephen M. Pezzi**

Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-8576 | stephen.pezzi@usdoj.gov

---

**From:** Pezzi, Stephen (CIV)
**Sent:** Monday, August 17, 2020 4:37 PM
**To:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Muneer Ahmad <muneer.ahmad@ylsclinics.org>; Rosenberg, Brad (CIV) <BRosenbe@civ.usdoj.gov>; Westmoreland, Rachael (CIV) <rwestmor@CIV.USDOJ.GOV>; Thorp, Galen (CIV) <GThorp@civ.usdoj.gov>; Marutollo, Joseph (USANYE) <JMarutollo@usa.doj.gov>; Trudy Rebert <rebert@nilc.org>; Mayra Joachin <Joachin@nilc.org>; Araceli Martínez-Olguín <martinez-olguin@nilc.org>; Paige Austin <paige.austin@maketheroadny.org>; Karen Tumlin <karen.tumlin@justiceactioncenter.org>; Dasgupta, Anisha <Anisha.Dasgupta@ag.ny.gov>; batallavidal_lso@mailman.yale.edu; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Chien, Marsha (ATG) <marsha.chien@atg.wa.gov>; Taylor, Abigail (AGO) <abigail.taylor@state.ma.us>; Nogueira, Daniela <Daniela.Nogueira@ag.ny.gov>; Khan, Sania <Sania.Khan@ag.ny.gov>
**Subject:** RE: Proposed schedule -- Batalla Vidal v. Wolf (16-cv-4756) and State of New York v. Trump (17-cv-5228)

Matthew,

Thanks for the quick response. We certainly share the goal of reaching agreement on as much as we possibly can. To that end, we are willing to agree to your proposal on Item 2, below. I will get back to you on Item 1 as soon as I can. Also, perhaps this is obvious from our email traffic, but just to be clear, I think we also agree on the deadlines for the filing of amended complaints (August 28) and the administrative record (September 4).

Thanks,

**Stephen M. Pezzi**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-8576 | stephen.pezzi@usdoj.gov

---

**From:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>
**Sent:** Monday, August 17, 2020 2:38 PM
**To:** Pezzi, Stephen (CIV) <spezzi@CIV.USDOJ.GOV>; Muneer Ahmad <muneer.ahmad@ylsclinics.org>; Rosenberg, Brad (CIV) <BRosenbe@civ.usdoj.gov>; Westmoreland, Rachael (CIV) <rwestmor@CIV.USDOJ.GOV>; Thorp, Galen (CIV) <GThorp@civ.usdoj.gov>; Marutollo, Joseph (USANYE) <JMarutollo@usa.doj.gov>; Trudy Rebert <rebert@nilc.org>; Mayra Joachin <Joachin@nilc.org>; Araceli Martínez-Olguín <martinez-olguin@nilc.org>; Paige Austin

<paige.austin@maketheroadny.org>; Karen Tumlin <karen.tumlin@justiceactioncenter.org>; Dasgupta, Anisha <Anisha.Dasgupta@ag.ny.gov>; batallavidal_lso@mailman.yale.edu; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Chien, Marsha (ATG) <marsha.chien@atg.wa.gov>; Taylor, Abigail (AGO) <abigail.taylor@state.ma.us>; Nogueira, Daniela <Daniela.Nogueira@ag.ny.gov>; Khan, Sania <Sania.Khan@ag.ny.gov>
**Subject:** RE: Proposed schedule -- Batalla Vidal v. Wolf (16-cv-4756) and State of New York v. Trump (17-cv-5228)

Hi Stephen – we are happy to forego a call.  In the interest of making every effort to resolve issues among the parties and minimize the Court's involvement in these matters, it would help to know if there are any aspects of plaintiffs' proposal that you agree with.  Two questions in particular look like open issues that we may be able to resolve without the Court's assistance:

(1) We proposed the same date for production of the AR that you proposed – Sept. 4 – but our proposed schedule specifies that a privilege log identifying any materials withheld from the record should also be produced on that date.  You may already have been planning to do that given the history of this litigation, but in the interest of making sure we have a shared understanding on that point, can you confirm that you agree that a privilege log will accompany the AR?

