

O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

September 4, 2020

**Margaret L. Carter**
D: (213) 430-7592

<u>**VIA ECF**</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    <u>*Batalla Vidal, et al. v. Chad Wolf, et al.*, Case No. 16-CV-4756 (NGG) (JO); *State of New York, et al. v. Trump, et al.*, Case No. 17-CV-5228 (NGG) (JO)</u>

Dear Judge Garaufis:

We respectfully submit this letter on behalf of 55 local governments and the U.S. Conference of Mayors in connection with the above-captioned matters. We are writing the Court to request permission to file an *amicus* brief in support of Plaintiffs' motions for partial summary judgment. Counsel for the parties in both cases have consented to the filing of this brief.

"District courts have broad discretion in deciding whether to accept *amicus* briefs." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citing *Jamaican Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008)). Amicus briefs "should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court." *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d. 295, 311 (W.D.N.Y. 2007).

*Amici* include local governments from across the country that come from a wide range of economic, political, and social diversity. All *Amici* agree that our communities are stronger—and our future is brighter—because of the Deferred Action for Childhood Arrivals ("DACA") program. Many current DACA recipients, affected by the new one-year renewal period, and desirous DACA would-be recipients, who would like to apply for DACA for the first time, call *Amici*'s communities home. *Amici* have a strong interest in the safety and strength of our communities, and they have a unique perspective that will be helpful to the Court.

The Wolf Memorandum shuts the door on hundreds of thousands of young people who are potential first-time applicants for DACA, and who are eligible under the Supreme Court's directive in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020). DACA offers these individuals—many of them high school students with their lives ahead of them—a path to pursue higher education, obtain better paying jobs, and build their dreams, all of which are critical economic drivers for *Amici*. By refusing to permit new



DACA applications, Defendants are denying these young people and *Amici*'s communities these benefits.

The Wolf Memorandum also diminishes the value of the DACA program for the hundreds of thousands of current DACA recipients by cutting the renewal period to only one year.  By limiting the renewal period from two years to one year, Defendants will force recipients to spend more time and resources to maintain their grants of deferred action and the resulting work authorization.  For many recipients who already struggle to afford renewal fees, this new requirement can create an insurmountable burden.  Fewer DACA renewals, in turn, negatively impacts *Amici*'s communities, which depend on the numerous contributions of DACA recipients.

The proposed brief would describe the benefits the DACA program brings, and the harms the Wolf Memorandum will cause, to *Amici*'s communities.  The proposed brief would provide the Court with the unique perspective of local governments to assist it in evaluating the issues in these cases in a way that serves the best interest of *Amici*'s residents.

For the foregoing reasons, *Amici* request leave to file the attached brief.


Sincerely,


*/s/ Margaret L. Carter*


Margaret L. Carter
O'Melveny & Myers LLP