IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD WOLF, *et al.*,<br><br>Defendants. | No. 16-cv-4756 (NGG) (JO) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

SETH D. DuCHARME
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

GALEN N. THORP
 Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
 Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York

Date of Service:  September 17, 2020

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT.............................................................................................1

STANDARD OF REVIEW ....................................................................................................2

ARGUMENT ..........................................................................................................................3

      I.      Plaintiffs Fail To Establish That Class Certification Is Warranted .............................3

            A.     The proposed nationwide class would improperly interfere with parallel litigation. ..........................................................................................................3

            B.     The proposed nationwide class is overbroad and not ascertainable.................9

      II.     Alternatively, The Court Should Stay Ruling On Plaintiffs' Motion For Class Certification .................................................................................................11

CONCLUSION .....................................................................................................................12

## TABLE OF AUTHORITIES

**CASES**                                                                 **Page(s)**

*Amara v. Cigna Corp.*,
   775 F.3d 510 (2d Cir. 2014)................................................................................................6

*Batalla Vidal v. Nielsen*,
   279 F. Supp. 3d 401 (E.D.N.Y. 2018), *vacated and remanded sub nom.*
   *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020)................11

*Berry v. Schulman*,
   807 F.3d 600 (4th Cir. 2015)...............................................................................................6

*Brecher v. Republic of Argentina*,
   806 F.3d 22 (2d Cir. 2015)...........................................................................................2, 9, 10

*Califano v. Yamasaki*,
   442 U.S. 682 (1979) ....................................................................................................1, 2, 5, 9

*Cty. of Suffolk v. Long Island Lighting Co.*,
   710 F. Supp. 1407 (E.D.N.Y. 1989), *aff'd*, 907 F.2d 1295 (2d Cir. 1990) ..................................7

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006)................................................................................................9

*Ebert v. Gen. Mills, Inc.*,
   823 F.3d 472 (8th Cir. 2016)................................................................................................6

*Gates v. Rohm and Haas Co.*,
   655 F.3d 255 (3d Cir. 2011).................................................................................................7

*Gen. Tel. Co. v. Falcon*,
   457 U.S. 147 (1982) ............................................................................................................3

*Gooch v. Life Investors Ins. Co. of America*,
   672 F.3d 402 (6th Cir. 2012)...............................................................................................6

*In re Petrobras Sec.*,
   862 F.3d 250 (2d Cir. 2017).................................................................................................2

*In re Vitamin C Antitrust Litig.*,
   279 F.R.D. 90 (E.D.N.Y. 2012) ...........................................................................................9

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .............................................................................................................9

*M.G. v. New York City Dep't of Educ.*,
   162 F. Supp. 3d 216 (S.D.N.Y. 2016)...................................................................................3

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010), *cert. denied*, 565 U.S. 930 (2011) ................................................2, 3

*Newkirk v. Pierre*,
  No. 19-CV-4283, 2020 WL 5035930 (E.D.N.Y. Aug. 26, 2020)....................................................9

*Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
  No. 14-CV-4394 (AJN), 2017 WL 1331288 (S.D.N.Y. Apr. 4, 2017).........................................10

*Scaggs v. New York State Dep't of Educ.*,
  No. 06-CV-0799 (RRM) (WDW), 2009 WL 890587 (E.D.N.Y. Mar. 31, 2009) ..........................3

*Schweizer v. Trans Union Corp.*,
  136 F.3d 233 (2d Cir. 1998)........................................................................................................11

*Shelton v. Bledsoe*,
  775 F.3d 554 (3rd Cir. 2015) ........................................................................................................6

*Southwood v. Credit Card Sol., No. 7:09-CV-183-F,*
  2014 WL 10677478 (E.D.N.C. Mar. 27, 2014),
  *aff'd sub nom. Taylor v. Bettis*, 693 F. App'x 190 (4th Cir. 2017)................................................10

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) .......................................................................................................................7

*United States v. Mendoza*,
  464 U.S. 154 (1984) .......................................................................................................................5

*W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co.*,
  737 F. App'x 457 (11th Cir. 2018) ................................................................................................7

*Wal-Mart Stores, Inc., v. Dukes*,
  564 U.S. 338 (2011) ...............................................................................................................*passim*

*Wright v. Giuliani*,
  No. 99-CIV-10091 (WHP), 2000 WL 777940 (S.D.N.Y. June 14, 2000),
  *aff'd*, 230 F.3d 543 (2d Cir. 2000) .............................................................................................3, 4

