## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHAD WOLF, *et al.*,<br><br>　　　　　Defendants. | No. 16-cv-4756 (NGG) (JO) |

### DEFENDANTS' RESPONSES TO PLAINTIFFS' SUPPLEMENTAL
### LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

SETH D. DuCHARME
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

GALEN N. THORP
　Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
　Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York

Date of Service:  October 7, 2020

Pursuant to Fed. R. Civ. P. 56(e) and Local Civil Rule 56.1(a), Defendants respectfully submit this statement in response to Plaintiffs' Supplemental Local Civil Rule 56.1 Statement.

### DEFENDANTS' GENERAL OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL LOCAL CIVIL RULE 56.1 STATEMENT

1. As Defendants have already argued, *see* ECF No. 324, a statement under Local Civil Rule 56.1 is not required on a summary judgment motion in a case seeking review of an administrative action under the Administrative Procedure Act, 5 U.S.C. §§ 551, 702, because such a case "presents only a question of law," as the district court judge conducts what is essentially an appellate review of the challenged administrative action. *See Just Bagels Mfg., Inc v. Mayorkas*, 900 F. Supp. 2d 363, 372 n.7 (S.D.N.Y. 2012); *accord Glara Fashion, Inc. v. Holder*, 11 Civ. 889, 2012 WL 352309, at *1, n.1 (S.D.N.Y. Feb. 3, 2012); *see also Teleanu v. Koumans*, No. 19-CV-8177 (VEC), 2020 WL 4896858, at *5 (S.D.N.Y. Aug. 20, 2020) ("A Rule 56.1 statement is not required in a case seeking review of an administrative action under the APA because the case only presents a question of law."); *Aleutian Capital Partners, LLC v. Hugler*, No. 16 Civ. 5149, 2017 WL 4358767, at *2 (S.D.N.Y. Sept. 28, 2017) ("Because this action turns entirely on the administrative record and presents only legal issues, Rule 56.1 statements are unnecessary").

2. Nevertheless, in order to ensure compliance with any possible requirements that Local Civil Rule 56.1(b) may impose, Defendants respectfully submit the following responses to Plaintiffs' Supplemental Local Civil Rule 56.1 statement, ECF No. 330-1.

3. To the extent that Defendants' responses admit or may be deemed to admit any facts, any such admission is made solely for the purposes of the pending motion and is not intended to constitute an admission or otherwise bind any defendant in any subsequent proceeding.

4. To the extent that Plaintiffs refer to "purported" officials and designations, such statements are legal conclusions and not statements of material fact to which a response is

required. Indeed, these legal conclusions answer the very question of law before this court—whether DHS officials were lawfully serving in their temporary roles.

## DEFENDANTS' RESPONSES TO PLAINTIFFS' SUPPLEMENTAL LOCAL CIVIL RULE 56.1 STATEMENT

1. On September 10, 2020, Defendant Wolf had served for over 300 days without nomination or confirmation to the position of Secretary of Homeland Security.

**Defendants' response:** Disputed. On September 10, 2020, Defendant Wolf was nominated to serve as Secretary of Homeland Security. *See* Pls.' Supplemental Statement of Undisputed Facts, ECF No. 330-1, ¶ 7.

2. On September 10, 2020, Peter T. Gaynor, the Federal Emergency Management Agency ("FEMA") Administrator, purporting to exercise the functions of Acting Secretary, issued a change to the order of succession at the Department of Homeland Security ("DHS"). Dkt. No. 324-1, at *18.

**Defendants' response:** Defendants neither admit nor deny the statement contained in paragraph 2. The statement is a characterization of the September 10, 2020 Order, rather than a statement of material fact to which a response is required. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a). Defendants refer the Court to the text of the September 10, 2020 Order for a complete and accurate statement of its contents. *See* ECF No. 324-1 (Ex. 6).

3. The order stipulated an order of succession identical to the November Delegation. *Compare* Dkt. No. 324-1, at *18 (Gaynor Order) *with* Dkt. No. 314, at *8 (November Delegation).

**Defendants' response:** Defendants neither admit nor deny the statement contained in paragraph 3. The statement is a characterization of two agency documents, rather than a statement of material fact to which a response is required. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a).

Defendants refer the Court to the text of the two documents for complete and accurate statements of their contents.

4. The order places Defendant Wolf's confirmed office, Under Secretary of Homeland Security Office of Strategy, Policy, and Plans, above Mr. Gaynor's office, FEMA Administrator, in the order of succession. Dkt. No. 324-1, at *18.

**Defendants' response**: Defendants neither admit nor deny the statement contained in paragraph 4. The statement is a characterization of the September 10, 2020 Order, rather than a statement of material fact to which a response is required. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a). Defendants refer the Court to the text of the September 10, 2020 Order for a complete and accurate statement of its contents. *See* ECF No. 324-1 (Ex. 6).

