**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, et al.,<br><br>        Plaintiffs,<br><br>          v.<br><br>CHAD WOLF, et al.,<br><br>        Defendants. | 16-CV-4756 (NGG) (VMS) |
| STATE OF NEW YORK, et al.,<br><br>        Plaintiffs,<br><br>          v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | 17-CV-5228 (NGG) (VMS) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDERING RELIEF**

The Court, having considered Plaintiffs' Joint Motion for Partial Summary Judgment and Defendants' Opposition, **GRANTS** the Motion, and accordingly orders the following relief.

**I.    DECLARATORY, INJUNCTIVE, AND OTHER EQUITABLE RELIEF.**

1.    The Court **DECLARES** the Department of Homeland Security's July 28, 2020 memorandum titled *Reconsideration of the June 15, 2012 Memorandum Entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children*" (the "Wolf Memorandum") unlawful pursuant to the Homeland Security Act ("HSA"), and **DECLARES** the September 10, 2020, November 14, 2020, and November 16, 2020

purported ratification efforts by Federal Emergency Management Agency ("FEMA") Administrator Peter Gaynor and Defendant Wolf to be unauthorized and therefore without legal effect on the Wolf Memorandum.

2. The Court **VACATES** the Wolf Memorandum.

3. The Court **PERMANENTLY ENJOINS** Defendants from implementing or enforcing the Wolf Memorandum, and any memorandum or agency guidance issued pursuant to the Wolf Memorandum, and from issuing any new ratification order purporting to ratify the Wolf Memorandum, without curing the legal defects identified in the Court's November 14, 2020 Memorandum & Order.

4. The Court **ORDERS** Defendants to adjudicate renewal requests and, at minimum, accept and process all first-time requests[1] for consideration of deferred action under DACA in accordance with the terms of DACA in place prior to September 5, 2017, and to adjudicate all requests for advance parole from DACA recipients in accordance with 8 U.S.C. § 1182(d)(5) and the terms in place prior to September 5, 2017.

5. The Court **ORDERS** Defendants to immediately (i) extend from one year to two years the grants of deferred action and EADs that Defendants issued since July 28, 2020, and (ii) reissue the relevant documents to the affected DACA recipients, notwithstanding any agency practice of deferring adjudication on renewals.

6. The Court **DECLARES** under 28 U.S.C. § 2201 that: (1) individuals who submitted first-time requests for consideration of deferred action under DACA before they

---

[1] The Court uses the term "accept and process" to include the steps that USCIS follows immediately after DACA applications are filed. *See* USCIS Service Center Directorate, National Standard Operating Procedures (SOP), Deferred Action for Childhood Arrivals (DACA) (Apr. 4, 2013) (Dkt. 123-3 at Ex. E). The Court uses the term "first-time" application in this order to refer to an application made by someone who has never been granted deferred action pursuant to the DACA program.

2

turned 18, whose requests were denied or rejected under the Wolf Memorandum, who re-submit first-time requests and whose resubmitted requests are granted, do not accrue unlawful presence under 8 U.S.C. § 1182(a)(9) as of the submission date of their first request that was unlawfully rejected under the Wolf Memorandum; and (2) individuals who became prima facie eligible for deferred action under DACA after July 28, 2020, and who submit their first-time request for consideration of deferred action under DACA after the issuance of this order and are granted deferred action under DACA, do not accrue unlawful presence under 8 U.S.C. § 1182(a)(9) as of the date they turned 18.

## II.   OTHER CLASS-WIDE RELIEF FOR THE *BATALLA VIDAL* CLASS.

### A.   Notice Requirements.

7. The Court **ORDERS** Defendants to post, within three (3) calendar days of the date of this order, reasonable public notice, including on their website, that it will resume receiving first-time requests for consideration of deferred action under DACA, renewal requests, and advance parole requests, on the terms in place prior to September 5, 2017, and within ten (10) days of the date of this order will prescribe a process consistent with this order.

8. The Court **ORDERS** Defendants to post prominently on their website within three (3) calendar days, and send, by mail and by electronic mail wherever possible within ten (10) calendar days, notice of this court's order, along with a notice from class counsel regarding their rights under this court's order, to individuals whose first-time requests for consideration of deferred action under DACA or advance parole requests were submitted on or after June 30, 2020 and rejected by Defendants pursuant to the Wolf Memorandum.  The Court **ORDERS** class counsel to provide the notice for Defendants to send to the class within three (3) calendar days of this order.

9. The Court **ORDERS** Defendants to give appropriate notice to requestors and their immigration counsel, if any, of the relief required by paragraph 5 above, within ten (10) calendar days of this order.

    **B.**    **Reporting Requirements.**

10. The Court **ORDERS** Defendants to keep records of its actions on all DACA-related applications and provide regular summary reports to the court and class counsel on the first business day of each month. Such monthly reports shall include (1) the number of first-time DACA applications received, adjudicated, approved, denied, and rejected that month; (2) the number of renewal requests received, adjudicated, approved, denied, and rejected that month, and (3) the number of advance parole requests received, adjudicated, approved, denied, and rejected that month.

11. The Court **ORDERS** Defendants to provide class counsel, within ten (10) calendar days of the date of this order, the names and contact information for all members of the Subclass certified by this court.

12. The Court **ORDERS** Defendants to file with the Court and provide to class counsel, within ten (10) calendar days of the date of this order, a report that includes (1) the number of first-time requests for consideration of deferred action under DACA received and rejected pursuant to the Wolf Memorandum; (2) the number of renewal DACA applications and applications for EADs that were granted for a period of one year pursuant to the Wolf Memorandum; and (3) the number of advance parole requests received, approved, denied, and rejected pursuant to the Wolf Memorandum.

**III.**    **RETENTION OF JURISDICTION.**

13. This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

4

SO ORDERED.

Dated:   Brooklyn, New York

_____

_____
NICHOLAS G. GARAUFIS
United States District Judge