**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHAD F. WOLF, *et al.*, <br><br> Defendants. | No. 16-cv-4756 (NGG) (VMS) |
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> Defendants. | No. 17-cv-5228 (NGG) (VMS) |

**DECLARATION OF JOSEPH B. EDLOW**

I, JOSEPH B. EDLOW, hereby make the following declaration with respect to the above-captioned matters:

1. I am United States Citizenship and Immigration Services' (USCIS) Deputy Director for Policy. In that capacity, I am responsible for developing and overseeing the execution of operational planning, policy, and international engagement at the strategic level for USCIS, including the timely development of operational doctrine, policy, plans,

1

standards and requirements necessary to achieve mission outcomes. Since I began in this position, I have also been charged with overseeing the day-to-day operation of the agency.

2. I have served as Deputy Director for Policy at USCIS since February 19, 2020.

3. I make the following declaration based on my personal knowledge and on information made available to me in the performance of my official duties as Deputy Director for Policy.

4. I understand that on November 24, 2020, Plaintiffs filed a motion and proposed order requesting this Court order certain relief related to the Deferred Action for Childhood Arrivals (DACA) policy.

5. All estimates provided below are based on currently available information, assuming no unusual situations or circumstances arise.

6. With respect to the relief requested in Plaintiffs' proposed order paragraph 5, USCIS estimates that there are approximately 65,800 individuals who have been granted DACA and DACA-related employment authorization documents (EADs) since July 28, 2020 for a one-year validity period.

7. It is unclear exactly what type of notice is contemplated by Plaintiffs' proposed order paragraph 9, but USCIS is unable to provide individualized paper notice to 65,800 individuals within 10 calendar days of the entry of a court order for the following reasons:

    a. To draft and prepare to mail a new notice will take approximately 10 business days.

    b. USCIS estimates that it would take, at a minimum, an additional 5 business days to physically print and mail out notice to each of the approximately 65,800 individuals referenced in paragraph 5 of Plaintiffs' proposed order.

8. USCIS would be able to provide notice through its public website and public email listservs within ten days.

9. USCIS is not able to "immediately" re-issue new DACA approval notices and EADs to individuals, as requested in Plaintiffs' Proposed Order paragraph 5, for two-year periods, for the following reasons:

    a. If USCIS is required to reopen each Form I-821D and related Form I-765 approval individually, and reapprove each of the cases in order to reissue a DACA approval notice and EAD for a two-year validity period, USCIS estimates that this would take approximately 20 minutes per DACA requestor. Completing this task for approximately 65,800 DACA requestors would take an estimated 22,000 officer hours to complete. If each case has to be reopened in the systems as noted above, the estimated cost of the full-time employee hours required to do so would be a minimum of $720,430.

    b. The cost to the agency for physically replacing an EAD card (excluding officer time), if USCIS was required to do so, is at minimum $29 per card. Therefore, USCIS estimates that this would cost the agency approximately $1,908,200. There would be additional costs to the agency associated with any replacement EADs returned as undeliverable. As a fee-funded agency, costs are ultimately borne by individuals who file requests for benefits with USCIS in the future.

10. There may be other more efficient options for extending the DACA approvals and EADs for individuals referenced in Defendants' paragraph 5, which may include website and email notice, a Federal Register notice that would automatically extend DACA and related EADs, or physical paper notices, that could be implemented expeditiously, over the next several weeks and months.

11. USCIS issued the first one-year DACA approvals and EADs, as directed by the Wolf Memorandum, in August of 2020. These DACA approvals and EADs are not set to begin expiring until August of 2021, therefore there is sufficient time to implement a Federal Register notice provision or other methods should the agency determine that that approach is a more feasible and efficient means of extending DACA and EADs for affected individuals.

12. If USCIS is ordered to provide reports on DACA adjudications as Plaintiffs request on the first of the month, these reports would be incomplete as to the previous month's data, due to data entry lags and system updates.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of December of 2020.

JOSEPH B EDLOW
Digitally signed by JOSEPH B EDLOW
Date: 2020.12.01 20:05:11 -05'00'

Joseph B. Edlow
Deputy Director for Policy
U.S. Citizenship and Immigration Services
Department of Homeland Security