UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
MARTÍN JONATHAN BATALLA VIDAL, *et al.*,

                Plaintiffs,

     -against-

CHAD WOLF, *et al.*,

                Defendants.

STATE OF NEW YORK, *et al.*,

                Plaintiffs,

     -against-

DONALD TRUMP, *et al.*,

                Defendants.

ORDER
16-CV-4756 (NGG) (VMS)

17-CV-5228 (NGG) (VMS)

NICHOLAS G. GARAUFIS, United States District Judge.

On July 28, 2020, Defendant Chad Wolf issued the Wolf Memorandum (Dkt. 297-1)[1], which purported to make certain changes to the Deferred Action for Childhood Arrivals ("DACA") program. On November 14, 2020, this court held that Mr. Wolf was not lawfully serving as Acting Secretary of Homeland Security when he issued the Wolf Memorandum, because the Department of Homeland Security ("DHS") failed to follow its order of succession, as it was lawfully designated under the Homeland Security Act ("HSA"). *See Batalla Vidal v. Wolf*, – F. Supp. 3d –, 2020 WL 6695076 at *8-9 (E.D.N.Y. Nov. 14, 2020). The court also certified a "DACA Class" of all persons who are or will be *prima facie* eligible for deferred action under the terms of the 2012 Napolitano Memorandum, *i.e.* DACA as it existed prior to the attempted rescissions; and certified a "Pending Applications Subclass" of all persons who had an application for deferred action through

---

[1] For the sake of convenience, references to the docket ("Dkt.") cite to the docket in *Batalla Vidal v. Wolf*, No. 16-cv-4756.

1

DACA, whether an initial application or a renewal, pending on any date between June 30, 2020, and July 28, 2020, that have not been or will not be adjudicated in accordance with the 2012 Napolitano Memorandum. *See id.* at *13-14.

In light of the HSA violation, the court ordered the parties to submit briefing as to the appropriate remedy. (*See* Minute Entry of Nov. 18, 2020.) The court has considered the joint position of the class and of the State Plaintiffs, as well as the position of the Government. (*See* Pls.' Mem. ("Mem.") (Dkt. 349); Pls.' Proposed Order (Dkt. 347-1); Defs.' Resp. ("Resp.") (Dkt. 350); Pls.' Reply (Dkt. 352); Defs.' Letter of Dec. 4, 2020 (Dkt. 353).)

Under the Administrative Procedure Act ("APA"), a "reviewing court shall . . . hold unlawful and set aside agency actions, findings, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C). Accordingly, because Mr. Wolf was without lawful authority to serve as Acting Secretary of DHS, the Wolf Memorandum is VACATED. In light of the vacatur, all parties agree that the DACA program is currently governed by its terms as they existed prior to the attempted rescission of September 2017. (*See* Mem. at 13; Resp. at 7.)[2]

---

[2] The court believes it made clear that the subsequent attempts of Administrator Peter Gaynor to reinstate Kevin McAleenan's unauthorized "November Delegation" and Mr. Wolf's attempt to ratify his prior actions are dead letter. *See Batalla Vidal*, 2020 WL 6695076 at *9. Administrator Gaynor, undeterred, issued yet another "Succession Order" just hours after the court issued its opinion on November 14, and Mr. Wolf once again attempted to ratify his prior actions as Acting Secretary on November 16. (*See* Gaynor Order of Nov. 14, 2020 (Dkt. 348-2); Wolf Ratification of Nov. 16, 2020 (Dkt. 348-3).) Of course, for the exact same reasons, those documents have no legal significance. Neither Administrator Gaynor nor Mr. Wolf currently possesses, nor have they ever possessed, the powers of the Acting Secretary of Homeland Security. *See Batalla Vidal*, 2020 WL 6695076 at *9.

Under normal circumstances, vacatur alone is the proper remedy for unlawful agency action and the "Supreme Court has cautioned that a district court vacating an agency action under the APA should not issue an injunction unless doing so would 'have [a] meaningful practical effect independent of its vacatur.'" *O.A. v. Trump*, 404 F. Supp. 3d 109, 153-154 (D.D.C. 2019) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).) Still, judicial review of agency action is "vested in a court with equity powers, and while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action." *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939); *see generally New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 672-673 (S.D.N.Y. 2019).

With those principles in mind, in addition to vacating the Wolf Memorandum, the court orders the following relief:

- DHS is DIRECTED to post a public notice, within 3 calendar days of this Order, to be displayed prominently on its website and on the websites of all other relevant agencies, that it is accepting first-time requests for consideration of deferred action under DACA, renewal requests, and advance parole requests, based on the terms of the DACA program prior to September 5, 2017, and in accordance with this court's Memorandum & Order of November 14, 2020. The notice must also make clear that deferred action and employment authorization documents ("EADs") granted for only one year are extended to two years, in line with the pre-Wolf Memorandum policy. The Government shall provide a copy of the notice to class counsel and to State Plaintiffs, and post it to the docket within 3 calendar days of this Order.

- The parties are DIRECTED to continue discussions with regard to notices to be mailed to individual class members and to apprise the court of their joint or separate recommendations by Wednesday, December 9, 2020 at 5:00 pm. The parties are DIRECTED to contact the court's deputy to schedule a status conference on Thursday, December 10 or Friday, December 11, to discuss plans to provide individual notice. The Government is DIRECTED to prepare to provide mailed notice to all class members by December 31, 2020.

- The Government is DIRECTED to produce a status report on the DACA program to the court by January 4, 2021, which shall include:

- - (1) The number of first-time DACA applications received, adjudicated, approved, denied, and rejected from November 14 until December 31, 2020; (2) the number of renewal requests received, adjudicated, approved, denied, and rejected over that time period, and (3) the number of advance parole requests received, adjudicated, approved, denied, and rejected over that time period.
  - (1) the number of first-time applications for consideration of deferred action under DACA received and rejected pursuant to the Wolf Memorandum; (2) the number of DACA renewal applications and applications for EADs that were granted for a period of only one year pursuant to the Wolf Memorandum; and (3) the number of advance parole requests received, approved, denied, and rejected pursuant to the Wolf Memorandum. The Government shall ensure that this data includes all persons in the certified Subclass defined it in the court's November 14 Memorandum & Order, and shall also provide those metrics as applied to the Subclass, broken out from the total. *See Batalla Vidal,* 2020 WL 6695076 at *13.

The court believes that these additional remedies are reasonable. Indeed, the Government has assured the court that a public notice along the lines described is forthcoming. (*See* Resp. at 12.)

Plaintiffs have thoughtfully addressed the subject of accrual of unlawful presence in their Memorandum and Reply. The court takes seriously any collateral consequence that may arise as a result of the unlawful Wolf Memorandum. However, the court declines to enter an *ex ante* declaration on that issue at this time. The court reserves the right to impose further remedies if they become necessary. Accordingly, the court retains jurisdiction of

the matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED.

Dated: Brooklyn, New York
December 4, 2020

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge