1

1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2
  - - - - - - - - - - - - - - -X
3   MARTIN JONATHAN BATALLA       : 16-CV-4756 (NGG)
    VIDAL,                        :
4                                 :
              Plaintiff,          :
5                                 :
           -against-             :
6                                 :
    KATHY A. BARAN, Director,     :
7   California Service Center;    :
    KELVIN MEDLOCK, Associate     :
8   Director, California Service  :
    Center; SUSAN M. CURDA,       :
9   District Director; and        :
    DONALD W. NEUFELD, Associate  :
10  Director, Service Center      :
    Operations, U.S. Citizenship  :
11  and Immigration Services,     :
                                  :
12           Defendants.          :
  - - - - - - - - - - - - - - -X  :
13                                :
    STATE OF NEW YORK, ET AL.,    : 17-CV-5228 (NGG)
14                                :
              Plaintiffs,         :
15                                :
           -against-             :
16                                :
    DONALD TRUMP, in his official :
17  capacity as President of the  :
    United States; U.S.           : United States Courthouse
18  DEPARTMENT OF HOMELAND        : Brooklyn, New York
    SECURITY; ELAINE C. DUKE, in  :
19  her official capacity; U.S.   :
    CITIZENSHIP AND IMMIGRATION   :
20  SERVICES; U.S. IMMIGRATION    :
    AND CUSTOMS ENFORCEMENT; and  :
21  the UNITED STATES OF          :
    AMERICA,                      :
22                                :
             Defendants.          : Thursday, August 20, 2020
23  - - - - - - - - - - - - - - -X : 2:00 p.m.

24

25

                    David R. Roy, RPR, CSR, CCR
                       Official Court Reporter

APPEARANCES                                        2

1     TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
       BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
2              UNITED STATES DISTRICT JUDGE

3

4                 A P P E A R A N C E S:

5   For the Plaintiffs      NATIONAL IMMIGRATION LAW CENTER
    Martin Jonathan         3450 Wilshire Boulevard
6   Batalla Vidal, et       Suite 108-62
    al.                     Los Angeles, California 90010
7                           BY:  MAYRA B. JOACHIN, ESQ.
                                 ARACELI MARTINEZ-OLGUIN, ESQ.
8
                                        AND
9
                            JEROME N. FRANK LEGAL SERVICES ORG.
10                          YALE LAW SCHOOL
                            Post Office Box 209090
11                          New Haven, Connecticut 06520
                            BY:  KAREN C. TUMLIN, ESQ.
12                               MARISOL ORIHUELA, ESQ.
                                 MUNEER AHMAD, ESQ.
13

14  For the Plaintiffs      NEW YORK STATE OFFICE OF THE
    State of New York,           ATTORNEY GENERAL
15  et al.                   28 Liberty Street
                            19th Floor
16                          New York, New York 10005
                            BY:  MATTHEW B. COLANGELO, ESQ.
17

18  For the Defendants      U.S. DEPARTMENT OF JUSTICE
    Baran, et al., and      CIVIL DIVISION,
19  Donald Trump, et        FEDERAL PROGRAMS BRANCH
    al.                     20 Massachusetts Avenue NW
20                          Washington, DC 20530
                            BY:  STEPHEN M. PEZZI, ESQ.
21
                                        And
22
                            U.S. ATTORNEY'S OFFICE
23                          271 Cadman Plaza East
                            Brooklyn, New York 11201
24                          BY:  JOSEPH A. MARUTOLLO, ESQ.

25

Proceedings                                                    3

1    Court Reporter:        DAVID R. ROY, RPR
                            225 Cadman Plaza East
2                           Brooklyn, New York 11201
                            drroyofcr@gmail.com
3
     Proceedings recorded by Stenographic machine shorthand,
4    transcript produced by Computer-Assisted Transcription.

5

6

7                    P R O C E E D I N G S

8                           --oo0oo--

9

10        (All participants appearing via videoconference.)

11        THE COURTROOM DEPUTY:  All right.  These are the

12   civil cases of Vidal versus Trump and the State of New York

13   versus Trump.

14        Starting with the plaintiffs, please state your

15   appearances.

16        MS. JOACHIN:  Good afternoon, Your Honor.  Mayra

17   Joachin with the National Immigration Law Center on behalf

18   of the Batalla Vidal Plaintiffs.

19        Your Honor, with your permission, before Counsel

20   state their appearances, I would like to introduce the

21   plaintiffs for the motion today.

