IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., *Plaintiffs*, | § § § | |
| v. | § § § | |
| THE UNITED STATES OF AMERICA, ET AL., *Defendants*, | § § § § | Civil Action No. 1:18-CV-00068 |
| and | § § | |
| KARLA PEREZ, ET AL.; | § § | |
| STATE OF NEW JERSEY, *Defendant-Intervenors*. | § § § | |

## ORDER OF PERMANENT INJUNCTION

The Court has found that at least one of the Plaintiff States has satisfied all the necessary requisites to maintain this lawsuit. The Court has further found, pursuant to its Memorandum and Order, that the Plaintiff States are entitled to summary judgment on the merits of their procedural and substantive Administrative Procedure Act (APA) claims and has granted same. Finally, the Plaintiff States have proven the required elements to obtain a permanent injunction.

The Plaintiff States have requested vacatur of the Deferred Action for Childhood Arrivals (DACA) program and a permanent injunction against its continued operation. A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and

1

defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.*

The first three factors are discussed in detail in the Court's ruling on the opposing motions for summary judgment, and that discussion need not be repeated here. Therefore, the Court finds:

**Factor One.** As discussed in the section on standing in the memorandum and opinion, the Plaintiff States have demonstrated that they have suffered an irreparable injury.

**Factor Two.** The injury to the Plaintiff States is derived from the creation of and the continued operation of the DACA program. Only its cessation would alleviate that injury, and monetary damages are inadequate to do so.

**Factor Three.** In this factor, the Court considers only the hardships as between the plaintiff, Plaintiff States, and the defendant, the Government, the party being enjoined. Ceasing the DACA program would not impose a significant hardship on the Government. Conversely, the Plaintiff States have demonstrated the hardship that the continued operation of DACA has inflicted on them. Furthermore, the Government has no legitimate interest in the continuation of an illegally implemented program.

**Factor Four.** The public interest of the nation is always served by the cessation of a program that was created in violation of law and whose existence violates the law. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2429 (2018) (Thomas, J., concurring) (recognizing that there is a "public interest in having congressional enactments properly interpreted and applied"). Considering all four factors, the Court finds that an injunction is warranted and appropriate here.

Nevertheless, "[i]t goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). The "essence of equity" is to "mould each decree to the necessities of the particular case." *Rondeau v. Mosinee Paper Corp.*, 422 U.S.

49, 61. Equity is distinguished by "[f]lexibility rather than rigidity" and the "qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs." *Id.*

The most significant equitable interests to consider here are those of the DACA recipients. While these recipients are not themselves enjoined, the Court also finds that as part of its analysis of factors three and four above, the Court is entitled to take into consideration their interests as well. Hundreds of thousands of individual DACA recipients, along with their employers, states, and loved ones, have come to rely on the DACA program. These interests have been discussed in this Court's earlier opinion (Doc. No. 319), by the Supreme Court in *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1896 (2020), and in the many decisions by other courts that had to address the attempted rescission of DACA. That being the case, the Court sees no need to delineate them here. Given those interests, it is not equitable for a government program that has engendered such significant reliance to terminate suddenly. This consideration, along with the Government's assertion that it is ready and willing to try to remedy the legal defects of the DACA program, indicates that equity will not be served by a complete and immediate cessation of DACA.

Accordingly, the Court hereby grants the request for permanent injunction and vacatur, subject to the following limitations and parameters:

The DACA Memorandum (June 15, 2012 Memorandum by Department of Homeland Security (DHS) Secretary Janet Napolitano) and the DACA program that it created are hereby vacated; the DACA Memorandum is remanded to DHS for further consideration, as requested. From this date forward, the United States of America, its departments, agencies, officers, agents,

3

and employees are hereby enjoined from administering the DACA program and from reimplementing DACA without compliance with the APA.

With respect to new (those not already granted by the date of this order) DACA applications received by DHS, the order of vacatur and remand is effective immediately. DHS may continue to accept applications as it has been ordered to do by the court in *Batalla Vidal v. Wolf*, 16-CV-4756, 2020 WL 7121849 (E.D.N.Y. Dec. 4, 2020), but it may not grant these applications until a further order of this Court, the Fifth Circuit Court of Appeals, or the United States Supreme Court. Thus, DHS is hereby permanently enjoined from granting DACA status for any new applicants.

With respect to DACA recipients who obtained that status on or before the date of this injunction and DACA renewal applications for these existing recipients (regardless of when the renewal applications are submitted), the order of immediate vacatur and the permanent injunction (but not the order of remand) are temporarily stayed until a further order of this Court, the Fifth Circuit Court of Appeals, or the United States Supreme Court. *See Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) ("the authority to hold an order in abeyance pending review allows an appellate court to act responsibly when faced with serious legal questions that merit careful scrutiny and judicious review") (quotations omitted). In addition to appellate review, the stay also serves the purpose of allowing DHS time to perform the review it has represented to the Court that it plans to do.

Subject to any further order as described above, nothing in this injunction should be read as ordering DHS or any other governmental entity to cancel or otherwise terminate DACA status for any individual who currently is, as of this date, a DACA recipient in good standing. Further, nothing in this injunction requires DHS or the Department of Justice to take any immigration,

4

deportation, or criminal action against any DACA recipient, applicant, or any other individual that either would not otherwise take.

DHS is directed to post a public notice, within 3 calendar days of this Injunction, to be displayed prominently on its website and on the websites of all other relevant agencies, that a United States District Court has found the DACA program to be illegal and that, though applicants may continue to submit applications, the Government is prohibited from granting such applications. The Government shall provide a copy of the notice to all counsel and post it to the docket within 3 calendars days of this Order.

The Court finds this permanent injunction is reasonable and properly takes into account the reliance interests of the Plaintiff States on the duly enacted immigration laws of this country, the interests of the public in having the Government and its agencies and employees comply with the law, and the significant reliance interests that DACA has engendered since its inception. This Court retains jurisdiction of the matter for purposes of construction, modification, and enforcement of this Permanent Injunction. If the Government fails to take the appropriate steps to remedy the shortfalls in DACA within a reasonable time given the complexities inherent in such a process, the Court will reconsider its decision to stay portions of the relief that it has granted, if an appropriate motion is filed.

Signed at Houston, Texas, this 16th day of July, 2021.

Andrew S. Hanen
United States District Judge