# The Jerome N. Frank Legal Services Organization
YALE LAW SCHOOL

March 23, 2022

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Batalla Vidal, et al., v. Mayorkas, et al.,*
No. 1:16-cv-04756 (NGG) (VMS)

Dear Judge Garaufis:

In 2018, this Court concluded that "DACA is lawful." ECF 255, at *35, *vacated on other grounds*, ECF 298. Following Supreme Court review, in late 2020, this Court further ordered the reopening of DACA to new applicants. ECF 342, 354. In response, tens of thousands of young people applied for DACA for the first time. On July 16, 2021, nearly 80,000 members of the certified *Batalla Vidal* class, including named Plaintiff Johana Larios-Sainz, were awaiting adjudication of their pending first-time DACA applications pursuant to this Court's orders. On that date, however, a district court in Texas entered a nationwide injunction directing the government to halt adjudication of new DACA applications. *Texas v. United States*, No. 1:18-cv-00068, 2021 WL 3022434, ECF 576, at *3-4 (S.D. Tex. July 16, 2021) ("*Texas II*").[1]

Defendants misinterpreted the effect of *Texas II* on this Court's 2020 orders, and as a result of their error halted adjudication of pending initial DACA applications. Plaintiffs delayed returning to this Court while Congress considered various forms of immigration legislation. But with Congress having failed to act and a proposed new DACA regulation still unfinalized, Plaintiffs now seek clarification that the Court's December 2020 order, ECF 354, required the government to accept and adjudicate any initial DACA applications submitted prior to the issuance of the *Texas II* order, and that nothing in the *Texas II* order requires otherwise. In the alternative, Plaintiffs seek an order directing the Department of Homeland Security ("DHS") to adjudicate applications for DACA and employment authorization filed by Ms. Larios-Sainz and other class members whose applications were filed based on this Court's December 2020 order and that were pending as of the date of the *Texas II* order. Plaintiffs respectfully request that this Court hold a pre-motion conference at its earliest convenience.

The consequences of Defendants' misinterpretation of this Court's December 2020 order in light of the *Texas II* order for the approximately 80,000 class members with applications pending on the date of its issuance have been especially dire. In reliance on this Court's order issued on December 4, 2020, ECF 354, and Defendants' notice that they were accepting new applications for DACA, ECF 355, these 80,000 class members filed first-time applications for DACA. This

---
[1] Entered on July 16, 2021, the *Texas II* order permanently enjoins Defendants from "administering the DACA program and from implementing DACA without compliance with the [Administrative Procedure Act]." *Texas II*, No. 1:18-cv-00068, at *4. The court partially stayed portions of its order so as to permit the government to renew DACA for recipients who obtained DACA on or before the date of the order, *id.*, and the order allows Defendants to accept new DACA applications and accompanying requests for employment authorization, as required by this Court, ECF 354. But it forbids Defendants from *adjudicating* applications submitted after the order, effectively barring any new grants of DACA to later applicants. *Texas II*, No. 1:18-cv-00068, ECF 576, at *4.

P.O. BOX 209090, NEW HAVEN, CONNECTICUT 06520-9090 · TELEPHONE 203 432-4800 · FACSIMILE 203 432-1426
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CONNECTICUT 06511

entailed paying nearly $500 in fees, gathering and submitting required records, providing extensive personal information, and in many cases, attending appointments at which their biometrics were captured. Among them was Ms. Larios-Sainz, a mother, longtime resident of Staten Island, and graduate of Port Richmond High School, who timely filed a new DACA application prior to the *Texas II* order and was entitled by the order of this Court to have her application adjudicated. Defendants, in response to the *Texas II* order, now unlawfully refuse to adjudicate Ms. Larios-Sainz's application. The same is true for the other approximately 80,000 class members impacted.[2] Moreover, Defendants have improperly refused to adjudicate requests for renewal submitted by class members more than a year after their DACA status lapsed.

Plaintiffs intend to move for an order directing Defendants to adjudicate the approximately 80,000 first-time applications for DACA that were pending before DHS on July 16, 2021, and that were submitted by *Batalla Vidal* class members. Plaintiffs anticipate seeking clarification that this Court's prior order directing the government to post notice that it "is accepting first-time requests for consideration of deferred action under DACA," ECF No. 354, at *4, also requires the government to *adjudicate* those applications received on or before July 16, 2021. In the alternative, if such was not the intent of this Court's prior order, Plaintiffs anticipate moving for declaratory and injunctive relief to require the processing of those applications; for leave to amend the complaint; and for certification of a sub-class, if necessary.

Whether presented as a motion to clarify or one for declaratory and injunctive relief, Plaintiffs will contend that the government's actions violate the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), in two ways. First, the decision not to adjudicate applications filed prior to July 16, 2021, rests on a misunderstanding of this Court's order that improperly abrogates the rights of class members like Ms. Larios-Sainz to have their applications adjudicated, and is thus arbitrary and capricious.[3] Second, even assuming that Defendants' understanding of the effect of *Texas II* on this Court's order is correct, Defendants err in their refusal to process the pending applications because the *Texas II* injunction, among other infirmities, goes well beyond the jurisdiction established by actual injuries to Texas, and thus exceeded the court's remedial

---

[2] Confirming this, DHS has updated its website to state that due to the *Texas II* order "DHS is prohibited from granting initial DACA requests and accompanying requests for employment authorization." *I-821D, Consideration of Deferred Action for Childhood Arrivals*, USCIS (last updated on Dec. 23, 2021), https://www.uscis.gov/i-821d. Defendants also sent text messages to other class members with applications pending as of July 16, 2021, notifying them that "[a]ll biometrics appointments for new DACA requestors are canceled due to a Court order."

