

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

March 31, 2022

**VIA ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Batalla Vidal, et al. v. Mayorkas, et al.*, No. 16-cv-4756 (NGG) (VMS)

Dear Judge Garaufis:

    In advance of the upcoming pre-motion conference in this matter, Defendants write to inform the Court of their position with respect to Plaintiffs' letter filed on March 23, 2022, ECF No. 375.[1] Plaintiffs indicate that they believe this Court's prior orders require Defendants to adjudicate the approximately 80,000 first-time requests for DACA that were pending at the time a district court in the Southern District of Texas enjoined Defendants from "administering the DACA program." Order of Permanent Injunction, *State of Texas, et al. v. United States, et al.*, 1:18-cv-00068, ECF No. 576 (S.D. Tex. July 16, 2021) ("*Texas II* Injunction") (available as Ex. 1 to Defs.' July 19, 2021 Notice, ECF No. 369). Plaintiffs suggest that Defendants have "misinterpreted" this Court's orders, and that they have been doing so—without objection from Plaintiffs—since July of 2021.

    As explained below, Defendants are in full compliance with all of this Court's orders, and Plaintiffs have made no showing to the contrary. While Defendants strongly disagree with the *Texas II* Injunction and have appealed to the U.S. Court of Appeals for the Fifth Circuit, Defendants are currently bound by that order, and are thus prohibited from granting initial DACA requests under the terms of the original Napolitano Memorandum that created DACA. Accordingly, there is no basis for Plaintiffs to amend their complaint (for a fifth time) to bring new claims that would collaterally attack an order issued by another federal district judge.

    **1.** On December 4, 2020, this Court vacated the Wolf Memorandum, after holding that Mr. Wolf was not lawfully serving as Acting Secretary of Homeland Security at the time that memorandum was issued. Order, ECF No. 354. Although the Court issued no further injunctive relief at that time, the practical result of vacatur of the Wolf Memorandum was that the administration of DACA then returned to the terms set forth in the original Napolitano Memorandum, from June of 2012. *See id.* The Court also granted Plaintiffs certain miscellaneous relief, including requiring DHS to post a public notice on its website that it was, at that time,

---

[1] Plaintiffs do not indicate that they have conferred with the Plaintiffs in the related matter of *State of New York v. Biden*, 17-cv-5228 (NGG) (VMS). Defendants thus do not know the *State of New York* Plaintiffs' position on this matter.

"accepting first-time requests for consideration of deferred action under DACA," *id.*, as well as further relief in two supplementary orders, ECF No. 356, 359.

It is undisputed that Defendants fully and promptly implemented vacatur of the Wolf Memorandum. It is also undisputed that Defendants long ago completed compliance with the other miscellaneous relief ordered by this Court, such as issuance of various forms of public notice, and replacement of all DACA recipients' 1-year Employment Authorization Documents (EADs) with 2-year EADs. After extensive briefing on the appropriate remedies, *see* ECF Nos. 349, 350, 352, 357, the Court denied Plaintiffs' requests for various additional forms of injunctive relief, ECF Nos. 354, 359. Defendants are thus in full compliance with all orders issued by this Court, and Plaintiffs have not identified any provision of any order to the contrary.

On July 16, 2021, over the government's forceful opposition, the U.S. District Court for the Southern District of Texas vacated the Napolitano Memorandum, and enjoined Defendants from "administering the DACA program and from reimplementing DACA without compliance with the APA." *Texas II* Injunction at 3-4. Although the *Texas II* order permitted DHS to "continue to accept applications," it prohibited Defendants from "grant[ing]" or applying the vacated Napolitano Memorandum to any "new" DACA requests, which the *Texas II* court defined as "those not already granted by the date of this order." *Id.* at 4. Accordingly, granting DACA requests that were received but not granted at the time of the *Texas II* Injunction, as Plaintiffs suggest in their letter, would violate that order. Indeed, it is not clear that Plaintiffs dispute that interpretation of the *Texas II* order. *See, e.g.*, Pls.' Ltr., ECF No. 375, at 1 n.1 ("But [the *Texas II* order] forbids Defendants from *adjudicating* applications submitted after the order, effectively barring any new grants of DACA to later applicants."). As noted above, Defendants have appealed the *Texas II* Injunction, but they remain bound by that court order. So although Defendants would also prefer to grant initial DACA requests under the terms of the original Napolitano Memorandum, that option is currently unavailable.

Importantly, however, there is no conflict between the *Texas II* Injunction (which vacated the Napolitano Memorandum) and this Court's December 2020 order (which vacated the Wolf Memorandum), nor with any other order of this Court.

**2.** Plaintiffs also suggest that they are contemplating raising new legal theories under the Administrative Procedure Act. But Plaintiffs have already obtained full relief with respect to the Wolf Memorandum (the target of their existing complaint), and the issues related to Mr. Wolf's appointment as Acting Secretary could not recur with respect to the now Senate-confirmed Secretary of Homeland Security. Accordingly, any such new claims would require a fifth amended complaint, and Plaintiffs have not yet conferred with government counsel regarding the contours of such a proposed amendment.

Moreover, in advance of a more concrete proposal from Plaintiffs regarding the scope of such a further amendment, Defendants submit that their legal position—complying with a judicial injunction that prevents certain agency action—is not arbitrary and capricious, and would not qualify as "failing to perform . . . discrete actions they are required to take as a matter of law." ECF No. 375, at 3.

Defendants thank the Court for its consideration of this matter.

Dated: March 31, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BREON PEACE
United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

 /s/  *Stephen M. Pezzi*
GALEN N. THORP
  Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
CORMAC A. EARLY
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY 11201
Phone: (718) 254-6288
Fax: (718) 254-7489
Email: joseph.marutollo@usdoj.gov

*Attorneys for Defendants*