(2) We proposed that the parties meet and confer after production of the AR, and advise the Court within two weeks whether motions practice regarding completion of the record would or would not be necessary (and if so, on what schedule).  Will you agree to confer on the completeness of the AR and advise the Court of the parties' views within two weeks after the AR is produced?

Thank you – Matthew

---

**From:** Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>
**Sent:** Monday, August 17, 2020 1:43 PM
**To:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Muneer Ahmad <muneer.ahmad@ylsclinics.org>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>; Thorp, Galen (CIV) <Galen.Thorp@usdoj.gov>; Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>; Trudy Rebert <rebert@nilc.org>; Mayra Joachin <Joachin@nilc.org>; Araceli Martínez-Olguín <martinez-olguin@nilc.org>; Paige Austin <paige.austin@maketheroadny.org>; Karen Tumlin <karen.tumlin@justiceactioncenter.org>; Dasgupta, Anisha <Anisha.Dasgupta@ag.ny.gov>; batallavidal_lso@mailman.yale.edu; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Chien, Marsha (ATG) <marsha.chien@atg.wa.gov>; Taylor, Abigail (AGO) <abigail.taylor@state.ma.us>; Nogueira, Daniela <Daniela.Nogueira@ag.ny.gov>; Khan, Sania <Sania.Khan@ag.ny.gov>
**Subject:** RE: Proposed schedule -- Batalla Vidal v. Wolf (16-cv-4756) and State of New York v. Trump (17-cv-5228)

**[EXTERNAL]**

Matthew,

Thank you for your email.  It appears that the parties are still far apart on several fundamental issues with respect to how this schedule should look.  While we remain more than happy to speak on the phone today at 5:30 if you think it would be productive, now that we have each set forth our respective proposals, it may be more efficient for us to simply submit competing proposals on Wednesday, at this point.  Please let us know how you would like to proceed.

Best regards,

**Stephen M. Pezzi**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-8576 | stephen.pezzi@usdoj.gov

---

**From:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>
**Sent:** Monday, August 17, 2020 12:14 PM
**To:** Pezzi, Stephen (CIV) <spezzi@CIV.USDOJ.GOV>; Muneer Ahmad <muneer.ahmad@ylsclinics.org>; Rosenberg, Brad (CIV) <BRosenbe@civ.usdoj.gov>; Westmoreland, Rachael (CIV) <rwestmor@CIV.USDOJ.GOV>; Thorp, Galen (CIV) <GThorp@civ.usdoj.gov>; Marutollo, Joseph (USANYE) <JMarutollo@usa.doj.gov>; Trudy Rebert <rebert@nilc.org>; Mayra Joachin <Joachin@nilc.org>; Araceli Martínez-Olguín <martinez-olguin@nilc.org>; Paige Austin <paige.austin@maketheroadny.org>; Karen Tumlin <karen.tumlin@justiceactioncenter.org>; Dasgupta, Anisha <Anisha.Dasgupta@ag.ny.gov>; batallavidal_lso@mailman.yale.edu; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Chien, Marsha (ATG) <marsha.chien@atg.wa.gov>; Taylor, Abigail (AGO) <abigail.taylor@state.ma.us>; Nogueira, Daniela <Daniela.Nogueira@ag.ny.gov>; Khan, Sania <Sania.Khan@ag.ny.gov>
**Subject:** RE: Proposed schedule -- Batalla Vidal v. Wolf (16-cv-4756) and State of New York v. Trump (17-cv-5228)

Stephen,
Thank you for passing along your proposed schedule.  Our proposal (for both the BV plaintiffs and the State plaintiffs) follows; we will look forward to discussing.