## FEDERAL RULES

Fed. R. Civ. P. 23 ...............................................................................................................................1, 2

## OTHER AUTHORITIES

6 *Newberg on Class Actions* §§ 18:1, 18:45 (5th ed. 2014).........................................................6, 7

## PRELIMINARY STATEMENT

Plaintiffs seek to certify a "DACA Class" of "[a]ll persons who are or will be *prima facie* eligible for deferred action under the terms of the 2012 Napolitano Memorandum" and a "Pending Applications Subclass" for "[a]ll persons who had an application for deferred action through DACA, whether an [*sic*] first-time or renewal, pending at U.S. Citizenship and Immigration Services ('USCIS') on any date between June 30, 2020, and July 28, 2020, that have not been or will not be adjudicated in accordance with the 2012 Napolitano Memorandum." Plaintiffs' Memorandum in Support of Motion for Class Certification, Dkt. No. 309-1 ("Pl. Mem.") at 2-3. Plaintiffs want to exclude from the putative "DACA Class" and the "Pending Applications Subclass" (collectively, "Plaintiffs' Class") all "individuals who are *prima facie* eligible for DACA and [who] bring their own federal lawsuits challenging the Wolf Memo, or in the alternative, to allow these individuals to op[t]-out of any class certified by this Court." *Id.* at 3-4.

This Court should deny Plaintiffs' motion for class certification. First, despite the Supreme Court's admonition that district courts ensure that certified classes not "improperly interfere with the litigation of similar issues in other judicial districts," *Califano v. Yamasaki*, 442 U.S. 682, 702-03 (1979), Plaintiffs aim to certify a mandatory class that would inevitably intrude into the many other lawsuits pending in district courts across the country that address the same legal issues as presented here. Any decision issued by this Court would, once final, serve to effectively bind both the parties whose interests are being vigorously litigated before other courts and the judges tasked with rendering opinions in those cases. Plaintiffs' proposal of opt-outs or carve-outs for parallel litigants cuts against the Supreme Court's ruling that, in a class certified under Fed. R. Civ. P. 23(b)(2), "the relief sought *must perforce* affect the entire class at once. The Rule *provides no opportunity* for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action." *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 361-62

(2011) (emphasis added).  Indeed, certification of a nationwide class here would only serve to encourage an improper race to a final judgment and "have a detrimental effect by foreclosing adjudication by a number of different courts and judges." *Califano*, 442 U.S. at 702.

Additionally, Plaintiffs' Class is overly broad and not ascertainable.  Plaintiffs' DACA Class includes unidentified members who "will be" eligible for DACA—even though it remains unknown when, or if, these individuals will ever request DACA.  Further, Plaintiffs' DACA Class definition is rooted in speculation and lacks any temporal limitation.

Finally, and in the alternative, Defendants respectfully request that the Court stay adjudication of this motion for class certification until after it resolves the parties' pending cross-motions for partial summary judgment, particularly given that current DACA recipients continue to be permitted to renew their requests for DACA.

### STANDARD OF REVIEW

Rule 23 requires that for a class to be certified, the proposed class must "(1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010), *cert. denied*, 565 U.S. 930 (2011).  The Second Circuit "has also 'recognized an implied requirement of ascertainability in Rule 23.'" *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017) (quoting *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015)), *cert. dismissed*, *Petrobras Brasileiro Universities Superannuation*, 140 S. Ct. 338 (20109).  "A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case." *Brecher*, 806 F.3d at 24-25 (quoting *Charron v. Pinnacle Grp. N.Y. LLC*, 269 F.R.D. 221, 229 (S.D.N.Y. 2010)).

In addition to the Rule 23(a) prerequisites, a party seeking class certification must satisfy one subsection of Rule 23(b).  Because Plaintiffs seek to certify a class pursuant to Rule 23(b)(2), they must show that the Government has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart*, 564 U.S. at 360.  "The Second Circuit has cautioned against certifying overbroad classes, even under Rule 23(b)(2), which requires a less precise definition than Rule 23(b)(3)." *M.G. v. N.Y.C. Dep't of Educ.*, 162 F. Supp. 3d 216, 233 (S.D.N.Y. 2016) (citations omitted).

It is Plaintiffs who "bear[] the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers*, 624 F.3d at 547.  A class action "may only be certified if the trial court is satisfied, after a *rigorous* analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (emphasis added).