5. Nowhere in the September 10 order did Mr. Gaynor claim to vacate his office. *Id.*

**Defendants' response**: Defendants neither admit nor deny the statement contained in paragraph 5. The statement is a characterization of the September 10, 2020 Order, rather than a statement of material fact to which a response is required. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a). Defendants refer the Court to the text of the September 10, 2020 Order for a complete and accurate statement of its contents. *See* ECF No. 324-1 (Ex. 6).

6. Instead, in the order, Mr. Gaynor purported to trigger the succession order and to dissolve his own authority to perform the duties and functions of the Secretary. *Id.*

**Defendants' response**: Defendants neither admit nor deny the statement contained in paragraph 6. The statement is a characterization of the September 10, 2020 Order, rather than a statement of material fact to which a response is required. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a). Defendants refer the Court to the text of the September 10, 2020 Order for a complete and accurate statement of its contents. *See* ECF No. 324-1 (Ex. 6).

7. On September 10, President Trump formally nominated Defendant Wolf to serve as Secretary of DHS. Dkt. No. 327-1, at *1.

**Defendants' response:** Undisputed.

8. At present, Defendant Wolf claims that he is the Acting Secretary of Homeland Security. Leadership, Dep't Homeland Security (last accessed Sept. 30, 2020), https://www.dhs.gov/leadership ("Secretary (acting), Chad F. Wolf.").

**Defendants' response:** Undisputed.

9. On Friday September 18, 2020, Defendants notified the Court and Plaintiffs that on September 17, 2020, Defendant Wolf issued a statement purporting to "affirm[] and ratify[] each of [his] delegable prior actions as Acting Secretary . . . out of an abundance of caution because of . . . [an opinion by the U.S. Government Accountability Office] and recent actions filed in federal court." Dkt. No. 327-1, at *1.

**Defendants' response**: Defendants neither admit nor deny the statement contained in paragraph 9. The statement is a characterization of Defendants' September 18, 2020 Notice, rather than a statement of material fact to which a response is required. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a). Defendants refer the Court to the text of Defendants' Notice for a complete and accurate statement of its contents. *See* ECF No. 327.

10. The purported ratification would apply to "any and all actions involving delegable duties that [Defendant Wolf] ha[d] taken from November 13, 2019, through September 10, 2020, the date of the execution of the Gaynor Order." Dkt. No. 327-1, at *3.

**Defendants' response**: Defendants neither admit nor deny the statement contained in paragraph 10. The statement is a characterization of the Wolf Ratification, rather than a statement of material fact to which a response is required. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a).

Defendants refer the Court to the text of the Wolf Ratification for a complete and accurate statement of its contents. *See* ECF No. 327-1.

11. Defendants' Counsel provided Plaintiffs with notice of this ratification only after filing the parties' Joint Status Report on September 18. *Compare* Dkt. No. 325 (Joint Status Report, dated and filed on September 17, 2020) *with* Dkt. No. 327-1 (Wolf Ratification, dated September 17, 2020 and filed September 18, 2020).

**Defendants' response:** Defendants neither admit nor deny the statement contained in paragraph 11. The statement is immaterial, whether or not it is genuinely disputed, because it fails to provide facts that establish or support a determination of the central question raised in Plaintiffs' partial motion for summary judgment—whether the Wolf Memorandum is invalid because of Defendant Wolf's allegedly unlawful designation as the Acting Secretary of the Department of Homeland Security. *See* Loc. Civ. R. 56.1(a); Fed R. Civ. P. 56(a). Accordingly, no response is required.

Dated: Brooklyn, New York

     October 7, 2020

                        JEFFREY BOSSERT CLARK
                        Acting Assistant Attorney General

                        JOHN V. COGHLAN
                        Deputy Assistant Attorney General

                        SETH D. DuCHARME
                        Acting United States Attorney

                        BRAD P. ROSENBERG
                        Assistant Branch Director

                        GALEN N. THORP
                          Senior Trial Counsel
                            /s/ *Stephen M. Pezzi*
                        STEPHEN M. PEZZI
                        RACHAEL L. WESTMORELAND
                          Trial Attorneys
                        United States Department of Justice
                        Civil Division, Federal Programs Branch
                        1100 L Street NW
                        Washington, DC 20005
                        Phone: (202) 305-8576
                        Fax: (202) 616-8470
                        Email: stephen.pezzi@usdoj.gov

                        JOSEPH A. MARUTOLLO
                        Assistant U.S. Attorney
                        United States Attorney's Office
                        Eastern District of New York
                        271-A Cadman Plaza East, 7th Floor
                        Brooklyn, NY  11201
                        Phone:  (718) 254-6288
                        Fax:  (718) 254-7489
                        Email:  joseph.marutollo@usdoj.gov

                        *Attorneys for Defendants*