22        THE COURT:  Very well.

23        MR. COLANGELO:  Good afternoon, Your Honor.  This

24   is Matthew Colangelo for the New York Attorney General's

25   Office for the plaintiffs in 17-CV-5228.  And I apologize

Proceedings                                              4

1   for joining by telephone, Your Honor.  I was having

2   difficulty with the video link.

3           THE COURT:  All right.

4           MR. PEZZI:  Good afternoon, Your Honor --

5           MS. ORIHUELA:  I would like --

6           MR. PEZZI:  Oh, excuse me.  I didn't mean to --

7           MS. ORIHUELA:  Go ahead, Mr. Pezzi.

8           MR. PEZZI:  This is Stephen Pezzi from the

9   Department of Justice on behalf of defendants in both

10  matters.

11          THE COURT:  Okay.  Good afternoon.

12          All right.  And you've got coverage to the

13  parties, and Plaintiffs' Counsel would like to introduce the

14  plaintiffs who are present here --

15          (Pause in proceedings.)

16          THE COURT:  All right.  Thank you.

17          All right.  Plaintiffs' Counsel may introduce the

18  plaintiffs who are listening in on the proceeding.

19          But first let me say before you do so, that this

20  proceeding is moving forward by videoconference and subject

21  to the Rule Number 1.8 of Local Rules of the

22  Eastern District of New York which prohibits the recording

23  in any fashion of this proceeding.  Failure to adhere to

24  this rule could result in sanctions.

25          So let's go ahead with the introductions.

Proceedings                                        5

1          MS. JOACHIN:  Thank you, Your Honor.

2          Additional Counsel on behalf of Batalla Vidal have

3     yet to enter their appearances, so I will pass it on to the

4     additional Plaintiffs' Counsel.

5          MS. MARTINEZ-OLGUIN:  Good afternoon.  This is

6     Araceli Martinez-Olguin for the Batalla Vidal Plaintiffs.

7          THE COURT:  Good afternoon.

8          MS. TUMLIN:  Good afternoon, Your Honor.  This is

9     Karen Tumlin for the Jerome N. Frank Civil Services

10    Organization.

11         THE COURT:  Good afternoon.

12         MR. AHMAD:  Good afternoon, Your Honor.  Muneer

13    Ahmad from the Jerome N. Frank Legal Services Organization

14    for the Batalla Vidal Plaintiffs.

15         THE COURT:  Good afternoon.

16         MS. ORIHUELA:  I'm not sure -- Your Honor, this is

17    Marisol Orihuela also from the Jerome N. Frank Legal

18    Services Organization.  I'm not sure if my appearance was

19    noted, but I will do so hopefully now on behalf of the

20    Batalla Vidal Plaintiffs.

21         THE COURT:  All right.  Well, all that you would

22    need to do is make a written appearance on the record.  So

23    if you have not yet done so, it should be -- your appearance

24    if you are members of the Bar of the Eastern District of

25    New York, you can simply enter your appearance.  If you're

Proceedings                                    6

1    not, you would be required to appear *pro hac vice* and follow

2    the appropriate procedure for making such an application.

3    All right?

4               Okay.  So anyone else that needs to be introduced

5    today?

6               (No audible response.)

7               THE COURT:  Ma'am?

8               MS. JOACHIN:  Your Honor, I would like to

9    introduce the names of the plaintiffs who are with us today.

10   We have Martin Batalla Vidal; Eliana Fernandez; Carlos

11   Vargas; Carolina Fung Feng; Antonio Alarcon; and Yaritza

12   Mendez, who is with Make the Road New York who are all

13   accompanying us today.

14              THE COURT:  All right.  Thank you very much.

15              So at this point, let's move ahead with the issues

16   that we need to attempt to resolve today.  I will hear from

17   the plaintiffs' counsel on the first item, and then I will

18   go back to Mr. Pezzi to hear from the Government, and we

19   will try to work things through here so that we can move

20   this case along.

21              MR. COLANGELO:  Thank you, Your Honor.  This is

22   Matthew Colangelo for the State of New York, and I'll

23   address the first item, which I understand to be whether the

24   plaintiffs should move for partial summary judgment on their

25   Federal Vacancies Reform Act claim or rather as Defendants

Proceedings                                    7

1   propose, Plaintiffs should move for summary judgment on all

2   claims.

3           As Your Honor saw from our -- from the plaintiffs'

4   joint status report, we believe the most efficient and

5   effective way to proceed is for the Court to set an

6   expedited briefing schedule for briefing of a partial

7   summary judgment motion only on the FVRA claims.  Those

8   claims, Your Honor, would be dispositive of the entire case.