[3] *See F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) ("This means that the agency need not always provide a more detailed justification than what would suffice for a new policy created on a blank slate. Sometimes it must—when, for example, . . . its prior policy has engendered serious reliance interests that must be taken into account. It would be arbitrary or capricious to ignore such matters.") (citation omitted); *see also, e.g.*, *NAACP v. Trump*, 298 F. Supp. 3d 209, 242 (D.D.C. 2018) ("[I]f the *Texas* district court were to find that DACA was substantively invalid—or indeed, unconstitutional—injunctive relief rather than remand may have been the more likely remedy. But it still does not follow that the district court's injunction would have brought the DACA program to an 'immediate' and 'chaotic' halt.").

authority.[4] The *Texas II* plaintiffs lacked standing for system-wide relief because the court found injuries pertaining only to Texas and made no findings of standing for other states.[5]

The government's actions also constitute "agency action unlawfully withheld or unreasonably delayed," in violation of the APA, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361. It is a basic principle of administrative law and the APA that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b); *see also* 8 C.F.R. § 274a.13(b-c) (DHS must accept or deny requests for employment authorization and notify applicants of decision). Defendants admit they have no intention of adjudicating these 80,000 pending applications, and so are failing to perform the discrete actions they are required to take as a matter of law.[6]

This Court has certified a class that includes all DACA-eligible individuals, properly considering the requirements of Rule 23. Having certified the nationwide *Batalla Vidal* class, this Court has jurisdiction to adjudicate the rights of DACA-eligible individuals, and it should be this Court that determines whether DHS must process new applications filed in reliance on this Court's order. The December 2020 order was lawful and proper and should be enforced. The *Batalla Vidal* Plaintiffs will be prepared to discuss a schedule for briefing and amended pleadings, if necessary, at the pre-motion conference.

Respectfully submitted,

/s/ Muneer I. Ahmad
_____

| | |
|---|---|
| Aaron Bryce Lee, Law Student Intern* | Araceli Martínez-Olguín, Esq. (AM 2927) |
| Kevin Cheng, Law Student Intern* | Jessica R. Hanson, Esq.† |
| Daniel Ocampo, Law Student Intern* | NATIONAL IMMIGRATION LAW CENTER |
| Aasha Shaik, Law Student Intern* | 3450 Wilshire Blvd. #108-62 |
| Medha Swaminathan, Law Student Intern | Los Angeles, CA 90010 |
| Muneer I. Ahmad, Esq. (MA 9360) | (213) 639-3900 |
| Marisol Orihuela, Esq. (*pro hac vice*) | |

---

[4] The *Texas II* order does not bar Ms. Larios-Sainz, a named Plaintiff and resident of Staten Island, and similarly-situated class members who also filed first-time requests for DACA that Defendants now refuse to process, from seeking relief in this Court. *See Martin v. Wilks*, 490 U.S. 755, 762 (1989) (white firefighters not precluded from challenging consent decrees entered in employment discrimination proceedings in which they were not parties); *Briscoe v. City of New Haven*, 654 F.3d 200, 204-05 (2d Cir. 2011) (Black firefighter not precluded from pursuing Title VII challenge to injunction in *Ricci v. DeStefano*, 557 U.S. 557 (2009), to which he was not a party). *Martin* permits Plaintiffs to challenge DHS' suspension of processing new DACA and work authorization applications.

[5] The *Texas II* court found harms in Texas, and then vacated the entire 2012 DACA memorandum and entered a permanent injunction directing how the government can act towards all *Batalla Vidal* class members. *Texas II*, No. 1:18-cv-00068, ECF 576, at *4; *see also supra* note 1. That order far exceeded the court's jurisdiction to grant relief. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established.").

[6] *See Consideration of Deferred Action for Childhood Arrivals (DACA)*, USCIS (last updated on July 19, 2021), https://www.uscis.gov/DACA (stating that "DHS is prohibited from granting initial DACA requests and accompanying requests for employment authorization"); *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (APA violated when the "agency failed to take a *discrete* agency action that it is *required to take*"); *McHugh v. Rubin*, 220 F.3d 53, 61 (2d Cir. 2000) (same); *Rodriguez v. Nielsen*, No. 16-CV-7092, 2018 WL 4783977, at *19 (E.D.N.Y. Sept. 30, 2018) (finding agency action unlawfully withheld and requiring DHS to process employment authorization application pursuant to 8 C.F.R. § 274a.13(d)).

| | |
|---|---|
| Michael J. Wishnie, Esq. (MW 1952)<br>JEROME N. FRANK LEGAL SERVICES ORG.<br>P.O. Box 209090<br>New Haven, CT 06520<br>(203) 432-4800 | Paige Austin, Esq. (PA 9075)<br>MAKE THE ROAD NEW YORK<br>301 Grove Street<br>Brooklyn, NY 11237<br>(718) 418-7690 |
| Karen C. Tumlin, Esq. (*pro hac vice*)<br>Cooperating Attorney<br>JEROME N. FRANK LEGAL SERVICES ORG.<br>New Haven, CT 06520<br>(323) 316-0944 | Jessica Young, Esq.<br>MAKE THE ROAD NEW YORK<br>9210 Roosevelt Avenue<br>Jackson Heights, NY 11372<br>(917) 821-0292 |

\*Law Student Appearance forthcoming
†*Pro hac vice* motion forthcoming    *Attorneys for Plaintiffs*