8/28:
- Plaintiffs' amended complaints
- Plaintiffs' motions for partial summary judgment on their FVRA claims
- BV Plaintiffs' motion for class certification

9/4:
- Defendants' production of Administrative Record
- Defendants' production of privilege log identifying any materials withheld from the AR on a claim of privilege

9/11:
- Defendants' opposition to partial summary judgment and cross-motion for partial summary

judgment
- Defendants' opposition to BV Plaintiffs' motion for class certification

9/18
- The parties shall meet and confer regarding the completeness of the AR, and shall file a joint letter advising the Court whether motions practice to complete the AR will be necessary (and if so, on what timeline).

9/25:
- Plaintiffs' opposition and reply on partial summary judgment
- BV Plaintiffs' reply supporting motion for class certification

10/2:
- Defendants' reply regarding partial summary judgment.

And a few related points and responses to your proposal:
- We do not agree with your proposal that the plaintiffs in the two actions file combined legal papers.  We will of course make every effort to minimize duplication.
- Plaintiffs do not believe summary judgment on all issues should be briefed on this schedule.  Your proposal allows only one week after receiving the AR for the plaintiffs to brief their record-review claims, which is insufficient time and does not allow for any time that may be needed (after reviewing the AR and conferring with defense counsel) for completion of the record.  Also, the BV Plaintiffs stated in their letter requesting a pre-motion conference that they may allege a 5th Amendment claim, which is not feasible to brief on the schedule you proposed.
- We do not agree that the answer is "largely meaningless" and can't consent to an indefinite stay of Defendants' answers to the forthcoming complaints.
- We are not in position to agree to forego any request for oral argument as otherwise permitted by Judge Garaufis's Individual Rules, particularly where we have not seen Defendants' arguments.

Thank you,
Matthew

---

**From:** Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>
**Sent:** Sunday, August 16, 2020 10:10 PM
**To:** Muneer Ahmad <muneer.ahmad@ylsclinics.org>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Westmoreland, Rachael (CIV) <Rachael.Westmoreland@usdoj.gov>; Thorp, Galen (CIV) <Galen.Thorp@usdoj.gov>; Marutollo, Joseph (USANYE) <Joseph.Marutollo@usdoj.gov>
**Cc:** Trudy Rebert <rebert@nilc.org>; Mayra Joachin <Joachin@nilc.org>; Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Araceli Martínez-Olguín <martinez-olguin@nilc.org>; Paige Austin <paige.austin@maketheroadny.org>; Karen Tumlin <karen.tumlin@justiceactioncenter.org>; Dasgupta, Anisha <Anisha.Dasgupta@ag.ny.gov>; batallavidal_lso@mailman.yale.edu; Finkelstein, Alex <Alex.Finkelstein@ag.ny.gov>; Chien, Marsha (ATG) <marsha.chien@atg.wa.gov>; Taylor, Abigail (AGO) <abigail.taylor@state.ma.us>; Nogueira, Daniela <Daniela.Nogueira@ag.ny.gov>;

Khan, Sania <Sania.Khan@ag.ny.gov>
**Subject:** RE: Proposed schedule -- Batalla Vidal v. Wolf (16-cv-4756) and State of New York v. Trump (17-cv-5228)

Dear Counsel:

Further to our conversations of last week, and the status conference before Judge Garaufis, we wanted to reach out with our scheduling proposal in these cases. Here is the schedule that we believe will allow the most efficient resolution of these cases:

- August 28: Amended Complaints
- September 4: Administrative Record
- September 11: Plaintiffs' combined motion for summary judgment (35 pages)
- September 11: *Batalla Vidal* motion for class-certification (25 pages)
- October 7: Defendants' opp'n and cross-motion for summary judgment (50 pages)
- October 7: Defendants' opp'n to *Batalla Vidal* motion for class-certification (25 pages)
- October 20: Plaintiffs' combined opposition and reply in support of summary judgment (35 pages)
- October 20: *Batalla Vidal* Plaintiffs' reply on class-certification (10 pages)
- November 2: Defendants' reply in support of summary judgment (20 pages)
- Oral argument: waived, by agreement of the parties, subject to the Court's preference
- Defendants' answer deadline: stayed pending further order of the Court, by agreement of the parties

A few things to note about this proposal.