## ARGUMENT

**I.      Plaintiffs Fail To Establish That Class Certification Is Warranted**

**A.      The proposed nationwide class would improperly interfere with parallel litigation.**

The key to class certification is defining the class in a way that makes administrative sense. *Scaggs v. N.Y. State Dep't of Educ.*, No. 06-CV-799 (RRM) (WDW), 2009 WL 890587, at *2 (E.D.N.Y. Mar. 31, 2009); *Wright v. Giuliani*, No. 99-CIV-10091 (WHP), 2000 WL 777940, at *10 (S.D.N.Y. June 14, 2000) ("The definition of the class is of primary importance, since it 'enables courts to accurately determine whether the proposed class satisfied the other requirements of Rule 23.'") (quoting 5 Moore's Federal Practice 23.21[3] (1999)), *aff'd*, 230 F.3d 543 (2d Cir. 2000).

Here, Plaintiffs' Class is defined in a manner that makes no administrative sense, as the

putative class will necessarily collide with the many other lawsuits pending in different district

courts that present overlapping challenges related to DACA and the Wolf Memorandum—

including another putative class-action, and many other cases in which Plaintiffs have requested

or likely will request some form of nationwide relief.[1]  Plaintiff effectively seek certification of a

---

[1] Plaintiffs list the following lawsuits and descriptions in their brief:

- *New York v. Trump*, No. 17-cv-5228 (E.D.N.Y. filed Sept. 6, 2017) (originally filed as a challenge to the Duke Memorandum, plaintiffs' have been granted leave to file an amended complaint challenging the Wolf Memorandum);
- *Casa de Maryland v. U.S. Dep't of Homeland Sec.*, No. 17-cv-2942-PWG (D.Md. filed Oct. 5, 2017) (originally filed as a challenge to the Duke Memorandum, plaintiffs are currently pursuing a motion for contempt, or in the alternative, to compel compliance with the Fourth Circuit's mandate vacating the Duke Memorandum and to restore DACA to its pre-September 5, 2017 status) (ECF No. 115.1);
- *Nat'l Ass'n for the Advancement of Colored People v. Trump* No. 17-cv-1907-JDB (D.D.C. filed Sept. 18, 2017) (district court order remanding the 2017 Duke Memo to DHS was affirmed by the Supreme Court and the parties will file a joint status report by Sept. 16, 2020); *Princeton v. United States.*, No. 17-cv-2325-JDB (D.D.C. filed Nov. 3, 2017) (same);
- *Regents of Univ. of California v. U.S. Dep't of Homeland Sec.*, No. 17-cv-5211-WHA (N.D. Cal. filed Sept. 8, 2017) (originally filed as a challenge to the Duke Memorandum, plaintiffs submitted a letter on Aug. 18, 2020 seeking a status conference to discuss next steps in the litigation and note that they intend to bring challenges against the Wolf Memo) (Dkt. No. 304); *State of California v. DHS*, No. 17-cv-5235-WHA (N.D. Cal. filed Sept. 11, 2017) (same); *City of San Jose v. Trump*, No. 17-cv-5329-WHA (N.D. Cal. filed Sept. 14, 2017) (same); *Garcia v. U.S.*, No. 17-cv-5380-WHA (N.D. Cal. filed Sept. 18, 2017) (same); *County of Santa Clara v. Trump*, No. 17-cv-5813-WHA (N.D. Cal. filed Oct. 10, 2017) (same);
- *Perez Lazarte v. Wolf*, 20-cv-894 (E.D. Va. filed Aug. 6, 2020) (challenging the Wolf Memorandum's retroactive change to shorten DACA renewal periods from two years to one year for plaintiffs who had submitted DACA renewal applications prior to the issuance of the Wolf Memorandum); and
- *FIEL Houston v. Wolf*, 20-cv-2515 (S.D. Tex. filed July 17, 2020) (seeking to compel USCIS to receive initial DACA applications pursuant to *Regents*). Plaintiffs filed a class certification motion on July 31, 2020 and seek to certify a class of:

  > [I]ndividuals who have been denied the ability to file their DACA Applications by USCIS. Excluded from the Class are Defendants named herein and the Agencies for which they work. Likewise excluded from the class is any judge or judicial officer presiding over this matter and any members of their family and judicial staff.