9   They can be resolved without production of the

10  administrative record or any discovery, and they can be

11  addressed quickly rather than taking time to pursue

12  additional steps and to brief all claims at once.

13          The defendants suggest that briefing partial

14  summary judgment is in some way unusual.  Of course, it is

15  not.  It is written in the text of Rule 56, the party may

16  move for summary judgment on a particular claim or even on a

17  part of a claim.  And here we believe that moving for

18  summary judgment only on the FVRA claims at the outset is

19  the fastest way to potentially resolve this case.

20          THE COURT:  All right.  Mr. Pezzi.

21          MS. JOACHIN:  Well, Your Honor --

22          THE COURT:  I'm sorry.

23          MS. JOACHIN:  I apologize.  If I could just chime

24  in on behalf of the Batalla Vidal Plaintiffs?

25          THE COURT:  Go ahead.

Proceedings                                  8

1          MS. JOACHIN:  So Plaintiffs are asking this Court

2    to adopt this proposed schedule because we do believe that

3    it is for -- that we could offer to remedy the harms that

4    are being caused to hundreds of thousands of individuals by

5    the Wolf memorandum.  Resolution of this claim on

6    Plaintiffs' proposed timeline could void the Wolf

7    memorandum --

8          THE COURT:  Hang on.

9          (Pause in proceedings.)

10          THE COURT:  All right.  Please move a little more

11    slowly.  Thank you.

12          MS. JOANCHIN:  Thank you for that.

13          Your Honor, resolution of this claim on

14    Plaintiffs' proposed timeline would void the Wolf memorandum

15    allowing thousands of individuals who could be eligible for

16    DACA under the terms of the Wolf DACA Memorandum who have

17    the applications processed or to the risk of deportation and

18    an ability to work.

19          Defendants proposed schedule for summary judgment

20    on all claims is unworkable.  It does not allow for

21    Plaintiffs to review the administrative record, resolve any

22    issues concerning its completeness or conduct discovery.

23    This is the key reason why Plaintiffs are offering a way to

24    resolve this.

25          THE COURT:  All right.

Proceedings                                    9

1          Mr. Pezzi?

2          MR. PEZZI:  Good afternoon, Your Honor.  Stephen

3    Pezzi from the Department of Justice on behalf of

4    Defendants.

5          The Government's understanding from the status

6    conference that we had last week was that both the Court and

7    the plaintiffs were interested in an expedited resolution of

8    these cases.  And respectfully, the Government's concern

9    with Plaintiffs' proposed schedule is that if the Government

10   prevails on the invalid appointments claim that Plaintiffs

11   want to brief on its own in the beginning of the case, that

12   still leaves the entire remainder of the case to resolve,

13   and at its core, from the Government's perspective,

14   certainly, and I think the same way the supreme court

15   approached it and Your Honor approaches it a few years ago,

16   at its core this is an administrative procedure act

17   challenge to agency action that Plaintiffs believe is

18   unlawful.  And so the Government believes deferring

19   briefing, not even setting a schedule on any claims other

20   than this one invalid appointments claim is likely to lead

21   to an inefficient resolution of these matters.

22         The Government does not dispute that the rules

23   provide for filing a motion for partial summary judgment,

24   but under the circumstances here when all the claims raise

25   questions of law, the Government does not see why it

1  wouldn't be more efficient for both parties on an expedited

2  basis to brief cross-motions for summary judgment that would

3  resolve the entire case, and that is why the Government has

4  proposed the schedule it has proposed.

5          THE COURT:  Well, the Court is concerned that

6  there has been a rather extraordinary hurry on the part of

7  the acting secretary to impose the new set of interim steps

8  of the July 28th memorandum, which are now the subject of a

9  question as to his authority to impose those steps, and they

10 weren't -- that was not the result of anything that I asked

11 but was the result, I believe, of a comment from the

12 General Accountability Office, the GAO, as to whether the

13 acting secretary was lawfully entitled to issue such an

14 interim rule, which is what it is, it's an interim rule.  I

15 don't care what you want to call it.  He basically decided

16 what to do.  He did it in a month.  He didn't wait on any

17 commentary or -- he didn't request any comment from anyone,

18 he just did it.  And now we are faced with a referral by the

19 GAO to the inspector general.

20          I'm just wondering, what was the rush after all

21 this time that's been spent in the courts on the DACA

22 rescission to impose an interim rule, and now we have the

23 question which has been raised by the GAO to the inspector

24 general as to whether this acting secretary is acting

25 lawfully?  So I mean, I prefer to do everything at once, but

1   what we're faced with here is the reality, the reality that

2   we now have an interim set of procedures imposed by someone

3   whose authority to impose such procedures has been

4   questioned by a third party, the GAO, and will be subject to

5   a review and commentary by the inspector general.  And for

6   us to go forward with the entire process at this point, you

7   know, it seems that that would be -- that could be an

8   inefficient use of resources.  So, you know, I'm in a

9   quandary over this.