First, it is significantly faster than even your original proposal (including the dates on which we had already agreed, for amended complaints and the administrative record). In fact, it is hard to imagine either side adequately briefing a case of this significance much faster than this, which is presumably why your original proposal was far slower.

Second, for similar reasons, it calls for expedited briefing on cross-motions for summary judgment that would resolve the entire case—not just the FVRA claim that you previously declared an intent to seek summary-judgment on. We don't see why the entire case could not be teed up for resolution and final judgment on cross-motions for summary judgment. The legality of the Wolf Memorandum "present[s] only a question of law" to be reviewed upon an administrative record. *Sikh Cultural Soc'y, Inc. v. USCIS*, No. 15-CV-5158 (RRM), 2017 WL 1232476, at *9 (E.D.N.Y. Mar. 30, 2017) (in APA cases, "the district court conducts what is essentially an appellate review of the challenged administrative action," so "these cases are frequently disposed of on cross-motions for summary judgment"). We see no downside to this proposal for you, or for Judge Garaufis.

Third, this schedule does not include any briefing regarding the scope of the record. Obviously, we cannot stop you from filing a motion if/when it becomes necessary, in your view. But we do think it is inappropriate to set a schedule for resolution of a dispute that may never even exist. We are hopeful that you will agree that the administrative record we produce on September 4 is complete—as it is presumed to be, under the law. But if you do not agree, we can confer at that time, and attempt to reach a negotiated resolution. If those efforts are unsuccessful, we can brief the issue at that time (including on an expedited basis, if necessary).

As you may recall from the last time we litigated these issues, ancillary litigation over the scope of the record can only possibly slow down these proceedings, contrary to the Court's stated preference, and with little or no benefit to your clients—you were successful last time based solely on the administrative record we produced, even though you believed it was deficient. There is every reason to think that, once again, the legality of the Wolf Memorandum can be resolved, in either direction, even to final judgment, based on legal arguments and the record we produce, as was the case with the Duke Memorandum. Neither the government, nor you, nor your clients, nor Judge Garaufis would benefit from another (ultimately irrelevant) dispute about the scope of the record. All that said, I think we can and should continue that conversation once you actually *see* the record—we need not and should not set a schedule on that issue now, nor is there any basis in law to presume that the new record will be deficient.

Fourth, we propose that each group of Plaintiffs file combined briefs with respect to their motion for summary judgment. We provide proposed page limitations above, so that each side receives a total of 70 pages for their full briefing on summary judgment. As the *State of New York* Plaintiffs' wrote in their August 12 letter, ECF No. 266, the entire purpose of coordinating these proceedings is to "minimize duplication and burden on the Court and the parties." You filing duplicative briefs, making the same legal arguments, on the same day, does not serve that purpose, and creates needless inefficiencies for the parties and the Court.

Fifth, the answer is largely meaningless in a case like this (as it was last time), particularly where we are proceeding on expedited summary-judgment briefing. *See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1277, at 475 (2d ed. 1990) (noting that "as a matter of judicial administration it is a waste of time and effort to require defendant to prepare an answer if the case can be disposed of without further delay or to renew his motion in the form of a request for summary judgment" (footnote omitted)). So we propose staying that obligation pending further order of the Court (and at least until resolution of the parties' cross-motions for summary judgment). Our ability to expedite merits briefing on this extremely accelerated schedule is contingent on our not diverting resources to prepare and file two answers.

Sixth, to the extent Plaintiffs and the Court desire the fastest possible resolution of this case, we see no need to hold oral argument (subject, of course, to the Court's preferences).

I look forward to discussing with you on Monday at 5:30.

Best,

**Stephen M. Pezzi**
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-8576 | stephen.pezzi@usdoj.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received

this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.