  Motion for Class Certification, at 4, *id.*, ECF 12. The schedule set by the court directs the parties to meet and confer on a schedule for briefing the plaintiffs' motion for class

class of at least "1.1 million undocumented immigrants" who they claim are "*prima facie* eligible for DACA" and all those who "will be *prima facie* eligible for DACA"—*except* those who are "*prima facie* eligible for deferred action through DACA and who bring a federal lawsuit challenging the Wolf Memorandum." Pl. Mem. at 3-4, 12. Plaintiffs' Class definition fundamentally misapprehends the nature of a (b)(2) class, which is mandatory precisely because "the relief sought must perforce affect the entire class at once," *Wal-Mart*, 564 U.S. at 361-62. In other words, Plaintiffs cannot exclude (or provide an opportunity to opt out) from a (b)(2) class the named plaintiffs in identical or similar cases around the country because the "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory relief warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id.* at 360 (citation omitted). The relief Plaintiffs seek—"requiring USCIS to review their DACA requests under the terms of [the Napolitano] memo" (Pl. Mem. at 23-24)— would necessarily apply to *all* individuals who claim that they meet the criteria set forth in the memo, including those who have chosen to litigate before other judges in other courts and are represented by other counsel.

Certification of Plaintiffs' Class, which would include more than one million individuals whose rights are being litigated in parallel matters nationwide, would therefore "improperly interfere with the litigation of similar issues in other judicial districts." *Califano*, 442 U.S. at 702. This is because it "often will be preferable to allow several courts to pass on a given class claim in order to gain the benefit of adjudication by different courts." *Id.*; *cf. United States v. Mendoza*,

---

certification 14 days after the court has ruled on both the plaintiffs' motion for preliminary injunction and defendants' motion to dismiss.

Pl. Mem. 3-4, n.5. Defendants note that the plaintiffs in the *NAACP* and *Princeton* matters in D.C. have now requested that those cases be "held in abeyance," a request that Defendants did not oppose. *See* Dkt. No. 92, D.D.C. Case No. 17-cv-2325.

464 U.S. 154, 160 (1984) (disallowing nonmutual collateral estoppel against the government on ground it "would substantially thwart the development of important questions of law by freezing the first final decision rendered").

Because Plaintiffs seek "an indivisible injunction benefitting all its members at once," *Wal-Mart*, 564 U.S. at 362, they cannot avoid interference with other lawsuits simply by permitting an opt-out or carve-out for plaintiffs in other DACA-related litigation from among the potentially more than one million individuals whom they seek to represent. *See* Pl. Mem. at 3, n. 5. The purpose of an opt-out is to protect putative class members from a final judgment that would prevent them "from continuing to pursue, or from later initiating, individual or class litigation regarding the subject of the class suit." 6 *Newberg on Class Actions* § 18:45 (5th ed. 2014). But that is precisely what Plaintiffs' proposed class definition does with respect to still-pending litigation.

As the Supreme Court explained in *Wal-Mart*, because "the relief sought must perforce affect the entire class at once . . . these are also *mandatory* classes: The Rule *provides no opportunity* for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action." 564 U.S. at 361-62 (emphasis added). The "key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted,'" *Id.* at 360 (citation omitted).

Appellate courts interpreting *Wal-Mart* overwhelmingly have held that the mandatory nature of a (b)(2) class precludes individual opt-outs. *See Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 480 (8th Cir. 2016) ("Because a (b)(2) class is mandatory, the rule provides no opportunity for (b)(2) class members to opt out[.]"); *Berry v. Schulman*, 807 F.3d 600, 609, 612 (4th Cir. 2015) (rejecting objectors' request to opt out of (b)(2) class on ground that opt-out is not provided by the Rule and is "unnecessary" because "the relief sought is uniform"); *Gooch v. Life Investors Ins. Co.*

6

*of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) (holding that "class members *may not opt out*" of Rule

23(b)(2) certifications) (emphasis added); *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3rd Cir. 2015)

("[T]here is no right to opt out from [a (b)(2)] class"); *see also Amara v. Cigna Corp.*, 775 F.3d

510, 519 (2d Cir. 2014) (Rule 23(b)(2) class members "need not be given notice and opt-out

rights"); *W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co.*, 737 F. App'x 457, 467-68

(11th Cir. 2018) (explaining that *Wal-Mart* "offers a simple dichotomy: claims seeking declaratory

or injunctive relief equally applicable to the entire class may be resolved through mandatory class

litigation under Rule 23(b)(2); individualized claims for relief [] should be resolved under Rule

23(b)(3), which provides absent class members notice and an opportunity to opt out.").  Indeed, as

courts in this district have long recognized, "[c]lasses certified pursuant to Rule 23(b)(1) or Rule

23(b)(2) are said to be mandatory because class members can claim no right to opt out of these

classes." *Cty. of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1407, 1420 (E.D.N.Y. 1989)

(Weinstein, J.), *aff'd*, 907 F.2d 1295 (2d Cir. 1990).   Plaintiffs' contention that this Court may

cure their defective class certification motion by permitting individuals litigating in another venue

to opt out (or excluding them altogether) simply cannot be squared with *Wal-Mart* and authority

interpreting it.