10          I know there is a case down in the

11  Southern District of Texas.  What is that case about?

12          MR. PEZZI:  Your Honor, so there's a long-pending

13  case in the Southern District of Texas brought by the State

14  of Texas and a group of other states that is still pending

15  and that challenges directly the legality of DACA, of DACA

16  itself, and so the Wolf memorandum is not at issue, at least

17  at this time to my knowledge in the Texas proceedings.  The

18  claims there are that the continued existence of DACA itself

19  is unlawful.

20          THE COURT:  I see.

21          And what is the Government's position in that

22  case, if it has one?

23          MR. PEZZI:  So I don't believe there's been a

24  substantive filing from the Government since the supreme

25  court's most recent opinion.  I do think the last filing or

Proceedings                          12

1   filings that the Government made quite some time ago in

2   those cases -- and I have to be a little bit careful because

3   I personally don't represent the Government in those cases.

4   My understanding is that the most recent merits filing from

5   the Department of Justice was that they agreed with the

6   Plaintiff States that DACA conflicted with the INA.

7   Although they disagreed with the Plaintiff States on, for

8   example, propriety of a nationwide injunction and also on

9   their notice and comment claims.  But it has been a few

10  years, I believe, since the Government has made a merits

11  filing, and I don't think anyone has made a merits filing

12  since the most cent opinion of the supreme court.

13          THE COURT:  All right.  Thank you very much.  I

14  mean, I'm not holding you to that since you are not counsel

15  in that case, but it gives us a general sense.  If anyone

16  agrees with Mr. Pezzi's rendition of the situation down in

17  the Southern District of Texas, please feel free to speak

18  up.

19          But let me ask this:  Does anyone know what the

20  current situation is with regard to where that case stands?

21  Is it *sub judice* before the judge or is there to be

22  argument?  Has briefing been completed -- I should have done

23  that in the opposite order.  But I'm just wondering where we

24  are, you know, down there on that underlying litigation?

25          MR. COLANGELO:  Your Honor --

Proceedings                          13

1    MS. JOANCHIN:  Your Honor --

2    MR. COLANGELO:  -- Matthew Colangelo for the State

3    of New York, and Mr. Pezzi should feel free to correct me if

4    his understanding is different.  But as I understand it,

5    Your Honor, the parties have briefed summary judgment before

6    the supreme court's *Regents* decision; that the parties then

7    submitted proposed schedules for supplementation of their

8    summary judgment papers following the *Regents* decision.  As

9    I understand it, the proposed schedules for resolving and

10   personally supplementing those summary judgment papers are

11   still *sub judice*, although the Court did direct the

12   defendants to produce the administrative record by, I

13   believe, next Tuesday.

14        And the only thing I would add, Your Honor, is

15   that in light of the position that the Federal Government

16   took in that litigation, the Court granted the motions to

17   intervene as Defendant Intervenors by several states and

18   other parties to defend the lawfulness of DACA.  None of

19   those states have plaintiffs in Your Honor's court today.

20        MR. PEZZI:  And this is Stephen Pezzi --

21        MS. JOANCHIN:  And Your Honor --

22        MR. PEZZI:  -- from the Department of Justice.

23        I more or less agree with Mr. Colangelo's summary.

24        THE COURT:  All right.  Thank you very much,

25   gentlemen.

Proceedings                              14

1          Yes, ma'am.

2          MS. JOACHIN:  Your Honor, if I may add?  Mayra

3    Joachin with the Batalla Vidal Plaintiffs.

4          While Mr. Colangelo is correct that the defendant

5    intervenors in that case have requested supplemental

6    briefing, the Court there has yet to rule on any -- on

7    whether to grant those proposed schedules.  My understanding

8    is that one of those proposed schedules would allow for a

9    supplemental briefing to proceed throughout August.

10   However, the alternative proposed schedule would allow

11   for --

12         THE COURT:  I'm sorry, but you have to slow down

13   for me now.