    Moreover, certification here would create a perverse incentive for plaintiffs in other suits

to race to a final judgment because the "judgment in a class action lawsuit binds all members of

the class" and "will bind those absent class members even though they never themselves actively

litigated their claims." *See* 6 Newberg on Class Actions § 18:1 (5th ed.); *see also Wal-Mart*, 564

U.S. at 364 (expressing concern that, were (b)(2) class improperly certified, absent class members

"would be *precluded* by litigation they had no power to hold themselves apart from"); *accord*

*Taylor v. Sturgell*, 553 U.S. 880, 893 (2008); *Gates v. Rohm & Haas Co.*, 655 F.3d 255, 264 (3d

Cir. 2011) (applying *Wal-Mart* and explaining that "strong commonality of interests" is required under (b)(2) because "all class members will be bound by a single judgment").

Finally, Plaintiffs make no effort to explain how, as a practical matter, their proposed class carve-out could even be implemented.  For instance, in *State of New York v. Trump*, No. 17-CV-5228 (E.D.N.Y.), the States of New York, Massachusetts, Washington, Colorado, Connecticut, Delaware, Hawaii, Illinois, Iowa, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia and the District of Columbia purport to be litigating the same issues on behalf of "hundreds of thousands of the States' residents," as well as "employers, small governmental jurisdictions, regulatory systems, and educational institutions."[2]  Plaintiffs provide no roadmap by which the Court could potentially carve-out those hundreds of thousands of would-be litigants from the *New York* litigation who may seek to opt-out of a proposed class.  Similarly, Plaintiffs make no effort to explain how opt-outs would work for any of the litigants involved in the similar actions pending in the Northern District of California, where lawsuits have been brought on behalf of, *inter alia*, "[a]pproximately 4,000 undocumented students" enrolled in the University of California[3] as well as all individuals who allegedly would have been eligible for DACA in California, Maine, Maryland, and Minnesota.[4]  Indeed, a class member could fall into multiple and contradictory categories.  For example, on Plaintiffs' theory, if a class were to be certified, a state (Virginia, for example) might decide to opt out of the class; the University of California might not. If a DACA requester who enrolled as a student at the University of California also happened to be a Virginia resident, it would be wholly unclear as to whether that individual was actually a member of the class and bound to any class-related court rulings.

---

[2] *State of New York v. Trump*, No. 17-CV-5228 (E.D.N.Y.), Dkt. No. 271 at 1, 5.
[3] See Doc. 1, Compl. at 5, *Regents of the Univ. of Cal. v. DHS*, No. 17-CV-5211 (N.D. Cal.).
[4] *See* Doc. 1, Compl., *State of California. v. DHS*, No. 17-CV-5235 (N.D. Cal).

Accordingly, the class certification sought by Plaintiffs would bind with equal force all those whose rights are being determined in other cases, including those who have retained separate counsel, and would provide no opportunity to opt out of litigation.  Because such a ruling would "improperly interfere with the litigation of similar issues in other judicial districts" and prevent the "benefit of adjudication by different courts" of similar claims, *Califano*, 442 U.S. at 702, this Court should deny class certification and limit its ruling to the parties before it.

**B.      The proposed nationwide class is overbroad and not ascertainable.**

Plaintiffs' motion for class certification should also be denied due to the defective and overly broad nature of their class definition.