14         But what?

15         MS. JOACHIN:  The second proposed schedule is --

16   that has been offered is allowing for a sequencing of the

17   briefing on the motion for summary judgment, which would

18   allow for -- first, for briefing on -- with respect to

19   standing, followed by subsequent briefing with respect to

20   the merits of the summary judgment motion, and then followed

21   by briefing on the remedies to be allowed.  So that's --

22   those two alternatives provide for Plaintiffs' timeline.

23   And the Court yet has not set a pace in which those -- that

24   potential supplemental briefing could be resolved.

25         THE COURT:  Now, Mr. Pezzi, would you agree that

1    if it were found that Secretary Wolf did not have legal

2    authority to issue his memorandum of July 28th, that it

3    would not be necessary to move forward with the rest of the

4    case which takes issue with that memorandum?

5            MR. PEZZI:  Your Honor, obviously we would reserve

6    the right to make whatever, you know, procedural or

7    justiciability arguments that might be appropriate once we

8    see Plaintiffs' complaints, which we haven't yet.  But as a

9    general matter, I, of course, agree with the general

10   proposition that if, you know, the author of the memo in

11   question did not have the authority to issue the memo, that

12   would typically result in the *vacatur* of that memo, and so

13   it may be right that Your Honor would not need to address

14   any of the other issues in this case.

15           But again it won't surprise Your Honor to know

16   that the Government respectfully disagrees with the analysis

17   by the Government Accountability Office, and that's a

18   question that Your Honor will have to decide in this case.

19   And so the only question is whether we brief that one

20   question now or whether we brief the entirety of the case.

21   And given the nature of the other claims, as I understand

22   them, I see no reason to wait, and that is why the

23   Government has made the proposal that it has made.

24           THE COURT:  I see.  Thank you very much.

25           Well, let me just say that it has been the

1   position of the attorney general that injunctive relief

2   granted by a District Court cannot be nationwide in

3   substance.  And the attorney general has made that statement

4   publically, privately, generally, specifically, and so it

5   would be surprising if any injunction granted -- if an

6   injunction were granted against the DACA program in the

7   Southern District of Texas with that -- from the point of

8   view of the Justice Department would have any effect and

9   authority in my court and subject litigants in the

10  Eastern District of New York to a bar -- pardon the -- it's

11  not a pun -- to a bar of their claims in this district.

12          That having been said, I do think that it creates

13  an impediment of major proportion to completely brief all

14  the issues in the case on an expedited basis if a condition

15  precedent to the consideration of the Wolf memorandum,

16  meaning the authority of the issue -- issuing authority was

17  not authorized by law.

18          So if we move ahead with just briefing on the

19  legality of the Wolf memorandum, let me hear from Plaintiffs

20  on what they would propose the Court to order at this time.

21          MR. COLANGELO:  Thank you, Your Honor.  This is

22  Matthew Colangelo for the State of New York.

23          If the Court were to proceed with motions practice

24  for partial summary judgment only on the acting secretary's

25  authority to issue the July 28th memorandum, the plaintiffs

1   propose that their motions for partial summary judgment be

2   filed on Friday, August 28th; that the defendants have two

3   weeks, to Friday, September 11th to oppose and file any

4   cross-motion; that the plaintiffs have two weeks after that,

5   to Friday, September 25th to reply in support of their

6   motion and to oppose the Federal Government's cross-motion;

7   and that the defendants have one week after that, to Friday,

8   October 2nd to file their reply.  Under that schedule,

9   Your Honor, the motions would be fully briefed and under

10  submission by Friday, October 2nd.

11          THE COURT:  Why would you need two weeks from the

12  11th to the 25th to file your reply?  I think a week would

13  be satisfactory on that, would it not?

14          MR. COLANGELO:  Thank you, Your Honor.  This is

15  Matthew Colangelo for the State of New York.

16          To be honest, Your Honor, it would depend on any

17  arguments that the Federal Government raised in a

18  cross-motion.  Mr. Pezzi --

19          THE COURT:  Okay.

20          MR. COLANGELO:  -- has not indicated what -- I'm

21  sorry, Your Honor?

22          THE COURT:  I understand.  No, now I understand.

23  It's the cross-motion issue that might create the crutch, if

24  you will?

25          MR. COLANGELO:  Exactly.

1          THE COURT:  As a former litigator, I know about

2     crunches, and I'm sensitive to that obviously.

3          Although, you know, somebody once said to me

4     that -- when I became a judge warned me that judges who

5     worked in the litigation world forget what it took to

6     produce a document and made demands that were unreasonable.