Plaintiffs' DACA Class is defined as including all those who "will be *prima facie* eligible" for DACA.  Pl. Mem. at 2.  This definition therefore encompasses individuals who have not yet officially requested DACA and may never do so.  At the threshold level, these individuals lack standing to pursue the claims Plaintiffs bring in this action because there is no telling if, or when, they will ever request DACA.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) ("'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require [for standing].").  As "no class may be certified that contains members lacking Article III standing," *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006), Plaintiffs' definition of the DACA Class is improper and cannot be certified.  Further, the defined DACA Class creates an impermissible moving target, as these future potential class members "will be" able to seek DACA benefits as long as DACA exists.  *See, e.g., Brecher*, 806 F.3d at 25 n.3 (district court impermissibly certified class where "identity of class members will remain fluid even following entry of judgment, since nothing in the new class definition freezes the class composition at any designated time."); *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 116 (E.D.N.Y. 2012) (although

Rule 23 "contains no express requirement regarding ascertainability, courts within the Second Circuit have held that the rule impliedly prohibits certification of a class that is not identifiable by reference to objective criteria."); *cf. Newkirk v. Pierre,* No. 19-CV-4283, 2020 WL 5035930, at *7 (E.D.N.Y. Aug. 26, 2020) (Garaufis, J.) (granting class certification wherein "plaintiffs do not seek injunctive relief in perpetuity.").

The DACA class also contains no temporal limitation, making it impossible to concretely identify the potential class members. *Brecher*, 806 F.3d at 25 (a class is not sufficiently definite and readily identifiable if it "has no limitation on time or context" and has "ever-changing composition" of membership such that "would make determining the identity of those [members of the class] impossible."); *see, e.g., Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394 (AJN), 2017 WL 1331288, at *5 (S.D.N.Y. Apr. 4, 2017) (Nathan, J.) (denying class certification because the class definition lacked "an expressly defined class period" and "any meaningful temporal limitation at all"); *Southwood v. Credit Card Sol.,* No. 7:09-CV-183-F, 2014 WL 10677478, at *2 (E.D.N.C. Mar. 27, 2014), (denying a class certification motion because the proposed definition—"all persons in the United States who gave money to one or more Defendants for debt relief or credit repair services"—was imprecise, overbroad, and did not include a temporal limitation) (citations omitted), *aff'd sub nom. Taylor v. Bettis*, 693 F. App'x 190 (4th Cir. 2017).

Additionally, while Plaintiffs claim that the Wolf Memorandum is arbitrary and capricious based on the alleged failure to consider "the reliance interests at stake in the DACA program," Fourth Amended Complaint, Dkt. No. 308 ("Compl.") ¶ 215, those reliance interests cannot be shared by individuals who never received deferred action under DACA—including those first-

time requesters described in the Pending Applications Subclass,[5]  much less by those who have

never even requested DACA.  This is further evidence Plaintiff's Class is overbroad.

## II.     Alternatively, The Court Should Stay Ruling On Plaintiffs' Motion For Class Certification

In the alternative, this Court should refrain from deciding Plaintiffs' motion for class

certification until the merits of the cross-motions for summary judgment are fully decided.  There

is no requirement under Rule 23 that the Court rule on class certification at this time.  *See*

*Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("the determination of whether

a class meets the requirements of Rule 23 must be performed separately from the determination of

the merits, but it does not require that class certification be addressed first.").  Class certification

may be unnecessary, depending on how the Court resolves the pending cross-motions for summary

judgment.  Indeed, the Court denied as moot a similar motion for class-certification earlier in this

litigation, because of the manner in which this litigation progressed after the Court entered a

nationwide preliminary injunction. *See Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 438

(E.D.N.Y. 2018), *vacated and remanded sub nom. Dep't of Homeland Sec. v. Regents of the Univ.*

*of California*, 140 S. Ct. 1891 (2020).[6]

---

[5] Plaintiffs' proposed Pending Applications Subclass also does not distinguish between requesters in wholly different categories, namely: (1) are seeking DACA for the first time and (2) are seeking to renew their current DACA.

[6] Plaintiffs cite to *FIEL Houston, Inc. v. Chad Wolf*, 20-cv-2515 (S.D. Tex.) as one of the parallel lawsuits addressing similar issues as here and note that, in that *FIEL Houston*, plaintiffs filed a motion to certify a class of DACA recipients on July 31, 2020. *See* Pl. Mem. at 4.  On August 21, the district court judge in *FIEL Houston* suspended the government's deadline to respond to the motion for class certification until after the Court has ruled on the plaintiffs' motion for a preliminary injunction and the government's motion to dismiss. *See FIEL Houston,* Dkt. No. 18.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for class certification

and grant Defendants any such other and further relief as this Court may deem proper and just.

Dated:  Brooklyn, New York
September 17, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

SETH D. DuCHARME
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

GALEN N. THORP
  Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

        /s/ *Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Phone:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Attorneys for Defendants*

12