7     And so I always ask the question because if I'm going to

8     hurry you up, I want to know what I'm forcing you to do.  So

9     that does answer my question.

10         My sense is that the -- the initial question which

11    has been made more focussed by the GAO's statement is a key

12    element of this litigation, and as we move closer to the end

13    of the year, it's appropriate to take it one step at a time,

14    even though I would be -- I just need to resolve the whole

15    issue and send it to the Second Circuit.  But whatever I

16    decide on the issue of -- that if we go forward with partial

17    summary judgment, I will recommend that if a party wishes to

18    appeal to the U.S. Court of Appeals, that I would support

19    that effort to appeal.

20         So the whole point here is to make this as

21    efficient as possible and afford this Court the opportunity

22    to deal with the primary, the initial question of whether

23    Acting Secretary Wolf is acting with the authority to issue

24    an interim solution with regard to the operation of DACA.

25    And it's not a small matter.  Several of the components of

Proceedings                                    19

1    his order place a significant limit on the rights of current

2    DACA recipients, and if he doesn't have the authority to

3    issue such an order, then we would have to go back to square

4    one and there might have to be a more elongated process

5    before any other orders were issued.  But, of course, the

6    administration may decide to find another way to issue this

7    order that would not be subject to question, at least in

8    terms of the authority of the actor, to impose the order --

9    or the memorandum, however you wish.

10              So I'm going to direct that a partial summary

11   judgment on the issue of the acting secretary's authority to

12   issue the Wolf memorandum of July 28, 2020 be -- proceed.

13   The plaintiffs' motion papers are due on August 28th, 2020;

14   and a response and cross-motion by the Government to be

15   filed by September 11th; Plaintiffs' reply and answer to the

16   cross-motion papers by September 25th; and Defendants' reply

17   to the -- and to the Court's motion by October 2nd, and then

18   we will have an oral argument.

19              MR. PEZZI:  Yes, Your Honor.

20              MS. JOACHIN:  Your Honor --

21              THE COURT:  Go ahead -- who is speaking?

22              MS. JOACHIN:  This is Mayra Joachin with the

23   Batalla Vidal Plaintiffs.

24              THE COURT:  Yes.

25              MS. JOACHIN:  I understand that we set the

Proceedings                              20

1   schedule for the briefing on the partial motion for summary

2   judgment, but I do want you to know that the Batalla Vidal

3   Plaintiffs have also proposed the same schedule for the

4   filing of the motion for class certification, and we ask

5   that we adopt the same deadlines for the filing opposition

6   and the response.

7              THE COURT:  Well, were you planning to amendment

8   your complaint?

9              MS. JOACHIN:  That is correct.  Our amended

10  complaint is -- well, as this Court ordered, is due next

11  Friday, August 28th.  And we've got to file the motion for

12  class certification if this Court grants us that on the same

13  day.

14             THE COURT:  Yes, the motion's granted.

15             The responding papers -- when would you like for

16  the responding papers, Mr. Pezzi?

17             MR. PEZZI:  We would appreciate three weeks for

18  that, Your Honor.

19             And on the class certification, just to be clear,

20  the Batalla Vidal Plaintiffs moved for class certification

21  during the last round of this litigation and Your Honor

22  didn't even need to decide it.  And so given the nature of

23  these proceedings, we have a hard time seeing why a class

24  certification motion would be a rush given the

25  extraordinarily expedited schedule that was just ordered for

Proceedings                                21

1    the briefing on the very significant legal issue that we

2    have already discussed.  So we would ask at least for the

3    time provided by the local rules, and three weeks would be

4    preferable given the nature of the other briefs that we will

5    be filing during that time.

6              THE COURT:  Sure.  September 18th for your

7    response.

8              MR. PEZZI:  Thank you, Your Honor.

9              THE COURT:  All right.  Thank you very much.

10             And oral argument on the -- we will hold oral

11   argument on Wednesday, October 9th at 3:00 p.m.

12             MR. PEZZI:  Your Honor, this is Stephen Pezzi from

13   the Department of Justice.

14             Unless I'm misreading my calendar, I believe

15   October 9th is a Friday.

16             THE COURT:  I'm sorry.  I'm looking at September.

17   Just one minute.

18             (Pause in proceedings.)

19             THE COURT:  October 7th; Wednesday, October 7th at

20   2:00 p.m.

21             Does that work for everybody?

22             MR. COLANGELO:  Yes, Your Honor.  For the State of

23   New York, that works.  Thank you, Your Honor.

24             MS. JOACHIN:  Yes, Your Honor, that works for the

25   Batalla Vidal Plaintiffs as well.

Proceedings                    22

1          I just want to confirm the deadline, the deadline

2     to the reply for the motion for class certification.  So

3     under the Government's proposed opposition dated

4     September 18th, that -- our reply would be then be due on

5     October 2nd, which is two weeks after -- after the

6     opposition.

7              THE COURT:  That's fine.

8              MS. JOACHIN:  Okay.

9              THE COURT:  That works.

10             All right.  Do we have anything else for today?

11             Mr. Pezzi?

12             MR. PEZZI:  Yes, Your Honor.  One of the smaller

13    areas of disagreement between the parties was whether or not

14    Plaintiffs were going to file one unified set of briefs or

15    whether alternatively they were going to each file their own

16    briefs making the same legal arguments.  From the

17    Government's perspective, that issue has gotten even easier

18    now that Your Honor has adopted Plaintiffs' proposal to

19    focus partial summary judgment briefing only on the valid

20    appointments claim.  Plaintiffs have the exact same interest

21    and will presumably be making the exact same arguments.

22    Defendants do not see why it would be efficient for the

23    parties or for the Court to be reading two sets of the same

24    briefs, making the same arguments, or why Defendants should

25    respond to two briefs making the same arguments.

Proceedings                    23

1        In the Northern District of California DACA

2   recission litigation in front of Judge Alsup, for example,

3   there are five groups of Plaintiffs, including another large

4   group of states, and they have no trouble combining to file

5   unified briefs.  So we would respectfully request that the

6   two groups of Plaintiffs file one set of combined briefs.

7   If they need extra pages, the Government is more than

8   willing to accommodate that.

9        THE COURT:  Mr. Colangelo?

10       MR. COLANGELO:  Thank you, Your Honor.  This is

11  Matthew Colangelo for the State of New York.

12       We oppose Mr. Pezzi's request, largely because

13  especially with briefs due in less than two weeks,

14  Your Honor, the additional coordination requirement of

15  coordinating not only among the 16 sovereign governments

16  that are Plaintiffs in the State of New York case, but also

17  among all of the Plaintiffs in Batalla Vidal case would be

18  fairly significant.

19       To the extent Mr. Pezzi is concerned about

20  duplicative arguments, it seems that there would be no

21  additional burden on the Federal Government.  It could

22  simply have the same response to any arguments that were

23  duplicative.

24       THE COURT:  Okay.

25       MS. JOACHIN:  And, Your Honor?

Proceedings                    24

1          THE COURT:  Yes, ma'am.

2          MS. JOACHIN:  The Batalla Vidal Plaintiffs also

3    oppose that request for the same reasons voiced by

4    Mr. Colangelo; that those briefings have been the process in

5    this litigation, and we see no -- no need to depart from

6    that practice.

7          THE COURT:  Okay.  I am going to deny the

8    application of the defense, but I am going to ask the

9    plaintiffs to streamline their arguments so that the

10   redundancy is limited as much as possible.

11         I also respect the right of the sovereign to have

12   an independent position from the position of the individual

13   plaintiffs and there are nuances that may be in play that

14   really don't need to be negotiated.  Any nuances that are

15   appropriate will be dealt with by the Court, instead of by

16   the various Plaintiffs and the defense.

17         So I appreciate the defenses' position, and I

18   would like everyone to try to streamline or focus their

19   arguments.  This is a motion for partial summary judgment

20   which is extremely narrow and focused and a critical one,

21   and so I would appreciate everyone adhering to that basic

22   principle that I just discussed.

23         Is there anything else for today?

24         MR. PEZZI:  Understood, Your Honor.  This is

25   Stephen Pezzi from the Department of Justice.

Proceedings                              25

1          We had one other small, but important matter to

2    the Government, which is that under the Federal Rules, our

3    obligation to answer the complaint springs to light just 14

4    days after the filing of the amended complaints.  Again,

5    given the nature of the partial summary judgment schedule

6    that Your Honor has just ordered, I see no benefit to

7    Plaintiffs or the Court from the Government rushing to

8    prepare two lengthy complicated answers, and so we ask that

9    our papers for a stay of the obligation to file an answer

10   pending further of the Court -- pending further order of the

11   Court.  At a minimum in the alternative, we request that

12   obligation be stayed pending the Court's resolution of the

13   parties' motions for summary judgment.  And my read of the

14   plaintiffs' letter, although they, of course, should correct

15   me if I'm wrong, is that Plaintiffs did not oppose or do not

16   oppose that alternative request.  Their only opposition was

17   to an indefinite stay.  So at a minimum, we would ask that

18   our answer deadlines be stayed pending the Court's

19   resolution of the summary judgment motions, which depending

20   on how Your Honor resolves them, might obviate the need to

21   file an answer at all.  But certainly they aren't going to

22   be useful to anyone, if ever, until after those motions are

23   resolved.

24          THE COURT:  All right.

25          Let me hear from the plaintiffs' counsel.  Any

Proceedings                                         26

1    objection to staying the time to answer until further order

2    of the Court, which, of course, you can request at an

3    appropriate time if it's become --

4         MR. COLANGELO:  Thank you.  Your Honor, this is

5    Matthew --

6         THE COURT:  Mr. Colangelo, go ahead.

7         MR. COLANGELO:  Thank you, Your Honor.  This is

8    Matthew Colangelo for the State of New York.

9         We do not oppose Mr. Pezzi's alternative request,

10   that an answer be filed if necessary 14 days after an order

11   of the Court resolving the forthcoming motion for partial

12   summary judgment.  We did oppose request for an indefinite

13   stay but had no opposition to the 14-day request.

14        MS. JOANCHIN:  And, Your Honor, the Batalla Vidal

15   Plaintiffs also consent to the defendants' alternative

16   14-day proposal.

17        THE COURT:  Very well.  The Court grants a stay of

18   the defendants' time to answer the amended complaints until

19   14 days after the decision on the motion for partial summary

20   judgment.

21        Is there anything else, Mr. Pezzi, for today?

22        MR. PEZZI:  No, nothing from Defendants,

23   Your Honor.

24        THE COURT:  All right.  Thank you very much,

25   Mr. Pezzi.

                          Proceedings                27

1          Is there anything from the individual and class

2    plaintiffs?

3          MS. JOACHIN:  Your Honor, the other item that was

4    proposed in the schedule was September 18th as the day on

5    which Counsel would meet and confer with regards to the

6    administrative records that have been produced, and we

7    would -- we are proposing that that date also be the

8    deadline in which Counsel can file a joint letter to the

9    Court regarding any further motion practice that might be

10   necessary regarding the completeness of the administrative

11   record.

12         THE COURT:  Okay.  And so you wish to stay that as

13   well?

14         MS. JOACHIN:  We wish to adopt September 18th as

15   the date for that joint letter to the filed.

16         THE COURT:  Is there any objection from the

17   defense?

18         MR. PEZZI:  We have no objection to filing a

19   status report or separate status reports or letters on

20   September 18th regarding the administrative record.

21   Although I will note given the nature of the schedule that

22   has been adopted, I'm not sure the administrative record

23   will have the same or any significance to the sort of legal

24   arguments we will be briefing on the plaintiffs' claim.  But

25   in any event, as our letter reflects, we have no objection

1   to the September 18th date for a letter -- a joint letter or

2   separate letters if we can't reach agreement about next

3   steps regarding the record.

4             THE COURT:  All right.  It's so ordered that the

5   parties shall provide such a letter, either jointly or

6   separately by September 18th.

7             So I think we've covered all the entire landscape

8   of this case now.  Is there anything else from any of the

9   parties?

10            MR. COLANGELO:  Nothing for the State Plaintiffs,

11  Your Honor.

12            THE COURT:  Okay.

13            MR. COLANGELO:  Thank you.

14            THE COURT:  Thank you, sir.

15            All right --

16            MS. JOACHIN:  Nothing further for the -- oh, I'm

17  sorry.

18            MR. PEZZI:  Nothing from the Government,

19  Your Honor.

20            THE COURT:  Okay.  Thank you everyone.  I

21  appreciate your attention to this matter and the work that

22  you are doing, and we will now await your submissions on the

23  partial motion for summary judgment.

24            Have a good day.  Stay safe and well.

25            ALL PARTIES:  Thank you, Your Honor.

Proceedings                                    29

1          (Matter concluded.)

2                   --oo0oo--

3

4

5

6

7

8

9

10

11    *I (we) certify that the foregoing is a correct transcript*
      *from the record of proceedings in the above-entitled matter.*

12
          */s/ David R. Roy*              *20th Day of August, 2020*
13          *DAVID R. ROY*                        *Date*

14

15

16

17

18

19

20

21

22

23

24

25